## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :

                          :    **CASE NO 1:21-CR-128-1-RC**

        **v.**                 :

**WILLIAM POPE,**             :

    **Defendant**

## COUNSEL'S MOTION TO WITHDRAW

COMES NOW Gregory B. English, the court-appointed attorney for the defendant, who asks permission of the court to withdraw from this case. As indicated by the attached letter from the defendant, he intends to represent himself at the trial and does not want counsel to be involved in any way. We suggest that the court question Mr. Pope about his intentions at the status hearing now scheduled for July 20, 2022 before ruling.

Respectfully submitted,

/signed/

Gregory B. English

The English Law Firm, PLLC

601 King Street, Suite 406

Alexandria, Virginia 22314

(703) 739-1368

Fax: (703) 836-6842

gbeuva@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to the following CM/ECF user:

AUSA Jason M. Crawford

Jason.M.Crawford@usdoj.gov

/signed/

Gregory B. English

The English Law Firm, PLLC

601 King Street, Suite 406

Alexandria, Virginia 22314

(703) 739-1368

Fax: (703) 836-6842

gbeuva@gmail.com

Honorable Judge Contreras,

I have asked my appointed council, Mr. Greg English to withdraw as council in my case. I will exercise my constitutional right to represent myself.

It has been a year and a half since my arrest, and I still have not received my full discovery. I'm sure you recall that you initially allowed the prosecution 60 days to provide us discovery. That was a deadline they missed.

When the prosecution did eventually begin providing partial batches of discovery, my former appointed council, Mr. Eaton, was slow to get it to me. I like Mr. Eaton personally, but it does not seem my case was a priority to him as he would often go several weeks without responding to my phone calls and emails.

Under Mr. Eaton's advisement, I also signed the protective order which prohibited me from directly accessing the video discovery in my case. That proved to be a mistake. Mr. Eaton only took the time to show me a handful of short clips late last fall, then early this year he closed his practice, which left me in need of new council.

Mr. English was appointed to replace Mr. Eaton and is knowledgeable of the law. However, Mr. English began practicing law before computers were widely used and he never developed the computer skills needed to access the government's discovery database.

Because of this, I have received no new batches of discovery since Mr. Eaton left my case, and Mr. English has still not seen any of my video discovery.

As you know, the January 6 cases are highly dependent on digital files, especially digital video. Without access to this discovery, it is impossible for me to mount a defense.

I have been patient as Mr. English has sought to bring on a technical assistant, but his assistant has not yet taken the training needed to access the government's discovery system.

This recently became an issue because the prosecution began pushing Mr. English to do a reverse proffer prior to our July 20th status hearing.

The timing of this proffer is inappropriate since Mr. English has been unable to review the discovery in my case and would be unprepared to interact with the presentation in an informed way. This is especially concerning to me since the prosecution has a track record of not accurately presenting the facts of this case.

For instance, the prosecution's charging documents incorrectly state that I reported myself after initial media reports about me came out. Whether that false information was intentionally included by the DOJ, or included by error, the result is the same. Local and national publications have since perpetuated false and defamatory information about me which increases negative bias towards me as a defendant. This lack of factual accuracy could taint a jury and deprive me of my constitutional right to a fair trial.

It is highly concerning that the government has not issued a public correction like they did when they falsely alleged another January 6 defendant's Lego collection demonstrated his prior intent. Sadly, in that case the correction was only made after the DOJ's inability to accurately present the facts was openly mocked by the media.

I directed my previous attorney, Mr. Eaton, to ask the prosecution to make such a correction, and later Mr. Eaton told me the prosecutor conceded to him that the date the DOJ published was wrong. But it has been nearly a year and a half since those documents were made public and the Department of Justice still has not published the truth. This continued failure to correct the facts prevents the prosecution from accomplishing their departmental mission, which is to "ensure fair and impartial administration of justice for all Americans."

Publishing the wrong date is just one example of incorrect information the government inserted in my charging documents. Since the only way to counter the false narratives presented by the prosecution is to understand the facts of this case, I cannot allow my council to go into a reverse proffer unaware of the actual facts. I believe defense council should first assess discovery and establish their own unbiased, uninfluenced understanding of the facts.

Mounting my defense requires direct access to discovery and adequate time for preparation. A reverse proffer cannot be considered until such a review is made.

For this reason, I have asked Mr. English to withdraw from this case as council and I am exercising my constitutional right to defend myself.

To mount my defense, I need direct access to my discovery, including global video discovery, and especially the substantial amount of exculpatory evidence the government is required to provide.

Your honor, may God's love be with you always, and may God bless America.

William A. Pope

June 28, 2022