

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

*Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530*

March 4, 2022

    Re:  Capitol Siege Cases
           Global Discovery Production No. 12

Dear Counsel:

    This letter addresses Capitol Breach Discovery Unit Global Production No. 12, consisting of (A) Relativity production volumes DOJCB_012, DOJCB_013, DOJ_ABD_001, and DOJ_ABD_002; (B) a disclosure about U.S. Capitol Police ("USCP") closed circuit video ("CCV") footage; (C) two evidence.com productions (one re-release and one new); and (D) a reminder about the applicability of the Protective Order.

    **A. Relativity Productions**

    Materials shared to the defense Relativity workspace will become available to you upon your receipt of a license to access Relativity.[1] Please be advised that sharing voluminous documents to the defense Relativity workspace can sometimes take several hours or days, depending on the size of files being shared.

1. **Volume DOJCB_012:** On February 21, 2022, documents identified as relevant to *United States v. Guy Reffitt*, were shared to the defense Relativity database (CAPD_000038964 - CAPD_000050937).

2. **Volume DOJCB_013**: On March 4, 2022, the following documents were shared to the defense Relativity database:
a. Over 250 Federal Bureau of Investigation ("FBI") interviews of USCP and Metropolitan Police Department officers, and associated exhibits (889 files total) (CAPD_000052939 - CAPD_000053427).

---

[1] If you have never received an invitation to obtain a Relativity license, or you are experiencing difficulties or challenges with gaining access, please email Shelli Peterson at Shelli_Peterson@fd.org.

b. Three search warrants and related materials pertaining to a total of 63 Facebook accounts (CAPD_000050938 - CAPD_000051089).
c. Two search warrants and related materials pertaining to the FBI's collection of Google account subscriber information and location data from the Capitol and restricted perimeter, i.e., the Google geofence warrants (CAPD_000051162 - CAPD_000052152).
d. An application and related orders issued pursuant to 18 U.S.C. 2703(d), requiring twelve cell service providers to provide basic subscriber information and call records for devices that, according to location data obtained pursuant to the Google geofence warrants, were present within the U.S. Capitol on January 6, 2021 (CAPD_000051090 - CAPD_000051161).
e. One search warrant and related materials requiring Facebook to provide information for accounts associated with 2,087 advertising identifiers (CAPD_000052153 - CAPD_000052257).
f. Ten search warrants and related materials pertaining to anonymized location data collected by ten data aggregation companies (CAPD_000052258 - CAPD_000052696).
g. Six search warrants and related materials pertaining to the FBI's collection of cell tower data from Verizon, AT&T, and T-Mobile/Sprint (CAPD_000052697 - CAPD_000052938).

Items (c) through (g) have been redacted to remove law enforcement sensitive information, for example, the precise location of cellular network infrastructure that provided cellular service to the Capitol on January 6, 2021; and information that would identify the confidential sources of certain anonymized location data. In certain instances, we have also redacted the precise account information sought, as analysis of the results continues to reveal accounts associated with individuals who were lawfully present on January 6, 2021, e.g., members of Congress, their staff, and law enforcement. Relatedly, we do not intend to produce *en masse* the data received in response to items (c) through (g) above because it contains such information, and the process of identifying that information continues even today. Relevant data obtained pursuant to items (c) through (g) will be provided in case-specific discovery, and requests for such data should be addressed to the assigned prosecutor.

3. **Volume DOJ_ABD_001:**[2] On February 11, 2022, DOJ_ABD items associated with John Daniel Andries, Cynthia Ballenger, and Nicole Prado were produced to the defense Relativity database (CAPD_000023053 - CAPD_000024418).

---

[2] Until now, as above, all USAfx/Relativity productions have been identified by the volume prefix "DOJCB" followed by a number. Going forward, we will utilize an additional volume prefix, "DOJ_ABD," to identify production volumes that consist of the following types of materials:

1. Files from digital devices (e.g., cell phones and laptop computers) or Stored Communications Act accounts (e.g., gmail, Facebook, Twitter) that have been identified by law enforcement as relevant to the Capitol Siege investigation;
2. Recorded interviews with investigation subjects; and

4. **Volume DOJ_ABD_002:** On February 21, 2022, DOJ_ABD items associated with Guy Reffitt were produced to the defense Relativity database (CAPD_000024419 - CAPD_000038963).

5. **All Prior Productions:** At this juncture, the defense Relativity workspace contains all global discovery productions (i.e., Global Production Nos. 1-11) that were previously made by USAfx.

As of today, 34,095 documents have been provided to the defense Relativity database.

A corresponding index has been made available via USAfx. The PDF version of the index corresponds to this global production (only). The Excel version of the index corresponds to this production and also includes all prior global productions. For simplicity, the Bates range for certain voluminous records (e.g., files that are all derived from the same digital device) is summarized in the index (as opposed to being listed line by line). Sensitivity designations for the materials described above are identified in the index.

### B. Disclosure about USCP CCV

The USCP captured footage from all Capitol interior, all Capitol Visitor Center ("CVC") interior, and all exterior CCV cameras that were in place on January 6, 2021. We have produced all such footage to the defense instance of evidence.com except footage depicting:

1. Critical infrastructure, e.g., communication and security closets, fire doors in the basement levels of the CVC, loading docks.
2. X-Ray machine image feed.
3. Intel and Sensitive Compartmented Information Facility ("SCIF") office lobbies.
4. Tunnels and subways.
5. Evacuation routes and shelter-in-place locations utilized by, *inter alia*, members of Congress, their staff, and the Vice President, on January 6, 2021.
6. Daycare centers and the Senate page dormitory (i.e., exterior footage that provides views of the entrances to these facilities and daycare playgrounds).

Items 1-5 above have been designated as security information by the USCP Board pursuant to 2 U.S.C. § 1979. The USCP has conducted a review of the footage comprised by Items 1-5 above and has determined that most of the footage does not depict purported rioters. We do not intend to produce such footage in discovery.

Five video files (approximately 31 minutes of footage) that fall into the Item 5 category depict purported rioters. We are conducting a review of this footage to determine whether it

---

3. Aerial surveillance footage.

depicts any charged defendants, and we will make disclosures in cases involving those defendants as required by Rule 16 or *Brady* and its progeny, in a manner we deem appropriate to protect the security interests at stake.

While Item 6 does not constitute security information, it is nevertheless irrelevant because the USCP's review determined that none of this footage depicts purported rioters. Thus, we do not intend to produce this footage in discovery.

### C. Evidence.com Productions

Materials shared via evidence.com will become available to you upon your receipt of a license to access evidence.com.[3] Please be advised that sharing voluminous video files can sometimes take several hours or days, depending on the size of files being shared.

*Re-Released Footage*

On Tuesday, December 14, 2021, the government learned that we had inadvertently disclosed to the defense instance of evidence.com USCP CCV that had been designated as security information by the USCP Board pursuant to 2 U.S.C. § 1979. As an initial matter, at our request, FPD restricted access to the entire defense evidence.com instance while we assessed what happened. On Monday, December 20, 2021, FPD restored access to the defense instance of evidence.com, except for 702 files, while we worked through this matter with the USCP.

On Friday, January 14, 2022, we authorized FPD's re-release of 642 of 702 files that had been deleted or restricted at our request. (The remainder comprise part of the footage designated as security information by the USCP, discussed in Part B above.) Sixteen of those 642 files, described below, had been deleted by FPD at our request. We reshared those files on March 1, 2022, in the following folders:
- 14 files of exterior footage, approximately 5 hours in length (FPD CCTV_006 RE-RELEASE SENSITVE).[4]
- 2 files of interior footage, approximately 40 minutes in length (FPD CCTV_007 RE-RELEASE HIGHLY SENSITIVE).

---

[3] If you have never received an invitation to obtain a license for evidence.com, please email Shelli Peterson at Shelli_Peterson@fd.org.

[4] The files in FPD CCTV_006 RE-RELEASE SENSITIVE are being re-produced with a reduced sensitivity designation. They were previously designated Highly Sensitive and are now designated Sensitive.

*New Production*

On March 4, 2022, 66 files consisting of approximately 35 hours of body-worn-camera ("BWC") footage recorded by 14 Virginia State Police ("VSP") officers were shared to the defense instance of evidence.com. The files, described below, were shared in a folder, as follows:

- 66 files consisting of approximately 35 hours of BWC footage recorded by 14 VSP officers on January 6, 2021, designated Highly Sensitive under the protective order (FPD_VIRGINIA_STATE_POLICE BWC 001 HIGHLY SENSITIVE).

Corresponding evidence.com indexes for all the evidence.com productions discussed above have been made available via USAfx. (Indexes for all the additional videos currently in the defense instance of evidence.com were previously produced.)

### D. **Application of Protective Order**

If you receive any materials designated Sensitive or Highly Sensitive and (a) there is no protective order entered in the applicable case or (b) your client has refused to sign a written acknowledgment that s/he has read, understands and agrees to abide by the terms of the applicable protective order, we request that you refrain from disseminating those materials to your client. Instead, please inform the assigned prosecutor in writing and give them at least one week to file a motion with the Court to ensure that discovery materials are adequately protected.

***

We will forward additional discovery as it becomes available.

Sincerely,

*[signature]*

EMILY A. MILLER
Chief, Discovery Unit
Capitol Siege Section