# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIAM ALEXANDER POPE,<br><br>  Defendant. | Case No.: 1:21-cr-00128-RC |

## UPDATE ON DISCOVERY ACCESS ISSUES

It has been more than two years since my arrest, and I still do not have access to more than 99% of discovery. Since my last update to this honorable court, there have been significant developments related to my Motion to Modify the Protective Order and Compel Full Access to Discovery (ECF No. 67), and my Motion to Remove Designation of 'Sensitive' from Undercover MPD Videos and Release the to the Public (ECF No. 82). For those reasons, I am submitting this written status update to the court prior to our March 3, 2023, status conference so that Judge Contreras may take all issues under consideration.

**Congress to Grant Defendants CCTV Access**

As this court is likely aware, a February 28, 2023 Politico article[1] quoted House Administration Committee Chair Rep. Barry Loudermilk as saying, "everyone accused of a crime in this country deserves due process, which includes access to evidence which may be

---

[1] The Politico article can be accessed online at: https://www.politico.com/news/2023/02/28/house-gop-moving-to-let-jan-6-defendants-access-capitol-security-footage-00084763

used to prove their guilt or innocence." The Legislative Branch has made its intentions clear that January 6 defendants will be granted access to "relevant document or videos."

Sadly, our executive branch continues to oppose that same due process access. The government's argument has hinged on the Legislative Branch being the original owner of this evidence. However, now that the Legislative Branch has given defendants their blessing to have due process access to legislative files, the government's already weak argument to deny due process has collapsed. This court should immediately grant me full access to discovery.

Though this court granting me full access to discovery will be an immediate benefit to defense preparations, it will still fall short of what the Legislative Branch has promised, which includes 41,000 hours of relevant video, much of which the government has failed to produce in discovery. In fact, I had previously asked the government for some of this footage so that I can show in my defense how events at the Capitol unfolded on January 6 (ECF No. 72 at 21). The government's attorney told me on August 31, 2022, that the government did not possess the footage I requested, however, some of those files were uploaded by the government to evidence.com the prior week (on August 26, 2022). Not only has the government possessed relevant footage that is being withheld, but they are misleading (to put it kindly) when responding to my defense discovery requests.

A recent filing in United States v. Ryan Taylor Nichols, 1:21-CR-00117-RCL-1 notes:

*The Federal Government is the creator of the circumstance we now face. January-Sixth Defendants have universally demanded all available discovery for the past two years. Defendant and January-Sixth Defendants have been repeatedly denied for the past two years. The revelation of this newly discovered evidence and the process one must go*

> *through to access it has now been thrust upon the Defendant and this Honorable Court. This evidence and the process to access it will undoubtedly dramatically impact and very likely (based upon revelations so far) upset accepted principles around January 6th. Again, none of this is the Defendant's fault. (ECF No. 212 at 2)*

Since the government has withheld this relevant footage from defense teams for more than two years, and since I still only have access to less than 1% of the discovery that has been produced, it will take me considerable time to sift through these batches of evidence (once I receive access) to determine what facts are relevant to my defense.

Nichols ECF No. 180 (which is Judge Hogan's order for pretrial release) grants Nichols internet access to evidence.com and Relativity. Not even I have access to Relativity yet, and my access to evidence.com has been severely limited. Seeking that access has been the purpose of my motions for several months. Judge Hogan rightly ordered that a represented defendant have access, and the court should not deny that same due process access to Pro Se defendants!

The government has acknowledged I was "entirely peaceful" on January 6, yet this prolonged legal battle has caused me to delay my dissertation work at Kansas State University, and I was dismissed[2] from teaching at Kansas State University despite being "entirely peaceful." In noting my "entirely peaceful conduct, the government conceded their charges are excessive and ridiculous. If the government continues to deny me the due process access to discovery needed to defend myself against these ridiculous charges, this case should be dismissed.

---

[2] To be clear, I am not claiming my dismissal from teaching was Richard Myers worst professional blunder. Myers also oversaw a decline in student enrollment each year he was president of Kansas State University.
General Myers also served as Chairman of the Joint Chiefs of Staff – the top military advisor to President Bush – blundering our country into the foolish and bloody wars in Afghanistan and Iraq (the latter under the false pretext of weapons of mass destruction). Being "entirely peaceful" myself, I do not share Myers' appetite for dumb wars.

**The Government Has Not Voluntarily Released the Undercover Police Provocateur Videos**

For more than two years, the government has been hiding video of the undercover police provocateurs from the America people. This taints public opinion against defendants, and in the process, taints the jury pool. My motion seeks to unseal this exhibit (and source videos) to allow the American people to see exactly what happened. There is intense public concern in this and releasing it would serve the interests of justice. This high interest is evidenced by:

- Coverage by the Epoch Times,[3] and a live interview with their affiliated NTD News.[4]

- Coverage by the Kansas City Star.[5]

- Coverage by Kyle Becker.[6]

- Legal Analysis of my court filings by attorney Robert Gouveia.[7]

- More than 850,000 views of my tweet about the undercover police provocateurs.[8]

- Approximately half a million views of my tweet about the armed suspects walking east from the Ellipse area during Trump's speech (who produced DOJ/DEA credentials).[9]

- Inquiries related to the undercover police provocateur from NBC and other publications.

---

[3] The February 18, 2023 Epoch Times article can be accessed at: https://www.theepochtimes.com/undercover-dc-police-officer-pushed-protesters-toward-capitol-climbed-over-barricade-court-filing_5067663.html
The February 22, 2023 Epoch Times article can be accessed at: https://www.theepochtimes.com/federal-court-asked-to-unseal-undercover-police-video-allegedly-showing-officer-inciting-capitol-protesters-on-jan-6_5074768.html
[4] Video of the February 23, 2023 NTD News interview can be accessed at: https://www.ntd.com/officer-accused-of-encouraging-jan-6-protestors-will-pope-shares-his-own-story_903268.html
[5] The March 2, 2023 article from the Kansas City Star can be accessed at: https://www.kansascity.com/news/politics-government/article272638674.html
[6] Kyle Becker's February 20, 2023, article can be accessed at: https://thekylebecker.substack.com/p/bomsbshell-new-j6-footage-shows-non
[7] The February 20, 2023, episode of Watching the Watchers can be viewed at: https://www.youtube.com/watch?v=x48SYSFeMfA
[8] The tweet about the undercover police provocateurs can be viewed at: https://twitter.com/FreeStateWill/status/1626992939174973440?s=20
[9] The tweet showing the armed suspects with DOJ credentials can be viewed at: https://twitter.com/FreeStateWill/status/1627062616597340163?s=20

- Interest from members of Congress.

- Requests for podcast interviews (which I have so far turned down).

- Dissemination of my filings by countless other individuals resulting in millions of views.

This high interest evidences the need for public release. Furthermore, a new poll[10] shows 80% of Americans believe the January 6 footage hidden by the government should be public, and 61% believe that undercover government provocateurs incited January 6. [By hiding these undercover police videos, the government is preventing that number from rising to 100%].

There have also been major news networks that have spread misinformation about the undercover police provocateurs. For instance, a CBS News journalist named Scott McFarlane falsely claimed[11] that reports of undercover police inciting the crowd at the Capitol were a "conspiracy theory." This court knows from seeing the sealed exhibits, that undercover police did incite the January 6 crowd. By preventing the public from seeing these facts on video for more than two years, the government is allowing networks like CBS News and journalists like Mr. McFarlane to spread misinformation. As a journalist myself, I am concerned such misinformation will ultimately be mocked as 'fake news' and further degrade the credibility of the American press. These videos will certainly be released, whether by this court granting my motion to unseal them, by their release as trial exhibits, or by Congress releasing them to the American public. Since interest is high and release of these videos is inevitable, this court should rule in favor of my motion and unseal them as soon as possible.

---

[10] Rasmussen's March 2, 2023 poll shows a majority of American's believe the government incited January 6: https://www.rasmussenreports.com/public_content/politics/biden_administration/61_believe_feds_helped_incite_capitol_riot

[11] Mr. McFarlane's nonfactual tweet may be viewed at: https://twitter.com/MacFarlaneNews/status/1628136263650840583

**The Government Has Not Fulfilled my Discovery Request**

At our last status hearing, Judge Contreras instructed me to continue defense preparation until my motion for full access could be decided. That same day, I requested the government provide me copies of all sensitive or non-sensitive files from discovery, which are files the protective order allows me to possess. The government has not yet responded to that request, let alone fulfill it. Because of that, they have further delayed my review of these discovery materials and extended the amount of time needed to prepare my defense.

**The Government Has Not Provided the Transcript They Promised**

In ECF 80 at 7, the government promised to provide me a copy of the transcript from proceedings in the case of United States v. Eric Clark, 1:22-CR-00409-APM-1. The government has not yet provided me that transcript, which prevents me from having an informed discussion of Mr. Clark's case at our March 3, 2023 status hearing.

**The Government Has Not Responded to My Other Requests**

The government has failed to respond to my recent request regarding the issue of false and defamatory claims the government published in my charging documents. The false and defamatory information published by the government has since been disseminated by numerous news companies, which damages my reputation. The government's refusal to correct the false information they have propagated has been an issue for two years, as I instructed my first court appointed attorney, Mr. Eaton, to confront them about it, and he did. In the future, I will be seeking compensation for reputational damages from the federal government.

**The Government Continues to Deviate from Established Standards in January 6 Cases**

Yesterday, March 1, 2023, the U.S. Senate Committee on the Judiciary conducted a hearing for 'Oversight of the Department of Justice.'[12] During that hearing, Attorney General Merrick Garland was asked why he has not ordered the arrest of individuals who have endangered the lives of federal judges at their homes. Mr. Garland responded that Department of Justice policy leaves those arrest decisions up to the U.S. Marshalls who are on the ground.

However, a completely different standard has been practiced for January 6 cases. The agents in Kansas who arrested me told me the decision to arrest was outside of their hands and made in Washington. They apologized for showing up at my house with approximately twenty agents and officers to make the arrest. That decision was also made in Washington. The agents also apologized for arresting me on a Friday before a federal holiday weekend when a magistrate judge was unavailable for a release hearing. The agents in Kansas had preferred to let me self-surrender, but because someone in Washington made the decision to deviate from departmental standards, I, an "entirely peaceful" citizen, spent almost five days detained. The U.S. Marshalls in Kansas also apologized to me for booking me on misdemeanor charges, which they said was a complete deviation from their normal practice.

U.S. Attorney Michael Sherwin stated his objective was to conduct "shock and awe" arrests, and to target those with higher profiles (ECF No. 81, Exhibit 1). Because of that, the agents in Kansas told me they had been under pressure from Washington to arrest me before the inauguration, but were unable to process it by then. Why was the arrest decision taken out of the hands of local agents? Mr. Garland claims is against departmental policy to do this! The rushed

---

[12] A video recording of this Senate hearing can be accessed here: https://www.judiciary.senate.gov/committee-activity/hearings/02/22/2023/oversight-of-the-department-of-justice

lynch-mob mentality in Washington has led to many sloppy (false and defamatory) charging documents and ridiculously excessive charges.

The government has also deviated from standard practices for pre-trial detainment. Officer Akhtar told two detainees on January 6, 2021 that if they had assaulted police they would be held until the morning and then released (See Exhibit 1 at 16:03:00[13]). Yet many January 6 defendants have not received that standard treatment, and instead have been held in detention for two years without trial.

In Mr. Sherwin's 60 Minutes interview, he also claimed the government doesn't care what people post on social media, yet the government in my cases has continuously whined to this court about my social media presence, and even attempted to argue that my use of social media should justify this court denying me constitutional due process rights (ECF No. 71 at 4). This attack on freedom of speech by the government is abhorrent!

Furthermore, the government continues urging this court to deny me due process access to discovery and to deviate from the "well beaten path" of Pro Se rights (ECF No. 78 at 2), and the government seeks to force counsel upon me against my wishes like the political prosecutions of the British Star Chambers (ECF No. 67 at 21). Throughout this entire process, my prosecutors have behaved like rabid outlaws rushing the city jail in a western movie, whooping and hollering for this court to violate my Constitutional rights and to rush me to the nearest tree with a noose around my neck. What has become of our Constitutional rights and standard DOJ practices?

---

[13] Exhibit 1 is not considered a material subject to the protective order and can be accessed at: https://rumble.com/v2bi8we-exhibit-bodycam-footage-from-officer-owais-akhtar.html

As with the institution of slavery, the brutalization of native Americans, and the internment of Japanese-Americans during the second world war, the deviance from justice and humanity in January 6 cases will not age well.

History will be a much harsher judge of the government than "entirely peaceful" citizens.

WHEREFORE I, William Alexander Pope, respectfully request that Constitutional rights be preserved and my motions before this Honorable Court be granted.

Respectfully Submitted,

By: William Pope

____/s/_____
William Pope
Pro Se Officer of the Court

Certificate of Service

I certify that a copy of the forgoing was filed electronically for all parties of record on this 3rd day of March, in the year of our Lord, 2023.

_____/s/_____
William Alexander Pope, Pro Se