UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

# REPLY TO THE GOVERNMENT'S OPPOSITION TO THE PRESS COALITIONS MOTION TO INTERVENE

**Background**

Nearly 27 months ago, I was arrested for conduct the government has determined was "entirely peaceful," yet I still have no access to more than 99% of the January 6 discovery. Last year, after months of conferring with the government, it was clear the government would not voluntarily honor my constitutional right to due process by providing me the discovery access needed to defend myself in court.

Because my right to due process was being denied, I filed a Motion to Modify the Protective Order and Compel Full Access to Discovery (ECF No. 67) in October 2022.

In that motion, I did not seek to remove sensitivity designations from files in discovery. Instead, I took a more measured approach that sought to modify the protective order in a way that would allow me full access to those files while keeping dissemination limits in place.

That motion is still pending, but the Press Coalition has intervened in my discovery battle with the government; their motion, ECF No. 94, seeks to provide me full access to the Capitol CCTV by removing all sensitivity designations.

In ECF No. 100, the government continued their war on January 6 transparency by opposing the Press Coalition's motion to intervene.

Since the government's opposition directly affects my access to discovery, and since the government has repeatedly mischaracterized the facts, I am compelled to reply.

**The Government is Habitually Playing Fast and Loose with the Truth**

In their opposition to the Press Coalition (ECF No. 100), the government claimed that I "moved the Court to remove the 'Highly Sensitive' designation from Capitol CCV" (ECF No. 100 at 2). This is completely false. I have never (yet) moved this court to remove any 'highly sensitive' designations. The government has completely made this up out of thin air![1]

The Press Coalition is just as fed up with the government's deceitfulness as I am, and has rightfully chastised the government for mischaracterizing the relief they seek and for making red herring arguments (ECF No. 101 at 1 & 3).

The government has repeatedly behaved like Pinocchio at the poker table.[2] For instance, the government falsely claimed undercover government operatives did not incite the crowd (ECF No. 81 at 12).[3] The government also falsely claimed they did not possess CCTV from the morning of January 6 (ECF No. 72 at 21). And the government falsely claimed that a video

---

[1] The government could not even cite a page number from ECF No. 67 to support their bogus claim.
[2] But as any card player with a hand full of aces would do, I have repeatedly called the government's bluff.
[3] The undercover police provocateur video clearly shows officers chanting "drain the swamp," repeatedly urging people to advance up the steps to the Capitol, and even physically pushing them forward. Despite their initial denials, the government did finally concede that I was right about the police provocateurs in ECF No. 90 at 2.

filmed by another defendant (which is relevant to my case) had been uploaded to Relativity (ECF No. 67 at 18). This sampling is illustrative of the government's many shams and distortions.[4]

This is a shame for our great country because an agency charged with 'Justice' as its core mission should be striving for truthfulness.[5] With each fabrication the government is further damaging their credibility with the American people.

Yet the government is so desperate to win in court (at the expense of truth and justice) they even fabricate quotations. For instance, the government claims the Press Coalition has moved to "order the government . . . to make the video clip available to the press and the public" (ECF No 100 at 6). But this quotation appears nowhere in the Press Coalition's motion (ECF No. 94). The government has completely made it up!

This is highly concerning because the government has omitted a citation from another quotation in ECF No. 84 at 10. Without a reference to check, there is no way for me to verify if this quotation from a mysterious government "expert" is authentic. Because of the government's habitual fallacious behavior, I have to assume that this quotation, like the one on page 6, is a government forgery.[6]

In their opposition, the government also falsely claims I sought to take screen shots from CCTV to make a flip book "and share that flip book with the press" (ECF No. 100 at 10). This is another bucket of government hogwash. None of my filings have said anything about sharing

---

[4] The government's fibbing has been frequent and voluminous in this case.

[5] If the government's cause is just, why do they need to lie so much?

[6] As this honorable court is well aware, the government has even become so brazen as to have their attorneys lie to judges on FISA applications. Disgraced FBI attorney Kevin Clinesmith pleaded guilty to making a false statement on a FISA application related to the government's politically weaponized spying on a major presidential candidate.

CCTV flip books with the press. Even stranger, the government attributes their flip book fiction to ECF No. 72, but the only flip book example I have used was in ECF No. 81 at 5.[7]

The government also continues to mislead this court that the undercover police provocateur videos "do not show the defendant" (ECF No. 100 at 8). However, as I pointed out in ECF No. 95 at 3, these videos are indeed relevant to my case and, "I will need to call these undercover officers as witnesses to authenticate all video they recorded of me."

**This Court Has the Authority to Remove Sensitivity Designations from CCTV**

In their opposition, the government made an alarming argument that the Capitol CCTV is not a judicial record because it has not been subject to a judicial decision (ECF No. 100 at 7). However, it was Judge Contreras, not the government, who authorized the protective order, and this protective order outlines a process for modifying the sensitivity designations of materials (see No. 9 at 5). Further, the Press Coalition has been granted leave by Judge Contreras to work through this legal process to move for the removal of these sensitivity designations.

The protective order currently limits the dissemination of sensitive and highly sensitive materials (ECF No. 26 at 2), but materials without those designations have no such dissemination limitations. The government should not arrogantly assume they can limit designation of materials without the continued consent of the court. Judge Contreras permitted those sensitivity designations, and he has the authority to remove them if the government fails to meet their burden to justify restricting dissemination. As the Press Coalition has noted, the government has failed to meet that burden (ECF No. 101 at 3). The sensitivity designations should be removed!

---

[7] That flip book example was included to show just how ludicrous it is for the government to allow me to save screen shots of highly sensitive video but prohibit me from possessing the motion of individuals in that video.

Respectfully Submitted to the court this 25th day of April, in the year of our Lord, 2023

By: William Pope

/s/

William Pope

Pro Se Officer of the Court

Topeka, Kansas

Certificate of Service
I certify this was filed electronically for all parties of record on April 25, 2023.

/s/
William Alexander Pope, Pro Se