# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

# MOTION TO MODIFY CONDITIONS OF RELEASE

On March 5, 2021, Judge Contreras ordered my conditions of release (ECF No. 16). Since then, I have fully complied with those conditions. The government has also acknowledged that I was "entirely peaceful" on January 6, establishing that I am no danger to society.

On April 26, 2023, Judge Contreras issued an order (ECF No. 103) denying my motion to modify the protective order (ECF No. 67). I have respectfully submitted a notice of appeal to that decision, but in the meantime (since the court is denying me direct access to the USCP CCTV in discovery) I am pursuing that access through the Legislative Branch.

On May 2, 2023, I contacted the Legislative Branch seeking to access USCP CCTV from January 6, 2021. Staff from the Legislative Branch has notified me that they have an opening to allow me access to the CCTV early next week, on Monday, May 8, 2023, in Washington D.C.

My current conditions of release order me to "Stay out of D.C. except for Court, meetings with Atty or PSA business" (ECF No. 16 at 2). Since I am representing myself, and do not have

an attorney, this condition essentially prohibits me from conducting necessary legal research in Washington D.C. and burdens my defense. This condition also interferes with the Legislative Branch giving me access to materials relevant to my case.

In addition to this, the standby counsel (Mrs. Nicole Cubbage) that has been interposed by the court against my wishes, is scheduled to be in trial on Monday, May 2, 2023. She will be unavailable to meet with me on the day the Legislative Branch has offered me access.

Since meeting with an attorney is currently the only way I can get approval to travel to D.C., and since the attorney who has been forced upon me is unavailable, I must move that these conditions be modified to allow me to travel to Washington D.C. without an attorney so that I can conduct my own defense in my own way as a Pro Se defendant.

Furthermore, the order preventing me from traveling to D.C. raises separation of powers concerns. While the Judicial Branch seeks to keep me out of D.C., the Legislative Branch has invited me to D.C. to access relevant defense materials.[1] This offer of access is even more crucial to my defense now that the court has denied me that same direct access through discovery.

It is therefore reasonable for the court to modify my release conditions to allow me to travel to D.C. as a Pro Se defendant for purposes related to my defense and to eliminate any separation of powers conflicts that arise between co-equal branches of government.

I also anticipate that I will need to travel to D.C. in the future to tour the Capitol (as January 6 defense counsel have done) in order to examine the scene and prepare for trial. Should the trial venue remain in D.C., I may also need to spend time in Washington conducting mock

---

[1] The Legislative Branch offering me access to CCTV is just one potential conflict between branches. President Biden could easily invite me to D.C. to discuss the time he was arrested for trespassing in the Capitol (as he told David Letterman). Such an invitation would present a conflict between the Judicial and Executive branches.

trials and focus groups to better understand the local jury pool. And since I am still learning court procedures, I may at some point want to observe a trial in D.C., as other January 6 defendants have been permitted to do.

Since I do not have an attorney to do these things for me, I will need to do them myself, and will need modified release conditions. Furthermore, Mrs. Cubbage has just moved into a new house in Texas, and will be spending much less time in D.C., so the

Additionally, some defense opportunities, such as the offer from the Legislative Branch to view CCTV, may come on short notice. For these reasons, the 48-hour notification requirement on travel outside the District of Kansas is excessively burdensome.

Therefore, I respectfully move this court to modify my conditions of release to allow me to travel freely outside the District of Kansas, within the continental United States,[2] just as I currently travel freely within the District of Kansas; and to eliminate the condition barring me from the District of Columbia.

Respectfully Submitted this 2nd day of May, in the year of our Lord, 2023

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

---

[2] My motion to modify the conditions of release does not seek to modify the condition requiring court approval for travel outside the Continental United States, and I currently have no plans to travel outside the continental U.S.

<u>Certificate of Service</u>
I certify that a copy of this was filed electronically for all parties of record on May 2, 2023.

<u>/s/</u>
William Alexander Pope, Pro Se