UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-128 (RC) |
| | : | |
| WILLIAM POPE, and | : | |
| MICHAEL POPE, | : | |
| | : | |
| Defendants. | | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL THE GOVERNMENT TO INVENTORY CAPITOL POLICE VIDEO IN DISCOVERY**

The Government opposes the defendant's motion (ECF No. 113) on its merits. The defendant's motion lacks requisite specificity; he cites no justification for his request, nor does he cite to any legal support.

On May 3, 2023, the defendant filed a motion to modify the conditions of his pretrial release to allow the defendant to travel to Washington, D.C. to view Capitol CCV footage at the invitation of the Legislative Branch. ECF No. 105. The Government did not oppose this modification and noted that the defendant already has access to these materials through standby counsel and through local counsel in Kansas, approximately 30 miles from the defendant's home.  *See* ECF No. 78 at 1; ECF No. 109.  On May 5, 2023, the Court granted the defendant's motion.

On May 11, 2023, the defendant filed the instant motion, seeking "*TO COMPEL THE GOVERNMENT TO INVENTORY AND PRODUCE ALL CAPITOL POLICE CCTV FOOTAGE.*" ECF No. 113 at 1. The defendant noted that, "While the government has produced only 650 cameras in January 6 discovery compared to the more than 1700 archived cameras

possessed by Congress, strangely the government has actually produced some cameras in discovery that Capitol Police has not given Congress." *Id.* at 3. The defendant then asks the Court to compel the Government to "conduct a full inventory of all Capitol Police CCTV they have possessed, and to produce it in discovery." *Id*.

Other than a brief mention of the Government's obligations under *Brady*, the defendant cites to no other legal authority to support his demand. ECF No. 113 at 3. It is unclear to the Government how disclosing *more discovery* to criminal defendants than the Government was required by law to provide constitutes a potential *Brady* violation. The Government does not have a "full inventory" of "all Capitol Police CCTV they have possessed," and the defendant provides no support for his claim that the Government should be compelled to create such an inventory. Moreover, the Government has created itemized indices of every item that has been produced in Global and Case Specific Discovery; these indices have been produced to the defendant in this case, just as they have been produced to all January 6th defendants. The government has also produced a detailed spreadsheet that facilitates access to the Capitol Police CCV by normalizing the filenames so that defendants can identify footage at a particular time. In short, the materials the government has already produced provide a detailed record of all Capitol Police CCV the government has produced to fulfill its discovery obligations. Should the defendant wish to cross-reference these indices with an inventory of the footage that he was provided by the Legislative Branch, he is free to do so.

For these reasons, the Government respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

2

MATTHEW GRAVES
UNITED STATES ATTORNEY
DC Bar No.: 481052

*/s/ Kelly E. Moran*
KELLY E. MORAN
NY Bar No. 57764171
Assistant United States Attorney
U.S. Department of Justice
601 D Street NW
Washington, DC 20530
(202) 252-2407
Kelly.Moran@usdoj.gov