**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

# RESPONSE TO THE GOVERNMENT'S OPPOSITION TO MODIFYING THE SENSITIVITY DESGINATIONS

Section 9 of the Protective Order Governing Discovery (ECF No. 26 at 5) establishes that "Nothing in this order shall prevent any party from seeking modification of this Order nor prevent the defense from contesting a sensitivity designation."

There are two distinct options provided to the defense under Section 9. The first option is modification of the protective order. The second option is contesting sensitivity designations. Section 9 further adds that, "the burden of demonstrating the need for a protective order remains with the government at all times."

In ECF No. 112, I exercised my right to the second option in Section 9 of the protective order, which is to contest sensitivity designations of items in discovery. I moved that the court change the sensitivity of all 'highly sensitive' items in the Relativity index to 'sensitive.'

The government opposed my motion in ECF No. 115, but failed to meet their burden to demonstrate a need for each 'highly sensitive' file to be classified as 'highly sensitive.' Since the

government has failed their burden under the protective order, this court should grant my motion, and change the sensitivity designations of all 'highly sensitive' files in Relativity to 'sensitive.'

The government claims that my appeal of this court's decision to deny my motion to modify the protective order (ECF No. 67) prevents this court from having any jurisdiction in the sensitivity designations of discovery. However, ECF No. 112 is entirely unrelated in substance to ECF No. 67; one seeks to modify the protective order (The first option in Section 9 of the protective order), while the other seeks to change the sensitivity designations of items in discovery (The second option in Section 9).

My motion to change sensitivity designations (ECF No. 112) is not dependent on the status of my appeal since sensitivity designations can still be challenged whether or not ECF No. 67 is granted. And even if ECF No. 67 were granted, and the protective order were modified, it would not modify section 9 of the order, since the only thing ECF No 67 sought to modify was my ability to access highly sensitive files.

So, even if the government is correct that option one in Section 9 (modifying the protective order) no longer falls under the jurisdiction of the District Court (pending appeal), the District Court still maintains jurisdiction over option two in Section 9, and can rule on motions contesting sensitivity designations.

Furthermore, while the government labels my motion a "blanket request" (ECF No. 115 at 1), the government's own designation of files as 'highly sensitive' was a blanket classification, since the government has not yet provided any justification to the defense or this court for why those files should be classified as 'highly sensitive.'

The government's overclassification of files has recently been in the public focus, and experts such as Yale Law Professor and former Special Counsel Oona Hathaway argue overclassification is a major problem.[1] The government should not be given free reign to overclassify discovery without meeting a burden of need.

If the government is going to designate more than five million files as 'highly sensitive,' they should provide an individual justification for the sensitivity designation on each of those five million files. The government has not met that burden in their opposition to my motion, so this Court should grant ECF No 112, and change the sensitivity designation of all 'highly sensitive' files in the Relativity index to 'sensitive.'

Respectfully submitted to the court.

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas


Certificate of Service
I certify that a copy of this was filed electronically for all parties of record on June 1, 2023.

/s/
William Alexander Pope, Pro Se

---

[1] See the NPR article *'The U.S. has an overclassification problem, says one former special counsel'* at: https://www.npr.org/2023/01/17/1149426416/the-u-s-has-an-overclassification-problem-says-one-former-special-counsel