# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

# RESPONSE TO THE GOVERNMENT'S OPPOSITION TO INVENTORY AND PRODUCE ALL CAPITOL POLICE CCTV

In ECF No. 113, I motioned the court to compel the government to inventory and produce all Capitol Police CCTV footage. This is an issue because the government has previously withheld highly relevant CCTV cameras from discovery, only to announce later that they had suddenly discovered more cameras in their possession (See ECF No. 95 at 16).

The government's claims that they "inadvertently omitted" cameras (Global Production Letter No. 24) and "we recently identified" cameras (Global Production Letter No. 25), are not credible, especially since they have produced only 650 total cameras in discovery,[1] yet I have seen more than 1700 cameras in the congressional access terminals with my own eyes.

---

[1] The government is correct that they have created a spreadsheet of the CCTV that has already been produced in discovery (ECF No. 117 at 2), but that spreadsheet only contains 650 cameras and less than 6000 hours of video.

But this court need not trust my eyes[2] alone. Thomas DiBiase swore under penalty of perjury that Capitol Police provided "over 14,000 hours" of footage to the Federal Bureau of Investigation for the 8-hour period between noon and 8 p.m. on January 6 (ECF No. 71-1 at 4 and 5). To record more than 14,000 hours of video in an 8-hour period, Capitol Police would need at least 1750 cameras. This is simple math[3] that shows the government has failed to produce at least 1100 cameras in the January 6 discovery.

Furthermore, the government claims they do not have a full inventory of all Capitol Police CCTV (ECF No. 117 at 2). If the government does not even know what they have, the government is likely denying hundreds of January 6 defendants important exculpatory evidence. This would be like the government sending an innocent man to death row because they were too lazy to test for the DNA that would exonerate him. This potential for depriving citizens of their liberties without due process makes it even more crucial for this court to compel the government to inventory all Capitol Police CCTV in their possession, and to produce it in discovery.

Furthermore, pending before this court is the Press Coalition's motion to intervene and remove sensitivity designations from the CCTV (ECF No. 94). If this court is to rule on that motion, the court must first know what video exists and which sensitivity designations are to be removed. This cannot be done without compelling the government to inventory all the Capitol Police CCTV in their possession.

For these reasons, my motion to compel the government to inventory all the Capitol Police CCTV they have possessed and produce it in discovery should be granted.

---

[2] Although my eyes and ears have proven to be much more accurate than the government on matters such as the undercover police inciting the crowd, which the government finally conceded was true in ECF No. 90 at 2.
[3] 14,000 / 8 = 1750

Respectfully submitted to the court.

By: William Pope

/s/

William Pope

Pro Se Officer of the Court

Topeka, Kansas

Certificate of Service

I certify that a copy of this was filed electronically for all parties of record on June 1, 2023.

/s/

William Alexander Pope, Pro Se