UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIAM ALEXANDER POPE,<br><br>                          Defendant. | Case No.: 1:21-cr-00128-RC |

# MOTION TO COMPEL THE GOVERNMENT TO SERVE ON THE DEFENDANT ALL DISCOVERY MATERIALS DESIGNATED AS SENSITIVE OR WHICH HAVE NO SENSITIVY DESIGNATION AS THE GOVERNMENT COMMITTED TO THIS COURT TO DO IN ECF NO. 104

On June 11, 2023 (ECF No. 120 at 1), I notified the court that the government was attempting to back out of their April 27, 2023 (ECF No. 104) promise to provide "a physical copy of those items contained in Global Discovery that are marked 'Sensitive,' and those items which have no security designations." In ECF No. 120 at 2, I also informed the court that "should the government break their promise to provide physical copies of all files, I will submit a motion to compel production." Furthermore, on June 12, 2023, Judge Contreras ordered me, the defendant, to "file a motion to compel if requested discovery is not produced."

Since then, the government has explicitly conveyed to me that they have no intention of providing this evidence that they had previously committed to serve on me and which I am allowed to possess under the protective order. I therefore move this court to compel the government to promptly provide a copy of this discovery to me, the defendant.

**Background**

On May 5, 2021, Judge Contreras issued a protective order for the handling of discovery materials (ECF No. 26.) that were designated as 'highly sensitive' or 'sensitive.' That protective order permitted materials designated as 'sensitive' to "be maintained in the custody and control of the defendant" (ECG No. 26 at 3). The order also stated that many discovery materials will have no sensitivity designation or restrictions at all.

Since the government was preventing my direct access to the Relativity system, and thereby preventing me from accessing the 'sensitive' and non-sensitive materials housed by the government in the Relativity system, I requested on February 3, 2023, that the government's representative, Ms. Kelly Moran, send me copies of all such materials which the protective order allows me to possess so that I might review them for my defense.

Ms. Moran never responded to that email request until three months later after I raised the issue at my April 13, 2023, status hearing and Judge Contreras instructed Ms. Moran to meet and confer with me on these discovery issues by April 27, 2023, and to report back to the court.

Following that status conference, Ms. Moran joined me and my standby counsel on a call on April 27, 2023, informing us that the government would provide me with a hard drive containing all discovery materials that I was allowed by the protective order to possess. This was formalized in ECF No. 104, which was filed by Mr. Graves and Ms. Moran, which pledged, "the Government will serve on the defendant a physical copy of those items contained in the Global Discovery that are marked 'Sensitive,' and those items which have no security designations."

On May 10, 2023, Ms. Moran informed me by email that "I am working with the Discovery Unit to get you the hard drive of Sensitive and undesignated materials."

On June 7, 2023, Ms. Moran began attempting to back the government out of their promise to produce the discovery, claiming in an email that, "there are some practical and logistical issues with providing you 7+ TBs of information on a hard drive."

On a June 9, 2023, call (with my standby counsel joining), Ms. Moran told me the government had no intention of providing copies of all sensitive and non-sensitive materials which the government had promised to provide in ECF No. 104. Mrs. Moran also conveyed that the government was prepared to litigate the issue in filings.

Following that call, I emailed Ms. Moran conveying that it was still my expectation that the government would fulfill their promise to produce to me all files which I am allowed to possess under the protective order. I also noted in that email that: "the government has previously told me that some Brady materials are only available in the global discovery. Since the government is not pointing these Brady materials out to me, the only way for me to find these Brady materials is to sift through everything and examine each file." I also asserted that the technological challenges claimed by the government, "are not a valid justification for withholding Brady materials."

On June 11, 2023, I also filed a memorandum to the court (ECF No. 120) ahead of our June 12, 2023, status conference, informing the court that the government was attempting to back out of their promise to provide discovery, and that I intended to file a motion to compel production should the government break their word.

At our June 12, 2023, status conference, Ms. Moran appeared with two members of the government's discovery unit attempting to convince the court that it was not the government's

obligation to provide this discovery (as they had already committed to do), but rather that it was the obligation of the D.C. Federal Public Defender's office.

During that hearing Judge Contreras instructed the parties to sort out whose obligation discovery production was (The Department of Justice or Federal Public Defender), and in a June 12, 2023, minute order, Judge Contreras ordered me, the defendant, to "file a motion to compel if requested discovery is not produced."

Immediately following that June hearing, I had my standby counsel contact Shelli Peterson at the D.C. Federal Public Defender's office, explaining the government's claims that FPD and not the DOJ was responsible to provide me with the requested discovery.

On June 23, 2023, Shelli Peterson notified my standby counsel that "I understand the govt now recognizes this is their obligation not ours."

On June 26, 2023, Geoffrey Barrow, the government's Director of Global Discovery, emailed my standby counsel acknowledging that "FPD has raised legitimate concerns about being an intermediary for discovery between the government and Mr. Pope." Mr. Barrow also said, "I anticipate we will have a proposal later this week and will share it with you."

No proposal was received that week, and that was the last I heard from Mr. Barrow.

Since I did not hear from Mr. Barrow that week, I followed up the following Monday, July 3, 2023. Ms. Moran responded that "we are still working on our proposal and will get it to you this week." However, Ms. Moran never sent a proposal during that first week of July either.

Ms. Moran did set up a USAfx account for me on July 3, 2023, and on July 6, Ms. Moran promised to add "the items you specified." I responded, "please add everything that is designated sensitive or has no sensitivity designation!"

On July 7, 2023, Shelli Peterson with the Federal Public Defender's office reached out to my standby counsel asking if the government had provided me with the discovery materials they committed to serve on me. Mrs. Peterson noted, "I just want to make sure they are not telling you it's on us because they agreed it is not."

On the afternoon of July 12, 2023, Ms. Moran emailed me that she was uploading "ESU materials" (I assume the undercover police provocateur videos) to USAfx, but in the same email, Mrs. Moran also refused to provide copies of all other files the government had committed to "serve on the defendant" in ECF No. 104. Ms. Moran claimed that "unfortunately, we have exhausted efforts to provide you with all Sensitive Materials via hard-drive or other means."

However, this claim of exhausted efforts strains the government's credibility, since the government had already assessed the feasibility of transmitting these files to me prior to April 27, 2023, and committed to the court that they would serve these materials in ECF No. 104. Furthermore, the government says they transmitted files off of my phone via hard drive and into discovery in 2021, so this newfound technical ineptitude with hard drives and discovery by the most technologically advanced government on earth is not at all believable.[1]

As of July 13, 2023, Ms. Moran has added only case specific materials (which were not requested) to USAfx in view-only mode, and a zip file, which I cannot view or download. None

---

[1] If these federal employees are as inept as they claim, this court should review whether they misrepresented their knowledge, skills, and abilities in their applications for government employment. Such ineptitude should not excuse broken promises to the court that damage the DOJ's credibility and block defendant access to discovery.

of the files in the USAfx folder Ms. Moran created are available to me for download,[2] and none of the materials I requested are visible in the folder or have been transferred to my possession.

**The Need to Compel the Government to Keep Their Word**

In recent months, Attorney General Merrick Garland has expressed concerns that the American public now questions the integrity of the Department of Justice. Unfortunately, the Department's credibility becomes badly damaged when its employees are not truthful or when representatives of the government make commitments to the court (as they did in ECF No. 104) which they then attempt to break.

I believe our country deserves a Department of Justice that is truthful, credible, and fair. When the government chooses to not operate in good faith, it falls to Congress to conduct oversight, and to the courts to compel adherence to the law and due process. It is for this reason I now petition this honorable court to compel the government to serve the due discovery.

There would be no need for me to file this motion to compel had the government not broken its promise to "serve on the defendant a physical copy of those items contained in Global Discovery that are marked 'Sensitive,' and those items which have no security designations" (EXCG No. 104). However, the government now tells me they have no intention to keep their commitment, and that they understand I will file this motion to compel.

As Ms. Moran conveyed in our June 9, 2023, phone call prior to the June 12 status hearing, the government intends to oppose any motion to compel production.

---

[2] On July 7, 2023, Ms. Moran claimed that she was fixing USAfx download permissions (which she admitted she had turned off), but as of July 13, downloading has not been enabled for my USAfx account. Furthermore, all materials uploaded to this folder are set to disappear after 60 days.

Ms. Moran reiterated the government's intention to oppose this motion to compel in her July 12, 2023, email finalizing the government's broken promise.

Between these two stated intentions to oppose, Ms. Moran represented to this court on June 12, that it was the obligation of the Federal Public Defender to fulfill the government's commitment to serve me this discovery, not the Department of Justice. Then, after the Federal Public Defender raised concerns, the Department of Justice acknowledged it was indeed the Justice Department's responsibility to serve this discovery. However, after again accepting it as their responsibility, the Department of Justice now claims they have "exhausted efforts" to fulfill their ECF No. 104 commitment to serve this discovery to me, the defendant.

It now falls to this court to direct the government to recommit their efforts to fulfill the same option the government deemed feasible and their responsibility back in April.

I therefore move the court to compel the government to provide me, the defendant, copies of all global discovery materials deemed sensitive, or which have no sensitivity designations, on a hard drive, by no later than September 1, 2023.

Respectfully submitted to the court.

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service

I certify that a copy of this was filed electronically for all parties of record on July 13, 2023.

/s/
William Alexander Pope, Pro Se