IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>)<br>Plaintiff,     )<br>)<br>vs.     )<br>)<br>William Pope and Michael Pope,     )<br>)<br>Defendants.     ) | Criminal No.: 21-cr-128 (RC) |

## REPLY MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT MICHAEL POPE FOR SEVERANCE FROM DEFENDANT WILLIAM POPE

Defendant Michael Pope, by and through the undersigned court-appointed counsel, hereby submits this reply memorandum in response to the Government's Opposition (ECF No. 125) to his motion for a severance of defendants at trial (ECF No. 122).

### INTRODUCTION

Michael Pope, whom the Government seeks to intertwine inextricably to the actions of his older brother William on January 6, 2021, has moved for a severance at trial under Federal Rule of Criminal Procedure 14(a) on the grounds that: (1) his constitutional speedy trial rights would be infringed if his trial moves forward on the same, slower timeline as his brother's; (2) considerations of judicial economy

Click here to enter text.

especially favor separate trials in this unusual case; and (3) if, instead of the bench trial he seeks, he is tried by a jury with his brother William, there would highly likely be unmanageable prejudice to him from spillover evidence and his brother's *pro se* maneuverings before the jury. Rather than address these actual arguments squarely, the Government's Opposition counters contentions that Michael Pope did not make and otherwise fails to rebut a variety of factual points that Michael Pope did make in his moving papers. Moreover, the Government's discussion of the evidence in this case, which reveals a seemingly irresistible habit of conflating the proof as to the two defendants, highlights the danger of a joint trial.  The Government leaves no serious doubt that severance is the fairest, wisest course.

## ARGUMENT

I. <u>Michael Pope Does Not Contend There Was an Initial Misjoinder Under Rule 8, Instead Making His Present Arguments for Severance Under Rule 14(a)</u>

The first several pages of the Government's brief are consumed with trouncing a non-existent defense argument: "Pope contends that the charges against him were misjoined." Government Opposition, at 1. However, an argument against the initial joinder of the two defendants appears nowhere in the moving papers. Instead, Michael Pope forms his present arguments for severance under the standard of Rule 14(a), namely, "(i)f the joinder of offenses or defendants in…a consolidation for trial appears to prejudice a defendant," under which standard this Court has "great latitude to sever defendants." *United States v. Brown*, 16 F. 3d 423, 432 (D.C. Cir. 1994).

Click here to enter text.

II. <u>Michael Pope Anticipates That a Joint Trial Will Prejudice His Speedy Trial Rights Moving Forward – But Does Not Allege Any Such Violation To Date</u>

The Government then fails to meet Michael Pope's leading argument for severance under Rule 14(a), namely, that being roped to his brother's case will lead to *future* violations of his speedy trial rights, given the significant differential in the manner in which the two defendants' cases will proceed. Instead, the Government once again trounces an argument that Michael Pope did not make, arguing: "[T]here *has been* no violation of Pope's speedy trial right." Government Opposition, at 9 (emphasis added). The Government throws back at Michael Pope his waiver of time under the Speedy Trial Act on several occasions to date. *Id.*

There is no doubt that Michael Pope has waived several lengths of time for purposes of, *inter alia*, plea negotiations, which appeared very close until three weeks ago to resolving this case, even by Government counsel's account.  None of that is relevant to how the case will play out in the future, now that a misdemeanor resolution is foreclosed. There is a large gulf between the two defendants' approach to the historic amount of discovery.  Michael Pope is represented by counsel who is focused on a few key issues, whereas William Pope is representing himself under various constraints as to accessing this mountain of discovery that he is entitled to explore. The extensive differential in the two defendants' needs and desires for pretrial preparation will very likely result in a joint trial date stretching far beyond the date as to which Michael Pope would waive time.

III. <u>The Government Cannot Show The Judicial Economy of a Joint Trial</u>

In many, perhaps most, cases involving two defendants whose interactions took them to the same places in the same timeframe, it would be difficult to argue against the judicial economies of trying them together. This case is different, for various reasons that the Government's Opposition did not rebut:

1. **A bench trial** for Michael Pope (which the Government has not said it will oppose) would dispense with all the need for jury selection, stage-managing a jury during the trial, motion practice, and objections aimed at protecting a jury from hearing prejudicial evidence and formulating proper jury instructions, as well as post-trial and appellate litigation of jury issues -- all of which would typically make a second trial a strain on judicial resources. Even more so, the lack of these jury issues for Michael Pope will affirmatively save net time because in neither trial would there be a need to litigate spillover evidence or other jury issues particular to Michael Pope. The Government ignores this substantial overall benefit to judicial economy.

2. **Factual stipulations** by Michael Pope will also drastically reduce the time required for his own trial because the focus of his defense will be on his lack of a felonious mental state concerning the electoral vote count and the officers he encountered face-to-face. His video-recorded actions and written words will come into evidence. The Government does not dispute these factors.

3. **Convenience to witnesses** will *not* be served meaningfully by a joint trial. Failing to meet this argument, the Government cites "testimony from

Click here to enter text.

common 'overview' witnesses including witnesses from the U.S. Capitol Police and U.S. Secret Service" as a reason for economizing with a joint trial. Government's Opposition at 8. These professional witnesses, with their well-worn overview scripts, are not the kind of consideration that drives courts to risk various prejudicial effects to a defendant from a joint trial. The Government fails to identify a single other witness who would be inconvenienced by separate trials.

Nor does the Government disagree with the bottom-line appraisal by defense counsel that a case streamlined down to the evidence against Michael Pope may take but two or three days -- which is a generous estimate (given that a bench trial could take less).

Considerations of judicial economy thus resoundingly support severance.

IV. <u>Spillover Evidence Imperils a Fair Jury Trial for Michael Pope</u>

Once again, the Government fails to address the nature of Michael Pope's request for this Court to provide *prophylactic* and (at least at this point) *discretionary* relief against the prospect of prejudice to him at a joint trial by jury, from spillover evidence. As the Government states, the Court *may try* to address spillover prejudice by limiting jury instructions. However, the Court having that tool does not necessarily make using it the fairest and most just (or most economical) course of action in this case. Indeed, the Government's Opposition fails to address either of the two powerful examples of spillover evidence cited in Section

Click here to enter text.

B of Michael Pope's moving papers (William Pope's door-jamming and his Facebook video) to explain how limiting jury instructions would be sufficient to prevent the spillover prejudice from an accumulation of such items.

Far from reassuring this Court that a joint trial will not result in an attribution by the jury of "guilt by association" with his brother's actions on January 6th, the Government's Opposition positively feeds this concern. As part of its factual narrative, the Government cites evidence of William Pope's discussion of weapons, political rhetoric, and Proud Boys -- none of which elicits any endorsement of illegal action from Michael Pope.

It is thus clear that the Government will continue to strap Michael Pope to the much-stronger words and actions of William Pope in order to get felony convictions of the former by association with the latter. Severance is necessary to prevent the Government from using this strategy.

V. <u>William Pope's *Pro Se* Tactics Imperil a Fair Jury Trial for Michael Pope</u>

The Government says little to rebut Michael Pope's concern that a joint jury trial will prejudice him because the tactics of his *pro se* brother will sit negatively with jurors. Michael Pope cited this in his moving papers as another discretionary factor favoring a severance.

No, the Court is not required to sever trials where one defendant is acting *pro se;* nonetheless, the Government cannot and does not deny that a joint jury trial will still be pregnant with the possibility of prejudice to Michael Pope, which would have

Click here to enter text.

to be addressed in trial after a jury is sworn, and which could later result in a mistrial or other overturning of a government verdict. The Government says that Michael Pope "does not allege any specific facts that would distinguish this case from the holding in *Veneto*," Government's Opposition at 9, and while this is also true, it does not help the Government.

It is undisputed that this Court has the authority to order a precautionary severance based on the possibility of a *pro se* co-defendant causing havoc for a represented defendant. Of course, pre-trial, there are no accomplished "facts" of such havoc yet; still, the Court can judge from its experience thus far in the case whether William Pope's statements before a jury may collaterally damage his brother in a way that professional counsel would not, or whether the carefulness of a trial jury towards the separate guilt or innocence of Michael Pope is likely to become undermined by William Pope's trial tactics.

## CONCLUSION

WHEREFORE, for the foregoing reasons, and for all the reasons previously stated in the moving papers, the Motion for Severance should be granted.

Dated this 31st day of July, 2023.              Respectfully submitted,

/s/ Bruce H. Searby_____

Bruce H. Searby, DC Bar No. 1012382
SEARBY PLLC
2000 P Street, NW, Suite 705
Washington, D.C. 20036
Tel: (202) 750-6106
Fax: 202-849-2122
bsearby@searby.law

Click here to enter text.

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July 2023, true and genuine copies of <u>REPLY MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT MICHAEL POPE FOR SEVERANCE FROM DEFENDANT WILLIAM POPE</u> were served via electronic mail by this Court's CM/ECF system, which will serve a copy on all counsel of record.

    Respectfully submitted,

    /s/ Bruce H. Searby_____
    Bruce H. Searby, DC Bar No. 1012382
    SEARBY LLP
    2000 P Street, NW, Suite 705
    Washington, D.C. 20036
    Fax:  202-849-2122
    bsearby@searby.law

Click here to enter text.