**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| United States of America, | ) | Criminal Action |
| | ) | No. 1:21-cr-00128-RC-1 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Status Conference** (via Zoom) |
| | ) | |
| William Pope, | ) | Washington, D.C. |
| | ) | **August 2, 2022** |
| Defendant. | ) | Time:  10:00 a.m. |

_____

**Transcript of Status Conference** (via Zoom)
**Held Before**
**The Honorable Rudolph Contreras** (via Zoom)
**United States District Judge**

_____

A P P E A R A N C E S

For the Government:      **Jason M. Crawford**
(via Zoom)               UNITED STATES ATTORNEY'S OFFICE
                         FOR THE DISTRICT OF COLUMBIA
                         601 D Street, Northwest
                         Washington, D.C. 20579

For the Defendant:       **Gregory B. English**
(via Zoom)               ENGLISH LAW FIRM, PLLC
                         601 King Street, Suite 406
                         Alexandria, Virginia 22314

_____

Stenographic Official Court Reporter:
(via Zoom)               Nancy J. Meyer
                         Registered Diplomate Reporter
                         Certified Realtime Reporter
                         333 Constitution Avenue, Northwest
                         Washington, D.C. 20001
                         202-354-3118

Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.

1              P R O C E E D I N G S

2              (REPORTER'S NOTE:  This hearing was held during the
COVID-19 pandemic restrictions and is subject to the
3    limitations of technology associated with the use of
technology, including but not limited to telephone and video
4    signal interference, static, signal interruptions, and other
restrictions and limitations associated with remote court
5    reporting via telephone, speakerphone, and/or
videoconferencing.)

6

7              THE COURTROOM DEPUTY:  Judge, this is Criminal Action

8    21-128, United States v. William Pope.

9              For the United States, I have Jason Crawford.  For

10   defendant, I have Gregory English.  Our court reporter today is

11   Nancy Meyer.

12             All parties are present.

13             THE COURT:  Good morning, everybody.

14             So we're here this morning because, at least last time

15   we spoke, Mr. William Pope expressed a desire to proceed

16   pro se.

17             Mr. Pope, is that still your desire?

18             DEFENDANT WILLIAM POPE:  Yes, Your Honor.

19             THE COURT:  Okay.  And I gather that under the

20   CARES Act, you're willing to appear today by video rather

21   than wait until it can be safely done in person in the

22   courtroom?

23             DEFENDANT WILLIAM POPE:  Yes, Your Honor.

24             THE COURT:  Okay.  All right.  Mr. English, I know

25   you've moved to withdraw, but I haven't heard yet from the

1    federal public defender service about a new attorney to act as

2    standby counsel, to the extent that I approve Mr. Pope going

3    pro se.  So you're going to have to bear with us a little bit

4    longer.

5            I know that the federal public defender is endeavoring

6    to find someone that has the technological ability and has

7    preferably been able to use successfully the database before --

8    in other cases, but they're working on that.  Resources are

9    very tight these days.  So bear with us.

10           All right.  Are you ready to go forward with the

11   colloquy, Mr. Pope?

12           DEFENDANT WILLIAM POPE:  Yes, Your Honor.  Let's go.

13           THE COURT:  Okay.  All right.  So you're before the

14   Court because you have been charged in a criminal indictment

15   with one count of civil disorder in violation of

16   18 U.S.C. § 231(a)(3); one count of obstruction of an official

17   proceeding in violation of 18 U.S.C. § 1512(c)(2); entering and

18   remaining in a restricted building or grounds in violation of

19   18 U.S.C. 1752(a)(1); one count of disorderly and disruptive

20   conduct in a restricted building or grounds in violation of

21   18 U.S.C. 1752(a)(2); one count of impeding ingress and egress

22   in a restricted building or grounds in violation of

23   18 U.S.C. 1752(a)(3); one count of disorderly conduct in a

24   Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D); one

25   count of impeding passage through the Capitol Grounds or

1    Buildings in violation of 40 U.S.C. § 5104(e)(2)(E); one count

2    of parading, demonstrating, or picketing in Capitol Grounds or

3    Buildings in violation of 40 U.S.C. § 5104(e)(2)(G).

4          I understand you wish to waive your right to assistance

5    of counsel and, instead, you wish to exercise your

6    constitutional right to represent yourself.

7          Before accepting your waiver of counsel, Mr. Pope, and

8    before finding that you may represent yourself without counsel,

9    I need to ask you a number of questions to be certain that your

10   decision is made knowingly, voluntarily, and with a full

11   appreciation and understanding of the consequences.

12         So in order to do that, we're going to swear you in and

13   I'm going to ask you a number of questions on the record.

14         Go ahead, Tanya.

15         THE COURTROOM DEPUTY:  Sir, can you please raise your

16   right hand.

17         (Oath administered.)

18         DEFENDANT WILLIAM POPE:  I do.

19         THE COURTROOM DEPUTY:  Thank you, sir.  Can you

20   please state your name for the record.

21         DEFENDANT WILLIAM POPE:  My name is William Pope.

22         THE COURTROOM DEPUTY:  Thank you, sir.

23         THE COURT:  Mr. Pope, how old are you?

24         DEFENDANT WILLIAM POPE:  I'm 36 years old.

25         THE COURT:  Okay.  Now I'm going to ask you a number

1    of questions that judges need to ask in this context relating

2    to the waiver to make sure that there is nothing that

3    influences your state of mind in terms of you being

4    clear-minded to make this decision.

5            So are you presently under the influence of alcohol or

6    narcotic drugs?

7            DEFENDANT WILLIAM POPE:  No, Your Honor.

8            THE COURT:  How long -- how far did you get in

9    school?

10            DEFENDANT WILLIAM POPE:  I've completed two master's

11    degrees, and I'm currently in a Ph.D. program.

12            THE COURT:  Okay.  Do you have any legal training?

13            DEFENDANT WILLIAM POPE:  Just minimal, Your Honor.

14            THE COURT:  Have you ever represented yourself before

15    in court, in either a civil or criminal context?

16            DEFENDANT WILLIAM POPE:  No, Your Honor.

17            THE COURT:  And I know we covered a little bit of

18    this last time we were together, but I need to have a clear

19    record all in one place.  So can you briefly explain, again, to

20    the Court why you wish to represent yourself.

21            DEFENDANT WILLIAM POPE:  Your Honor, I feel like I

22    know the facts of my case better than anyone, and I feel, you

23    know, I'm going to be the one who most vigorously defends

24    myself in trial.

25            As you've noted, the charges against me that the

1    government have brought are very serious, and I believe that I

2    need a vigorous defense to -- to counteract those, and I

3    believe I'm the best one able to do that.

4              THE COURT:  Okay.  And, you know, in something you

5    filed with the Court -- or that your attorney filed on your

6    behalf with the Court, a letter from yourself, one of the

7    things you mention was Mr. English's lack of technical ability.

8    And I explained to you that I would be prepared to appoint a

9    new counsel that had greater technical ability to represent

10   you, but you indicated that your concerns were greater than

11   that.  It wasn't just a matter of lack of technical ability; is

12   that right?

13             DEFENDANT WILLIAM POPE:  Yeah.  I believe I need to

14   have the ability to maintain control over my own case.  And,

15   you know, I appreciate the knowledge and procedural skills that

16   an attorney has.  However, I feel like there are some

17   intangible decision-making elements that I need to maintain

18   control of.

19             THE COURT:  Okay.  Do you understand that you have a

20   constitutional right to assistance of counsel regardless of

21   whether you can afford one; is that right?

22             DEFENDANT WILLIAM POPE:  I understand that, yeah.

23             THE COURT:  Okay.  All right.  So we're going to --

24   there's a lot of counts, as I indicated earlier.  So we have to

25   go through them.  So this is going to take a little bit of

1    time.  So bear with me.

2              DEFENDANT WILLIAM POPE:  The government can drop a

3    few, if they'd like to.

4              THE COURT:  Yeah, I'm sure.

5        So do you understand that in Count 1 you're charged with

6    civil disorder in violation of 18 U.S.C. 231(a)(3)?

7              DEFENDANT WILLIAM POPE:  I understand that.

8              THE COURT:  Okay.  And that the maximum penalty for

9    that offense is five years' imprisonment?

10             DEFENDANT WILLIAM POPE:  I understand that.

11             THE COURT:  Okay.  Do you further understand that the

12   maximum fine for that offense is $250,000?

13             DEFENDANT WILLIAM POPE:  I understand.

14             THE COURT:  Okay.  And that that -- a conviction for

15   that offense would also make you liable for a $100 special

16   assessment.  Do you understand that?

17             DEFENDANT WILLIAM POPE:  I understand that.

18             THE COURT:  And do you further understand that if

19   convicted of that offense you could be subject to a term of

20   supervised release not to exceed one year?  Do you understand

21   that?

22             DEFENDANT WILLIAM POPE:  I understand that.

23             THE COURT:  All right.  And let me -- let me -- I'm

24   not going to do it for each count, but let me briefly explain

25   to you what supervised release is, because that's not

1    necessarily common knowledge.  So what supervised release is,

2    that if you serve a term in prison, then you're released under

3    certain terms and conditions; that if you violate those terms

4    and conditions you could be sent back to prison.  Do you

5    understand how supervised release works?

6                DEFENDANT WILLIAM POPE:  I do now, Your Honor.

7                THE COURT:  Okay.  All right.  So I'm going to go

8    through the other counts with similar questions, just so that

9    you understand everything that's at stake for all of them

10   individually, but also as a group.

11          So with respect to Count 2, do you understand that

12   you're also charged with obstruction of an official proceeding

13   in violation of 18 U.S.C. 1512(c)(2)?

14               DEFENDANT WILLIAM POPE:  I understand that,

15   Your Honor.

16               THE COURT:  Okay.  And then the maximum penalty for

17   that offense is 20 years' imprisonment.  Do you understand

18   that?

19               DEFENDANT WILLIAM POPE:  I understand.

20               THE COURT:  Okay.  Do you further understand that

21   that maximum fine for that offense is also $250,000?

22               DEFENDANT WILLIAM POPE:  Yes, Your Honor.

23               THE COURT:  Okay.  And that that charge also comes

24   with a $100 special assessment.  Do you understand that?

25               DEFENDANT WILLIAM POPE:  I understand.

1          THE COURT:  Okay.  And that that charge has a term of

2     supervised release of a term not to exceed three years.  Do you

3     understand that?

4          DEFENDANT WILLIAM POPE:  I understand.

5          THE COURT:  Okay.  And then with respect to Count 3,

6     let me ask the government a question on that.  Some of these

7     charges, what the term he's exposed to depends on whether he

8     used -- he's alleged to have used a deadly weapon.  I don't

9     read the indictment as charging that.

10         Is that your understanding, Mr. Crawford?

11         MR. CRAWFORD:  That -- that's right.  Thank you, Your

12    Honor.

13         He -- he was not charged with the felony version of

14    1752.  And the government doesn't believe that the flagpole

15    was -- was used as a deadly weapon.

16         THE COURT:  Okay.  I just wanted to get that

17    clarified on the record.

18         All right.  Mr. Pope, do you understand that you're

19    charged with one count of entering and remaining in a

20    restricted building or grounds in violation of 18 U.S.C. 752 --

21    1752(a)(1)?

22         DEFENDANT WILLIAM POPE:  I do, Your Honor.

23         THE COURT:  And that the maximum penalty for that

24    offense as charged by the government is one year of

25    imprisonment.  Do you understand that?

1      DEFENDANT WILLIAM POPE:  I do, Your Honor.

2      THE COURT:  And that that fine -- and that that

3  charge also has a maximum fine in this case of $100,000.  Do

4  you understand that?

5      DEFENDANT WILLIAM POPE:  I'm not going to have much

6  money left over, Your Honor.

7      THE COURT:  Okay.

8      DEFENDANT WILLIAM POPE:  They're going to take it all

9  if they get that.

10      THE COURT:  All right.  Do you further understand

11  that if convicted of this offense you would be required to pay

12  a $25 special assessment?

13      DEFENDANT WILLIAM POPE:  I might be able to afford

14  the 25.  I understand that.

15      THE COURT:  So -- and these are the -- you know,

16  it's -- it's evident to me.  I don't know if it's evident to

17  you.  Those are the maximum terms that the statute exposes to

18  you.  That's not necessarily what the guidelines would

19  recommend or what I would impose, but I -- in order to make

20  sure that you're doing this knowingly, I have to explain to you

21  what could happen.

22      DEFENDANT WILLIAM POPE:  I understand.

23      THE COURT:  All right.  Do you further understand

24  that that charge could subject you to a term of supervised

25  release of not to exceed one year?

1      DEFENDANT WILLIAM POPE:  I understand, Your Honor.

2      THE COURT:  All right.  So with respect to Count 4,

3  do you further understand that you are charged with the count

4  of entering and remaining in a restricted building or grounds

5  in violation of 18 U.S.C. 1752(a)(2)?

6      DEFENDANT WILLIAM POPE:  Yes, Your Honor.

7      THE COURT:  And that that -- the maximum penalty for

8  that offense is one year of imprisonment?

9      DEFENDANT WILLIAM POPE:  Yes, Your Honor.

10      THE COURT:  Okay.  Do you further understand that the

11  maximum fine for that offense is $100,000?

12      DEFENDANT WILLIAM POPE:  Yes, Your Honor.

13      THE COURT:  All right.  And that that one also comes

14  with a $25 special assessment on top of the other things.  Do

15  you understand that?

16      DEFENDANT WILLIAM POPE:  I understand.

17      THE COURT:  And also -- that one also has a term of

18  supervised release of not to exceed one year.

19      DEFENDANT WILLIAM POPE:  I understand.

20      THE COURT:  All right.  All right.  With respect to

21  Count 5, do you further understand that you're charged with one

22  count of impeding ingress and egress in a restricted building

23  or grounds?

24      DEFENDANT WILLIAM POPE:  I understand, Your Honor.

25      THE COURT:  And that the maximum penalty for that

1    offense is one year of imprisonment?

2            DEFENDANT WILLIAM POPE:  I understand.

3            THE COURT:  Do you further understand that the

4    maximum fine for that offense is $100,000?

5            DEFENDANT WILLIAM POPE:  I understand.

6            THE COURT:  Do you further understand that if

7    convicted of this offense you could be required to pay a $25

8    special assessment?

9            DEFENDANT WILLIAM POPE:  I understand.  I can do that

10   25 too, but let's hope we don't go there.  Let's hope we don't

11   go there.

12           THE COURT:  And that you further understand that if

13   convicted of this offense, you may be subject to a term of

14   supervised release not to exceed one year?

15           DEFENDANT WILLIAM POPE:  I understand.

16           THE COURT:  All right.  With respect to Count 6, do

17   you further understand that you are charged with one count of

18   disorderly conduct in a Capitol Building?

19           DEFENDANT WILLIAM POPE:  I understand, Your Honor.

20           THE COURT:  And that the maximum penalty for that

21   offense is six months of imprisonment?

22           DEFENDANT WILLIAM POPE:  I understand.

23           THE COURT:  Do you further understand that the

24   maximum fine for that offense is $5,000?

25           DEFENDANT WILLIAM POPE:  I understand.

1    THE COURT:  And that if you're convicted of

2  that offense you would be required to pay a $10 special

3  assessment?

4    DEFENDANT WILLIAM POPE:  I understand.  We're getting

5  more reasonable here.

6    THE COURT:  Yeah.  Do you further understand that if

7  convicted of that offense you could be subject to a term of

8  supervised release not to exceed one year?

9    DEFENDANT WILLIAM POPE:  I understand.

10    THE COURT:  All right.  With respect to Count 7,

11  do you further understand that you are charged with one

12  count of impeding passage through a Capitol Building or

13  Grounds?

14    DEFENDANT WILLIAM POPE:  I understand, Your Honor.

15    THE COURT:  And the maximum penalty for that offense

16  is six months of imprisonment?

17    DEFENDANT WILLIAM POPE:  I understand.

18    THE COURT:  And that the maximum fine for that

19  offense is $5,000?

20    DEFENDANT WILLIAM POPE:  I understand.

21    THE COURT:  Do you further understand that if

22  convicted of that offense you would be required to pay a $10

23  special assessment?

24    DEFENDANT WILLIAM POPE:  I understand.

25    THE COURT:  And that if convicted of this offense you

```
 1      may be subject to a term of supervised release not to exceed
 2      one year?
 3              DEFENDANT WILLIAM POPE:  I understand.
 4              THE COURT:  Do you further understand that you are
 5      charged with -- in Count 8 with one count of parading,
 6      demonstrating, or picketing in a Capitol Building?
 7              DEFENDANT WILLIAM POPE:  I understand.
 8              THE COURT:  And the maximum penalty for that offense
 9      is six months in prison?
10              DEFENDANT WILLIAM POPE:  I understand.
11              THE COURT:  Do you further understand that the
12      maximum fine for that offense is $5,000?
13              DEFENDANT WILLIAM POPE:  I understand.
14              THE COURT:  And that if convicted of that offense you
15      would be required to pay a $10 special assessment?
16              DEFENDANT WILLIAM POPE:  I understand.
17              THE COURT:  And that if convicted of that offense you
18      could be subject to a term of supervised release not to exceed
19      one year?
20              DEFENDANT WILLIAM POPE:  I understand.
21              THE COURT:  All right.  Do you also understand that
22      if you're convicted for more than one of those crimes the
23      Court can order sentences be served consecutively?  That is,
24      one after the other, in a cumulative fashion.  Do you
25      understand that?
```

1    DEFENDANT WILLIAM POPE:  Yes, Your Honor, I
2    understand that.

3            THE COURT:  So, you know, to state the obvious:  So
4    if you're -- if you are convicted of one count that subjects
5    you to one year in prison and another count that subjects
6    you to three years in prison, I can order that those terms
7    be served consecutively so that you would be subject to a
8    term of four years in prison.  Do you understand how that
9    works?

10           DEFENDANT WILLIAM POPE:  Yes, Your Honor.

11           THE COURT:  Okay.  And the same is true for the
12   fines; that those fines can be -- be imposed cumulatively.  So
13   that if you're subject to a $250,000 fine in one case and -- in
14   one charge and $250,000 in another charge, and you're convicted
15   of both and I impose the maximum fine, you would then owe
16   $500,000.  Do you understand that?

17           DEFENDANT WILLIAM POPE:  I understand.  But I
18   probably wouldn't be able to pay it.

19           THE COURT:  Okay.  And with respect to the special
20   assessments, which are, obviously, much lower than the fines,
21   those I'm required to assess.  So those would be cumulative,
22   whether -- no matter what I decide.  So do you understand
23   that?

24           DEFENDANT WILLIAM POPE:  I understand, Your Honor.

25           THE COURT:  Now, with respect to the -- to the -- the

1    supervised release, those are not necessarily -- those are

2    typically not cumulative.  So if you're -- if you're convicted

3    of a charge that subjects you to a three-year term of

4    supervised release, that would be the maximum of terms, even if

5    you are convicted for a number of these charges.  Do you

6    understand that?

7              DEFENDANT WILLIAM POPE:  I understand.

8              THE COURT:  Okay.  Do you understand that there are

9    advisory sentencing guidelines that may have an effect on your

10   sentence if you are found guilty?

11             DEFENDANT WILLIAM POPE:  I understand that.

12             THE COURT:  Do you understand that if you have an

13   attorney, that that attorney can help you determine what the

14   advisory guidelines range can be if you're guilty of one or

15   more of these offenses?  Do you understand that?

16             DEFENDANT WILLIAM POPE:  I understand that.

17             THE COURT:  Okay.  And do you understand that if you

18   have a lawyer he or she would be able to help you understand

19   what the elements of each of these crimes are and would be able

20   to help you understand whether or not the government has met

21   its burden to prove each of these elements?

22             DEFENDANT WILLIAM POPE:  I understand.

23             THE COURT:  Okay.  Do you understand that if you had

24   a lawyer he would be able to help you identify possible

25   defenses to these crimes and would help -- be able to help you

1    decide whether to raise these defenses?  Do you understand

2    that?

3                 DEFENDANT WILLIAM POPE:  I understand that.

4                 THE COURT:  Do you understand that if you had a

5    lawyer he or she would be able to help you file any motions

6    that are necessary to your defense and would be -- and make

7    sure that the motions comply with the federal and local rules

8    of procedure?  Do you understand that?

9                 DEFENDANT WILLIAM POPE:  I understand that.

10                THE COURT:  Do you understand that if you have a

11   lawyer he or she would be familiar with the rules of discovery

12   and would be able to help you ensure that you received all of

13   the information from the government to which you are entitled

14   by law?  Do you understand that?

15                DEFENDANT WILLIAM POPE:  I understand that.

16                THE COURT:  Are you familiar with the Federal Rules

17   of Evidence?

18                DEFENDANT WILLIAM POPE:  I'm becoming more familiar.

19   I've got a book on them now, so.

20                THE COURT:  Okay.  Do you understand the Federal

21   Rules of Evidence govern what evidence may or may not be

22   introduced at trial and that in representing yourself you

23   still must abide by those rules?  Do you understand that?

24                DEFENDANT WILLIAM POPE:  I understand that.

25                THE COURT:  Okay.  Do you understand that if you had

1   a lawyer, he or she would be familiar with the rules of

2   evidence and would be able to present your case or

3   cross-examine the government's witnesses in compliance with

4   those rules?

5              DEFENDANT WILLIAM POPE:  I understand, Your Honor.

6              THE COURT:  All right.  So we're at a relatively

7   early stage of this case.  So there really hasn't been any

8   disclosures about whether the government intends to introduce

9   what's referred to as 404(b) evidence, which, you know, has to

10  do with prior behavior or -- or crimes.

11       But if the government proposes to present such evidence

12  as to your alleged past crimes or past bad acts -- evidence

13  that we call 404(b) evidence -- that a lawyer would be able to

14  help you make legal arguments in an attempt to prevent the

15  government from admitting that evidence.  Do you understand

16  that?

17             DEFENDANT WILLIAM POPE:  I understand; although I

18  have a clean criminal history, so.

19             THE COURT:  Yeah.  But in these cases in particular,

20  the government sometimes tries to introduce evidence of past

21  things you've said on the internet and the like to kind of

22  impute your state of mind on January 6th, and 404(b) would

23  control some of those things.  So, you know, it goes beyond

24  past criminal record.  So do you understand that?

25             DEFENDANT WILLIAM POPE:  Yeah, I understand

1    the government can be tricky.  I'll be on the watch-out for

2    that.

3              THE COURT:  It's governed by the rules of evidence.

4    It's not trickery.

5          Similarly, are you familiar with the Federal Rules of

6    Criminal Procedure?

7              DEFENDANT WILLIAM POPE:  I'm becoming more familiar

8    with those, Your Honor.

9              THE COURT:  Do you understand that those rules govern

10   the way a criminal action is tried in federal court?

11             DEFENDANT WILLIAM POPE:  I understand, Your Honor.

12             THE COURT:  Okay.  Do you understand that if you

13   proceed without a lawyer, you, nevertheless, are required to

14   follow the same rules of discovery, the same rules of

15   procedure, and the same rules of evidence that apply to all

16   attorneys who practice here?

17             DEFENDANT WILLIAM POPE:  I understand, Your Honor.

18             THE COURT:  Okay.  Do you understand that if

19   you represent yourself you will be on your own and that I

20   will not be able to offer you guidance on what those rules

21   require?

22             DEFENDANT WILLIAM POPE:  I understand, Your Honor.

23   Although you're seeking to appoint me a standby counsel; is

24   that correct?

25             THE COURT:  Standby counsel.  And we'll cover that in

1    a little bit, so.

2            DEFENDANT WILLIAM POPE:  Okay.

3            THE COURT:  And I'll explain to you that that standby

4    counsel is there for certain purposes, but it's not a hybrid

5    version of you consult with him or her for certain -- you know,

6    for legal matters when you want to and not when you don't want

7    to.  They're just there more to keep things moving and, you

8    know, on track, so to speak.  But we'll go into that.

9            DEFENDANT WILLIAM POPE:  Okay.

10           THE COURT:  Do you understand that you may have

11   rights under the Fourth, Fifth, and Sixth Amendments to the

12   Constitution to ask this Court to suppress evidence that the

13   government may seek to use against you at trial?

14           DEFENDANT WILLIAM POPE:  Yes, Your Honor.

15           THE COURT:  Do you understand that if you have a

16   lawyer he or she would be able to help you make a decision

17   about whether to waive your Fifth Amendment right not to take

18   the stand and testify?

19           DEFENDANT WILLIAM POPE:  Yes, Your Honor.

20           THE COURT:  Okay.  Do you understand that if you had

21   a lawyer he or she would be able to help you exercise your

22   constitutional right to confront the government's witnesses by

23   cross-examining them?

24           DEFENDANT WILLIAM POPE:  Yes, Your Honor.

25           THE COURT:  Do you understand that if you choose to

1    proceed without a lawyer and you make mistakes during your

2    representation of yourself you will not be able to successfully

3    appeal your conviction on the grounds that you made those

4    mistakes?  Do you understand that?

5             DEFENDANT WILLIAM POPE:  I understand.

6             THE COURT:  In other words, you cannot represent

7    yourself, botch things up, and then say you had inadequate

8    representation.

9             DEFENDANT WILLIAM POPE:  Well, that would be a good

10   argument, wouldn't it?

11            THE COURT:  Yeah.  So it's -- the reason the question

12   is in there is because other people have tried it.  So I have

13   to make that clear.

14            DEFENDANT WILLIAM POPE:  I understand.

15            THE COURT:  You understand that?

16            DEFENDANT WILLIAM POPE:  Yes, Your Honor.

17            THE COURT:  Okay.  Do you understand that if you had

18   a lawyer he or she would be able to help you select jurors from

19   the juror panel by asking them questions and using his or her

20   trial experience to predict how those jurors might behave?  Do

21   you understand that?

22            DEFENDANT WILLIAM POPE:  I understand, Your Honor.

23            THE COURT:  Okay.  Do you further understand that you

24   have a right to a certain number of peremptory strikes --

25   meaning that you can request that some potential jurors be

1   stricken from the pool -- and that a lawyer would be able to

2   help you make a decision about which jurors to strike?

3               DEFENDANT WILLIAM POPE:  I understand, Your Honor.

4               THE COURT:  Okay.  Do you understand that if you

5   had a lawyer he or she would be able to help you decide whether

6   to make an opening statement on your behalf and he could

7   make -- he or she could make that statement explaining to the

8   jury what you expect the evidence to show?

9               DEFENDANT WILLIAM POPE:  Yeah, I understand,

10  Your Honor.

11              THE COURT:  All right.  Do you further understand

12  that the government has the right to make such an opening

13  statement and the government will have the legal knowledge and

14  experience of attorneys like Mr. Crawford?

15              DEFENDANT WILLIAM POPE:  I understand.

16              THE COURT:  Do you understand that if you had a

17  lawyer he or she would be able to help you decide whether to

18  make a closing argument on your behalf and he or she could make

19  that argument, explaining to the jury what you believe the

20  evidence shows?

21              DEFENDANT WILLIAM POPE:  I understand, Your Honor.

22              THE COURT:  Do you further understand that the

23  government will also have that right to make a closing

24  statement and the government will have the legal knowledge and

25  experience of attorneys like Mr. Crawford to help them?

```
 1              DEFENDANT WILLIAM POPE:  I understand.

 2              THE COURT:  Do you understand that if you had a

 3    lawyer he would be able -- he or she would be able to help you

 4    make strategic decisions about your defense?

 5              DEFENDANT WILLIAM POPE:  I understand, Your Honor.

 6              THE COURT:  Do you understand that at the close of

 7    trial I will give a series of instructions to the jury that

 8    will help explain the law to them and that a lawyer would be

 9    able to help you object to certain proposed instructions or

10    propose other instructions in accordance with your interests?

11    Do you understand that?

12              DEFENDANT WILLIAM POPE:  I understand, Your Honor.

13              THE COURT:  Do you understand that the defense of

14    entrapment, which the government has indicated you wish to

15    pursue, is a -- is a difficult defense to raise and that a

16    court will likely decide in advance of trial whether that

17    defense is appropriately raised, and a lawyer can help you

18    assess the viability of that defense and assist you in briefing

19    it for the Court?

20              DEFENDANT WILLIAM POPE:  I understand.  And my

21    defense will go where the facts lead.

22              THE COURT:  Now, in light of the penalties that you

23    might suffer if you're found guilty and in light of all of the

24    difficulties of representing yourself, do you still desire to

25    represent yourself and to give up your right to be represented
```

1    by a lawyer?

2              DEFENDANT WILLIAM POPE:  Yes, Your Honor.

3              THE COURT:  Do you have any questions at all about

4    what I have discussed with you about the challenges and dangers

5    of representing yourself at trial?

6              DEFENDANT WILLIAM POPE:  Not at this time,

7    Your Honor.

8              THE COURT:  I must tell you that, in my opinion, you

9    would be much better defended by trained lawyers, like

10   Mr. English or another attorney that the Court would appoint

11   with more technical abilities, than you can be by yourself.  I

12   think it is extraordinarily unwise of you to try to represent

13   yourself.  You are not familiar with the law, with court

14   procedure, or with the rules of evidence, and a trial in

15   federal court is difficult for even an experienced attorney.

16   And if you represent yourself, you will be at an extreme

17   disadvantage.

18        I should also say that the one trial I've had where the

19   defendant represented himself pro se went very poorly for him,

20   and he ended up serving a very long prison time.

21        So I strongly urge you to try not to represent yourself.

22   However, as I've indicated to you, you do have a constitutional

23   right to do so, if you wish.  And if -- I have to tell you as

24   well that if you change your mind, you know, right before a

25   trial has been scheduled, that I cannot delay the trial because

1    of your change of mind at that point and that the schedule will

2    likely stay firm once we do set a trial date.

3          So, Mr. Pope, has anyone promised you anything in return

4    for your decision to proceed without a lawyer?

5          DEFENDANT WILLIAM POPE:  No, Your Honor.

6          THE COURT:  Has anyone put any pressure on you or

7    threatened you in any way into making this decision?

8          DEFENDANT WILLIAM POPE:  No, Your Honor.

9          THE COURT:  So the decision is completely voluntary

10    on your part?

11          DEFENDANT WILLIAM POPE:  Yes, Your Honor.

12          THE COURT:  All right.  Now that I have explained

13    to you the penalties that you face and the dangers and

14    disadvantages of proceeding without an attorney and have

15    advised you that I will not grant the continuance of the

16    trial later based on your decision, do you still wish to

17    represent yourself and give up your constitutional right to a

18    lawyer?

19          DEFENDANT WILLIAM POPE:  Yes, Your Honor.

20          THE COURT:  All right.

21          Mr. English, is there anything else that you think we

22    need to cover?

23          MR. ENGLISH:  No, Your Honor.  I would just say my

24    client has finished all the coursework for a Ph.D. in

25    journalism.  He just has a dissertation.

1          He's completely competent.  My dealings with him, he's

2     very, very bright, and he's very skilled as a researcher,

3     Your Honor.  So if anyone has the skills to represent himself,

4     he does.  It's not often I have a client that has his level of

5     intelligence and education.

6          THE COURT:  Okay.  That still doesn't mean it's not a

7     foolish decision, but it's his constitutional right to do so.

8          So, Mr. Crawford, anything else you think we need to

9     cover?

10         MR. CRAWFORD:  I think there are -- are some issues,

11    Your Honor, regarding the access to discovery.  I don't know if

12    that will dovetail with discussion of standby counsel.

13         THE COURT:  Okay.  I think it will.  So I'm going to

14    give you and Mr. Pope and his standby counsel, once he or she

15    shows up, a chance to take a first crack at dealing with those

16    issues before I intervene.  So I think it will go in that

17    manner.

18         So anything other than that?

19         MR. CRAWFORD:  Nothing from the government,

20    Your Honor.

21         THE COURT:  So, Mr. Pope, I find that you have

22    articulately and unmistakably asserted your Sixth Amendment

23    right to represent yourself.  I find that you have knowingly,

24    intelligently, and voluntarily waived your right to counsel and

25    that you understand the dangers and disadvantages of proceeding

1    on your own and the risk of penalties that you face.  I will,

2    therefore, permit you to represent yourself.

3          As I indicated, I will appoint standby counsel for you

4    during the trial and leading up to the trial.  The federal

5    public defender service has just not identified a person that

6    fits the bill for that.  As I indicated, resources are very

7    tight these days because of all the January 6th cases, and we

8    need someone that can fulfill the special skills that I think

9    would be most helpful to you, and that's not -- that doesn't

10   include everyone that's on the wheel.

11         You will be able to control the organization and content

12   of your defense, to make motions, to argue points of law, to

13   participate in jury selection, to question witnesses, and to

14   address the Court and jury when appropriate; and that standby

15   counsel will simply be available to assist you with basic

16   courtroom mechanics and with routine clerical or procedural

17   matters so that I need not explain basic rules of courtroom

18   protocol throughout the trial.

19         You do not have a right to a, sort of -- as I indicated

20   earlier, a hybrid representation by which you represent

21   yourself and the standby counsel also represents you.  The

22   appointment of standby counsel is simply designed to keep the

23   case and the trial moving smoothly and then, as I indicated the

24   last time we were together, to potentially take over the

25   defense if you change your mind at the last minute and decide

1    that you're better -- that the equities are such that you think

2    you're better off being represented at trial by an attorney,

3    so.

4         And as I indicated, you know, the first order of

5    business will be addressing the issues of the protective order

6    once that standby counsel shows up.  So did the parties -- you

7    know, there was that confusion about whether the defendant had

8    signed the protective order.  Did the parties resolve that

9    issue?

10        DEFENDANT WILLIAM POPE:  Your Honor, I just got

11   an email from Mr. English yesterday.  He forwarded an email

12   from Mr. Crawford that was sent on Friday, and he was

13   asking whether Mr. -- my previous attorney, Mr. Eaton, had a

14   copy of that in his case files that he gave to Mr. English.

15   And so I just got an email back a little bit ago.  We'll

16   resolve it.  If not, I have a copy that I sent to Mr. Eaton

17   last year.

18        But I did want to clarify, if I will be representing

19   myself, will it be the same -- the same protective order that I

20   need to sign or is there a different one?

21        THE COURT:  I will let the parties hash that out,

22   and to the extent that you don't think you should be covered by

23   the protective order, you'll be able to make any arguments to

24   the Court you think are necessary.  And, in the end, I'll help

25   the parties hash those issues out, if necessary.  But I think

1    if the parties work together, they can probably resolve those

2    issues without involving me.

3              DEFENDANT WILLIAM POPE:  Okay.

4              THE COURT:  Mr. Crawford, have you received that

5    signed copy from Mr. Pope?

6              MR. CRAWFORD:  I have not, Your Honor.  In fact,

7    it's -- it's come to light that we need the signed copy

8    of Attachment A for both defendants in this case.  It

9    doesn't appear that the Court has signed Attachment A for

10   William Pope or his brother, Michael.  So that will have to be

11   addressed.

12             THE COURT:  Okay.  Mr. English, can you make -- have

13   you forwarded a copy of that to Mr. Crawford?

14             MR. ENGLISH:  No, Your Honor.  I never received a

15   signed copy from the prior attorney.  When Mr. Crawford

16   forwarded an email to me with the attachment, I forwarded it

17   to Mr. Pope.  And I assume what Mr. Pope will do with his

18   standby counsel is determine what protective order will be

19   appropriate in light of his change of status in representing

20   himself now.

21             THE COURT:  All right.

22             MR. ENGLISH:  So I think that's -- that's something

23   to be resolved.

24             THE COURT:  All right.  Mr. Pope, so you have a

25   copy -- a signed copy of what you signed and sent.  Can you

1    send that to Mr. Crawford today and -- so that we have that on

2    record for you and then -- until the new counsel shows up,

3    you'll have the rights to get in the interim whatever you can

4    under that protective order.  So we --

5         DEFENDANT WILLIAM POPE:  Yes, Your Honor.  So just to

6    clarify, though, since I will be representing myself in

7    the future and if there is a -- needed to be a different

8    protective order, that won't bind me to the previous one;

9    correct?

10        THE COURT:  Correct.  But if -- we just need that

11   original one to be in place so that discovery can keep flowing

12   until we hash out those other issues, to the extent you make

13   that argument.

14        DEFENDANT WILLIAM POPE:  Sure.  I'll send him a copy

15   of the one that I sent in in June of last year.

16        THE COURT:  Perfect.  And, obviously, if you made any

17   privileged communications with your counsel in that

18   communication, don't send that to Mr. Crawford.  Just the

19   signed attachment.

20        DEFENDANT WILLIAM POPE:  Understood.

21        THE COURT:  All right.  Okay.  So let's -- given

22   the -- kind of the ambiguity of the situation before standby

23   counsel shows up and to give the parties a chance to address

24   this protective order issue, I'd rather come back sooner rather

25   than later.

1    So what do the parties' schedules look like in 30 days?

2    DEFENDANT WILLIAM POPE:  I'm flexible, Your Honor.  I

3    do know that my brother had a status hearing that would be

4    coming up in about 30 days.  So if you wanted to do it at that

5    time, we could, but.

6    THE COURT:  I think at this point it probably makes

7    sense to just separate the two of your cases, since they seem

8    to be going in very different directions.  And I don't -- I

9    don't think we need to coordinate that, unless there's some

10   other reason that's not obvious to me to do that.

11   What's 30 days, Tanya?

12   THE COURTROOM DEPUTY:  I'm looking at September 1st

13   at 11:30 a.m.  Is everyone available?

14   MR. ENGLISH:  Your Honor, I'm available then, but I

15   assume by then you'll have new counsel.

16   THE COURT:  I hope so.  And once that person shows

17   up, I will release you, Mr. English.

18   MR. ENGLISH:  Thank you, Your Honor.

19   And, Your Honor, if the new person will contact me, I

20   will brief them on what's happened so far and do everything I

21   can to make for an orderly transition.

22   THE COURT:  All right.  So, Tanya, you said what?

23   September 1st?

24   THE COURTROOM DEPUTY:  11:30 a.m.

25   THE COURT:  Does that work for you, Mr. Pope?

1        DEFENDANT WILLIAM POPE:  It does, Your Honor.

2        THE COURT:  Mr. Crawford?

3        MR. CRAWFORD:  It does.  Thank you.

4        MR. ENGLISH:  Would that be Zoom by again,

5   Your Honor?

6        THE COURT:  It will be by Zoom again, yeah.

7        MR. ENGLISH:  Thank you, sir.

8        THE COURT:  I assume that that's your preference,

9   Mr. Pope?

10       DEFENDANT WILLIAM POPE:  Yes, Your Honor.  I have no

11  desire to go to Washington right now.

12       THE COURT:  It's very hot here.

13       All right.  So do you have a position on tolling the

14  Speedy Trial Act between now and then, Mr. Pope?

15       DEFENDANT WILLIAM POPE:  Yeah, we can toll the speedy

16  trial for now.

17       THE COURT:  Okay.  Yeah.  And so I find that it's in

18  the interests of justice, especially given the ambiguity of not

19  having standby counsel ready yet and the issues that need to be

20  worked out, potentially, on the protective order.  So the time

21  between now and that next status hearing that's set for

22  September 1st at 11:30 a.m. are tolled in the interests of

23  justice.

24       Anything else we need to resolve this morning?

25       MR. CRAWFORD:  Just one -- one thing, Your Honor.

1    And I know the Court would prefer not to get involved with

2    discovery issues.  But just to make sure that things are clear,

3    if we have the executed Attachment A for the protective order,

4    you know, that would mean that everything that has been

5    produced in his case to date, Mr. Pope should have access to

6    pursuant to the terms of the order.

7         As part of Mr. English's transition, will the previously

8    produced discovery be going to -- to Mr. Pope or will that need

9    to be reproduced?  I know that Mr. Pope has expressed concern

10   that he hasn't received discovery, but a fair amount has gone

11   out to both his current and -- and previous attorneys.  And I

12   want to make sure he gets that.

13        THE COURT:  Mr. English, is that discovery that's

14   already been produced available for Mr. Pope?

15        MR. ENGLISH:  Your Honor, I need to be certified to

16   access things, of which I've been put on hold since I filed the

17   motion for a new attorney.  So I would ask to take the class to

18   do that, which seems like a waste of the Court's money.  I'm --

19   I'm reluctant to try to send him anything until I've completed

20   the training for that, less I inadvertently disclose something

21   that should not be.

22        THE COURT:  Okay.  So what I'll do is I'll light a

23   fire under the federal public defender's office's heinie and

24   see if I can get them to resolve this issue this week.

25        MR. ENGLISH:  Thank you, Your Honor.

1              THE COURT:  Hopefully, that can be done in the period

2       of time that it would take Mr. English to take the class

3       anyway.

4              All right.  If there's nothing else, you're excused.

5       Thank you.

6              (Proceedings were concluded at 10:43 a.m.)

1          <u>CERTIFICATE OF STENOGRAPHIC OFFICIAL COURT REPORTER</u>

2

3          I, Nancy J. Meyer, Registered Diplomate Reporter,

4     Certified Realtime Reporter, do hereby certify that the above

5     and foregoing constitutes a true and accurate transcript of my

6     stenograph notes and is a full, true, and complete transcript

7     of the proceedings to the best of my ability.

8

9                    Dated this 21st day of July, 2023.

10

11                    /s/ Nancy J. Meyer_____
                      Nancy J. Meyer
12                    Official Court Reporter
                      Registered Diplomate Reporter
13                    Certified Realtime Reporter
                      333 Constitution Avenue Northwest
14                    Washington, D.C. 20001

15

16

17

18

19

20

21

22

23

24

25