```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

 United States of America,      ) Criminal Action
                                 ) No. 1:21-cr-00128-RC
                 Plaintiff,     )
                                 )
 vs.                            ) Status Conference (via Zoom)
                                 )
 William Pope and Michael Pope, ) Washington, D.C.
                                 ) May 12, 2023
                 Defendants.    ) Time:  11:00 a.m.
_____

           Transcript of Status Conference (via Zoom)
                          Held Before
          The Honorable Rudolph Contreras (via Zoom)
                   United States District Judge
_____

                       A P P E A R A N C E S
```

For the Government:      **Kelly E. Moran**
(via Zoom)               UNITED STATES ATTORNEY'S OFFICE
                         FOR THE DISTRICT OF COLUMBIA
                         601 D Street, Northwest
                         Washington, D.C. 20579

Defendant:               **William Pope**, pro se
(via Zoom)

For the Defendant as Standby Counsel:
(via Zoom)               **Nicole A. Cubbage**
                         LAW OFFICE OF NICOLE CUBBAGE
                         712 H Street, Northeast, Unit 570
                         Washington, D.C. 20002

For the Defendant Michael Pope:
(via Zoom)               **Bruce H. Searby**
                         SEARBY PLLC
                         2000 P Street, Northwest, Suite 750
                         Washington, D.C. 20036
_____

Stenographic Official Court Reporter:
(via Zoom)               Nancy J. Meyer
                         Registered Diplomate Reporter
                         Certified Realtime Reporter
                         333 Constitution Avenue, Northwest
                         Washington, D.C. 20001

P R O C E E D I N G S

(REPORTER'S NOTE: This hearing was held during the COVID-19 pandemic restrictions and is subject to the limitations of technology associated with the use of technology, including but not limited to telephone and video signal interference, static, signal interruptions, and other restrictions and limitations associated with remote court reporting via telephone, speakerphone, and/or videoconferencing.)

THE COURTROOM DEPUTY: Judge, this is Criminal Action 21-128, United States of America v. William Pope; United States of America v. Michael Pope.

Counsel, please state your appearances for the record.

MR. SEARBY: Good morning, Your Honor. Bruce Searby for Defendant Michael Pope.

DEFENDANT WILLIAM POPE: William Pope appearing for himself.

MS. CUBBAGE: Good morning, Your Honor. Nicole Cubbage, standby counsel for Mr. Pope.

MS. MORAN: Kelly Moran on behalf of the United States. Good morning, Your Honor.

THE COURT: Good morning.

Why doesn't someone fill me in on where things have been in the last 60 days or so and where things are heading.

MR. SEARBY: Your Honor, I'd be happy to speak on behalf of Michael Pope.

Ms. Moran, at the U.S. Attorney's Office here, and I -- I believe we've settled on a week from today, Friday, for an

1    extensive sit-down about resolving this case.  The scheduling
2    has been difficult these past few weeks for one thing or
3    another.  But I think that we're down for next week.  And we
4    ought to come out of that meeting, you know, with a -- with a
5    direction as to where we're going.  It's going to be with
6    Ms. Moran's supervisor, and I think we're going to have a good
7    discussion.
8         So we're -- we're hoping to move the case, with a
9    Speedy Trial Act waiver as usual for another 30 days, and be
10   back in front of Your Honor perhaps with -- perhaps with a deal
11   next month.
12            THE COURT:  Okay.  So, Mr. William Pope, coming back
13   in 30 days and tolling the time between now and then, is
14   that -- are you amenable to that?
15            DEFENDANT WILLIAM POPE:  That would be fine,
16   Your Honor.
17            THE COURT:  Okay.
18        Tanya, what's 30 days?
19            THE COURTROOM DEPUTY:  I'm looking at the
20   calendar now.  And I'm looking at Monday, June 12th.  Is
21   everyone available at -- is everyone available at 1:30 on
22   June 12th?
23            MS. MORAN:  That's fine for the government.
24            MR. SEARBY:  Let me check that time.  So I'm -- did
25   you say 11:30?

```
 1                THE COURTROOM DEPUTY:  1:30.
 2                MR. SEARBY:  Yes, that's perfect.
 3                DEFENDANT WILLIAM POPE:  That will be fine,
 4     Your Honor.
 5                THE COURT:  Okay.  Ms. Cubbage?
 6                MS. CUBBAGE:  It also works for me, Your Honor.
 7                THE COURT:  So the Court finds that the interests of
 8     justice are served by a continuance and they outweigh the best
 9     interests of the public and the defendant in a speedy trial.
10     So we'll toll the time under the act between now and the next
11     status conference in 30 days, which is now set for June 12th at
12     1:30 p.m., so that the parties -- in particular,
13     Mr. Michael Pope -- can have a sit-down with the government and
14     discuss the possibility of resolving the case before trial and
15     Mr. William Pope can deal with the various discovery issues he
16     has raised.
17           All right.  Why doesn't someone fill me in on where
18     things stand with Mr. William Pope and where things are
19     heading.
20                DEFENDANT WILLIAM POPE:  Good morning, Your Honor.
21           As you're probably aware, I did file an appeal to your
22     order.  Nothing against you.  I'm just trying to do everything
23     I can to stay a free man.
24           I also attempted to file two motions last night.  I saw
25     there was a notice that came through the email that they were
```

1  filed incorrectly.  And I just wanted to let the Court know
2  that for me on the back end of PACER, the function that
3  allows -- or is intended to file the motions hasn't been
4  working for me.  And so I've tried to submit those as replies
5  instead.  But I did resubmit those as emails this morning.  But
6  there's some functionality issues on the back end of PACER that
7  I've been having issues with.
8         THE COURT:  All right.  I haven't had a chance to
9  look at those yet, but I will -- I can -- even if they're in
10 error, I can still access them and look at them.
11        DEFENDANT WILLIAM POPE:  Okay.  Perfect.
12        Yeah, basically, the two new motions continue to address
13 discovery.  I do appreciate you giving me the opportunity to
14 travel to D.C. this week and review footage from the
15 congressional access.  And in going through that, I found that
16 there's discrepancies between what the government has provided
17 in discovery and what they have in the congressional system.
18        And so one of my motions is asking for the government --
19 to compel the government to inventory and produce an
20 inventory of all the footage that they possess.  Because
21 in some cases they have cameras in the discovery that
22 Congress doesn't even have, which I don't even know how
23 that happens.  But, apparently, there are cameras that are
24 getting lost in the shuffle.  And, you know, I think this is a
25 major *Brady* issue that needs to be addressed.  So that's one

1     motion.

2          I also was going to ask -- I do have the pending motion

3     about video -- the undercover police provocateurs that show the

4     officers urging protesters to go up the steps, and just kind of

5     wanted to ask about the status of that.  I know, unfortunately,

6     the video got leaked by somebody else.  I don't know who

7     did that.  But my intent was to do it through the right way and

8     for it to come out through the court.  And I wanted to follow

9     up on that.

10              THE COURT:  Sure.  And as you might imagine, given

11    that the videos have already been leaked publicly, it shot that

12    motion over to my back burner; so it's not high on my priority

13    list, given all the other January 6th issues I have to deal

14    with.

15              DEFENDANT WILLIAM POPE:  Yeah.  I imagine you have

16    quite a bit on your plate.

17              MS. MORAN:  Your Honor, if I may.

18         I just wanted to note a few things.  I will respond in

19    writing to Mr. Pope's new motions, you know.  And as Mr. Pope

20    discussed, one of his allegations in his new motion is that the

21    government, in fact, provided more information than was

22    provided.  So I will respond to that in writing.  And I also

23    will likely make an argument that this Court doesn't have

24    jurisdiction over the sensitivity designations, as Mr. Pope has

25    already filed an appeal to your order.

1        Beyond that, the -- we have been working together,
2   myself, Mr. Pope, and Ms. Cubbage, on ensuring that Mr. Pope
3   has access to his case-specific discovery and to sensitive
4   information.  We have encountered some roadblocks, just
5   technologically.  So, on my end, I've been working with our
6   head of the discovery unit to figure out how we can provide
7   Mr. Pope with information that has been designated as sensitive
8   and information that has not been designated.
9        In the past we've never done this because we have
10  provided -- we have provided case-specific discovery and
11  specifically requested sensitive, undesignated information in
12  physical copy.
13       Our concern is that, one, it's millions and millions of
14  documents.  It would be very burdensome on everyone involved
15  to -- to put this into a -- a physical repository.  And it
16  might, ultimately, be unsearchable for Mr. Pope and a useless
17  tool.  So I'm trying to figure out a way to make sure that
18  Mr. Pope does have access to the information he needs.
19       I'm going to focus, first, on getting case-specific
20  discovery and items that Mr. Pope can articulate to me
21  specifically he wants in hard copy.  And I think, you know, in
22  the interest of time and getting this information to him as
23  quickly as possible, we can also reengage getting a Relativity
24  token for standby counsel -- not Ms. Cubbage, but standby
25  counsel in Topeka.

1   So that is something that Geoffrey Barrow, who is in
2   charge of our discovery practice, is open to coming to our next
3   appearance and giving more information to the Court, should the
4   Court have any questions that I'm not able to answer with my
5   understanding of the discovery issues.
6       But beyond that, we can -- I will continue to
7   communicate with Ms. Cubbage and Mr. Pope, and we can file a
8   status update with the Court if we encounter any more
9   roadblocks.
10          THE COURT: Okay. I don't have any doubt that the
11  government is making good faith efforts in that respect. But
12  it, you know, took a long time to work out the original
13  arrangement because of the volume of things. So coming up with
14  an alternative arrangement for this individual is going to be
15  difficult and time consuming, I suspect.
16          MS. MORAN: Understood, Your Honor. And I do believe
17  that we could very quickly get the ball rolling with a standby
18  counsel in Topeka, if the -- Mr. Pope has expressed to me that
19  he's not sure how he wants to proceed. I know that your order
20  suggested that that might be a good course of action.
21      I will make sure that a Relativity token is created
22  expeditiously for that person. It is -- provided millions of
23  copies of documents, and sifting through them that -- I -- I am
24  concerned will take a long time despite my best efforts. And I
25  want to make sure that that is not what is holding this up

1  because, ultimately, Your Honor, I think we should maybe at the
2  next date discuss setting a trial date for this case.
3          THE COURT:  Sure.
4          MS. CUBBAGE:  Your Honor, may I be heard momentarily?
5          THE COURT:  Sure.
6          MS. CUBBAGE:  So I'm no technological genius, but I
7  did work for a group that did e-discovery platform for legal
8  clients.  And it's my understanding with the Relativity
9  platform, there may be a way to turn off permissions so that
10 the Relativity platform could be -- all this highly sensitive
11 materials could be segmented from the nondesignated and
12 sensitive materials with kind of, like, a permission access
13 switch, almost like, in -- in the program so that Relativity
14 could be accessed by Mr. Pope, but only to the things that he
15 can see permissibly under the protective order.
16     So I don't know, Kelly, if you've looked into that.  But
17 maybe working with the platform provider and seeing if there's
18 a way to adjust the permissions might be a solution for
19 Mr. Pope.  And then we would have to ask the Court to order
20 that he receive a token that allows him access to the
21 permissible Relativity database that only contains the
22 things he would otherwise be able to see under the protective
23 order.
24          THE COURT:  All right.  I don't think I have to
25 be part of this discussion.  So why don't you guys talk

1    off-line on those very technical details that might resolve the
2    issues.
3            MS. MORAN:  Understood, Your Honor.
4            THE COURT:  So, Mr. William Pope, I know that you
5    want to view a lot of video.  But when are you thinking about
6    trial dates?
7            DEFENDANT WILLIAM POPE:  I haven't really thought of
8    it because I haven't had an opportunity to go through the
9    discovery yet.
10           And, quite frankly, you know, I shot an email out to the
11   government back in February about potentially resolving
12   pretrial, and I know the government kind of stated their
13   position -- I don't know -- a couple hearings ago.  But if
14   they're willing to have a conversation, you know, I think that
15   would be worth having prior to then.
16           THE COURT:  Well, we'll see how the conversation with
17   Mr. Michael Pope goes, and, maybe, perhaps the government and
18   you will have a chance to look at things in a different light
19   one way or the other.
20           All right.  Anything else we need to resolve today?
21           MS. MORAN:  Nothing from the government, Your Honor.
22           THE COURTROOM DEPUTY:  The next hearing will be held
23   via Zoom; correct?
24           THE COURT:  Correct.  Unless anyone thinks otherwise.
25   I know everyone is scattered around.  So I don't think it makes

1    sense to drag people here for a status conference.
2           MS. MORAN:  I apologize, Your Honor.  I did make a
3    quick note.
4         I just wanted to note that Judge Lamberth has opined on
5    the ESU video issue, and he has come to the conclusion --
6    Judge Lamberth there's no *Brady* issue there.
7         And I apologize for cutting you off, Tanya.
8         I just wanted -- I know that that motion is still in
9    play, and I wanted to make sure that the Court was aware of
10   that decision.
11          THE COURT:  What is the ESU issue?
12          MS. MORAN:  That is the undercover electronic
13   surveillance officers, Your Honor, that Mr. Pope was referring
14   to a few moments ago.  And I can provide the Court with more
15   information about that in a filing.
16          THE COURT:  Sure.
17          DEFENDANT WILLIAM POPE:  Nicole, didn't you have some
18   information on that?
19          MS. CUBBAGE:  And we can file something as well,
20   Your Honor.  But I think that his motion and his ruling was
21   limited to the facts of that case and a lack of relevant tie-in
22   to that particular defendant that doesn't apply to Mr. Pope in
23   this case.
24          THE COURT:  All right.  Well, I'll look forward to
25   reading whatever is put in front of me.

1          All right.  All right.  If there's nothing else to do
2     today, you're excused.  And we'll get together on June 12th.
3          And good luck, Mr. Michael Pope and the government,
4     in -- and, Mr. Searby, on your discussions.
5               MR. SEARBY:  Thank you, Your Honor.
6               THE COURT:  Thank you.  You're excused.  Have a good
7     weekend.
8               (Proceedings were concluded at 11:15 a.m.)
9     Proceedings recorded by mechanical stenography.  Transcript
      produced by computer-aided transcription.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

CERTIFICATE OF STENOGRAPHIC OFFICIAL COURT REPORTER

     I, Nancy J. Meyer, Registered Diplomate Reporter, Certified Realtime Reporter, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenograph notes and is a full, true, and complete transcript of the proceedings to the best of my ability.

     Dated this 21st day of July, 2023.

/s/ Nancy J. Meyer
Nancy J. Meyer
Official Court Reporter
Registered Diplomate Reporter
Certified Realtime Reporter
333 Constitution Avenue Northwest
Washington, D.C. 20001