# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

             v.

WILLIAM ALEXANDER POPE,

             Defendant.

Case No.: 1:21-cr-00128-RC

## OPPOSITION TO THE GOVERNMENT'S EMERGENCY MOTION NO. 140
## &
## CROSS-MOTION TO REMOVE SENSITIVITY DESIGNATIONS
## CROSS-MOTION TO RECOGNIZE SECTION 11(A) MATERIALS
## CROSS-MOTION TO REMOVE GOVERNMENT FILING ECF NO. 90

**Overview: CAPD_009734532 is Not Subject to the Protective Order**

The government filed an emergency motion (ECF No. 140) to remove my motion to compel (ECF No. 139) claiming that I violated Section 4(d) of the protective order (ECF No. 26) by quoting from CAPD_009734532,[1] which the government insists is highly sensitive. However, the only provision in the protective order allowing discovery like CAPD_009734532 to be redacted is Section 8, and such redactions "render the materials no longer subject to this order."

Furthermore, Section 11(a) of the protective order clearly states that materials that will "later become" public are automatically excluded from the protective order. Since I will need to use CAPD_009734532 to examine Tomasula on the witness stand, CAPD_009734532 will become a public record, and thus is automatically excluded from the protective order.

Also, the government frequently quotes sealed materials, so ECF No. 140 is hypocritical.

---

[1] I have instructed my standby counsel to send CAPD_009734532 to the Court as a temporarily sealed Exhibit 1.

**The Government has a Track Record of Disseminating Sealed Materials in Filings**

ECF No. 26 at Section 4(d.), makes clear that "permission from the Court" allows materials to be disclosed in court filings. Since the Court has not objected to the government using screenshots from highly sensitive CCTV video files in government filings, and since the Court has not objected to the government quoting or describing materials subject to the protective order in government filings, a reasonable person like myself would presume there was a general allowance by the court for parties to quote materials in filings for the purpose of illustrating factual or legal points.

The government's dissemination of sealed materials has not just been restricted to initial charging documents. In ECF No. 90 at 2, the government quoted from sensitive materials subject to the protective order, such as MPD-005-000035, filmed by undercover Officer Tomasula.[2] The government's sensitive quotations included "Go! Go! Go!" and "Keep going!" from when Tomasula incited protestors to advance up the steps to the Capitol, as well as "Drain the swamp" and "Whose house? Our house!"

When I quoted from Tomasula's videos in ECF No. 72, the government made no Section 4(d) objection, which reinforced my belief that using quotations was permitted by the Court for making legal and factual points in filings. But in ECF No. 90, the government quoted lines from Tomasula that I did not quote in my filings ("U.S.A.! U.S.A.! U.S.A.!"). Essentially, the government disseminated additional, quoted material from the undercover police.

---

[2] I pointed out in ECF No. 139 at 12, that the government quoted sealed Tomasula materials in their own public filing (ECF No. 90), yet the government hypocritically filed ECF No. 140, complaining about me quoting Tomasula.

These quotations used by the government in ECF No. 90, are also designated by the government as highly sensitive in CAPD_009734532 (the Internal Affairs Investigation of Tomasula),[3] which is the same document the government now complains about me quoting from.

How can I to be penalized for quoting CAPD_009734532 when the government has quoted information contained in this document in their own public filings?

> **I.      An Overview of the Videos the Defendant Seeks to 'Undesignate'**
>
> First, we provide a brief description of the videos below:
>
> The defendant's filings (ECF Nos. 72 and 82), refer to Relativity items MPD-005-000032, -000033, -000034, -000035, -000036, and -000037, disclosed January 14, 2022, as part of Global Production No. 10, related to six files from Metropolitan Police Department's ("MPD's") Electronic Surveillance Unit ("ESU"). The specific footage, GoPro video recorded by an MPD Police Officer who was stationed at the Capitol in an evidence-gathering capacity, captures the officer shouting words to the effect of "Go! Go! Go!" (MPD-005-000035 at time stamp 2:37), "Go! Go! Go!" (MPD-005-000035 at time stamp 7:23), and "Keeping going! Keep going!" (MPD-005-000035 at time stamp 8:16) apparently to the individuals in front of him on the balustrade of the U.S. Capitol's northwest staircase around 2:15 p.m. At other times in these videos, the officer and the two other plain clothes officers with him appear to join the crowd around them in various chants, to include "drain the swamp," "U.S.A.! U.S.A.! U.S.A.!", and "whose house? Our house!"

*Figure 1: The DOJ never objected to Tomasula quotations in ECF No. 72 or 82, and the government quoted from sealed Tomasula videos in ECF No. 90 at 2 (see above), including quotations I never used. The DOJ now designates these quotes highly sensitive.*

The Honorable Judge Contreras previously referenced the government's motion, ECF No 90, in a Court order (ECF No. 103 at 6). Since the Court referred to a government motion containing quotations from Tomasula (which the government now designates as highly sensitive

---

[3] CAPD_009734532 includes an MPD transcription of Tomasula's January 6 video on pages 32 through 40.

in CAPD_009734532), I was naturally led to believe that quoting information contained in CAPD_009734532 was permitted by the Court. If quoting information contained in CAPD_009734532 were objectionable to the Court, I presume Judge Contreras would have removed the government's filing, ECF No. 90, rather than citing it as justification for an order.

**The Government has not Sanctioned Jack Smith, Matthew Graves, and Kelly Moran**

Ironically, the day after the government petitioned this Court to remove ECF No. 139, the government's own Special Counsel, Jack Smith, submitted a public filing in the case of United States v. Donald J. Trump (FLSD, 23-cr-80101-AMC, ECF No. 129) which quotes extensively from Grand Jury materials that were sealed by the D.C. District Court.[4] Why has the Department of Justice not filed an emergency motion to remove Jack Smith's filing in the Trump case? Why has the government not filed an emergency motion to remove ECF No. 90, which was filed by Matthew Graves and Kelly Moran in this case?



*Figure 2: These attorneys quoted Grand Jury materials in the case of U.S. v. Trump that were sealed by the D.C. District Court*

---

[4] The government's public filing in U.S. v. Trump demonstrates that the government is not actually concerned with quoting from sealed materials because they do it all the time in my case and others. Rather, the government is concerned that I am putting on an effective defense and fears that this Court will grant ECF No. 139.

A fair and honest government would remove the plank from their own eye by bringing down the hammer on Jack Smith, David Harbach, Julie Edelstein, Jay Bratt, Michael Thakur, Matthew Graves, and Kelly Moran before they look for specks in the eyes of a Pro Se Defendant. The government's hypocrisy in matters like this results in two standards of justice in America, and declining public trust in government institutions.



*Figure 3: The DOJ should remove the plank from their own eye before looking for specks in mine.*

**The Government Violated Sections 1, 8, and 12 of the Protective Order**

ECF No. 26 at Section 1, says "this Order will not be used to designate materials as Sensitive or Highly Sensitive unless such designation is necessary." In ECF No. 140, the government failed to offer a reason for why the highly sensitive designation is necessary.

Of the Tomasula report's (CAPD_009734532) 242 pages, 96 pages (40% of the report) are fully redacted, and many other pages have significant chunks of information redacted.[5] Another 19 pages of the report are simply yellow cover sheets for the 19 attachments. A public news article by Joe Hanneman of the Epoch Times is Attachment No. 12, which takes up an additional 8 pages.[6] My court filing, ECF No. 72, is Attachment No. 11, and takes up 30 pages. In total, 153 out of 242 pages of CAPD_009734532 (63%) are either entirely redacted, are cover sheets, or are already available on the internet. And the remaining pages redact out information the government considers sensitive.

> Unfortunately for the government, this case is no longer U.S. v. Ham Sandwich, this is now the United States v. William Pope.

*Figure 4: The above snippet from my filing, ECF No. 72 at 3, is now designated highly sensitive information by the government.*

Section 1 of the protective order (ECF No. 26) makes clear there are only two levels of sensitivity governed by the protective order: sensitive and highly sensitive. All other materials have no sensitivity designation and are not subject to the protective order. With the protective order in place, no items produced in discovery should be redacted since the information contained in those materials is discoverable.

---

[5] This total does not include the many additional redactions and missing attachments from the Barcus report.

[6] This 'highly sensitive' news article is available online at: https://www.theepochtimes.com/us/undercover-dc-police-officer-pushed-protesters-toward-capitol-climbed-over-barricade-court-filing-5067663

Section 8 is the only provision in the protective order that allows redactions, but those redactions are to "resolve the basis for which a sensitivity designation is applied." Once redactions are applied, they "render the materials no longer subject to this order."

The protective order does not allow for a sensitivity designation above 'highly sensitive,' so redacted information cannot be more sensitive than unredacted information. There is no splitting of the 'highly sensitive' designation between information the government wants to show and information the government wants to hide! [And that would be a Brady violation]. The only reason highly sensitive discovery can be redacted is to reduce the sensitivity of the unredacted information and "render the materials no longer subject to this order."

> 8. **Disputes.** The parties shall make a good faith effort to resolve any dispute about a sensitivity designation before requesting the Court's intervention. The United States may agree to remove or reduce a sensitivity designation without further order of this Court. Whenever the redaction of specified information will resolve the basis for which a sensitivity designation was applied, the United States will agree to redaction, and such redaction will render the materials no longer subject to this Order. Any agreement to reduce or remove a sensitivity designation or to

*Figure 5: Section 8 of the protective order is the only provision for redacting discovery, and such redactions are used to "render the materials no longer subject to this Order. Therefore, the unredacted portions of CAPD_009734532 cannot be sensitive.*

CAPD_009734532 is not a classified government document, and there are no justifications for redacting the information it contains other than to render the redacted copy non-sensitive. The only copy of the report that could arguably be designated as 'highly sensitive' is the unredacted version. If the government designates redacted, discoverable information as highly sensitive, the government is in violation of the redaction provision in Section 8.

Since Section 8 redactions are to "render the materials no longer subject to the protective order," a sensitivity designation is not necessary for CAPD_009734532. In fact, such a designation circumvents the protective order. By using a sensitivity designation on redacted materials, the government violates Section 1, which explicitly says "this Order will not be used to designate materials as Sensitive or Highly Sensitive unless such designation is necessary."

Furthermore, since the government has not yet provided the unredacted version of CAPD_009734532 in discovery, and since the government has lopped off all the attachments from the redacted Barcus report, the government is also in violation of Section 12 of the protective order, which requires the government to produce all exculpatory information.[7]

The absurdity of designating redacted materials as 'highly sensitive' is easily illustrated.

CAPD_009734532 includes my filing, ECF No. 72, as an attachment, but redacts my name and federal case number in that attachment. Since ECF No. 72, is publicly available on the internet, and since my name and case number are also publicly known, a reasonable person seeing these redactions would conclude that all information in the report that was not redacted must be less sensitive that my redacted name and case number.

The government redactors deemed my name and case number (which is publicly available information), to be the most sensitive information I disseminated in ECF No. 139.[8] If all quotations in ECF No. 139 are less sensitive than publicly available information, then no quotation in ECF No. 139 contains highly sensitive information subject to the protective order.

---

[7] As I pointed out in ECF No. 139 at 9, 13, 14 and 39, MPD Internal Affairs determined Tomasula's text messages were discoverable materials that were favorable to the accused. So, the government redacting Attachment 19, which contains 90 pages of Tomasula's texts with the Proud Boys, violates Section 12 of the protective order.

[8] Since I include my name and case number in all my public court filings (including this one), it was reasonable for me to conclude that quoting non-redacted information from CAPD_009734532 was also acceptable.

> 9.     **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Order nor prevent the defense from contesting a sensitivity designation.  The parties agree that the burden of demonstrating the need for a protective order remains with the government at all times.

*Figure 6: Section 9 of the protective order allows me to contest sensitivity designations. Since the government's 'highly sensitive' designation for CAPD_009734532 violates Sections 1, 8, and 12 of the protective order, I must exercise Section 9!*

Since ECF No. 26 at Section 9, allows the defense to contest a sensitivity designation. I am doing so in this cross-motion. The government has not yet met their burden to demonstrate a need for the highly sensitive designation. In fact, the government's own redactors have admitted that the unredacted portions of the report are less sensitive than my name and case number on public documents. And by redacting CAPD_009734532, the government rendered it non-sensitive according to Section 8. Therefore, I am exercising Section 9 of the protective order, and motioning the Court to make this already redacted report have no sensitivity designations at all.[9]

**Materials that will "Later Become" Public Record are Excluded from the Protective Order**

ECF No. 26 at Section 11(a), notes that materials that will "later become" part of the public record are "automatically excluded from this order." Since I intend to introduce this report as evidence in my trial, it will later become part of the public record, and thus, "this order does not apply." Therefore, since Section 11(a) of the protective order excludes CAPD_009734532, I am allowed to quote the report in court filings to position my defense for trial. Furthermore, attorneys in other January 6 cases have informed me that they intend to publicly use this report in

---

[9] Removing the sensitivity designation will cure the government's violations of Sections 1 and 8 of the protective order, but the government will still be in violation of Section 12 until they produce the unredacted report.

their cases as well. Since this report will be used in many January 6 cases, Section 11(a) of ECF

No. 26 exempts CAPD_009734532 from the protective order.[10]

> 11.    **Automatic Exclusions from this Order.**  This Order does not apply to materials
> that:
>
>> a.  Are, or later become, part of the public court record, including materials that have
>> been received in evidence in this or other public trials or hearings;

*Figure 7: Section 11(a) of the protective order (ECF No. 26) excludes items from the order that will "later become" public record. Since I intend to use CAPD_009734532 in my trial, it will "later become" public record, and is excluded from the protective order.*

Even though CAPD_009734532 is automatically excluded by Section 11(a), and even

though Judge Contreras has not objected to quoting from sealed materials in court filings so far,

I, in a desire to stay well within the lines of the protective order, exercised Section 9 in ECF No.

139 at 40, to change the designation from highly sensitive to sensitive. I did this so the

government would have no doubt that I am permitted to possess these materials. However, since

the government has raised frivolous and hyperbolic objections to my use of CAPD_009734532

which has resulted in my motion, ECF No. 139 temporarily being removed from the docket, I, in

the previous section of this filing, again exercised Section 9, motioning the Court to completely

remove all sensitivity designations from CAPD_009734532.

I also move that the Court explicitly make clear to the government that

CAPD_009734532 is a Section 11(a) material, which is automatically excluded from the

protective order. I already established on March 31, 2023, in ECF No. 95 at 3, that Tomasula is a

material witness in my case, whom I will call to testify. On August 21, 2023, in ECF No. 139 at

8, I reiterated that Tomasula is material to my defense. In examining Tomasula, I will need to

submit an unredacted copy of CAPD_009734532 into evidence. Since doing so will make

---

[10] I presume the government was also relying on Section 11 of the protective order when they quoted from and
disseminated descriptions of sensitive and highly sensitive materials in ECF No. 125.

CAPD_009734532 a public record, CAPD_009734532 is considered a Section 11(a) material that will "later become" public. This automatically excludes CAPD_009734532 from the protective order.

Therefore, I move the Court to clarify for the government that this report, which is already exempted by Section 11(a), is not bound by the protective order, and that quoting from CAPD_009734532 (even the unredacted version[11]) is not in violation of Section 4(d).

**The Government Seeks to Remove ECF No. 139 to Avoid Producing Brady Materials**

As noted in ECF No. 139, the government has failed to produce a number of highly relevant Brady materials in discovery and may be illegally altering evidence to remove facts that are inconvenient to the government. The government's refusal to account for all undercover MPD officers at the Capitol and to produce their recordings and communications is a violation of Section 12 of the protective order (ECF No. 26). The government filed ECF Nos. 140 and 141, because they are mad that I exposed their violations of the protective order. The government seeks to remove my motion, ECF No. 139, to evade their Section 12 obligations. The Court should not allow these illicit tactics and should restore ECF No. 139 to the docket immediately to compel the government to cure their Section 12 violations.

> 12.   **Government's Discovery Obligations.** Nothing in this Order modifies the United States' obligations at any stage of discovery in this case pursuant to Federal Rules of Criminal Procedure 16 and 26.2, Local Criminal Rule 5.1, 18 U.S.C. § 3500 (the Jencks Act), and the government's general obligation to produce exculpatory and impeachment information in

*Figure 8: Section 12 of the protective order makes it clear that the government is still obligated to produce all discoverable and exculpatory materials to the defense. My motion to compel pointed out many such materials the government has withheld, so the government motioned to remove ECF No. 139 because it exposed the government's Section 12 violations.*

---

[11] I presume the government will promptly produce the unredacted version to cure their violation of Section 12.

**Cross-Motion to Remove ECF No. 90**

In ECF No. 140, the government argued that a motion should be removed from this case because they claimed the motion violated Section 4(d) of the protective order (ECF No. 26). Section 4(d) says that "absent prior agreement by the parties or permission from the Court, no party shall disclose materials designated as Sensitive or Highly Sensitive in any public filing with the Court." The government's interpretation of this rule is that even if the original sealed materials are not submitted in a filing, a filing that "contains information that is subject to the protective order" (ECF No. 140) is in violation of Section 4(d) of ECF No. 26. Since the government is a party in this case, the government is also bound by Section 4(d) of the protective order, so by the government's own standards, any government filing that "contains information that is subject to the protective order" (ECF No. 140), should be removed by the Court.

ECF No. 90 in this case was filed by the government, a party in this case, and contains information subject to the protective order. In ECF No. 90 at 2, the government quoted MPD Officer Tomasula. These quotations are information contained in CAPD_009734532, which the government insists is highly sensitive. Furthermore, the government insists that disseminating unredacted information contained in CAPD_009734532 is a violation of the protective order that justifies the Court removing a filing from this case.

Therefore, should the Court adopt the government's strict interpretation of Section 4(d) of the protective order and remove ECF No. 139 (even though I have shown CAPD_009734532 is exempted by Sections 8 and 11(a) of the protective order), I must move the Court to also remove the government's filing, ECF No. 90, because the government has hypocritically violated their own strict interpretation of Section 4(d) of ECF No. 26. Should the Court not adopt the government's strict interpretation of Section4(d), this motion should be considered moot.

**Summary of Objections and Cross-Motions**

- The Government has violated their own strict interpretation of Section 4(d) of the protective order by disseminating information from CAPD_009734532 in their public court filings, yet the government has not motioned to remove their own filings that quote sealed materials.

- Judge Contreras has not objected to the government quoting sealed materials, and Judge Contreras referred to the government's filing, ECF No. 90, in a Court order, so a reasonable person would conclude that parties quoting from sealed materials (as the government has done) has "permission from the Court" as outlined in Section 4(d) of the protective order.

- The government violated Sections 1, 8, and 12 of the protective order.

  - Section 1 establishes only two levels of sensitivity designations: sensitive and highly sensitive. There is no 'super-duper sensitive' designation above highly sensitive that allows the government to redact discoverable information.

  - Section 8 is the only provision in the protective order allowing discovery to be redacted, and Section 8 redactions render materials no longer subject to the order.

  - Once discovery materials have undergone Section 8 redactions rendering the materials no longer subject to the protective order, the government cannot apply sensitivity designations to them. For the government to do so would violate Section 1 of the protective order, which prohibits the order being used "to designate materials as Sensitive or Highly Sensitive unless such designation is necessary.

  - Since the unredacted portions of CAPD_009734532 are discoverable information and are based on the redacted portions of the report, the redacted portions are also discoverable information. MPD even acknowledged in the report that Tomasula's texts with Proud Boys (which were redacted by the government) are discoverable.

- o Section 12 of the protective order requires the government to fulfill their obligation to produce discoverable and exculpatory information. The government violated Section 12 by redacting CAPD_009734532, and not producing the original unredacted copy in discovery. And since there is no 'super-duper sensitive' designation, the government is also violating Sections 1 and 8 of the protective order by redacting the report while also designating the unredacted sections as highly sensitive.

- Since my name and case number are redacted from a publicly available filing (ECF No. 72) attached to CAPD_009734532, no unredacted information in CAPD_009734532 can be designated more sensitive than my name and case number, which is public. Therefore, all unredacted portions of CAPD_009734532 should be considered public information.

- Section 11(a) of the protective order automatically excludes materials that will later become public from the order. Since the unredacted version of CAPD_009734532 will be introduced as a trial exhibit in my case, and since many other defense attorneys have told me they intend to use CAPD_009734532 as well, CAPD_009734532 is automatically excluded from the order as a Section 11(a) material the will "later become" a public record.

- Section 9 of the protective order allows the defense to contest a sensitivity designation. Since Section 8 redactions have rendered CAPD_009734532 no longer subject to the order, and since Section 11(a) automatically excludes CAPD_009734532 from the order, I am contesting the government's designation of CAPD_009734532 as 'highly sensitive.'

- This filing has motioned the court to remove the sensitivity designation from CAPD_009734532, to recognize CAPD_009734532 as a Section 11(a) material, and to remove the government's filing of ECF No. 90.

For the foregoing reasons, the government's emergency motion, ECF No. 140, should be rejected by the Court. My motion to compel, ECF No. 139, should be immediately restored to the docket.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope

Pro Se Officer of the Court

Topeka, Kansas

Certificate of Service

I certify that a copy of this was filed electronically for all parties of record on August 31, 2023. Temporarily Sealed Exhibit 1 has been emailed directly to all parties by my standby counsel.

/s/

William Alexander Pope, Pro Se