UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-128 (RC) |
| : | |
| WILLIAM POPE, and : | |
| MICHAEL POPE, : | |
| : | |
| Defendants. | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT WILLIAM POPE'S MOTION TO COMPEL (ECF NO. 139)**

The Government has provided the defendant with access to all materials to which he is entitled by law. The Government will continue to meet its obligations under Rule 16 and *Brady*. But the defendant is not entitled to the materials whose production he seeks to compel. Nor is he permitted to disregard the protective order in this case because it does not suit him.

The defendant's most recent motion seeks to compel video recordings made by members of the Electronic Surveillance Unit ("ESU") of the Metropolitan Police Department ("MPD"), and materials relating to that unit's operation on January 6, 2021. The Government produced these recordings and reports pertaining to internal investigations conducted by MPD regarding the ESU in Global Discovery on January 14, 2021, April 7, 2023, and August 11, 2023. The defendant devotes a significant portion of his filing to a narration of various MPD officers' locations and actions on that date and a recitation of what he believes are inappropriate redactions and/or

sensitivity designations to those materials.[1] What is lacking, however, is any explanation of how these materials are relevant to the offenses with which *the defendant* is charged.

As set forth in the Statement of Facts (ECF No. 1) and other filings, the defendant entered the restricted area around the Capitol from the West and soon traveled to the East Front of the Capitol building, where he broke through the lines of police officers positioned there and entered the Capitol building through the Senate Carriage Door, located on the East side of the building. In contrast, officers in the ESU were present on the West side of the Capitol. The Government is not aware of any interaction between the defendant and any of these officers and the defendant does not allege that any occurred. Similarly, the defendant offers no reason why communications between law enforcement officers and members of the Proud Boys are relevant to him. Indeed, he professes that he is "not a Proud Boy and [has] consistently discouraged other from joining the group." ECF No. 139 at 5. The defendant offers no explanation why the actions and communications of individuals with whom he did not interact are relevant to his conduct – that is, making plans with his co-defendant to bring weapons and protective gear to Washington, D.C. on January 6; breaching a police line and illegally entering the U.S. Capitol; using a flagpole to prevent law enforcement from securing a door, allowing other rioters to enter the U.S. Capitol building, and requiring officers to physically remove him from the doorway; all with the objective of obstructing the Congressional certification of the electoral college vote.

The Government has produced materials to which the defendant is entitled under the law, and then some. In order to facilitate this extensive access, the Government has applied sensitivity designations to certain materials. The defendant is free, with the assistance of his standby counsel,

---

[1] The defendant has also sought several specific pieces of information. The Government has provided certain of that information to the defendant and standby counsel and will continue to endeavor to provide the remainder.

to use his time to search through discovery to pursue whatever defense he wishes. But the Government is not required to satisfy every curiosity, speculation, or unfounded theory the defendant puts forth or to jeopardize the safety of law enforcement officers and other witnesses or the integrity of this and other January 6 prosecutions. The defendant has proven himself incapable of abiding by the protective order governing discovery in this case and has unilaterally rejected this Court's order that he view highly sensitive materials with local standby counsel. The defendant's recent filings, including his attempt to do an end run around the protective order by proclaiming any material he wishes to disseminate publicly to be future "evidence" at his and other January 6 defendants' trials, ECF No. 143 at 9, only underscores his unwillingness to adhere to the Court's orders.

The Government further renews its request for an in-person hearing to address the defendant's violations of the protective order in ECF No. 139. The Government will be prepared at any such hearing to address any other specific questions the Court may have regarding the defendant's discovery requests.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar No. 481052

By:    */s/ Kelly Elizabeth Moran*
        KELLY ELIZABETH MORAN
        Assistant United States Attorney
        NY Bar No. 5776471
        U.S. Attorney's Office for the District of Columbia
        601 D Street, N.W.
        Washington, D.C. 20530
        202-740-4690
        kelly.moran@usdoj.gov