UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Criminal Action No.:  21-0128 (RC) |
| v.  : | |
| : | Re Document No.:    82, 94, 112 |
| WILLIAM POPE, : | |
| : | |
| Defendant. : | |

**ORDER**

**DENYING DEFENDANT'S MOTION TO REMOVE DESIGNATION OF 'SENSITIVE' FROM UNDERCOVER MPD VIDEOS AND RELEASE THEM TO THE PUBLIC; DENYING DEFENDANT'S MOTION TO CHANGE ALL HIGHLY SENSITIVE DESIGNATIONS FOR DISCOVERY TO SENSITIVE**

The United States has indicted Defendant William Pope on charges arising out of his alleged participation in a riot at the United States Capitol on January 6, 2021.  *See* Superseding Indictment, ECF No. 46.  After reviewing the Government's unopposed motion for a protective order, *see* Unopposed Mot. Protective Order, ECF No. 23, the Court entered a protective order to govern discovery under Fed. R. Crim. P. 16(d)(1), *see* Protective Order, ECF No. 26.  Among other provisions, the Protective Order provides for differential treatment of case-specific and global discovery material bearing different sensitivity designations.  *Id.* at 2–4.  As relevant here, the Court's Protective Order permits Pope to *possess* "Sensitive" materials but restricts Pope to *viewing*—without downloading—"Highly Sensitive" materials.  *See id.*

The Protective Order allows any party to "seek[] modification of this Order [or] contest[] a sensitivity designation."  *Id.* at 5.  Pope moved to modify the Protective Order, seeking to remove the restrictions on U.S. Capitol Police CCTV surveillance footage classified as "Highly Sensitive" materials, *see* Mot. to Compel, ECF No. 67, which the Court denied, Order, ECF No. 103.  In two motions, Pope now contests the sensitivity designation of certain materials,

1

including U.S. Capitol Police CCTV footage.[1]  *See* Def. Mot. to Remove Designation of 'Sensitive' from Undercover MPD Videos and Release Them to the Public, ECF No. 82 ("Mot. to Remove Designation"); Def. Mot. to Change All Highly Sensitive Designations for Discovery to Sensitive, ECF No. 112 ("Mot. to Change Designation").  For the foregoing reasons, the Court denies the Motion to Remove Designation and the Motion to Change Designation.

I

In his Motion to Change Designation, Pope moves for a blanket redesignation of "all files in the Relativity Index that are currently designated as 'highly sensitive' to 'sensitive.'"  Mot. to Change Designation at 1.  Pope, however, fails to identify any materials that he believes have been improperly designated.  Rather, Pope insists that the Government provide "individual justifications for every file for which the government opposes a change of designation from 'highly sensitive' to 'sensitive.'"  *Id.*

Pope seemingly misunderstands the standard for contesting designations under a protective order.  The Government is not required to "demonstrate to the court in the first instance on a document-by-document basis that each item [subject to a protective order] should be protected."  *United States v. Concord Mgmt. & Consulting LLC*, 404 F. Supp. 3d 67, 74 (D.D.C. 2019) (internal quotation marks omitted).  Rather, the Government must make a "threshold showing of good cause to restrict the defense's access to discovery."  *Id.* (internal quotation marks omitted).  "[A]fter delivery of the documents, the [defendant has] the

---

[1] As explained above, the Court has previously held that the Government established good cause for its designation of U.S. Capitol Police CCTV footage as "Highly Sensitive."  *See* Order, ECF No. 103.  Accordingly, Intervenor Press Coalition's Motion to Intervene, ECF No. 94—in which Intervenors moved to challenge the Government's designation of U.S. Capitol Police CCTV footage—will be granted as to leave to intervene, but their requested relief will be denied as moot.

opportunity to indicate precisely which documents [he] believe[s] not to be confidential, and the government must then make a particularized showing as to those documents." *Id.* (internal quotation marks omitted).

Here, the Government has satisfied its threshold showing of good cause to restrict the defense's access to discovery. *See* Protective Order, ECF No. 26. Pope, however, fails to "indicate precisely which documents [he] believe[s] not to be confidential." *Concord Mgmt.*, 404 F. Supp. 3d at 74. Accordingly, the Court denies Pope's Motion to Change Designation.

## II

In his Motion to Remove Designation, Defendant contests the sensitivity designation of seven files. Mot. to Remove Designation at 2. He does not claim that these materials have been improperly designated or that their designation in any way interferes with his ability to prepare a full defense. Instead, he asks this Court to remove the sensitivity designations on these materials so that he can share them with news organizations. *Id.* at 1.

When determining whether to change a file's designation under a protective order, the Court weighs "the defendant's interest in preparing a full defense [against] the government's interests in restricting discovery." *Concord Mgmt.*, 404 F. Supp. 3d at 74. Pope has not asked this Court to change the designations on these materials so that he can "prepar[e] a full defense," *id.*, but rather so that he can provide this material to the public and the media. Seeking documents for dissemination to the media is not a proper purpose for discovery. *Cf., N. Jersey Media Grp. Inc v. United States*, 836 F.3d 421, 430 (3d Cir. 2016) ("With respect to experience, there is no tradition of access to criminal discovery. To the contrary, discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation." (quoting *United States v. Kravetz*, 706 F.3d

47, 54 (1st Cir. 2013))).  As another court in this District has stated, "[t]he Court's priority is to ensure fair criminal trials to the Government, [the defendant], and other defendants related to the January 6 incident, not cater to parties' interests in selective disclosures to the media." *United States v. Cudd*, 534 F. Supp. 3d 48, 56 (D.D.C. 2021).

The Court entered the Protective Order in this case to protect the Government's legitimate interest in restricting access to materials it has deemed sensitive for personal privacy, investigatory, or security reasons.  *See* Protective Order, ECF No. 26; Unopposed Mot. Protective Order, ECF No. 23.  Pope has made no showing that removing the designations from these seven exhibits will aid in his defense.  Accordingly, the Court denies the Motion to Remove Designation.

\* \* \*

For the foregoing reasons, it is hereby **ORDERED** that Pope's Motion to Remove Designation of 'Sensitive' from Undercover MPD Videos and Release Them to the Public (ECF No. 82) is **DENIED**.  It is **FURTHER ORDERED** that Pope's Motion to Change All Highly Sensitive Designations for Discovery to Sensitive (ECF No. 112) is **DENIED**.  Lastly, Press Coalition's Motion to Intervene (ECF No. 94) is **GRANTED** as to leave to intervene, but their requested relief is **DENIED** as moot.

**SO ORDERED**.

Dated: November 29, 2023                                                                RUDOLPH CONTRERAS
                                                                                                                        United States District Judge