UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-128 (RC) |
| | : | |
| WILLIAM POPE, | : | |
| | : | |
| Defendant. | | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT WILLIAM POPE'S SECOND SUPPLEMENTAL MOTION TO COMPEL
(ECF NO. 155)**

The defendant's most recent supplement (ECF 155) to his original motion (ECF 113) again seeks to compel the inventory and production of all United States Capitol Police ("USCP") closed circuit video ("CCV") footage from January 6, 2021. The defendant speculates that there may be exculpatory evidence located in CCV footage that the Government has not produced. Mere conjecture, however, fails to support the requested relief. The Government incorporates by reference here its response to Defendant's initial motion (ECF 116).

Defendant's arguments, which lack legal citation or support, are of no moment. The Government has provided more CCV to defendant than is required under Rule 16 and *Brady*.[1] *See United States v. Nichols*, No. 1:21-CR-00117-RCL, 2023 WL 6809937, at *6-8 (D.D.C. Oct. 16, 2023) (finding no requirement for additional production of CCV footage in a January 6 context under Rule 16 or *Brady*). In addition, the defendant has previously been given the opportunity to comb through footage in order to support his overbroad and unfounded request. May 5, 2023

---

[1] According to the defendant, the CCV footage produced in discovery would take 248 days to watch, if he took no breaks.

Minute Order (permitting Defendant to travel to Washington, D.C. to watch CCV footage).[2] Despite this, the defendant has not been able to articulate a single reason, grounded in law and fact, why the production of all CCV footage is required.

Rather, the defendant continues to speculate that there *may* be some CCV footage that *might* be exculpatory or provide impeachment material. "Bare speculation," however, fails to "suggest the existence of favorable materials." *United States v. Williams-Davis*, 90 F.3d 490, 514 (D.C. Cir. 1996). The alleged need for additional footage, buttressed only by the thin reed of defendant's distant hope that it may prove useful, is also not "material to preparing the defense" under Rule 16. *See United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996) (ruling that the Government must only disclose information pursuant to the Rule 16 materiality standard if it allows the defendant "significantly to alter the quantum of proof in his favor.") (cleaned up).

Lastly, the defendant provides no legal support for his request for an "inventory." The Government refers the Court to its response to the initial motion, ECF 155 at 2, rather than repeat itself on that issue.

For these reasons, the Government respectfully requests that the Court deny the defendant's motion.

> Respectfully submitted,
>
> MATTHEW M. GRAVES
> United States Attorney
> D.C. Bar No. 481052
>
> By:  */s/ Joshua Ontell*
>      Joshua Ontell

---

[2] And he also has the opportunity to do so now. *See* https://www.speaker.gov/speaker-johnson-statement-on-january-6-2021-u-s-capitol-security-tapes/ (last accessed December 11, 2023); *see also* https://cha.house.gov/cha-subcommittee-reading-room-fe781e74-d577-4f64-93cc-fc3a8dd8df18 (website for viewing CCV footage, last accessed December 11, 2023).

VA Bar # 92444
Assistant United States Attorney
601 D Street NW
Washington, DC 20001
joshua.ontell@usdoj.gov
(202) 252-7706

*/s/ Kelly Elizabeth Moran*
KELLY ELIZABETH MORAN
Assistant United States Attorney
NY Bar No. 5776471
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-740-4690
kelly.moran@usdoj.gov