**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIAM ALEXANDER POPE,<br><br>                    Defendant. | Case No.: 1:21-cr-00128-RC |

# MOTION FOR DISCOVERY OR DISMISSAL OF CHARGES DUE TO SELECTIVE PROSECUTION BY THE GOVERNMENT

On February 12, 2021, I was arrested in Topeka, Kansas under allegations related to events at the Capitol on January 6, 2021. On February 17, 2021, the government filed an eight-count indictment (ECF No. 8) alleging that even though I was entirely non-violent, the government erroneously believed that I had violated various federal statutes.

On September 18, 2023, the government filed a one count information against James Ray Epps (23-cr-321-JEB, ECF No. 1), alleging that Epps engaged in disorderly and disruptive conduct in violation of 18 U.S.C. Section 1752(a)(2). Epps was allowed to arrange plea agreements before charges were brought and pled to this single charge, at his initial hearing. In contrast, the government promised to allow me to self-report if charges were brought against me, yet instead, showed up to my house with armed officers to arrest me, and made me spend five days in jail before an initial hearing could take place before a magistrate judge.

My conduct is distinct from Epps in that I did not urge people to go into the Capitol on January 5 and January 6, 2021, I did not leave the President's speech early and was not one of the first to run onto Capitol grounds like Epps was. I also did not push a sign into police officers.

Yet, the government claims in their sentencing memorandum for Epps (23-cr-321-JEB, ECF No. 16 at 3), that "a variety of distinctive and compelling mitigating factors" in Epps case, "led the government to exercise its prosecutorial discretion and offer Epps a pre-indictment misdemeanor plea resolution," even though the government claims that "Epps engaged in felonious conduct."

Among the mitigating factors listed by the government are the Epps turned himself in to the FBI on January 8, 2021, that Epps cooperated with the FBI by participating in interviews, and that Epps attempted to deescalated individuals on January 6. Yet in my case, the government seemingly ignored these same mitigating factors, even though I was not a provocateur like Epps, and did not assault police with a sign, like Epps did.

I reported my presence to the FBI's tip website on January 9, 2021,[1] the first full day I was back home in Kansas, and I participated in an interview with the FBI soon after. In fact, I did this despite not being on the FBI wanted list like Epps was. On January 6, my brother and I also had friendly interactions with Capitol Police, and deescalated an individual who was banging on the marble with one of the stanchions that held velvet ropes. We voluntarily left the building, and my brother fist-bumped an officer right before walking out the Memorial Doors. We also left the Capitol grounds before Ray Epps did. As Jason Crawford, the former prosecutor assigned to this case, correctly noted, I was "entirely peaceful" on January 6.

Yet despite me being entirely peaceful, while Epps was provoking the crowds and assaulting police, and despite the same mitigating factors being present, the government has

---

[1] In ECF No. 1, the DOJ incorrectly alleged that I reported my presence on January 12, 2021, after news reports came out. But as my phone records show, I did not visit the FBI's tip website after January 9, 2021 (the correct date). I also have communication records showing that I told several persons on January 9, 2021, that I had reported. And I have communication records with my brother from January 8, 2021, discussing my intention to report. I only waited until January 9 TO report, because my brother wished to consult an attorney first.

treated me much more severely than Epps. They have brought eight charges against me, rather than one; and rather than offering a single misdemeanor plea, the government tried to force me to plead to Obstruction of an Official Proceeding, a felony with a twenty-year max sentence.

With mitigating factors thus being equal, it seems the government has engaged in discriminatory selective prosecution on the basis of some bias or unjustifiable standard. This unjustified, arbitrary classification may be that I had run for local elected office in Kansas, or that I was enrolled in a Ph.D. program at Kansas State University, or that I had spent more than a year of my life living as the only white man in an all-black town, or that I had led dialogues on racial diversity for the National Park Service, or it could be my religion, or that I was engaged in journalistic activities that the prosecutor resented, or that the government favors persons who provoke crowds to do things that the government prosecutes (like Mr. Epps did) over those who don't, or that the prosecutors resented me being better looking than themselves. Or it could be any other unjustified, arbitrary discrimination which are prohibited by United States v. Armstrong, 517 U.S. 456 (1996). But clearly, Lady Justice has not weighed all things equally; the government has bestowed favor upon Ray Epps that they have not bestowed equally on me.

I therefore move the Court to dismiss all charges in my case with prejudice due to selective prosecution, or in absence of an immediate dismissal, to compel discovery be produced for why Mr. Epps has been given the government's unjustified, arbitrary favor.

                                                                    By: William Pope

                                                                         /s/

                                                                   William Pope

                                                                   Pro Se Officer of the Court

                                                                   Topeka, Kansas

<u>Certificate of Service</u>
I certify that a copy of this was filed electronically for
all parties of record on January 2, 2024.

<u>/s/</u>
William Alexander Pope, Pro Se