# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

## MOTION TO MODIFY THE PROTECTIVE ORDER TO ALLOW THE DEFENDANT DISCOVERY ACCESS NEEDED TO PREPARE FOR TRIAL

In ECF No. 26, the Court enacted a protective order governing discovery. That order permitted the Defendant to use sensitive and highly sensitive materials for defense in this case (Section 1a), but prevented the Defendant from directly possessing materials that the government designated as highly sensitive (Section 6a). However, Section 6c of the protective order grants that restrictions of possession of highly sensitive information "shall not apply to the person to whom the Highly Sensitive information solely and directly pertains." Furthermore, Section 11a of the protective order excludes materials from the order that "Are, or later become, part of the public court record, including materials that have been received in evidence in this or other public trials or hearings." And Section 9 of the order allows the Defendant to seek a modification to the order and establishes that the burden of demonstrating need for a protective order continually remains on the government.

The Court has set a trial date of July 22, 2024, which means I will need to exercise my Sixth Amendment right to confront witnesses. In the months leading up to trial, I will need to possess and organize evidence that will be used to confront witnesses, including some evidence that the government has designated as highly sensitive. Currently the government designates all

CCTV from the interior of the Capitol as highly sensitive, and the government has also brought accusations against me related to the interior of the Capitol, so at the moment, I am prohibited by the protective order from possessing crucial evidence that directly pertains to my case.

Since I am a Pro Se Defendant, I will need to possess all highly sensitive media that directly pertains to me, in order to prepare exhibits for confronting witnesses. For instance, for some incidents, I will need to synchronize CCTV to publicly available video or other CCTV. I will also need to zoom in on or slow the playback speed of some CCTV footage so that key details are easier for the jury to see. Such video exhibits take considerable time to create but are pivotal for delineating the facts of this case. Without these exhibits, I will not be able to adequately cross-examine witnesses, which would deprive me of my Sixth Amendment right to confront accusers.

Additionally, there are some documents and media that have been designated as highly sensitive that I will need to possess in order to confront likely witnesses in this case. I will need to organize these files before the trial and have direct access so that I can create exhibits. Even if some of these files do not directly depict or describe me, they directly pertain to me because they are needed to confront the actions or credibility of those who are making accusations against me.

Representatives from the government have also previously acknowledged to this Court that I will need to directly possess highly sensitive files that directly pertain to me in the months leading up to trial so that I can adequately prepare my defense. I therefore am exercising Section 9 of the protective order and move that this Court either modify the protective order to allow me to possess highly sensitive files that directly pertain to me and witnesses in this case (so that I may organize files and create exhibits needed for trial); or for the Court to recognize that Section

11a of the protective order already allows me to possess these files since they will become public court record during trial.

Furthermore, I request that in the interests of justice this motion be granted at least four months prior to trial to allow me adequate time to organize all files needed for my defense and to prepare trial exhibits that are needed to confront my accusers.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on January 30, 2024.
/s/
William Alexander Pope, Pro Se