UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-128 (RC) |
| : | |
| WILLIAM POPE, : | |
| : | |
| Defendant. : | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS DUE TO SELECTIVE PROSECUTION

On January 2, 2024, William Pope filed a motion requesting dismissal with prejudice of all the charges he faces, or, in the alternative discovery as to "why Mr. Epps has been given the government's unjustified, arbitrary favor." ECF 178 at 3. On January 3, 2024, the Court extended the deadline for the government's response to this motion to February 2, 2024. January 3, 2024 Minute Order. The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Defendant's Motion to Dismiss, ECF 178. Mr. Pope has failed to present any evidence suggesting "that (1) [he] was singled out for prosecution from among others similarly situated and (2) that [his] prosecution was improperly motivated." *Branch Ministries v. Rossotti*, 211 F.3d 137, 144 (D.C. Cir. 2000) (internal quotations omitted). Accordingly, the government respectfully requests that the Court deny Mr. Pope's motion in its entirety.

**I.      ARGUMENT**

This Court is already familiar with the principles underlying defendant's motion. *See United States v. Mack*, 53 F. Supp. 3d 179, 188 (D.D.C. 2014), aff'd, 841 F.3d 514 (D.C. Cir. 2016). A criminal defendant "must prove *both* that he was singled out for prosecution among others similarly situated and that the decision to prosecute was motivated by a discriminatory purpose."

*Id*. (cleaned up) (emphasis added). To demonstrate discriminatory motivation, "a defendant must establish that the selection to prosecute was based on an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* (cleaned up). To show a discriminatory effect, the defendant must make a "credible showing of different treatment of similarly situated persons." *United States v. Armstrong*, 517 U.S. 456, 470 (1996). In considering discriminatory effect, the court must examine several factors, including relative culpability, the strength of the cases, a willingness to cooperate, and the potential impact of a prosecution on related investigations. *See United States v. Bennett*, 2023 WL 6847013, at *2 (D.D.C. Oct. 17, 2023). For discriminatory purpose, however, the defendant must demonstrate that he was prosecuted because of his membership in an "identifiable group." *Id.* at *3.

Judges in this Court have rejected January 6 defendants' claims of selective prosecution, finding that the defendants have not presented the required "clear evidence" of prosecutorial misconduct. *See, e.g.*, *Bennett*, 2023 WL 6847013, at *2 (D.D.C. Oct. 17, 2023) (quoting *Armstrong*, 517 U.S. at 463-64 (governing selective prosecution claims)); *see also United States v. Copeland*, 23-cr-224-DLF, ECF 56 (denying motion for discovery in support of selective prosecution claim where Ray Epps was the comparator). The standard to prove selective prosecution is "demanding" and "a defendant must demonstrate that the government *singled* him out for prosecution based on an impermissible reason such as race, religious or other arbitrary classification, including the exercise of protected statutory and constitutional rights." *Bennett* at *2 (internal citations and punctuation omitted) (emphasis added). To obtain discovery to support a claim on selective prosecution, defendant must meet "a correspondingly rigorous standard." *Armstrong* at 457.

Here, the defendant's claim is meritless. The defendant's sole comparator is Ray Epps,

who *was prosecuted* by the government and resolved his case pretrial and precharging. *See Attorney General of U.S. v. Irish People, Inc.*, 684 F.2d 928, 946 (D.C. Cir. 1982) ("Where defendant cannot show anyone in a similar situation who was *not* prosecuted, it has been held that he has not [met the threshold showing]." (emphasis added)). No "clear" evidence of misconduct has been alleged, and there is no proffer as to a credible showing of distinct treatment in an improper way.

Defendant cannot prove discriminatory effect because his case his case is distinguishable from Mr. Epps' case. *See Copeland*, 23-CR-224 (DLF), ECF No. 56 (denying motion to compel discovery on selective prosecution claim based on the Ray Epps case, concluding that Epps was not similarly situated to the defendant because "Epps was not charged with a felony… Epps engaged in mitigating behavior during the riot … [and] Epps demonstrated a willingness to cooperate with law enforcement after the riot."). The two cases fail to meet the narrow interpretation of "similarly situated" in the D.C. Circuit. *See Bennett* at *2 ("defendants are similarly situated only when their circumstances present no distinguishable legitimate prosecutorial factors that might justify different prosecutorial decisions between them.") (cleaned up). Epps was not charged with a felony and defendant has been charged with two felonies. Epps engaged in multiple extensive debriefs with the FBI. *United States v. Ray Epps*, 23-cr-321-JEB, ECF 16, Gov't. Sentencing Memo, at 2-3. Defendant had one FBI interview during which he downplayed his most egregious conduct. Epps made at least five attempts to deescalate conflicts between other rioters and police officers. *Id.* Defendant jammed a flagpole into a door police were trying to close. Epps expressed remorse for what he did. *Id.* Defendant is unrepentant. Epps never entered the Capitol Building. *Id.* at 13. Defendant entered the building, despite police commands, stayed for 20 minutes, traveled to the entrance of the House Chamber, and tried to enter a door in

the House Speaker's suite of offices. In sum, Mr. Epps' case and Mr. Pope's case are not alike. Indeed, at sentencing, Chief Judge Boasberg appropriately acknowledged that Epps' case was factually unique. *See* https://www.washingtonpost.com/dc-md-va/2024/01/09/ray-epps-sentenced-probation-jan-6/ (Chief Judge Boasberg acknowledging the unusual nature of the case at sentencing.).

Although it has already done so, the government realistically need not address *any* of the factual differences between the defendant's case and Epps' case, because – at its core – the defendant cannot show any discriminatory purpose, a prerequisite to a legal finding of selective prosecution.

He is not a member of a protected class for the narrow purposes of this motion, and he has simply not demonstrated that the government singled him out for prosecution owing to his membership in any identifiable group. He only speculates that he has been selected for prosecution due to his run for elected office, his enrollment in a Ph.D. program, etc.[1] ECF 178 at 3. On this prong alone, his motion fails.

For all the above reasons, the Court should deny defendant's motion.

Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar Number 481052

        By:   /s/ Joshua Ontell
        JOSHUA ONTELL
        VA Bar No. 92444
        Assistant United States Attorney

---

[1] Regardless of Mr. Pope's speculation, the government has charged rioters who ran for elected office and those with advanced degrees. *See United States v. Derrick Evans*, 21-cr-337-RCL (elected member of the West Virginia House of Delegates charged and convicted); *United States v. Couy Griffin*, 21-cr-92-TNM (elected county commissioner charged and convicted); *United States v. William Calhoun*, 21-cr-116-DLF (attorney charged and convicted).

601 D Street, N.W.
Washington, DC 20530
(202) 252-7706
joshua.ontell@usdoj.gov

*/s/ Kelly Elizabeth Moran*
KELLY ELIZABETH MORAN
Assistant United States Attorney
NY Bar No. 5776471
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-740-4690
kelly.moran@usdoj.gov