UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-cr-128 (RC) |
| | : | |
| **WILLIAM POPE** | : | |
| | : | |
| | : | |
| **Defendants.** | | |

## GOVERNMENT'S RESPONSE TO DEFENDANT WILLIAM POPE'S MOTION FOR MODIFICATION OF PROTECTIVE ORDER

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully responds to defendant William Pope's motion (ECF No. 206) to modify the terms of the protective order governing discovery in this case. The defendant requests that:

> "Pending before this Court is the defendant's motion to modify the Court's protective order so that the defendant may possess all highly sensitive discovery files that directly pertain to his defense. The Protective Order (ECF No. 26) shall be modified to allow the defendant to possess all highly sensitive media in discovery that portray the defendant, all highly sensitive files that describe the defendant, and all highly sensitive media and files which are needed to confront the credibility and actions of witnesses that directly pertain to his case."

In making his request for additional access, the defendant relies upon the terms of the standard protective order (ECF No. 26), which generally authorizes him to possess highly sensitive discovery materials that "solely and directly pertain" to the defendant (*id.* at ¶ 6(c)). The defendant's motion for access to "all highly sensitive media and files which are needed to confront the credibility and actions of witnesses that directly pertain to his case" is overbroad and should be denied as such. However, here, the defendant's former co-defendant has already proceeded to trial; because the evidence the government intends to use at trial against William Pope overlaps significantly with the evidence that was introduced by the Government in the trial of Michael Pope, most of the highly sensitive evidence that will be introduced at William Pope's

trial is already part of the public record. Accordingly, the government does not object to the defendant possessing said CCTV videos in preparation for his trial, as those videos directly pertain to the defendant's case and are already part of the trial record. To the extent that the defendant wishes to possess additional videos that are not directly related to the defendant's case, the government opposes allowing the defendant to possess said highly sensitive items and would ask that the defendant's access be facilitated by local standby counsel, per this Court's April 26, 2023, Order. (ECF No. 103) ("The Government has established good cause for the requirement that standby counsel mediate Defendant's access to USCP surveillance footage designated Highly Sensitive.")

## ARGUMENT

Defendant William Pope has been charged with various crimes relating to the attack on the U.S. Capitol on January 6, 2021. *See* Indictment (ECF No. 8). On May 5, 2021, this Court entered a protective order governing discovery (ECF No. 26). On June 29, 2022, the defendant's appointed counsel filed a motion to withdraw (ECF No. 57), attaching a letter from the defendant requesting to exercise his constitutional right to represent himself. Among defendant's stated reasons for proceeding pro se was his purported need for greater access to global discovery. In response, the government took no position on defendant's decision to proceed pro se, but made clear that the government would oppose any requests for direct unfettered access to the two discovery platforms—*i.e.*, evidence.com and Relativity ("the FPD Relativity Workspace"). *See* ECF No. 71 at 2. During the *Farretta* colloquy on August 2, 2022, the Court repeated for defendant's benefit the government's position that, under the terms of the existing protective order, defendant would need stand-by counsel to facilitate his access to global discovery. Transcript, August 2, 2022, at

28. With a full understanding of the government's position, defendant decided to proceed pro se, and on August 8, Nicole Cubbage entered an appearance as standby counsel.

The defendant has filed numerous motions challenging the protective order governing discovery and demanding production of highly sensitive materials. (ECF Nos. 67; 72; 78; 81; 85; 95; 112; 118; 119; 120; 127; 139; 147; 155; 178; 206). On April 26, 2023, this Court denied the defendant's request for unfettered access to highly sensitive materials and determined that the appointment of local standby counsel is an appropriate avenue through which the defendant can access highly sensitive materials. (ECF No. 103 at 9) ("Defendant retains access to review Highly Sensitive material, and any inconvenience associated with the requirement for standby counsel to supervise that review merely reflects an appropriate balance, envisioned by the Federal Rules of Criminal Procedure, between Defendant's entitlement to discovery of evidence 'material' to his defense and 'the protection of information vital to the national security.' Fed. R. Crim. P. 16(a)(1)(E); id. Advisory Comm. Notes to 1966 Amendment; cf. United States v. Workman, No. 18-cr-20, 2019 WL 276843, at *2 (W.D. Va. Jan. 22, 2019) ('Although [defendant] argues that the requirement that he meet with his counsel to review the discovery materials is inconvenient and burdensome because he will have to take approximately 50 hours')".

Consistent with our earlier positions, the Government objects to blanket possession of highly sensitive materials by the defendant. The Government does not oppose allowing the defendant to possess highly sensitive items directly relating to his case that are already part of the public record, in preparation for his trial. The Government will provide the defendant with copies of those exhibits that were admitted at his brother, Michael Pope's, trial. The defendant's motion suggests that he will likely seek access to materials not directly related to his case. (ECF No. 206 at 2) ("Even if some of these files do not directly depict or describe me, they directly pertain to

3

me because they are needed to confront the actions or credibility of those who are making accusations against me.") The defendant has made similar requests for direct access to items not directly related to his criminal matter in the past; these arguments were rejected by this Court on November 29, 2023. (ECF No. 154 at 4) ("The Court entered the Protective Order in this case to protect the Government's legitimate interest in restricting access to materials it has deemed sensitive for personal privacy, investigatory, or security reasons. See Protective Order, ECF No. 26; Unopposed Mot. Protective Order, ECF No. 23. Pope has made no showing that removing the designations from these seven exhibits will aid in his defense.") To the extent that the defendant contends that the unspecified "files" noted in his proposed order are relevant to his case, the Government would ask that decisions relating to access to those materials be assessed on a case-by-case basis, or that the defendant's access to those materials be supervised by an officer of the court. This Court has previously agreed that local standby counsel is an appropriate remedy to allow defendant to access Highly Sensitive discovery; the defendant appealed this Court's order, and his appeal was dismissed on July 21, 2023. *Pope*, Case No. 23-3063, Document No. 2008895.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the defendant's motion be denied as overbroad.

Respectfully submitted,

                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY
                D.C. Bar Number 481052

By:   */s/ Kelly Moran*
       KELLY MORAN
       Assistant United States Attorney

NY Bar No. 5776471
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-740-4690
kelly.moran@usdoj.gov

/s/ Joshua Ontell
JOSHUA ONTELL
VA Bar No. 92444
Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20530
(202) 252-7706
joshua.ontell@usdoj.gov