# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

## MOTION TO COMPEL THE GOVERNMENT TO COMPLY WITH THE PROTECTIVE ORDER GOVERNING DISCOVERY

In ECF No. 26, the Court established a protective order governing discovery in this case. This protective order has also been issued in hundreds of other January 6 cases, and all January 6 cases share access to the same global discovery.

However, the government has not complied with Section 11(a) of the Court's order, which excludes items from the order that "are, or later become, part of the public court record, including materials that have been received into evidence in this or other public trials or hearings."

Evidence from the global discovery has been presented in hundreds of January 6 trials and pleadings that should now be public and excluded from the protective order, yet the government has failed to remove the 'sensitive' and 'highly sensitive' designations from these items in the global discovery. The government's failure to comply with the protective order restricts me from possessing discovery that is still labeled 'highly sensitive' when actually these discovery items should no longer have any sensitivity designation. By failing to change these designations, the government hampers my ability to possess discovery for defense preparations.

Furthermore, I have for months been asking the government's attorneys who are assigned to my case how I can access discovery that has been used as court exhibits that should have become public in the various January 6 trials and pleadings. I first asked Ms. Moran this last May. I have followed up with the government many times but have not yet received an answer.



*Figure 1: I first asked the government where I could access the public court exhibits nearly a year ago. Yet despite numerous follow-up emails, the government has failed to provide an answer, further slowing my preparation for trial.*

On December 20, 2023, I asked Mr. Ontell the same question after reading an article describing a DOJ cloud portal where these public exhibits can be accessed. Mr. Ontell has still not responded to that email, adding to the list of many unanswered attempts to confer.

Since the government continues to stonewall me, providing no answers as to where these evidence materials are now available to the public, I must move the Court to compel the government to comply with the protective order and remove the sensitivity designations in the global discovery from all discovery files that have already become public Court exhibits.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansa

Certificate of Service

I certify a copy of this was filed electronically for all parties of record on February 14, 2024.

/s/

William Alexander Pope, Pro Se