# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

### REPLY TO THE GOVERNMENT'S OPPOSITION TO MODIFYING THE PROTECTIVE ORDER SO THAT I CAN CREATE EXHIBITS FOR TRIAL

In ECF No. 206, I moved the Court to modify the protective order (ECF No. 26) to allow me to use files currently designated as 'highly sensitive' for the purpose of making work product and court exhibits in preparation for trial. My motion to modify the protective order seeks to strictly limit that modification to discovery that directly pertain to me (such as CCTV that recorded me) and to any discovery directly pertaining to witnesses I will need to question in trial. My Sixth Amendment right to confront accusers necessitates that I have access to the latter.

However, in ECF No. 213 at 1, the government called my reasonable request "overbroad." The government argued that since my brother has already gone through an abbreviated bench trial, my discovery needs should be no different than his.

While there is some overlap between my brother and I, the defense I intend to conduct will be much different than my brother's, and I will not be stipulating to many of the things my brother did. Because the very nature of our defense differs, the Court can expect there to be more witnesses examined in my trial, and by necessity, more evidence presented. My trial will also

likely take much longer (at least two or three weeks or more), unless the government moves to drop all charges on or before the first day of proceedings.

Since the government will have to prove beyond a reasonable doubt many things that I do not intend to stipulate to, I will need access to relevant evidence needed to cross-examine those witnesses. Much of that evidence may not have a sensitivity designation, and some of it may only be designated 'sensitive' (which I am allowed to possess), but it is likely that some crucial evidence has been designated 'highly sensitive' by the government. By filing ECF No. 206, I am attempting to save the Court a significant amount of time that might be spent haggling over my access to individual files as a need arises. If the Court wishes to micromanage my access to the evidence I will need for cross-examining witnesses, this haggling could involve numerous motions and take several months to sort out, potentially delaying my trial. I believe my motion is the better alternative. ECF No. 206 seeks to grant reasonable access at least four months in advance, while also reasonably limiting such access to files that are directly related to me or directly related to witnesses I need to prepare to examine.

While the government offers to give me access to files that should already be public (ECF No. 213 at 3), they have not provided these files yet. The government has also not yet removed the sensitivity designations from files that have already been used as January 6 trial exhibits. For that reason, I filed ECF No. 214 to compel the government to remove sensitivity designations from all discovery that has already become a public exhibit and is no longer bound by the protective order. Once the government regains compliance with the protective order, it will be easier for me to identify which files are no longer sensitive. But even then, I will most likely still need access to some highly sensitive files for trial preparation.

I would remind the Court that at our December 2, 2022, hearing (Transcript Page 14) the government agreed that I would need access to a universe of highly sensitive video "far out" before trial so that I can create exhibits. The CCTV universe I am seeking access to is strictly limited to video that recorded me or that recorded any witness that I will need to examine.

```
13          As the Court alluded to at one of our earlier hearings,
14     the government agrees that video evidence is important in these
15     cases, and as a pro se defendant, Mr. Pope is certainly
16     entitled to create exhibits, create his own work product.  And
17     in the spirit of trying to come up with, you know, practical
18     solutions, we have suggested that as part of the Court's
19     scheduling order, you know, we could have a date far out for
20     Mr. Pope to identify the universe of highly sensitive video
21     that he wants to use.
```

*Figure 1: At our December 2, 2022, hearing (Transcript Page 14) the government agreed that I would need access to a universe of highly sensitive video "far out" before trial so that I can create exhibits.*

Since almost all of the exterior Capitol CCTV is designated 'sensitive' rather than 'highly sensitive,' my greatest need at this point is to have direct access to the interior CCTV so that I can create exhibits for my defense. Since the government has in other January 6 trials called witnesses (such as Agent David Lazarus[1]) who testified about things they were not present for, I need access to CCTV depicting all witnesses in this case in order to prevent the government from introducing false testimony against me. The Court should also consider that if I am deprived from directly accessing evidence and creating exhibits for cross-examining witnesses, that lack of access could sway the outcome of this case against me. For instance, if the government

---

[1] Agent David Lazarus testified about events in the Small Rotunda, but CCTV shows he was in the tunnels at the time: https://www.msn.com/en-us/news/crime/bombshell-j6-footage-raises-questions-about-pelosi-s-security-guard-allegedly-telling-a-massive-lie/ar-AA1n8hTT

continues to falsely claim that I wedged a flagpole in the door, and I am prevented from creating exhibits that zoom in on specific details and slow down the video play rate, or I am prevented from synchronizing this scene from multiple angles, I will have to repeatedly object during trial:

> *"Objection, your Honor. I would have introduced a specific exhibit that shows these specific facts, but I was prevented from possessing this footage and creating the exhibit that was needed for my defense. Now I am unable to adequately confront this witness due to lack of access, and I have no choice but to move for a mistrial."*

Preventing me from being armed with the facts needed to confront witnesses would deny me due process and ultimately, deny me justice. The Court and government have also previously acknowledged that I will need access to highly sensitive files before trial. I therefore move that my motion (ECF No. 206) be granted in full, so that I can access 'highly sensitive' files directly related to my case at least four months prior to trial.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on February 20, 2024.
/s/
William Alexander Pope, Pro Se