UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-128 (RC) |
| | : | |
| WILLIAM POPE, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO POSSESS
JANUARY 6 DISCOVERY PREVIOUSLY ENTERED INTO EVIDENCE**

On February 14, 2024, William Pope filed a motion regarding access to discovery. ECF 214. Specifically, Mr. Pope demands that this Court allow him "to possess discovery [i.e. all exhibits entered into evidence for all January 6 cases] for defense preparations." [1] *Id*. at 1. Mr. Pope here does not seek to possess a circumscribed number of items that he believes is material to his defense. He instead makes the demand for possession of *all* exhibits even though he admits he has access to them through global discovery. *See* ECF 214 at 1 ("Evidence from the global discovery [to which Mr. Pope has access] has been presented in hundreds of January 6 trials and pleadings that should now be public…"). Since possession of *all* exhibits is not material to Mr. Pope's defense, this Court should deny his motion.

---

[1] Mr. Pope styles his motion as one to compel the government to comply with the protective order. ECF 214. He does this because he wants to possess public exhibits. *See* ECF 214 at 1 "[t]he government's failure to comply with the protective order restricts me from *possessing* discovery [… and] the government hampers my ability to *possess* discovery[…]" (emphasis added). Accordingly, Mr. Pope's motion is about possession of exhibits. The government does not dispute that publicly filed exhibits are automatically excluded from the protective order. ECF 26 at 5.

I. **ARGUMENT**

    a. **Mr. Pope can already view the requested material to prepare his defense.**

As an initial matter, Mr. Pope does not dispute that he has access to the public exhibits, including all exhibits available to the media via a DOJ cloud portal.[2] Rather, he alleges that he must *possess* them to prepare for trial. As this Court knows, the government has provided all January 6th defendants access to global discovery through two databases. The discovery databases include the exhibits contained within the DOJ cloud portal for media and the underlying content used to create trial exhibits. The databases are regularly updated as additional materials, including exhibits, become available. This Court has already ruled that Mr. Pope's access to the defense discovery databases mediated by his standby counsel is proper. *See* ECF 103, Order, at 10 ("standby counsel's narrow role of facilitating access to discovery does not in any way impact [defendant's] ability to present [his] own case in [his] own way") (cleaned up). Mr. Pope is more than able to use the exhibits, along with any other material provided in global discovery, to prepare for his defense by accessing the materials with the help of his standby counsel.

    b. **Mr. Pope has made no showing as to why possessing all January 6 public exhibits is material to his defense.**

This Court need not grant Mr. Pope, who serially abuses his access to discovery by violating the protective order[3], a privilege of possession that is unavailable to any other January 6

---

[2] Standing Order 21-28 governs access to and possession of January 6 video exhibits introduced in hearings or at trial via a digital drop box. It states that members of the media may apply for access to video exhibits. Exhibit 1, Standing Order 21-28, at 5-6. Even after being granted access, the media may not record, copy, download, retransmit, or further broadcast the exhibits "unless such permission is granted by the presiding judge." *Id*. at 6. The press portal is not a discovery platform. It was created to facilitate press access to public exhibits.

[3] His behavior was egregious enough that this Court sternly warned him as follows:
    Mr. William Pope […] a lot of what you argue in your papers [regarding his prior disclosures of sensitive information] is just playing games and semantics. I need you to

2

defendant. *See* Federal Rule of Criminal Procedure 16(d)(1) ("[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief" when regulating discovery). Mr. Pope argues he must have all exhibits without saying why possession, as opposed to the access he already has, of all exhibits is material to preparing the defense. He certainly has not shown or explained why possession of *all* exhibits, as opposed to those that he has identified as bearing a connection to his case, are material to his defense. *See United States v. Marshall*, 132 F.3d 63, 69 (D.C. Cir. 1998) ("To give rise to a disclosure obligation, the evidence's materiality must, of course, be evident to a reasonable prosecutor."); *United States v. Slough*, 22 F. Supp. 3d 1, 5 (D.D.C. 2014) (requested evidence must bear "more than some abstract logistical relationship to the issues in the case") (cleaned up); *United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996) (ruling that the Government must only disclose information pursuant to the Rule 16 materiality standard if it allows the defendant "significantly to alter the quantum of proof in his favor.") (cleaned up); *cf United States v. George,* 786 F. Supp. 11, 15 (D.D.C. 1991) ("At least one of the rationales behind the materiality requirement (and limiting discovery by criminal defendants generally) is to insure that the government not expend excessive time and effort securing documents for the defendant")). Despite Mr. Pope's overbroad demands, Rule 16 "cannot be used to engage in a fishing expedition." *United States v. Williamson*, No. CR 14-151 (RMC), 2014 WL 12695538, at *2 (D.D.C. Oct. 23, 2014) (cleaned up).

For all the above reasons, the Court should deny defendant's motion.

---

not file -- I'm not going to take any action now, but I need you to not file any sensitive information on the public record. […] *And there will be consequences down the road if this continues to happen.*

Exhibit 2 at 10:25-11:13, excerpt of September 15, 2023 Hearing Transcript (emphasis added).

Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar Number 481052

By:    */s/ Joshua Ontell*
JOSHUA ONTELL
VA Bar No. 92444
Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20530
(202) 252-7706
joshua.ontell@usdoj.gov

*/s/ Kelly Elizabeth Moran*
KELLY ELIZABETH MORAN
Assistant United States Attorney
NY Bar No. 5776471
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-740-4690
kelly.moran@usdoj.gov

*/s/ Matthew Beckwith*
Matthew Beckwith
Assistant United States Attorney
New York Bar No. 90014452
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Matthew.Beckwith@usdoj.gov

4