# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

**v.**

**WILLIAM ALEXANDER POPE,**

                   Defendant.

Case No.: 1:21-cr-00128-RC

## MOTION TO CLARIFY IF THE GOVERNMENT'S MOTION TO FILE REDACTED AND SEALED RESPONSES TO ECF NO. 212 HAS BEEN OFFICIALLY DOCKETED BY THE COURT

On Wednesday, March 13, 2024, attorneys for the government emailed me PDFs of a motion to file both a redacted and a sealed version of their response to my motion, ECF No. 212 (See Exhibit 1). The government also sent me a copy of the redacted motion (See Exhibit 2), and sent my standby counsel a copy of the sealed version, which they claim I am not permitted to possess since they have designated this filing as 'highly sensitive.'

However, I have not yet seen these appear on the Court's docket, nor have I seen an order granting the government's motion to file a redacted and sealed version of their opposition to ECF No. 212. In email correspondence with the government yesterday and today, the government says they are unable to tell if these documents have been officially docketed. Therefore, I am asking the Court to clarify whether these documents have been received by the Court, and if so, whether the Court has granted the government's motion to file a sealed copy, and what my deadline to respond will be.

Furthermore, I contend that it is improper for the government to designate the unredacted version of their motion as 'highly sensitive' and insist that it only be possessed by my standby

counsel, since this prevents me from keeping a copy of the proceedings in my own case. Doing so violates section 11(b) of the protective order, which excludes from the protective order all materials that pertain directly to the defendant.

And while Section 4(b) of the protective order does set out a process for filing highly sensitive materials under seal, this same clause allows for the Court to make that information public, which would be appropriate in this instance because the small portions that have been redacted are improperly designated as 'highly sensitive' by the government, since public statements already confirm this information.

As I pointed out in ECF No. 143 at 8, Section 8 of the protective order only allows for redacting discovery materials for the purpose of making them no longer subject to the protective order. There is no other allowance for redaction in the protective order! It is highly improper for the government to almost fully redact the referenced document, leaving only information that is confirmed by public statements, and then still designate the document as highly sensitive. It seems the government made this designation only to find reason to file it under seal.

I therefore request the Court to:

- Clarify whether the government's motion to file redacted and sealed opposition has been officially docketed by the Court.

- Clarify whether the Court is accepting the government's designation of the redacted portions as being 'highly sensitive,' and has granted their motion to file.

- And if so, clarify whether, I, the defendant, may possess a copy of the unredacted opposition response, since it is a court filing pertaining to my own case.

- And clarify what my deadline to respond to the government's opposition will be.

Submitted respectfully to the Court,

By: William Pope

/s/

William Pope

Pro Se Officer of the Court

Topeka, Kansas

Certificate of Service

I certify that a copy of this was filed electronically for all parties of record on the Ides of March, 2024.

/s/
William Alexander Pope, Pro Se