UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-CR-28 (RC) |
| | : | |
| WILLIAM POPE, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL "IDENTIFICATION OF MATERIAL FBI
WITNESSES AND PRODUCTION OF RELATED DISCOVERY" (ECF 212)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia and undersigned counsel, respectfully opposes Defendant William Pope's Motion, ECF No. 212, for disclosure concerning unidentified alleged FBI agents and related discovery. The gravamen of Mr. Pope's argument is that John Guandolo's personal opinions regarding rioters' conduct, police actions, and the restricted area on January 6, which Mr. Pope also ascribes to unidentified people standing near Guandolo, are favorable to his defense.[1] However, Mr, Pope never claims that these individuals saw or interacted with him.[2] A statement of facts outlining Mr. Pope and his brother's actions that day is incorporated herein by reference. ECF 177 at 2-5.

---

[1] Mr. Pope's speculation that Guandolo's alleged colleagues share Mr. Guandolo's beliefs is based on hearsay drawn from Guandolo's public statements. Mr. Pope cites to Mr. Guandolo's statements throughout this motion. *See* ECF 212.

[2] Pope discusses alleged FBI agents that he believes are colleagues of John Guandolo in his motion. He claims their opinions, because of their presence on the East Front, are relevant to this case. However, without providing a basis for doing so, he also asks for "the government to identify all FBI employees who were on Capitol Grounds, as well as all other local law enforcement with whom John Guandolo had contact, and to produce all related discovery." ECF 212 at 20. This demand is overbroad and has no connection or relevance to his case.

Guandolo's views on what happened on January 6 and his knowledge, or lack thereof, of the restricted area have no bearing on Mr. Pope's case. Indeed, while Guandolo and his associates were on the East Front, where Mr. Pope also was, they were hundreds of feet from Mr. Pope. The East Front was a chaotic scene filled with a mob of hundreds of people.

The location where Guandolo allegedly crossed into a restricted area was nowhere near the place or time that Mr. Pope breached the restricted area. The steps, which Guandolo purportedly claims police allowed rioters to climb,[3] were not used by Mr. Pope. Guandolo and his associates could not even see Mr. Pope's illegal breach into the Capitol. Mr. Pope broke in through the Senate Carriage Doors—located hundreds of feet away from the steps the rioters climbed in Guandolo's video and was not visible from Guandolo's vantage point as presented in Mr. Pope's motion. Guandolo and his associates' ostensible support of the rioters climbing steps that Mr. Pope did not climb also has no bearing on Mr. Pope. Because Mr. Pope's allegations, even if true, are not material to his case, this Court should deny his motion.

**RELEVANT BACKGROUND INFORMATION [PARTIALLY FILED UNDER SEAL]**

For the reasons outlined below, the government had no obligation to investigate Mr. Pope's claims. *See Levin v. Katzenbach*, 363 F.2d 287, 291 (D.C. Cir. 1966) ("we do not suggest that the government is required to search for evidence favorable to the accused"). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[3] In his motion, Mr. Pope does not claim to have seen the police allow people onto the steps. As this Court has held in Michael Pope's case, "Defendant is precluded from […] arguing or presenting evidence of alleged inaction by law enforcement unless the defendant specifically observed or was otherwise aware of such conduct at the time he committed the offenses he is charged with." Minute Order January 10, 2024.

Furthermore, despite Mr. Pope's allegations, the officers were overrun by a violent and angry mob. They did not invite rioters up the steps. https://www.youtube.com/watch?v=ZjLvYqJ2-EM from 18:00-19:30 (last accessed March 5, 2024).

███████████████████████████████

████████████████

## ARGUMENT

Mr. Pope argues he is entitled to disclosure of the identities of people whom he believes may be FBI agents. Mr. Pope is wrong, for numerous reasons.

I.  <u>Disclosure is Not Require Under the Rules of Criminal Discovery</u>

Criminal discovery is not a tool to satisfy defendant's curiosity. *See United States v. Marshall*, 132 F.3d 63, 69 (D.C. Cir. 1998) ("To give rise to a disclosure obligation, the evidence's materiality must, of course, be evident to a reasonable prosecutor."); *United States v. Slough*, 22 F. Supp. 3d 1, 5 (D.D.C. 2014) (requested evidence must bear "more than some abstract logistical relationship to the issues in the case"); *see also United States v. Williamson*, No. CR 14-151 (RMC), 2014 WL 12695538, at *2 (D.D.C. Oct. 23, 2014) (Rule 16 cannot be used to engage in a "fishing expedition."); *cf United States v. George,* 786 F. Supp. 11, 15 (D.D.C. 1991) ("At least one of the rationales behind the materiality requirement (and limiting discovery by criminal defendants generally) is to insure that the government not expend excessive time and effort securing documents for the defendant")).  Indeed the Constitution does not require "the prosecutor to share all useful information with the defendant." *United States v. Ruiz*, 536 U.S. 622, 629 (2002). Here, to characterize what Mr. Pope requests as "useful," strains credulity.

Mr. Pope supports and spreads the baseless conspiracy theory that the government was somehow involved in perpetrating January 6. *See* ECF 81 at 14 (discussing "clear evidence of undercover provocateurs"); *see also* ECF 212 at 18 ("As I noted in ECF No. 81 beginning at 10 […]").  While Mr. Pope may think the alleged FBI connections of Guandolo's supposed colleagues would prove that January 6 was an "inside job," that belief does not form the basis for a valid

discovery request. *See United States v. Nichols,* No. 1:21-CR-00117-RCL, 2023 WL 6809937, at *8 (D.D.C. Oct. 16, 2023) (finding defendant failed to meet his burden under Rule 16 and *Brady* where he requested footage in support of a "wild conspiracy theory" that government agents orchestrated the January 6 attack). Since Mr. Guandolo and his purported associates only connection to Mr. Pope is being on the East Front along with hundreds of others, discovery about Mr. Guandolo and his alleged associates is not material to Mr. Pope's case.

In *United States v. Brock*, the court dealt with a similar motion for discovery. 628 F. Supp. 3d 85 (D.D.C. 2022) (Bates, J.) *aff'd in part and vac'd in part on other grounds*, No. 23-3045, 2024 WL 875795 (D.C. Cir. Mar. 1, 2024). Brock demanded that the government identify two unknown individuals in video footage from the January 6th riot. *Id.* at 100. In denying Brock's motion, Judge Bates properly concluded that "there is no outstanding information [the defendant] requests […] that the prosecution has an obligation to provide under *Brady* or Rule 16." *Id.; see also United States v. Kastner* 21cr725 September 12, 2023 Minute Order ("Motion for Release of Brady Materials concerning demonstrator near [defendant] designated as #RedGlassesonRed […] heard and denied."). Judge Bates reasoned that the defendant had "not shown how the exact identity […] is material to [defendant's] guilt or punishment." *Brock*, 628 F. Supp. at 101. Here, Pope has failed to demonstrate the materiality of the identities of the individuals Pope seeks to compel the government to identify.

Judge Bates' decision comports with courts' reluctance to "require[e] the government to, in effect, do defense counsel's work for them and of inserting itself into the fray of micromanaging discovery . . . ." *United States v. Sheppard*, 2022 WL 17978837, 21-cr-203 (JDB), at *14 (D.D.C. Dec. 28, 2022). The law, which reasonably circumscribes discovery to that which is material to a defendant's case, is well settled for good reason. To compel the government to expend time and

Page 4

resources investigating and identifying individuals simply because they were within several hundred feet of a defendant they did not interact with is absurd. It would mean that in every January 6 case defendants could force the government to identify any of the thousands of people present on the Capitol grounds that day based solely on their whims and fancies—without regard as to whether those whims and fancies have any factual foundation or connection to the matter at hand. The law does not allow for that and neither should this Court. *See United States v. Zink* 21cr191 (JEB), ECF 73 at 6 (in a January 6 case, request to compel disclosure of alleged undercover actors "regardless of whether these purported actors could have affected or did affect [defendant's] conduct or state of mind" is "far too broad."); *see also Brock*, 628 F. Supp. at 101 (finding that requested evidence regarding undercover agents and similar persons at the Capitol on January 6 amounted to a "fishing expedition").

II. The Sixth Amendment Creates No Basis For Disclosure

Insofar as Mr. Pope asserts that the Sixth Amendment's Compulsory Process Clause compels pretrial disclosure of an unidentified witness, ECF 212 at 17-18, his argument fails. Mr. Pope cites to *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987), to claim that he has the ability to "bring withheld evidence to the attention of the Court for due process determination, and further production can be compelled." ECF 212 at 17. However, *Ritchie* clearly states that the evidence in question must be "both favorable to the accused and material to guilt or punishment." *Ritchie* at 57. The evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. (cleaned up). The identification of individuals who had no interaction with Mr. Pope is not material or favorable to his case. Furthermore, a plurality of the Supreme Court in *Ritchie* declined to adopt the position that the Compulsory Process Clause "guarantees the right to discover the *identity* of witnesses, or

to require the government to produce exculpatory evidence" (original emphasis). *Id*. at 40; *see also United States v. Spagnuolo*, 549 F.2d 709, 712-13 (9th Cir. 1977) (defense speculation about contents of FBI files did not justify disclosure of their contents based on right to compulsory process and need to identify witnesses; defense assumption that the information sought existed amounted to no more than a fishing expedition of the sort the court condemned).

Mr. Pope offers no authority treating the Compulsory Process Clause as a basis for pretrial discovery, and the United States is aware of none. This Court should reject Mr. Pope's effort to convert the Compulsory Process Clause into a discovery device.

### III. The *Brady* Doctrine Does Not Apply To Pope's Motion

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment. *Id*. at 87. Material evidence favorable to the defendant means evidence creating a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995); *United States v. Williams-Davis*, 90 F.3d 490, 513-14 (D.C. Cir. 1996). There is, however, no general constitutional right to discovery in a criminal case, and *Brady* did not create one. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Tarantino*, 846 F.2d 1384, 1416 (D.C. Cir. 1988).[4]

---

[4] "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978). Accordingly, at least one jurisdiction has treated *Brady* not as a source of any pretrial remedy, but instead as a requirement that only becomes a concern after trial. *See United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975); *United States v. Garrett*, 283 F.3d 293, 302-04 (5th Cir. 2000)(Fish, J., concurring).

Moreover, courts will not infer the existence of *Brady* material based upon speculation alone. *Williams-Davis*, 90 F.3d at 514; *see also United States v. Apodaca*, 287 F.Supp.3d 21, 40 (D.D.C. 2017) (defendant's vague asserted need for potentially exculpatory evidence that might be contained in minimized intercepted conversations did not pass muster). The requirements of *Brady* do not extend to information the government does not possess or is not aware of. *United States v. Flynn*, 411 F.Supp.3d 15, 32 (D.D.C. 2019) (citing *United States v. Pollock*, 534 F.2d 964 (D.C. Cir. 1976) and *United States v. Turner*, 104 F.3d 217, 220 (8th Cir. 1997)); *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) (the *Brady* obligation extends only to material evidence that is known to the prosecutor).[5] Nor do its requirements apply to information available to the defendant from other sources. *Flynn*, 411 F.Supp.3d at 28 (quoting *United States v. Pendleton*, 832 F.3d 934, 940 (8th Cir. 2016)).

> A. *Brady* Does Not Mandate Disclosure Of Information The Government Does Not Possess [Partially Filed Under Seal]

Mr. Pope's motion fails because it offers nothing more than unfounded conjecture. He speculates that the government knows the identities of Guandolo's colleagues because Guandolo claims they were agents and claims the FBI interviewed them. ECF 212 at 6.

---

[5] The prosecution is responsible for disclosure of favorable evidence "known to those acting on the government's behalf *in the case,* including the police." *Kyles*, 514 U.S. at 437 (emphasis added). *See also* LcrR 5.1(a) and (e), Local Rules of the United States District Court for the District of Columbia (addressing *Brady* disclosure obligation and for that purpose, requiring disclosure under *Brady* of information "known to the government" and defining "government" as "federal state and local law enforcement officers and other government officials who have participated in the investigation and prosecution of the offense(s) with which the defendant is charged." No authority makes the prosecution responsible for evidence unknown to those acting in the case on the government's behalf.

███████████████████████████████████████

███████████████████

Accordingly, Pope has failed to show that the identification he seeks is in the possession of or known to the government. *Brady* requires no disclosure.

### B. The Defendant's Speculation Fails To Show The Existence Of Exculpatory Or Impeaching Information

More importantly, Pope's speculations also fail to establish that the evidence he seeks is exculpatory or impeaching. As noted above, evidence that is non-exculpatory and non-impeaching, and evidence that is neutral does not fall within the scope of the *Brady* doctrine. *See United States v. Sutton*, No. CR 21-0598 (PLF), 2022 WL 1202741, at *3 (D.D.C. Apr. 22, 2022) ("the discovery Mr. Sutton requests is at best neutral or speculative – not favorable – and Mr. Sutton therefore is not entitled to it under *Brady*"); *Flynn*, 411 F.Supp.3d at 28; *United States v. Polowichak*, 783 F.2d 410, 414 (4th Cir. 1986) (district court's refusal to compel disclosure of identity of key coconspirator still at large did not deprive the defense of exculpatory evidence in violation of *Brady*; remote possibility that identity would have helped the defense did not require disclosure, defense merely speculated coconspirator's testimony would prove exculpatory, and it was unlikely that coconspirator would testify for defendants); *United States v. Dillman*, 15 F.3d 384, 390 (5th Cir. 1994) ("Although exculpatory and impeachment evidence fall within the purview of *Brady,* neutral evidence does not") (witness' statement that she could not remember a meeting was neutral, not exculpatory or impeaching).

The identities of Guandolo's colleagues is not exculpatory. It does not make Pope more or less guilty of any offense, it impeaches no one, and it provides no support for leniency at sentencing. Additionally, Pope fails to show these individuals have exculpatory testimony to provide. He does not assert that they saw or interacted with him. He only claims, in ECF 212 at

17, that according to a video, these individuals clapped as rioters ran up the steps. This is not exculpatory. All assumptions about what these individuals *might* say on the stand are based on John Guandolo's hearsay drawn from his public statements. "Bare speculation," however, fails to "suggest the existence of favorable materials." *United States v. Williams-Davis*, 90 F.3d 490, 514 (D.C. Cir. 1996).

Mr. Pope is free to attempt to contact Mr. Guandolo and investigate what he may know about these individuals, though it is unclear how doing so would yield evidence material to his case. The government is under no obligation to investigate on his behalf. *See Levin v. Katzenbach*, 363 F.2d 287, 291 (D.C. Cir. 1966) ("we do not suggest that the government is required to search for evidence favorable to the accused"); *United States v. Campagnuolo*, 592 F.2d 852, 861 (5th Cir. 1979) ("the government is no obliged under *Brady* to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself.").

## C. The Information Pope Demands Is Not Material

Pope also fails to meet *Brady*'s materiality requirement.[6] Material evidence favorable to a defendant has been defined to mean that if the evidence had been disclosed to the defense, a reasonable probability exists that the result of the proceeding would have been different. *Kyles*, 514 U.S. at 433-34; *Williams-Davis*, 90 F.3d at 514. Pope offers much speculation about what these alleged FBI agents testimony would be. But as stated above, they were not in a position to

---

[6] Mr. Pope does not discuss Rule 16 in his motion. ECF 212. His request, however, is also not "material to preparing the defense" under Rule 16. *See United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996) (ruling that the Government must only disclose information pursuant to the Rule 16 materiality standard if it allows the defendant "significantly to alter the quantum of proof in his favor.") (cleaned up).

witness Mr. Pope or his actions, and they did not interact with him. Their mere presence on the East Front does not tend to prove or disprove Mr. Pope's guilt. [7]

If this Court were to grant Mr. Pope's motion, it would set a burdensome and unfair precedent. It would mean that any time a January 6 defendant wished to identify any individual among thousands, based solely on the defendant's speculation that the identification *may* lead to some material evidence, the government would have to expend time and resources to do so. This Court should foreclose on that scenario now.

## CONCLUSION

The defendant's motion engages in speculation that does not support relief. The motion fails to show that the disclosure demanded involves information known to the government or in its possession. The defendant has failed to provide any reason to conclude that the identification he demands, even if known, is exculpatory, impeaching, or material. For all of these reasons, this Court should deny the motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

---

[7] Mr. Pope already has access to Mr. Guandolo's video, which shows what Guandolo saw. ECF 212, Def. Ex. 2 at 3:09-3:30 (https://rumble.com/v4cwg1b-exhibit-john-guandolos-j6-video-montage.html) (last accessed March 5, 2024). Contrary to Mr. Pope's and Guandolo's assertions otherwise, Guandolo's video does not portray police officers letting rioters up the Senate stairs. *Id*. Instead, it depicts rioters storming those stairs in spite of the police's best efforts to contain them. *Id*; *see also* https://www.youtube.com/watch?v=ZjLvYqJ2-EM from 18:00-19:30 (rioter shouting "lean on 'em!" as the mob pushes against and eventually overwhelms the police line). Mr. Pope has failed to show how the information he seeks would yield anything beyond what the video shows. *See Brock*, 628 F. Supp. at 101 (finding that even if the testimony of an unidentified individual would have a reasonable probability of affecting the outcome of the case, it would be cumulative of the footage).

By: */s/ Joshua Ontell*
JOSHUA ONTELL
VA Bar No. 92444
Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20530
(202) 252-7706
joshua.ontell@usdoj.gov

*/s/ Kelly Elizabeth Moran*
KELLY ELIZABETH MORAN
Assistant United States Attorney
NY Bar No. 5776471
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-740-4690
kelly.moran@usdoj.gov

*/s/ Matthew Beckwith*
Matthew Beckwith
Assistant United States Attorney
New York Bar No. 90014452
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Matthew.Beckwith@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-cr-128 (RC) |
| | : | |
| **WILLIAM POPE,** | : | |
| | : | |
| **Defendant.** | : | |

**[PROPOSED] ORDER**

UPON CONSIDERATION of William Pope's Motion to Compel (ECF 212), and for good cause shown and the entire record herein, it is hereby

ORDERED that William Pope's motion is DENIED.

SO ORDERED:

_____           _____
Dated                                                                          RUDOLPH CONTRERAS
                                                                                       United States District Judge