# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**WILLIAM ALEXANDER POPE,**<br>　　　　　　　　　　Defendant. | Case No.: 1:21-cr-00128-RC |

## MOTION FOF A BILL OF PARTICULARS AND FOR COURT PERMISSION TO TRAVEL TO WASHINGTON D.C. BEFORE MY TRIAL TO OBSERVE VOIR DIRE AND COURT PROCEDURES IN OTHER JANUARY 6 TRIALS

　　　　As a Pro Se defendant, I am admittedly not an attorney. While I am doing my best to study the complex facts of this case, I am still learning Court procedures and legal nuance as I go. Since I lack a background in conducting trials, I am moving the Court to grant me permission to visit Washington D.C. at some point before my own trial for the purpose of observing the conduct of another trial or trials. I do not have a date in mind for this. Ideally, I would be presented with several options for cases to observe that include charges similar to those that I face, and I would then visit well in advance of my own trial so that I have time to factor my observations into my own preparations for conducting my defense.

　　　　If possible, I would also like to visit on a week in which I could observe both a jury trial (including voir dire) and a bench trial in order for me to better educate myself on the advantages and disadvantages of these two processes, so that I can settle of which I wish to pursue. I also believe a visit would serve the interests of justice by helping my own trial flow more smoothly.[1]

---

[1] Granted, I do not expect to be an expert on in-Court procedure after one visit.

Such visits have been granted in other January 6 cases, such as *U.S. v. Garcia*, 21-cr-00129-ABJ, where the defendant motioned to travel to observe trial (See ECF No. 70) and the government did not oppose (See ECF No. 74). In Garcia's case, the defendant filed a notice to the Court prior to travel (See ECF No 77). Furthermore, I moved the Court in ECF No. 105 to modify my release conditions to allow me to travel to Washington for the purpose of viewing the Congressional CCTV terminals, and the Court graciously allowed travel, and there were no issues whatsoever during my brief stay in the District of Columbia.

In addition to observing Court proceedings in other cases, I am moving the Court pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure to compel the government to provide a bill of particulars regarding what specific actions relate to each charge. Since many of the charges I face lack specific detail, and since I am admittedly not an attorney, I seek clarification as to which specific actions the government is attempting to pin guilt upon. Knowing these particulars will allow me to prepare a more efficient defense, and to be more economical in my examination of witnesses, which could save the Court time.

The government first indicted me in ECF No. 8, and then superseded in ECF No. 46. I am seeking the following particulars to be clarified for each count:

- For Count One it is unclear:
    - Which particular officer the government is accusing me of impeding, obstructing, or interfering with.
    - What action of mine the government alleges impeded, obstructed, or interfered with an officer.
    - What specific duty was impeded, obstructed, or interfered with.
    - When a civil order officially began and ended.

- o What specific action of mine adversely affected interstate commerce or the movement of any article or commodity in commerce AND the conduct of any federally protected function.
- o What constitutes a federally protected function.

- For Count Two it is unclear:
  - o What specific action of mine corruptly obstructed, influenced, and impeded an official proceeding.
  - o What the government considers to be the threshold of "corrupt."
  - o When the government alleges the proceeding to have officially been obstructed.

- For Counts Three, Four, and Five it is unclear:
  - o What specific action of mine the government alleges to be disorderly and disruptive conduct.
  - o How the government specifically alleges I demonstrated intent to impede or disrupt the orderly conduct of government business.
  - o What would typically constitute "lawful authority" to enter and remain.
  - o What the standard is of "orderly conduct" the government alleges was disrupted.
  - o Where it was "posted" on the grounds that the Vice President was present.
  - o Whose ingress or egress was impeded.
  - o What specific action of mine impeded a person's ingress or egress.
  - o How it is unlawful to remain in a building when an officer shuts the doors and tells you to stay in the building.

- For Counts Six, Seven, and Eight it is unclear:
  - o What the threshold of disorderly and disruptive conduct in a Capitol Building is.

- What the standard of orderly conduct is in a Capitol Building.
- What specific action of mine the government alleges to be disorderly and disruptive inside a Capitol Building.
- What the government alleges to be my "knowing" of a standard I do not know.
- What qualifies as a "deliberation" of a committee or House of Congress.
- What specific actions or words of mine the government alleges to demonstrate intent to impede, disrupt, and disturb.
- What specific session or committee the government alleges I intended to disturb.
- What passage through the Capitol building or grounds the government alleges I knowingly impeded or obstructed.
- What specific person's passage was obstructed and impeded by my actions, and where the impeded person was coming from and where they were attempting to go.
- What specific action of mine impeded and obstructed a person from going somewhere in the Capitol or on Capitol grounds.
- What specific action of mine the government alleges to be "parading, demonstrating, and picketing" in a Capitol.
- What the threshold for "parading, demonstrating, and picketing" is.

I am trying to defend myself to the best of my ability and to do that I need to understand the precise particulars are to what I must defend against so that I can demonstrate reasonable doubt in my defense. The United States v. Butler, 822 F. 2d 1191 (D.C. Cir. 1987) allows the Court to grant that a bill of particulars be provided by the government so that the defendant might better understand the charges against them so they can prepare their defense and so they can avoid prejudicial surprise at trial.

This motion as a whole is intended to better prepare to conduct my defense, both by better understanding the charges brought against me, and by observing a trial or trials so that I can better understand the nuances of in-court procedure. I therefore move the Court to grant this motion in full.

Submitted respectfully to the Court,

By: William Pope

/s/

William Pope

Pro Se Officer of the Court

Topeka, Kansas

Certificate of Service
I certify that a copy of this was filed electronically for all parties of record on the Ides of March 22, 2024.

/s/
William Alexander Pope, Pro Se