**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-cr-128 (RC)** |
| | : | |
| **WILLIAM POPE,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO WILLIAM POPE'S MOTION FOR A BILL OF**
**PARTICULARS AND PERMISSION TO TRAVEL TO WASHINGTON, D.C.**

On March 22, 2024, William Pope filed a motion requesting a bill of particulars for each of the charges he is facing and requesting permission to travel to Washington, D.C. to observe January 6 trials. ECF No. 227. He has also requested permission to travel to Washington, D.C. to take a tour of the U.S. Capitol Building. ECF No. 231. The government opposes both motions and they should be denied.

Regarding his request for a bill of particulars, William Pope argues that the charges lack specific detail. This is inaccurate and the Court should deny this motion. There has been two years of exhaustive discovery in this case.  In fact, the government has disclosed dozens of videos showing William Pope's conduct at the Capitol building, including video of William Pope's breach of police barricades, entrance into the Capitol building via the Senate Carriage Doors, jamming his flagpole in the Senate Carriage Doors to prevent police from closing them, and his parading throughout the Capitol building. Furthermore, the government has turned over video, recorded by William Pope himself, of William discussing his intent to obstruct the 2020 Presidential Election certification.

Next, the government opposes William Pope's motion to come to Washington, D.C. to observe January 6 trials. The motion lacks specificity. If William Pope would like to request permission to travel to Washington, D.C. on specific days to observe specific trials, he may request

to do so through a motion. But granting him carte blanche to travel to Washington, D.C. would be inappropriate and defeat the purpose of the pre-trial conditions the court placed on him.

The government also opposes William Pope's motion for permission to travel to Washington, D.C. to take the tour of the U.S. Capitol Building that the U.S. Capitol Police has offered to defense counsel and investigators. William Pope has already had his tour of the U.S. Capitol building. Requiring U.S. Capitol Police to provide William Pope a tour would force the victims of his crimes to re-tour the crime scene with him.

Therefore, for the reasons stated below, the Court should deny each of William Pope's motions contained in ECF Nos. 227 and 231.

## PROCEDURAL HISTORY

William Pope was arrested on February 12, 2021 for crimes committed during the Capitol Siege on January 6, 2021. The initial indictment of William Pope occurred on February 17, 2021. ECF No. 8. He was charged with violations of:

- Count One: Civil Disorder, in violation of 18 § 231(a)(3);

- Count Two: Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 § U.S.C. 1512(c)(2), 2;

- Count Three: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1);

- Count Four: Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2);

- Count Five: Impeding Ingress and Egress in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(3);

- Count Six: Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5103(e)(2)(D); and

- Count Seven: Count Seven: Impeding Passage in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(E);

- Count Eight: Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

A First Superseding Indictment was returned against William Pope and Michael Pope on November 11, 2021. ECF No. 46. It contained identical charges. Trial is scheduled to begin on July 22, 2024.

## LEGAL STANDARD

### I.     Bill of Particulars

Whether a bill of particulars is appropriate lies within this Court's "sound discretion." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quotation omitted).  The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges."  *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).  A bill of particulars should thus be granted only when "necessary to prevent unfair surprise at trial."  *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 36-37 (D.D.C. 2000) (internal quotation omitted).  If an indictment "is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required."  *Butler*, 822 F.2d at 1193; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government provided extensive

discovery that "allows Defendants to adequately prepare for trial").

Federal Rule of Criminal Procedure 7(c)(1) requires only that the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and that it "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."  Generally, an indictment is sufficient if it "set[s] forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Id.* (internal quotation marks omitted).

Moreover, a bill of particulars "is not a discovery tool or a device for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004).  Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation and not to provide the defendant with the fruit of the government's investigation."  *Sanford Ltd.*, 841 F. Supp. 2d at 316 (internal quotation marks and citation omitted, emphasis in original).  Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same).

## II.    Request for Permission to Travel

Under the Bail Reform Act, the touchstone of the pretrial detention inquiry is whether a defendant's "release will not reasonably assure the appearance of the person as required or will

endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).  Imposition of a

condition or combination of conditions of release may be necessary to achieve such assurance.  *Id.*

§ 3142(c).  "[I]n determining whether there are conditions of release that will reasonably assure

the appearance of the person as required and the safety of any other person and the community,"

the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged. . .

> (2) the weight of the evidence against the person;

> (3) the history and characteristics of the person, including—

>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

*Id.* § 3142(g).  The defendant should be "subject to the least restrictive . . . condition, or

combination of conditions, that [the Court] determines will reasonably assure the appearance of

the person as required and the safety of any other person and the community."  *Id.* § 3142(c)(1)(B);

*see generally United States v. Viau*, No. CR 19-09 (CKK), 2019 WL 3412920, at *2 (D.D.C. July

29, 2019).  The judicial officer may at any time amend the order to impose additional or different

conditions of release.  18 U.S.C. § 3142(c)(3).

Furthermore, specifically concerning his request for a tour of the Capitol, it is well

established that "there is no general constitutional right to discovery in a criminal case."

*Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). William Pope has not presented any authority

supporting a discovery right to inspect the crime scene—especially at a location as sensitive as the U.S. Capitol. *See United States v. Bullcoming*, 22 F.4th 883, 889 (10th Cir. 2022) ("[Defendant] has pointed us to no support for the proposition that a federal court has authority to order access to the property of a third party for purposes of discovery in a criminal case.").[1]

## ARGUMENT

### I.     The Court Should Deny William Pope's Request for a Bill of Particulars.

William Pope lists 29 questions in his Motion for a Bill of Particulars that he demands the government answer. ECF No. 227 at 2-5. He declares that "many of the charges I face lack specific detail, and … I seek clarification as to which specific actions the government is attempting to pin guilt upon. Knowing these particulars will allow me to prepare a more efficient defense..." *Id* at 2. But a bill of particulars is not a "discovery tool" or a way to "preview the government's theories or evidence." *Ramirez*, 54 F. Supp. 2d at 29; *Brodie*, 326 F. Supp. 2d at 9.  The proper inquiry is whether the Indictment is "a plain, concise, and definite written statement of the essential facts constituting the offense charged," and provides a statutory citation.  Fed. R. Crim. P. 7(c)(1).

Applying this principle, judges of this Court have consistently denied motions for a bill of particulars where, as here, the motion seeks details about the nature of the government's evidence. In *United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017), the Court denied a motion for a bill of particulars requesting information about the basis for fraud and tax charges against the defendant, including the precise representations allegedly made by the defendant and the amount

---

1 Several states have recognized a constitutional right to inspect the crime scene, but those decisions are based on state constitutions and discovery rules that provide broader rights than their federal equivalents. *See, e.g.*, *State v. Tetu*, 386 P.3d 844, 852 (Haw. 2016); *Henshaw v. Commonwealth*, 451 S.E.2d 415, 419 (Va. Ct. App. 1994).

6

of taxes allegedly owed.  The Court explained that the requested information had already been provided to the defendant in discovery and elsewhere, and a "bill of particulars is meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case."  *Id.*

Similarly, in *Brodie*, the Court denied a motion for a bill of particulars requesting "the circumstances surrounding the alleged acts" of fraud committed by the defendants as well as "other evidentiary details."  326 F. Supp. 2d at 92.  The Court reasoned that the charges set forth in the indictment were "detailed and alleged with particularity" and "the discovery provided by the government has been voluminous," and therefore there was "no reason for any further particularization of the overt acts."  *Id.*

Finally, in *Sanford Ltd.*, the Court denied a motion for a bill of particulars regarding the "substance, time, place and date" of allegations regarding falsification of records and other charges against a corporate defendant.  841 F. Supp. 2d at 315.  The Court explained that "the general rule in conspiracy cases is that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars."  *Id.* at 317 (internal quotation marks and citation omitted). Accordingly, the Court denied the defendant's request for information about the identities of its employees alleged to have participated in the conspiracy and other details about the overt acts charged in the indictment. *Id.* at 317-18.

Indeed, where Courts have ordered a bill of particulars in cases arising from the Capitol riot on January 6, 2021, they have ordered a much more limited disclosure than the defendant seeks here.  In *United States v. Mostofsky*, 21-cr-138 (JEB), the Court ordered a disclosure of the "other felony" through which the government would seek an enhanced penalty for a violation of 18 U.S.C.

§ 111(a), the particular act that the government alleged him to have committed for purposes of 18 U.S.C. § 231(a), and the federally protected function he allegedly affected.  21-cr-138 (JEB), ECF No. 37 at 3-5.  In *United States v. Brown*, 2022-cr-170, the Court ordered a disclosure of whether the conduct underlying a violation of 18 U.S.C. § 231(a) was the defendant's "speech, in addition to or in lieu of" the specific physical actions alleged in the indictment.  Finally, in *United States v. Sargent*, 21-cr-258 (ABJ), the Court ordered a similar, limited disclosure.  21-cr-258 (ABJ), Minute Order Dated 02/07/2022.  In these cases, however, the Court denied, or declined to order, a more expansive bill of particulars.[2]  There is no violation of 18 U.S.C. § 231 alleged in this case, and so—unlike in *Mostofsky*, *Brown*, and *Sargent*—there is no need for further clarity about a charge brought under that statute.

The First Superseding Indictment in this case provides the necessary information to inform William Pope of the charges, and to prepare a trial defense. *See Butler*, 822 F.2d at 1193. Each count in the First Superseding Indictment lays out the date and location of the alleged conduct, provides a plain statement about how William Pope violated the specific statute, and is accompanied by a citation to the specific statute violated.  *See* ECF No. 46.  Moreover, William Pope was provided a fulsome statement of facts, ECF No. 1, case-specific discovery, and plea offer (with a statement of offense), which goes far beyond what is required under Rule 7. In truth, William Pope's own videos, make clear exactly what he said and where he said it. And finally,

---

2 The procedural history of *Sargent* is odd because there, the defendant did not seek a bill of particulars.  Instead, he moved to dismiss the entire indictment as deficient, including charges under 18 U.S.C. § 1752 and 40 U.S.C. § 5104.  21-cr-258, ECF No. 37.  He explicitly argued that a bill of particulars could not save the indictment.  *Id.* at 4, 8-9.  In denying that motion and instead ordering a bill of particulars, the Court declined to order any further specificity as to the violations of those statutes.  21-cr-258, Minute Order Dated 2/27/2024 (ordering Bill of Particulars) and ECF No. 50 (denying Motion to Dismiss).

uniquely, William Pope has been able to observe the proceedings and outcome of his brother's case in front of this court. The facts and allegations of that proceeding are nearly identical to his own, as evidenced by the government's original choice to charge the pair together. No further specificity is required.

**II.    The Court Should Deny William Pope's Motions to Travel to Washington, D.C.**

The Court should deny both of William Pope's motions for permission to travel to Washington, D.C.. First, William Pope is subject to the "least restrictive" combination of conditions necessary to ensure the safety of the community. 18 U.S.C. § 3142(c)(1)(B). He is not subject to home detention, a curfew, or GPS monitoring. He is not banned from using the internet or speaking out on social media. Instead, he must submit to supervision by Pretrial Services, cannot possess firearms, must refrain from excessive use of alcohol, and cannot possess controlled substance drugs. The Court has also enacted the specific travel restrictions ordering him not to come into Washington, D.C. unless he is meeting with Pretrial Services, attending his court dates, or meeting with his attorney.

Allowing William Pope to travel to Washington, D.C. would cut against these efforts to limit the potential danger to the community. William Pope was at the forefront of a crowd that breached the police barricades at the Capitol on January 6, 2021. *See* ECF No. 1. William Pope came to the Capitol to disrupt the certification of a presidential election taking place inside the building. He entered the Capitol building and obstructed police officers attempting to close the Senate Carriage Doors by wedging his flagpole into the door jam. He paraded through the Capitol building for more than 20 minutes. His open-ended requests to return to Washington, D.C to

observe trials and to tour the Capitol – his crime scene – are fundamentally at odds with the Court's pretrial orders.

William Pope has not demonstrated that it is necessary or appropriate for him to come to Washington, D.C. Regarding his stated need to observe January 6 trials, there are numerous ways for him to familiarize himself with court procedures. He has access to dozens of January 6 trial transcripts via the internet and the Federal Rules of Criminal Procedure are freely available online. He is free to attend federal trials in the United States District Court of Kansas. And he continues to have standby counsel he can speak to on matters of criminal procedure.

There is also no merit to William Pope claims that he needs to tour the Capitol building in order "to inspect 'buildings or places' related to [his] charges." ECF No. 231 at 1. As stated above, there is no discovery right to tour or inspect a crime scene for discovery purposes. *Bullcoming*, 22 F.4th 883 at 889. Even if such a right existed, the government already provided hours of CCTV surveillance video, body-worn camera footage, and open-source video depicting the crime scene on January 6, 2021. The evidence against William—which includes surveillance footage, and body worn camera footage—is expansive. His entrance into the Capitol Building was captured on CCTV footage, and his disorderly actions were captured on both CCTV footage and open-source video footage. William Pope has presented no evidence that there is something unique about the crime scene that cannot be ascertained from the extensive video evidence in this case. *See United States v. Hawk*, No. 12-cr-50044-JV, 2013 WL 773908, at *3 (D.S.D. Feb. 28, 2013) (denying motion to view the crime scene "when he already has access to photographs and blueprints of the scene"); *see also United States v. Bryant*, No. 08-CR-377, 2009 WL 3229756, at *1-2 (D. Neb. Oct. 5, 2009) (denying the defendant's motion to inspect the premises of a nonparty). William Pope has

made no attempt to show how the inspection of the crime scene more than three years later would uncover evidence that is relevant and material to his defense.

William Pope has had his tour of the Capitol building. It was on January 6, 2021, and there is copious video evidence and written material to remind him of his actions that day. The court should not force and revictimize the U.S. Capitol Police, who fought rioters like William Pope for hours that day, to provide a sightseeing tour to someone who was an active participant in that pandemonium.

## CONCLUSION

Based on the foregoing, the government respectfully requests that the Court deny all motions from William Pope.

Respectfully submitted,
MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: /s/ Matthew Beckwith
MATTHEW BECKWITH
DC Bar No: 90014452
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20004
(202) 252-7109
Matthew.Beckwith@usdoj.gov

JOSHUA ONTELL
VA Bar No. 92444
Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20530
(202) 252-7706
joshua.ontell@usdoj.gov

KELLY ELIZABETH MORAN

Assistant United States Attorney
NY Bar No. 5776471
U.S. Attorney's Office for the District of
Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-740-4690
kelly.moran@usdoj.gov