# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIAM ALEXANDER POPE,<br><br>Defendant. | **Case No.: 1:21-cr-00128-RC** |

## MOTION TO CONTINUE TRIAL DATE

During our last status conference on September 15, 2023, the Court set July 22, 2024, as the date for my trial to begin. However, at that time there were numerous issues that needed resolved, including those outlined in outstanding motions, and discovery requests made directly to the government. In the seven months since then, the government has failed to respond to repeated discovery requests. Many motions that pertain to pre-trial issues also remain unresolved. The government's failure to provide basic discovery, such as an unscoped copy of my phone data, prevents me from preparing pretrial motions, and the government has not identified uniformed police that I need to call as witnesses. I also still do not have direct access to CCTV that I need for preparing trial exhibits. There is also a great deal of uncertainty surrounding *Fischer v. The United States*, No. 23-5572, which is before the Supreme Court; the outcome of this case will greatly affect my trial strategy, yet I may not know until shortly before my trial what that outcome is. Cumulatively, all of these factors, especially government failures to confer on discovery, and many others listed in the pages ahead, make the July 22, 2024, trial date unworkable. I am a Pro Se defendant doing the best that I can, but without needed access to discovery or clarity on the particulars of my case, I am unprepared for trial in July.

**1.      The Government Has Failed to Respond to Numerous Discovery Requests**

On March 22, 2024, I submitted notice of filing a discovery request letter with the Court (ECF No. 226). At the same time, I emailed a copy of that discovery request letter to the government, which, as of this filling, the government has not responded to. Nearly all of the discovery requested in that letter was the subject of previous requests I made to the government. These requests have been ignored[1], underscoring the fact that the government is not making sufficient effort to ensure that the July 22 trial date remains viable.

I realize that the government has filed several recent motions for an extension of time to file responses, so it's possible that these prosecutors may be overwhelmed with work.[2] However, I have due process rights, and until certain obligations are fulfilled by the government, my trial cannot take place. I will be unable to draft certain pretrial motions or prepare my defense until the requested materials are provided.



*Figure 1: I emailed the government a notice of discovery request on March 22, 2024. The government has not yet responded.*

---

[1] There is a long running trend by the government to not respond to emails from me, the defendant, even though I promptly respond to emails whenever the government requests something (such as an extension to file).

[2] Regardless of workload, I expect government employees to professionally acknowledge and respond to emails.

**2.      The Government Has Not Yet Produced an Unscoped Copy of My Phone Data**

The Federal Rules of Criminal Procedure Rule 16(a)(1)(E)(iii) requires the government to produce, upon the defendant's request, any data that was obtained from the defendant. In 2021, my first Court Appointed attorney, Mr. Terry Eaton, told me that he was requesting a full, unscoped copy of my phone data that was taken by the government. The government has not yet provided me that unscoped data, and I again requested that a copy be provided in a letter to the government on March 22, 2024 (See ECF No. 226 – Notice of Filing). I am entitled to a copy of my data, and due to the nature of this data I cannot proceed to trial without it. I will also need sufficient time to analyze the unscoped data once the government provides it, and until I receive a copy of my data, I will be unable to prepare certain pretrial motions. Therefore, this trial date should be continued so that my due process right of discovery will not be denied.

**3.      The Government Has Not Yet Produced Bodycam Recordings from My Arrest**

Despite my arrest taking place on February 12. 2021, the government has not yet produced the bodycam recordings from the local law enforcement agencies that were involved in the arrest. I proactively emailed AUSA Moran asking for these recordings on October 11, 2023, but Ms. Moran never responded to that email. On March 22, 2024, I emailed a discovery request letter to the government (and filed notice with the Court) again asking that these recordings be provided, but the government has not even acknowledged that request. Once these recordings are produced, it will take me time to review them. These and any other recordings that are subject to FRCP 16(a)(1)(B)(ii), must be produced by the government before a pre-trial schedule is set or I will be unable to prepare crucial pre-trial motions. The government's continued, undue delay in this matter is making it impossible for the Court's scheduled July 22, 2024, trial date to remain.

**4.      The Government Has Not Yet Produced Data Pertaining to My Self-Report**

In my initial charging documents, the government falsely claimed that I reported myself via an online report form on January 12, 2021. I actually reported my presence at the Capitol on January 9, 2021, the first full day I was back in Kansas. Because the government has propagated false information, and because I will need to cross-examine their investigating agents on this matter, I need a copy of all data the government possesses related to this self-report. Since this data originated from me, it is subject to FRCP 16(a)(1)(E)(iii), and I have a due process right to this discoverable data. Trial cannot take place until it has been produced.

**5.      The Government Has Not Yet Identified Officers Who Are Material Witnesses**

On March 22, 2024, I sent the government pictures of uniformed officers in areas of the Capitol and grounds that are relevant to my case, asking them to identify those officers so that I can prepare to call relevant witnesses in trial. The government has not yet responded to that discovery request email. Once these officers are identified to me, it will still take time for the investigator the Court has provided me to prepare the proper summons so these officers can be called to give crucial testimony. Due to the lack of communication from the government, and the government's ongoing slowness handling this and other discovery requests, I am not optimistic that all the witnesses can be summoned by July 22, 2024.

**6.      The Government Has Not Yet Produced the Discovery Hard Drive They Promised**

In ECF No. 104, which was filed by the government on April 27, 2023, nearly a year ago, the government promised the Court "to serve on the defendant a physical copy of those items contained in Global Discovery that are marked "Sensitive," and those items which have no security designations." The government never produced those items to me, the defendant, which

then forced me to file ECF No. 127 which moved the Court to compel the government to fulfill

the discovery production they promised in ECF No. 104. That motion is still pending before the

Court, and I have been deprived of a year of direct access to this discovery, which has hampered

my preparations for trial. If I find after trial that this withheld discovery included items that

would have created reasonable doubt in the minds of a jury, I will have to appeal. But an appeal

is an inferior legal process to the Court ensuring time to adequately review materials before trial.

I again ask the Court to grant ECF No. 127, which seeks to compel the government to

honor their promise made to the Court in ECF No. 104, and for the Court to continue my trial to

a later date so that I have adequate time to review these promised materials.

**7.     The Government Has Not Yet Produced Discovery on Key Aspects of My Case**

As I noted in my March 22, 2024, discovery request letter (that has been ignored by the

government), I first requested information on the individual who is hashtagged as

#FrodoTheFash back on August 12, 2022. I have made numerous follow-up requests for this

information since. This individual not only pushed me into the Capitol, but also disrupted my

attempt to immediately exit the Capitol, and he created the chaos at the Senate Carriage Doors

that eventually led to police changing tactics, bumping my flagpole into the door, and closing me

inside the Capitol. Since this individual is intwined is the most pivotal aspects of my defense, I

need all information that the government possesses on who this individual. Since #FrodoTheFash

battled police throughout the day at multiple key points, I would think he would be a top priority

for the government. However, instead, the government pours all their energy into "entirely

peaceful" defendants like me. Since this individual's actions are exculpatory to me (he pushed

me in), this is Brady material. Yet the government continues to ignore my requests, preventing

me from preparing for trial and preventing this case from going to trial on July 22, 2024.

**8.      I Do Not Yet Have Access to Sealed Materials Needed to Prepare Trial Exhibits**

On January 30, 2024, I filed a motion to modify the protective order to allow me to possess highly sensitive video and other materials that directly relate to my case so that I can prepare for trial (ECF No. 206). In my subsequent response to the government (ECF No. 217 at 3), I noted that the Court has in the past conceded that I would need such access, and that the government previously agreed with the Court that I would need such access at "a date far out from trial." In my motion to obtain this access, I requested access be provided "at least four months prior to trial to allow me adequate time to organize all files needed for my defense and to prepare trial exhibits" (ECF No. 206 at 3).

The requested four-month minimum that I need to prepare has passed.

That motion from January is still pending before this Court. I have no access to these files, and we have just over three months remaining until my trial date. Even if I were granted that access today, I will not have enough time to adequately prepare all exhibits needed for trial, in addition to completing other obligations. Since it is now impossible for me to have discovery access at "a date far out from trial" as the government agreed was necessary, the July 22 trial date cannot stand unless my due process rights are sacrificed. Because of this, I respectfully ask for a continuance so that I can have a fair process that allows me to be prepared for trial.

**9      The Court Should Delay Trial Until After CCTV is Produced**

While some of the CCTV relevant to my case has now been released by Congress, the releases so far still only make up a small percentage of the footage from January 6, and many of

the unreleased cameras are crucial components of my defense.[3] Still pending before the Court is ECF No. 113, which I filed on May 11, 2023, seeking to compel the government to inventory and produce all Capitol Police CCTV footage in discovery. My other filings related to this are ECF No. 119, which replied to the government's initial opposition, and ECF Nos. 149, 155, 165, and 174, which were supplemental motions and replies on this same matter. These later filings drilled down into the significance of this issue and the relevance to my case, including specific cameras related to my case that the government has failed to produce.

The Court now faces a situation where Congress is releasing relevant CCTV that the government has not produced to defendants in discovery, but this Congressional release is not complete, and will not be complete until later this year. If the Court pushes my trial forward without compelling the government to produce all the CCTV it possesses (as I have so moved), it is very likely that Congress will publicly release video evidence that exonerates me after my trial has already been completed. I am raising this possibility since I believe this would be an error the Court would not wish to make and one the Court can easily avoid by moving my trial date.

At their current rate of release, it will take Congress at least five more months to finish uploading CCTV to the internet, which would put their completion date after my trial. If the Court would prefer to stay out of these matters and wait until all video relevant to my case has been made public by Congress (rather than compelling production and granting me access to the CCTV that I need for making trial exhibits), this can only be done if the trial date is continued until after Congress finishes their CCTV release.[4] There would still be a few 'highly sensitive'

---

[3] I should not have to rely on Congressional batch releases to obtain these materials, since the Department of Justice has a Brady obligation to provide me these materials.

[4] I would also need adequate time to review relevant footage after I receive it, and time to prepare trial exhibits.

materials related to my case that I would need to be granted access to, but that would be a much smaller universe of discovery for the Court to decide than the Capitol CCTV.

**10.    The Court Has Not Yet Ruled on Several of My Motions Which Shape My Defense**

At our last status conference, on September 15, 2023, I voiced my position that I had several outstanding motions pending and that there were significant "discovery issues that need resolved before I can think about going to trial" (Transcript at p. 7). Prior to the conclusion of that hearing, I again reiterated my need "to have some clarity on the motions that I have pending" (p.11) The Court promised to "start to focus on those," which I appreciate, but the Court has only ruled on one of my motions in the seven months since then. While I respectfully understand that the Court keeps a busy schedule, this lack of clarity on matters in my case has prevented me from being able to access the requested discovery and plan a strategy for trial.

In addition to the pending motions covered elsewhere in this filing (ECF Nos. 113, 127, 149, 155, 206, 227 & 231), there are still pending before the Court ECF Nos. 138, 139, 178, & 212. I provide a summary of the significance of each below:

- In ECF No. 138, I listed the government's numerous FISA abuses against January 6 defendants (which Judge Contreras was wise and correct to document in his evaluation of FISA compliance), and I moved the Court to compel the government to stop spying on my communications and to produce any communications that have been intercepted. Since intercepted attorney-client communications are the "fruit of the poisonous tree," I need these records to file pre-trial motions to exclude evidence and dismiss this case.

- In ECF No. 139, I motioned to compel the government to produce all materials related to undercover police and to produce missing body camera recordings. The government has

produced recordings for only seven of the ESU officers who were working undercover on January 6, but has withheld recordings for others. As my motion points out, ESU officers repeatedly urged people to advance up the steps, thanked people for removing fencing, and congratulated people who broke windows. ECF No. 139 at 22 also notes that despite the government's claiming otherwise, Detective Callahan did have a cell phone and was recording with it. None of Callahan's recordings have been produced. The government has also failed to produce interview recordings of ESU officers and unredacted communications. ECF No. 139 at 32 also raises the issue of missing and altered body camera recordings. In ECF No. 147, I responded to the government's opposition, identified additional undercover and uniformed officers the government has not produced recordings for, and noted the direct relevance of these items to my case. Since filing ECF No. 139, I have identified additional undercover police who were filming on January 6, that the government has not produced video for, including officers my brother and I were near inside the Capitol. If the government continues to withhold these recordings, I will be forced to file another motion to compel, which will further burden my pre-trial preparations. Since the outcome of this motion greatly shapes my defense, and since I will need time to review these materials once they are produced, a July trial date is no longer workable, and the trial date should be continued.

- In ECF No. 178, I motioned the Court to dismiss this case with prejudice due to selective prosecution. If granted, the case would be resolved, the July trial date would no longer be needed, and the rest of my pleadings before the Court would be moot.

- In ECF No. 212, I motioned the Court to compel the government to identify certain FBI employees who were material witnesses to events at the Capitol. Similar motions have

since been filed in other January 6 cases (For instance *U.S. v. Lavrenz*, 23-cr-00066-ZMF, ECF No. 62). In *Lavrenz*, counsel for the defense raised the issue of the government withholding the FBI recording of their interview with Guandolo, which was memorialized in a 302. I am told counsel for Lavrenz have learned the recording does exist. As I noted in ECF No 212 at 5, Guandolo has stated that the two FBI colleagues he was with introduced him to "several guys" who were FBI. Since then, Guandolo has told the Epoch Times that, "the other FBI guys I saw there I cannot speak about their capacity that day."[5] It seems reasonable to believe that at least some of these FBI agents were on duty, especially since one of Guandolo's FBI colleagues knew the FBI swat team was arriving at the Capitol before they got there, then spent several minutes with them. Since these are material witnesses to my case, I renew my motion for the Court to compel the government to identify these FBI agents, and produce all materials related to Guandolo and these agents, including unredacted 302s and interview recordings. These issues could have been resolved by the government long ago, as defendant Kenneth Harrelson (22-cr-00015-APM, ECF No. 225-2 at 30) requested information on Guandolo on August 1, 2022, but the government is only now producing discovery related to Guandolo.[6] Once these productions are completed by the government, I will need time to review these materials, so the government's delays are forcing a continuance of the July trial.

---

[5] The Epoch Times Article on Guandolo can be accessed here: https://www.zerohedge.com/political/oh-man-huge-video-revealed-jan-6-defendant-raises-questions-about-undercover-agents

[6] As counsel for defendant Kenneth Harrelson (22-CR-15, ECF No. 225 at 1) noted in requesting a continuance due to the government's discovery failures, "the Defense has been struggling with the Government for many months to receive proper Brady discovery," and "Under Local Rules there should be no struggle." In that case, the government withheld information about Guandolo as well as CCTV that would have impeached government witnesses. Likewise, my case has been a similar struggle with the government to obtain Brady materials.

Until I have clarity on these pending motions, I will be unable to prepare my defense. The totality of these issues makes it impossible to resolve all of them in the three months we have left until the July 22, 2024, trial date. Continuance of the trial date is the only way (other than dismissing this case with prejudice) to ensure due process and adequate review of discovery once productions are made by the government.

## 11. The Government Has Failed to Respond to Numerous Other Discovery Requests

The government has been so bad about responding to emails, it has become pointless for me to attempt to confer. The only detailed responses I get from the government are to the motions I file. In our March 3, 2023, status conference, I raised this trend of unresponsiveness, noting that, "the government hasn't responded to any of my e-mails since our last status conference." The Court then directed the AUSA that, "I need you to communicate with Mr. William Pope," and the government immediately promised to respond to my emails.

```
 6          THE COURT:  So, Ms. Moran, I need you to communicate
 7     with Mr. William Pope.  Your pleading from last night is
 8     dripping with annoyance, which that may -- you may very well be
 9     annoyed with Mr. William Pope, but he's who you have to deal
10     with.  So I need you to deal with him professionally as you
11     would with counsel.
```

*Figure 2: At our March 3, 2023, status conference, Judge Contreras directed the government to respond to my emails (p. 13).*

However, despite the Court's direction to the government to communicate with me, the government has for two years refused to respond to numerous other important questions and discovery requests. In addition to communications I mentioned elsewhere in this filing, the government has failed to respond to the following emailed requests:

- On August 28, 2022, I sent the government photographs of a journalist climbing through a window near the Senate Wing Doors and becoming the 5th person to enter the Capitol. I pointed out that this journalist recorded video in areas relevant to my case and that the government likely possessed a copy, and I requested a copy of that video recorded by that journalist be produced. This pertains not only to the facts of the case, but also to my defense as a journalist. The government has not yet responded to that email.

- On October 5, 2022, the government promised to send me a copy of defendant Bill Dunfee's FBI 302 if I was still interested in it. I responded the same day thanking Mr. Crawford and letting him know that I did want to see the Dunfee 302, and for him to send me a copy as soon as it was available. The government never responded to that email and has still not provided me the copy of the Dunfee 302 as they promised.

- On March 20, 2023, I requested that the government send me a list of all CCTV and other video that is in the government's possession but has not yet produced in discovery. The government has not yet responded to that email.

- On May 19, 2023, I sent the government an article detailing the government's illegal use of FISA warrantless surveillance against January 6 defendants, and requested that the government send me all details of this illegal spying and any communications of mine that the government intercepted. The government has not yet responded to that email.

- On August 1, 2023, I requested the government send me a list of all MPD officers who had bodycam failures or who failed to use their bodycam on January 6 (since MPD keeps data on equipment failures and officer policy failures), and any corrective action taken by MPD. The government has not yet responded to that email.

- On August 18, 2023, I sent a follow-up request to the government for the missing attachments from an investigative report related to ECF No. 139, and for the 90 pages of unredacted text messages from Officer Tomasula that I mentioned in ECF No. 139. The government has not yet responded to that email.

- On October 11, 2024, in addition to requesting the bodycam recordings from my arrest, I asked the government why all of the Virginia State Police bodycams in discovery are designated 'highly sensitive' and missing officer names.[7] The government has not yet responded to that email.

- On December 12, 2023, I requested clarification on whether the sedition hunter account from which the government sourced a video that was produced to me was run by a government contractor or CHS. The government has not yet responded to that email.

- On December 20, 2023, I shared a news article with the government that mentions the DOJ having a public portal for January 6 trial exhibits, and I requested information on how to access that portal so that I can study other cases and prepare my defense. The government has not yet responded to that email or a follow-up email. I had previously requested this on May 19, 2023, and followed up multiple times then as well.

- On February 23, 2024, I sent the government screenshots of plain clothes individuals who were wearing visible badges while filming on January 6 in the same location at BLM plaza that undercover MPD Electronic Surveillance Unit officers had been filming the

---

[7] In ECF No. 26, the Protective Order, the Court ordered in Footnote 1, that bodycam recordings were not to be designated sensitive or highly sensitive by the government unless they contained sensitive personal identifying information. However, the government has designated all Virginia State Police recordings, even innocuous test recordings, as highly sensitive. This disregard by the government for the protective order prevents me, a Pro Se defendant, from having full access to these files. Furthermore, the government has designated all bodycam recordings from Arlington County (including recordings made by former FBI Director James Comey's son Brien) as 'sensitive,' which again circumvents the protective order.

previous night of January 5, 2021. I requested that the government send me copies of all recordings those undercover MPD officers had made on January 6, since they have not yet been produced in discovery. The government has not yet responded to that email.

- On February 28, 2024, I requested that the government send me all media recorded by FBI informant James Ehren Knowles. CCTV shows Knowles recording with a device at 2:25 p.m. inside the Senate Wing Doors, which makes Knowles a material witness to my case, and his video recordings are crucial evidence in my case. The government has not yet responded to that email.



*Figure 3: FBI Informant James Ehren Knowles is a material witness to my case and was filming in the Senate Wing.*

- On March 11, 2024, I requested the government to send me a copy of the unredacted Guandolo 302, because I intend to call Guandolo and his colleagues as witnesses. The government has not yet responded to that email.

Had these and other requests been addressed by the government earlier, this would not be

an issue now. But the government's intentional unresponsiveness to requests and inquiries has

created a scenario where this trial must be continued.

**12.     My Appointed Standby Counsel Will Be Limited by Other Trial Commitments**

The standby counsel the Court has appointed, Nicole Cubbage, has informed me that she

has several other trials leading up to the date that my trial is scheduled to begin. It has been my

experience that Mrs. Cubbage is very busy during the weeks leading up to her trials and weeks

when she is in trial, so I typically wait until weeks when she is more available to make discovery

requests. Since the Court has only allowed me to access certain discovery through Mrs. Cubbage,

and since she has several trials right before mine, her schedule will make it difficult for me to

adequately access files the government has designated as highly sensitive, in the weeks leading

up to the July trial date. This difficulty is compounded by the numerous discovery requests the

government has not yet fulfilled, and limited standby counsel availability might prevent me from

having adequate access to any new discovery the government produces at the last minute (since

the government seems to be in the bad habit of making late disclosures in January 6 cases).

The trials my standby counsel currently has scheduled include:

- 5-6-24 in United States v. Richard Cook - 23-cr-138 (RBW) (one week)

- 5-28-24 in United States v. Micaiah Joseph 23-CR-35 (RC) (two weeks)

- 7-8-24 in United States v. Terry Allen, 23-cr-261 (APM) (one and a half weeks)

- 7-22-24 in United States v. William Pope, 21-cr-128 (RC)

With this schedule, my standby counsel will be engaged in trials and trial prep during

most of May, much of June, and most of July before my trial date. She will not be free from

those other trial obligations until the weekend before my trial is scheduled to begin. This will prevent me from having adequate assistance of counsel for discovery access, and the Court has already prevented me from having direct access to all discovery. The combination of these factors will deny me sufficient access to discovery immediately before my trial.

This would mean that I am unable to reference relevant highly sensitive files (such as officer 302s that the government has designated as highly sensitive) in the days leading up to my trial, hampering my ability to prepare to cross-examine witnesses. I have already filed ECF No. 206, seeking the Court to modify the protective order to allow me to possess all highly sensitive files relevant to my case, but this motion is still pending.

The prospect of not having reliable access to discovery leading up to trial may force me to remove the standby counsel I am familiar with and seek a replacement. But removing Mrs. Cubbage would be an added difficulty since a replacement standby counsel would need to become familiarized with my case files right before trial as I am currently prohibited from possessing and organizing highly sensitive discovery. I would request the professional courtesy of the Court to grant my motion (ECF No. 206) and continue this trial date so that I am not forced to seek a replacement standby counsel right before trial.

**13.    The Supreme Court's Ruling in *Fischer v. The United States* Will Affect My Case**

The United States Supreme Court is scheduled to hear the case of *Fischer v. The United States*, No. 23-5572 on April 16, 2024, which will determine whether Obstruction of an Official Proceeding 18 U.S.C. § 1512(c) was appropriately charged in January 6 cases. Since this case pertains to Count Two of my indictment (ECF No. 46), which is the most significant charge I face, there is a strong possibility that the Supreme Court ruling will alter the outcome of my case.

While I cannot predict when the Supreme Court will issue a ruling in *Fischer v. The United States*, there is a possibility that it does not come until the end of June, just three weeks before my trial is scheduled to begin. If the Court finds that 18 U.S.C. § 1512(c) was inappropriately charged, I will have to draft a motion to dismiss Count Two at the last minute, while I am engaged in other last minute trial preparations.

I will also take very different strategic approaches to my defense, depending on the Supreme Court's ruling, including which witnesses I call to testify. I would prefer not to force some witnesses to make travel arrangements, if it is determined based on the Supreme Court decision that their testimony is no longer needed. The Supreme Court's ruling will also likely influence my decision to seek a jury or bench trial, or to testify on my own behalf.

Furthermore, the government tried to get me to plead in 2021 to 18 U.S.C. § 1512(c) with a range of 41 to 51 months. I refused to do so because I had absolutely no intent to obstruct any proceeding on January 6, so had I signed the government's proposed statement of facts, I would have been falsifying an official document. Should the Supreme Court toss out 18 U.S.C. § 1512(c), my decision to refuse the government's offer will be further justified, and the government may be more open to engaging in a more reasonable discussion about pretrial resolution. But if that happens, I will need time to hear and consider their position.

For these many varied reasons related to *Fischer v. The United States*, it is appropriate to continue my scheduled trial to a later date.

**14.      Continuing the Trial Would Allow Me to Postpone my Walkthrough of the Capitol**

In ECF No. 231, I filed a standard request for the Court's permission to travel to Washington for the purpose of joining an already scheduled walkthrough for January 6 defense

teams. I did not anticipate opposition to this since the government was not previously opposed to me traveling to D.C. to view the Congressional CCTV terminals, which the government believed to be in the Capitol. However, in ECF No. 232, the government did oppose both me traveling to D.C., and me joining that standard Capitol walkthrough. While I disagree with the arguments made by the government (since the Federal Rules of Criminal Procedure clearly recognize the right of the defendant to make a physical inspection of the building), I may be able to forego a Capitol walkthrough if the government is willing to stipulate to certain factual matters.[8]

If the Court moves my scheduled trial to a later date, there will be more time for me to discuss possible stipulations with the government, and a May or June walkthrough could be postponed until later this year. In fact, if sufficient stipulations can be agreed upon, a building walkthrough would no longer be necessary.

## 15.    I Have Not Yet Received Clarification on the Particulars of My Charges

In ECF No. 227, I petitioned the Court for a Bill of Particulars since I do not fully understand the nature and the cause of the accusations brought against me. The Sixth Amendment entitles me to be so informed, by sadly, the government has opposed providing clarifying information (ECF No. 232). I have replied to the government's opposition (ECF No. 236), demonstrating the clear need for more specificity, and the matter is now before the Court. I ask that the Court quickly grant that motion, as I will not be prepared to defend myself in trial without clarification on these particulars sought.

---

[8] If the government is not willing to stipulate certain facts, I need to be able to inspect specific building features (which are evidence in this case) well in advance of my trial so that I can prepare my defense. For that reason, I need to plan a May visit to the Capitol, since I do not know when other walkthroughs will be scheduled.

**16.     The Court Has Not Set a Pre-Trial Schedule Likely Due to These Unresolved Issues**

There are now pending before the Court numerous defense motions. However, we have not had a status conference since September 15, 2023, so the Court has not had an opportunity to be briefed on most of these filings. Since many of the filings pertain to important discovery issues, and since some of this discovery is needed before I can begin filing pre-trial motions, the Court likely already perceives that a pre-trial motions schedule cannot be set by the Court until some of these issues are resolved. Many of these issues could have been resolved already had the defense not been forced to struggle with the government to obtain Brady materials. However, the government's undue delays and unresponsiveness to defense emails may require the Court to become more involved in nudging the government to speed up the resolution of this case. For that reason, I believe it would be appropriate for the Court to schedule a status conference for May 2024, so these matters can be resolved in real time rather than through more filings.[9]

**17. The Government Has Not Produced Exhibits from My Brother's Trial as Promised**

In ECF No. 213 at 3, which was filed on February 13, 2024, the government told the Court that, "The Government will provide the defendant with copies of those exhibits that were admitted at his brother, Michael Pope's trial." It has been nearly two months since the government made that promise to the Court, and the government still has not provided me with those exhibits.[10] The government's slowness in this matter again prevents this case from being resolved in a July trial.

---

[9] If I am forced to file motions to compel the government to produce my own phone data and other basic items, it will take up more of my time to write the motions, and more of the Courts time to resolve, adding to delays.

[10] The government tried to argue that the promise of exhibits from my brother's trial should be reason for the Court to deny me possession materials needed for me to make my own trial exhibits. I have a right to both.

**18.     My Right to Due Process Far Outweighs Rushing This Case to Trial**

The Sixth Amendment guarantees me the due process right to a speedy trial as a protection from undue delay.  However, going to trial before other due processes rights have been honored by the government would deprive my trial from having a fair, just, and orderly outcome. Nobody wants this case resolved quickly more than I do, but I should not have to choose between my right to a speedy trial and my other constitutional rights to due and compulsory processes.

The fact that the government has caused undue delay in this case by withholding basic discovery (such as my unscoped phone data), should lead the Court to consider dismissing this case with prejudice, which is the remedy for undue delay prescribed in *Barker v. Wingo*, 407 U.S. 522 (1972). However, if the Court is not willing to prescribe that remedy, then the Court should at least continue this trial date so that my other due process rights are ensured.

Since a "defendant's constitutional right to a speedy trial cannot be established by any inflexible rule" (*Barker v. Wingo*, 407 U.S. 514, 1972), the Court should balance the consideration of speed with that of my other rights. The Supreme Court allows that the reason for the delay should factor in the Court's consideration of the speedy trial clause. This is especially true since I, the defendant, am asserting that my other due process rights are more crucial to my pursuit of justice. So, while I would prefer not to waive my right to a speedy trial, I am willing to waive speedy trial in order to obtain the access to discovery needed to prepare trial exhibits, the identification of officers I intend to compel testimony from, and the many other crucial discovery and due process considerations I have outlined in the preceding sections of this motion.

**19.     The Defense Seeks Outright Dismissal of this Case or a Three Month Continuance**

While the government's undue delays give reason for the Court to consider outright dismissal of this case with prejudice, if the Court is not yet prepared to take that step, I would request at least a three month continuance of the trial date, providing that the government can provide essential discovery materials and resolve other due process issues by the end of May 2024. This would mean the new trial date would be sometime in October 2024, or whenever after that the schedule of the Court first allows.

I realize we are 'working at the speed of government' and full production of requested discovery materials might not be possible for the government by the end of May. In the case of a later production date, I would ask the Court to allow at least four months after production has concluded for review and trial preparation.[11] However, I would ask that if these due process issues cannot be resolved, that the Court instead dismiss this case with prejudice, since I am not willing to waive my speedy trial rights forever and into eternity.

**20.     The Cumulative Issues Are Not Likely to be Resolved by July**

As I have demonstrated in the preceding pages, there are numerous discovery and due process issues that need to be resolved before I trial can take place.

I have done my part to make the July trial date hold. I have been requesting access to discovery and specific materials well in advance, and I am seeking to prepare myself for trial by asking the Court's permission to attend trial proceedings and voir dire in Washington, as well as a walkthrough of the Capitol this spring. But I do not have access to discovery needed for trial.

---

[11] More preparation time is certainly welcome, but at least four months is needed. This is because I will need time to review the produced materials and complete defense exhibits and witness lists, so that I can prepare for trial.

Since the government has failed to respond to emails or provide essential discovery that was requested months ago, the Court is now faced with a situation where my due process rights will be infringed if this case goes to trial in July.

The requests I have made are reasonable and made in the interests of justice. A continuance of at least three months will allow the Court to set this case back on track. I would ask that the Court allow for a May 2024 status hearing to discuss this motion unless the Court is willing to grant this motion outright and nudge the government to resolve outstanding issues.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on April 14, 2024.
/s/
William Alexander Pope, Pro Se