MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'

MOTION FOR EARLY DISCLOSURE OF JENCKS MATERIAL

AND TIMELY DISCLOSURE OF BRADY/GIGLIO MATERIAL

Early disclosure of Brady/Giglio and Jencks should be a matter of routine practice by the government in order to insure that a defendant has an adequate opportunity to prepare his or her defense. See The American Bar Association Standards for Criminal Justice, § 11-2.2 (The Prosecution Function) (1980). The government has indicated that its tentative position is that Jencks and witness specific Brady/Giglio information (i.e., criminal records of witnesses) will first be made available "after the jury is sworn and sufficiently in advance of testimony." However, the government's contemplated disclosure schedule provides Mr. xxxxxxxx and Mr. xxxxxxx with no meaningful relief because it will not provide sufficient opportunity for counsel to investigate the disclosed information.

This is a case with literally thousands of documents. Although the defense has not yet completed discovery, we have already reviewed more than four (4) full file drawers of documents. Investigation and preparation for trial is truly a daunting task, particularly given the fact that all defense counsel have significant responsibilities in other cases. For example, Mr. Boss has two jury trials scheduled between the filing of this motion and the trial in this case. In order for the defense to be prepared, all Brady/Giglio material should be disclosed immediately, and all Jencks material should be disclosed one month before trial.

In this case, there is no secret about the identity of the government's witnesses, and there are no safety considerations which would support a government request for late disclosure of Jencks. Rather, the only reason for late disclosure in this case is to provide the government with a strategic advantage, even beyond the advantage that it has gained by having a dry run of its case through the SEC proceeding and having investigated this case for approximately two years.

## I. EARLY DISCLOSURE OF JENCKS MATERIAL

Jencks Act material should be provided to the defense so as to furnish Mr. xxxxxxxx and Mr. xxxxxxx with sufficient time to examine and utilize this material in a meaningful manner before and during trial. United States v. Holmes, 722 F.2d 37, 40 (4th Cir. 1983). What that means in terms of timing depends on the specific facts and circumstances of the case. It is clear, however, that the Court, pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rule 2 of the Federal Rules of Criminal Procedure and its inherent supervisory powers, has the authority to override the timing provisions set forth in the Act and in Rule 26.2. Indeed, Rule 26.2, unlike its predecessor the Jencks Act, contains no language explicitly precluding the disclosure of witness statements prior to trial. Compare Fed. R. Crim. P. 26.2 with 18 U.S.C. § 3500(a).

The Rule also provides that the court may make an accommodation, upon request by accused's counsel, so that counsel is provided adequate time to make use of Jencks material. Fed. R. Crim. P. 26.2(d). That section states:

Upon delivery of the statement to the moving party, the court, upon application of that party, may recess proceedings in the trial from the examination of such statement and for preparation for its use in the trial.

The prosecution should disclose Jencks material to defense counsel as soon as practicable following the defense request for disclosure because it will not only assist the defendant in achieving a fair trial but also serve the public interest in expediting the fair resolution of criminal cases. See ABA Standards for Criminal Justice, § 11-2.2; see, e.g., United States v. Tarantino, 846 F.2d 1384, 1415 n.12 (D.C. Cir.), cert. denied, 488 U.S. 840 (1988); United States v. Hinton, 631 F.2d 769, 782 (D.C. Cir. 1980); United States v. Poindexter, 727 F.Supp. 1470, 1484-85 (D.D.C. 1989).

In United States v. Hinton, the District of Columbia Circuit recognized the potential impact of late Jencks disclosure upon the defendant's Sixth Amendment rights. United States v. Hinton, 631 F.2d 769, 782 (D.C. Cir. 1980). There, during a suppression hearing, defense counsel was provided with "voluminous Jencks material" in

the form of FBI 302s. Id. at 781. The Circuit Court held that "in the rush and confusion" of the hearing, counsel failed to recognize "the critical importance of the 302's" and, as a result, the appellant was deprived of her constitutional right to the "informed, professional deliberation of counsel." Id. at 782.

Here, in order to accomplish even a rudimentary investigation so as to begin to be able to provide effective assistance to the defendants, the defense will require obtaining the Jencks material well before the jury is sworn. See United States v. Holmes, 722 F.2d 37, 41 (4th Cir. 1983) (Noting that providing materials one day before trial began did not "afford[] a reasonable opportunity to examine and digest" the documents.). Given that this trial is expected to take three weeks, the recesses which will be required by defense counsel will substantially delay what promises to be an already protracted proceeding. In addition to the obvious adverse impact on the court's calendar, such delays will unfairly prejudice the defendants' Fifth and Sixth Amendment rights because they and their counsel will be viewed by the jury as responsible for the delays and for the overall length of the trial.

The remedy is obvious. For as the Fourth Circuit noted, it is not uncommon, particularly "in cases where there are many statements or where the bulk of witness statements is large," for the government to agree or for the court to order early disclosure of Jencks material. Holmes, 722 F.2d at 40.

## II. TIMELY DISCLOSURE OF BRADY/GIGLIO MATERIAL

Unlike our request for early disclosure of Jencks material,[(1)] this request is merely for timely disclosure of Brady/Giglio material because such material is to be turned over "at such time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case. ..." United States v. Pollack, 534 F.2d 964, 973 (D.C. Cir.), cert. denied, 429 U.S. 924 (1976); see United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984) (Noting that Brady information which will require defense investigation or more extensive defense preparation should be disclosed at an early stage of the case.); see, e.g., United States v. Recognition Equipment, Inc., 711 F. Supp. 1, 14 (D.D.C. 1989)(Ordering immediate disclosure of evidence regarding criminal records and other impeachment information for government witnesses, statements to the effect that any of the defendants were not members of the charged conspiracy, evidence supporting the defendants' defenses).

The government's only possible basis for resisting both early disclosure of Jencks and timely disclosure of Brady/Giglio is to claim that such disclosure will pose a threat to the government's witnesses. Initially, any potential threat to witnesses is speculative at best and is far outweighed by the defendants' right to a fair trial. See Pollack, 534 F.2d at 974 (Noting that courts should balance in each case "the potential dangers of early disclosure against the need that Brady purports to serve of avoiding wrongful convictions," and that "early disclosure should be required where the 'dangers' are speculative and where early disclosure is necessary ...for a fair trial.") Here, neither the defendants nor defense counsel is aware of any potential risk posed by the disclosure of this information, other than the risk that the defense will have an opportunity to investigate these witnesses and conduct a more thorough cross-examination. There are no allegations of violence against the defendants. To the extent that any threat exists, the government should be required to demonstrate on a case by case basis the threat to a particular witness before the court issues a blanket order with regard to every witness.

Accordingly, in order to afford the defendants a meaningful opportunity to contest the charges against them by confronting his accusers with the effective assistance of counsel in a fashion which will not jeopardize his standing before the jury, the defendants request that the government be ordered to disclose all Brady/Giglio material to defendant's counsel immediately, and all Jencks material on or before October 18, 1996.

Respectfully submitted,

A.J. Kramer

Federal Public Defender