UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Case No. 21-cr-128 (RC) |
| : | |
| WILLIAM POPE, : | |
| : | |
| Defendant. | |

GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT WILLIAM POPE'S MOTIONS TO CONTINUE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that this Court deny the defendant's motions to continue his trial, which is currently scheduled for July 22, 2024 (and has been since September 15, 2023). ECF Nos. 237 and 245. In his motions, the defendant alleges numerous grounds for a continuance: (1) outstanding motions, (2) materials he requested from the government, (3) his standby counsel's trial schedule, (4) his desire to participate in a United States Capitol Police-led tour of the Capitol in July rather than May, and (5) the Supreme Court's pending decision in *United States v. Fischer,* No. 23-5572. None of these arguments warrant further delaying the defendant's trial.

**A. Outstanding Motions**

In the time since the defendant filed his earlier motion (ECF No. 237), the court has ruled on many of his then-pending motions. Specifically, on April 23, 2024, this Court issued an order resolving nine outstanding motions: ECF Nos. 113, 127, 130, 138, 139, 155, 206, 212, and 214.[1] ECF No. 239 ("April 23, 2024 Order"). On April, 25 2024, the Court issued a minute order

---

[1] The April 23, 2024 Order also resolved ECF No. 149, which is a supplement to ECF No. 113.

which resolved two additional motions: ECF Nos. 227 (motion to travel to Washington, D.C. to observe proceedings in other trials) and 231 (motion to travel to Washington D.C. for May 5, 2024 Capitol walkthrough).  Apr. 25, 2024 Minute Order.  Two motions– ECF Nos. 178 and 227 at 2-5 –arguably remain active.  *See* ECF No. 237 at 8-11.  ECF 178 raises a claim of selective prosecution; its resolution has no bearing on the defendant's preparations for trial.  ECF No. 227 at 2-5 seeks a Bill of Particulars, which the government opposed. Neither of these motions is grounds for continuing a trial that is still twelve weeks off.

### B. Requests for Materials

Similarly, many of the defendant's requests for the government to provide him with additional materials in advance of trial have since been resolved.

The April 23, 2024 Order denied the defendant's motions to compel the direct production to the defendant of materials in global discovery that have been designated "highly sensitive" or "sensitive." *See* ECF No. 237 at 4-5 (item 6), 6 (item 8); ECF No. 239 at 7-9, 13-14.  The order denied the defendant's motion to compel the production of additional CCTV footage of the Capitol grounds on January 6, 2021, and held that the defendant had not shown that this additional material was material to his defense.  ECF No. 239 at 6.  Trial should not be delayed while the defendant waits months for the alleged production of this material from another source.  *See* ECF No. 237 at 6-7 (item 9).

The defendant has had access to materials regarding his report to the FBI regarding his presence at the U.S. Capitol on January 6, 2021, since at least July 2023.  *See id.* at 4 (item 4). On April 16, 2024, the government provided the defendant with the full image of his cellphone. *See id.* at 3 (item 2).

The government is not aware of any FBI body-worn camera footage of the defendant's February 12, 2021 arrest, *see id.* (item 3), and is working to confirm what, if any, other material may be responsive to the defendant's remaining requests, *see id.* (items 3, 5, 7).

The Government will continue to comply with its obligations under Rule 16 and *Brady*.

**C. Standby Counsel's Availability**

The defendant complains that his standby counsel is busy with other matters and is concerned that he will not be able to access highly sensitive and sensitive materials through her in order to prepare for trial. To the extent that the defendant wishes swifter access, he may avail himself of the Court's offer to appoint local standby counsel with whom he can review highly sensitive and sensitive discovery materials. *See* ECF No. 103.

**D.     Walkthrough of the U.S. Capitol**

In connection with January 6 cases, the government has arranged for several Capitol walkthroughs for the benefit of defense counsel. These walkthroughs are not regularly scheduled and are the result of extensive coordination between various entities.

On April 4, 2024, the government notified the defendant of two scheduled walkthroughs: April 7, 2024, and May 5, 2024. ECF No. 231 at 2. In response, the defendant requested permission from the Court to travel to Washington, D.C. in order to participate in the walkthrough on May 5. *Id.* The defendant now claims however, that his trial date should be adjourned so that he can participate in an as-yet unscheduled subsequent walkthrough. ECF No. 245 at 2. The government has provided the defendant with the same notice and, pursuant to the Court's order, access as counsel for other defendants. If he cannot travel for the May 5 walkthrough, he may take a public tour at a date and time of his choosing. If subsequent walkthroughs are scheduled, the government will notify the defendant promptly.

E.       *United States v. Fischer*

The defendant also seeks an indefinite continuance until after the Supreme Court renders a decision in *United States v. Fischer*, No. 23-5572.  ECF No. 237 at 16-17.  The government notes that the defendant's brother and co-defendant, Michael Pope, filed a similar motion prior to his January 2024 trial.  This Court denied Michael Pope's motion, highlighting the length of time that case had been pending, the counts in addition to a violation of 18 U.S.C. § 1512(c)(2) that Michael Pope faced, and the fact that, in the event of a conviction, the Court would not sentence Michael Pope until after a decision in *Fischer*.  Jan. 10, 2024 Minute Order.  Like Michael Pope, this defendant's case has been pending for more than three years, he faces both felony and misdemeanor courts in addition to the offense at issue in *Fischer*, and any sentencing would not be likely to occur until after a decision in *Fischer*.  Further, although the defendant alleges that he would "take very different strategic approaches to [his] defense, depending on the Supreme Court's ruling," ECF No. 237 at 17, he "has not made clear how he is burdened by having to defend against each of the charges against him at trial given the significant overlap between those charges," Jan. 10, 2024 Minute Order.  For the same reason that the Court denied Michael Pope's motion to continue his trial until after a decision in *Fischer*, the Court should deny William Pope's.

**Conclusion**

The government respectfully requests that this Court deny the defendant's motion to stay or continue the trial scheduled for July 22, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Kelly Moran*
KELLY MORAN
Assistant United States Attorney
DC Bar No. 90006659
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-740-4690
kelly.moran@usdoj.gov

Benet J. Kearney
NY Bar No. 4774048

Matthew Beckwith
DC Bar No: 90014452