# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 21-00128 (RC) |
| | : | |
| WILLIAM POPE, | : | Re Document No.: 178, 227 |
| | : | |
| Defendant. | : | |

## ORDER

### DENYING DEFENDANT'S MOTION FOR DISCOVERY OR DISMISSAL OF CHARGES DUE TO SELECTIVE PROSECUTION; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

### I.   Motion for Discovery or Dismissal Due to Selective Prosecution, ECF No. 178

Defendant William Pope moves the Court to either dismiss the charges against him or compel discovery on why other January 6 defendants were allegedly treated more favorably by the Government. *See generally* Mot. for Disc. or Dismissal ("Mot. to Dismiss"), ECF No. 178. In particular, Defendant argues that James Ray Epps, a defendant in a different January 6 case, was offered a favorable plea agreement even though, Defendant alleges, Epps's conduct was more egregious than Defendant's own. *Id.* The fact that Epps was treated more favorably, Defendant argues, demonstrates that the Government has unlawfully engaged in selective prosecution. *Id.* In response, the Government argues that Defendant has failed to present any evidence suggesting that he was singled out from similarly situated January 6 defendants based on an improper motive. *See* Gov't's Resp. Def.'s Mot. to Dismiss at 1, ECF No. 207.

There are two prongs to a selective prosecution claim: "[t]he claimant must demonstrate that the federal prosecutorial policy [(1)] 'had a discriminatory effect and [(2)] that it was motivated by a discriminatory purpose.'" *United States v. Armstrong*, 517 U.S. 456, 465 (1996) (citation omitted). There is, however, a "presumption that a prosecutor has not violated equal

protection," and to dispel that presumption "a criminal defendant must present *clear evidence to the contrary*." *Id.* (quotation marks and citation omitted) (emphasis added).  To establish a discriminatory effect, a defendant must show that similarly situated individuals in a different class "were not prosecuted."  *Id.*  The "standard," both for bringing a selective prosecution claim and seeking discovery in aid thereof, is "rigorous."  *Id.* at 468.  Even to obtain discovery, a claimant must "'show the existence of the essential elements of' a selective-prosecution claim." *Id.* at 470 (citation omitted).

Defendant cannot satisfy the first prong of the *Armstrong* standard.  As explained above, Defendant points to Epps as a similarly situated comparator.  *See generally* Mot. to Dismiss.  But Epps's prosecution does not provide the "clear evidence" required to dispel the presumption that the Government "has not violated equal protection."  *Armstrong*, 517 U.S. at 465.  For one, Epps was in fact prosecuted and convicted—even if the plea agreement offered to him was allegedly more favorable than the plea agreement offered to Defendant.  Thus, this is not a case where one individual was prosecuted while other similarly situated individuals were not.  Additionally, the Government persuasively explains that Epps's case was distinguishable from Defendant's case because Epps engaged in mitigating behavior during the riot and cooperated with law enforcement.  Although Defendant argues that he too engaged in mitigating behavior and cooperated with law enforcement, *see* Mot. at 2, the Government is owed some latitude when deciding how to credit mitigating conduct or the value of an individual defendant's cooperation with the Government's investigation.  *C.f. Armstrong*, 517 U.S. at 464 ("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." (quotation marks and citation omitted)).  As the

Government observed here, "Epps engaged in multiple extensive debriefs with the FBI," "made at least five attempts to deescalate conflicts between other rioters and police officers," and "expressed remorse," while Defendant had only one interview with the FBI, allegedly "jammed a flagpole into a door police were trying to close," and "is unrepentant." *See* Gov't's Resp. Def.'s Mot. to Dismiss at 3. The Government has legitimate reasons for treating the two defendants differently because they are not similarly situated. *See United States v. Bennett*, No. 21-CR-312 (JEB), 2023 WL 6847013, at *2 (D.D.C. Oct. 17, 2023) ("[D]efendants are similarly situated only when their circumstances present no distinguishable legitimate prosecutorial factors that might justify different prosecutorial decisions between them." (cleaned up)).[1]

Defendant also fails to show evidence of discriminatory motive in the Government's charging decisions. "To prevail, Defendant must show that the Government prosecuted him because of his membership in an identifiable group." *Id.* (cleaned up). Defendant points to a number of activities he has taken part in that he argues may be the basis for a discriminatory motivation, such as the fact that he "was enrolled in a Ph.D. program," spent time living as a

---

[1] In his reply brief, Defendant identifies additional January 6 defendants that he alleges engaged in more serious conduct and yet were charged with lesser or fewer offenses. *See* Reply Gov't's Opp. to Mot. to Dismiss, ECF No. 211. "It is a basic proposition that arguments raised for the first time in a reply brief are waived." *United States v. Rodriguez*, No. CR 2 (ABJ), 2022 WL 3910580, at *15 (D.D.C. Aug. 31, 2022). And because Defendant only made an argument based on other January 6 defendants in his reply brief, the Government has not had a chance to respond. Regardless, the government is entitled to prosecute different January 6 defendants differently provided it does not make its decisions based on a defendant's protected class. *Armstrong*, 517 U.S. at 464. For instance, the Government may choose to prosecute differently based on the evidence that it has been able to accumulate on a specific individual, the deterrence it believes the prosecution may provide, or the assistance that specific defendants provide in its investigations. *C.f. United States v. Slatten*, 865 F.3d 767, 800 (D.C. Cir. 2017) ("[E]ven where the government has full knowledge of the facts, it can initially exercise its discretion to bring lesser charges."); *United States v. Goodwin*, 457 U.S. 368, 382 (1982) ("A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution."). And as explained below, Defendant here has not shown that a discriminatory motive based on a protected class drove the Government's decision to charge different January 6 defendants differently.

"white man in an all-black town," "led dialogues on racial diversity," and "engaged in journalistic activities." *See* Mot. to Dismiss at 3. Defendant also suggests that the animus may have been driven by his religion. *Id.* But Defendant "proffers no evidence to support th[ese] claim[s], however, only mere speculation of the Government's improper motivation." *Id.* There is no evidence of discriminatory motivation, let alone the "anecdotal evidence" that other courts in this district have found to be insufficient to sustain a selective prosecution claim. *See*, *e.g.*, *United States v. Padilla*, No. 21-CR-214 (JDB), 2023 WL 1964214, at *6 (D.D.C. Feb. 13, 2023) (rejecting selective prosecution claim where discriminatory motive was based on "national trends of political protest" and allegations of "systemic partisan political motivation within the FBI and the Justice Department as a whole which is focused on Donald Trump and his January 6 supporters"). And the Government points out that it has prosecuted other individuals who have engaged in similar conduct to Defendant and who have similar backgrounds. *See* Gov't's Resp. Def.'s Mot. to Dismiss at 4 n.1.

Defendant does not satisfy either prong of the standard for a selective prosecution claim. Additionally, Defendant has not put forth "some evidence tending to show the existence of the essential elements" of a selective-prosecution challenge, such that he would be entitled to discovery. *Armstrong*, 517 U.S. at 468. Accordingly, the Court denies Defendant's motion to dismiss and Defendant's request for discovery on selective prosecution.

## II.    Motion for a Bill of Particulars, ECF No. 227

Defendant also moves the Court to compel the Government to provide a bill of particulars with respect to the charges against him. *See* Mot. for Bill of Particulars, ECF No. 227. Under Federal Rule of Criminal Procedure 7(f), "[t]he [C]ourt may direct the government to file a bill of particulars." Fed. R. Crim P. 7(f). "A bill of particulars is a formal written statement by the

government that provides details of the charges in the indictment." *United States v. Warnagiris*, No. 21-CR-00382 (PLF), 2023 WL 6926491, at *13 (D.D.C. Oct. 19, 2023). "Defendants may request additional information through a bill of particulars to ensure that the charges brought against [them] are stated with enough precision to allow [them] to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *Id.* (quotation marks and citation omitted) (alterations in original).

Requests for bills of particulars are "far from routine," and "it is within the discretion of the trial court to determine whether a bill of particulars should be provided, and the court should grant a motion for a bill of particulars to the extent it believes it is <u>necessary</u> to allow the defendants to adequately prepare for and avoid surprise at trial." *Id.* at *13 (citations omitted). When ruling on a motion for a bill of particulars, the Court must "strike a prudent balance between the legitimate interests of the government and the defendant." *Id.* at *14 (quotation marks and citation omitted). "Specifically, courts account for the government's need to avoid prematurely disclosing evidentiary matters to the extent that it will be unduly confined in presenting its evidence at trial." *Id.* (quotation marks and citation omitted). "Unlike a Rule 12 motion, the [C]ourt may look beyond the indictment to determine, in its discretion, whether to direct the Government to file a bill of particulars." *United States v. Mostofsky*, No. 21-CR-138 (JEB), 2021 WL 3168501, at *1 (D.D.C. July 27, 2021). "If the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is generally not justified." *Id.* (cleaned up).

Pope argues that the charges in the superseding indictment, "lack specific detail" and he requests clarification on which of his actions the Government contends were unlawful. *See* Mot. for Bill of Particulars at 2. The Government opposes Pope's motion, arguing that a bill of

particulars is not a discovery tool allowing Defendant a preview of the Government's theories.
*See* Gov't's Opp. to Def.'s Mot. for a Bill of Particulars ("Gov't's Opp.") at 6, ECF No. 232.
The Government also argues that Pope has been informed of the particulars of the charges
against him through other documents and proceedings in his case, as well as the proceeding in
his former co-defendant's case. *Id.*

*a)   Count 1*

Count 1 charges Defendant with civil disorder in violation of 18 U.S.C. § 231(a)(3).  *See*
First Superseding Indictment at 2, ECF No. 46.  In relation to that count, Pope would like clarity
on which officer or officers the Government alleges he took actions against, what those actions
were, what duty those officers were engaging in, when a civil order began and ended, which of
his actions affected interstate commerce or the conduct of any federally protected function, and
"what constitutes a federally protected function."  Mot. at 2–4.

Much of the clarifying information that Pope seeks is already "available in some other
form."  *Mostofsky*, 2021 WL 3168501, at *1 (citation omitted).  Unlike in other cases involving
January 6 defendants who have sought a bill of particulars, Defendant is in a unique position
because the Government has already tried its case against his former co-defendant, Michael
Pope.  *See generally United States v. Michael Pope*, No. 21-cr-00128-RC-2.  Michael Pope's
trial trod essentially the same ground that the Government can be expected to cover in its
upcoming trial against Defendant, William Pope, because Michael Pope and Defendant were
interacting during the time both entered the Capitol Grounds and Building and were charged with
related and similar conduct.  *See generally* First Superseding Indictment; *see also* Gov't's Opp.
at 9 (explaining that "William Pope has been able to observe the proceedings and outcome of his
brother's case in front of this court" and stating that "[t]he facts and allegations of that

6

proceeding are nearly identical to his own").  Indeed, the Government initially charged Michael

Pope and Defendant in one indictment and each count named both Michael and William Pope.[2]

*See* First Superseding Indictment.  The Government has essentially explained that it intends to

pursue the same arguments and rely on similar facts in William Pope's case as it did in Michael

Pope's case.  *See* Gov't Opp. at 9.  Therefore, Defendant can review the arguments, statements,

and evidence presented in the Government's case against Michael Pope to answer many of his

questions—such as what officers he is alleged to have impeded, how he impeded them, the

officers' duties, and the duration of the civil disorder.  In other words, the Government "is hardly

hiding the ball here."  *Mostofsky*, 2021 WL 3168501, at *2.

Moreover, the Government has produced robust discovery in Defendant's case and

provided a Statement of Facts with its initially filed criminal complaint.[3]  *Id.* at *1 ("[I]f the

deficiency can be 'cured' by 'discovery,' then a bill of particulars is not warranted."); *see also*

Statement of Facts, ECF No. 1-1.  Given the materials available to him, "Defendant has all of the

particulars pertaining to these questions at his disposal and is fully capable of 'conducting his

own investigation.'"  *Mostofsky*, 2021 WL 3168501, at *2 (citation omitted).  And "it is not the

Government's duty to explain its theories to him."  *Id.*  Additionally, Defendant's question about

what constitutes a federally protected function is not the type of question that requires a bill of

particulars; it is ultimately a legal question, rather than an attempt to "understand the charges,"

---

[2] The Government subsequently charged Michael Pope in a second superseding indictment, which dropped several charges.  *See Michael Pope*, No. 21-cr-00128-RC-2, ECF No. 156.

[3] The Government also explains that it has provided Defendant with a plea offer that included a statement of offense explaining the specific allegations the Government believes would constitute the offenses in the superseding indictment.  *See* Gov't Opp. at 8.  However, the Court does not have that statement of offense before it.

which is not "the role of a bill of particulars."  *Id.* at *3.  Accordingly, Defendant's motion is denied with respect to Count 1.

### b)  Count 2

The same reasoning pertains to the clarifications Defendant seeks respecting Count 2, which charges Pope with obstruction of an official proceeding in violation of 18 U.S.C § 1512(c)(2).  *See* First Superseding Indictment at 2.  Defendant seeks to know which of his actions "corruptly obstructed, influenced, and impeded an official proceeding," "[w]hat the government considers to be the threshold of 'corrupt'," and "[w]hen the government alleges the proceeding to have officially been obstructed."  *See* Mot. for Bill of Particulars at 3.  As explained above, Defendant's brother, Michael Pope, was also charged with violating § 1512(c)(2) based on conduct very similar to and related to Defendant's own conduct.  The Government's arguments and evidence in Michael Pope's trial laid out for Defendant William Pope all of the particulars he could need about the charge against him in Count 2.  The robust discovery in this case and the Statement of Facts provided to Defendant can provide further clarity on the particulars of the actions for which the Government is charging Defendant. Moreover, Defendant's question about the threshold of the term "corrupt" is a legal question and not the type of question the Government is bound to provide an answer to in a bill of particulars. *See Mostofsky*, 2021 WL 3168501, at *3.  Accordingly, Defendant's motion is denied with respect to Count 2.

### c)  Counts 4 & 6

The same reasoning also pertains to Counts 4 and 6, which charge Pope with disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2) and disorderly conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D),

respectively.  *See* First Superseding Indictment at 3.  Defendant seeks additional information on which of his actions the Government intends to focus on, how the Government plans to demonstrate his intent, and what government functions or Congressional sessions he impeded, disrupted, or disturbed.  *See* Mot. for Bill of Particulars at 3–4.

Michael Pope's trial involved both a 18 U.S.C. § 1752(a)(2) and a 40 U.S.C. § 5104(e)(2)(D) charge.  From the evidence and arguments presented at that trial, Defendant can find the details on which he seeks clarification.  Additionally, as explained above, Defendant has been provided with robust discovery and a Statement of Facts that describes with particularity the allegations the Government intends to make against him.  Together with the more specific evidence presented at Michael Pope's trial, Defendant has all the information he needs to be able to understand the particulars of the charges leveled against him by the Government and what allegations the Government intends to make against him.  As explained above, "it is not the Government's duty to explain its theories to him."  *Mostofsky*, 2021 WL 3168501, at *2.

Additionally, as Defendant requested regarding Counts 1 and 2, Defendant also seeks answers from the Government about certain legal questions such as what the standard for orderly government conduct is and what the threshold is for disorderly or disruptive conduct in a Capitol building.  As explained above, a bill of particulars is not a vehicle that can be used to compel the Government to answer questions about the Government's legal theories and statutory interpretation.  The Government "need not clarify its legal position at this juncture" because "the role of a bill of particulars" is to explain the specifics of the factual allegations against the defendant, not apprise the defendant of the prosecution's legal theories.  *Id.*; Fed. R. Crim. P. 7(c)(1) (An indictment need only allege "the essential facts constituting the offense charged.").  The Court will therefore deny Pope's motion with respect to Counts 4 and 6.

* * *

The analysis is different regarding Defendant's request for a bill of particulars on Counts

3, 5, 7, and 8.  This is so because Defendant is not able to examine his brother's trial to

determine the particulars of the Government's allegations respecting these counts because

Michael Pope pleaded guilty to the charges in Counts 3 and 8, *see* Min Order (December 13,

2023), *Michael Pope*, 21-cr-00128-RC-2, and the Government dropped Counts 5 and 7 in its

Second Superseding Indictment against Michael Pope, *Compare* Second Superseding

Indictment, ECF No. 156, *Michael Pope*, No. 21-cr-00128-RC-2 with First Superseding

Indictment.

### d)   Count 3

Count 3 charges Defendant with entering and remaining in a restricted building or ground

and thereby violating 18 U.S.C. § 1752(a)(1).  *See* First Superseding indictment at 2.  In relation

to this Count, Defendant seeks additional information on what constitutes lawful authority,

"where it was 'posted' on the grounds that the vice President was present,"[4] and "[h]ow it is

unlawful to remain in a building when an officer shuts the doors and tells you to stay in the

building."  Mot. for Bill of Particulars at 3.  The Government is not obligated to provide

Defendant with this information.  As previously discussed, legal questions—such as what

constitutes lawful authority—are not the type of questions a bill of particulars can be used to

---

[4] The Court observes that it has previously held that the Government need not show that a defendant had knowledge of the Vice President's presence to prove a 18 U.S.C. § 1752(a)(1) charge.  *See United States v. Rhine*, No. 21-cr-687, ECF No. 104, at 4 (D.D.C. Apr. 24, 2023) ("Upon review, the Court found that § 1752(a)(1) does not require knowledge that a Secret Service protectee was in or planning to be in the restricted area").  The Court recognizes that judges in this district have split on this issue.  *See U.S. v. Easterday*, No. 22-cr-404, 2024 WL 1513527, at *10 (D.D.C. Apr. 8, 2024) (comparing cases).  That issue is currently before the D.C. Circuit in the case of *United States v. Griffin*, No. 23-3042 (oral argument held December 4, 2023).

answer.  Separately, the Government need not provide Defendant with information on where it was posted that the grounds were restricted or "[h]ow it is unlawful to remain in a building when an officer shuts the doors and tells you to stay in the building," *id.* at 3, because the Government is not required to conduct an investigation on Defendant's behalf or explain its legal theories. Count 3 of the First Superseding Indictment is clear with respect to the charges against Defendant, he "is fully capable of 'conducting his own investigation,'" *Mostofsky*, 2021 WL 3168501, at *2, and the Government need not provide additional information on this count. Accordingly, the Court will deny Pope's motion as to Count 3.

*e)  Count 5*

Count 5 charges Defendant with impeding ingress and egress in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(3).  *See* First Superseding Indictment at 3. Defendant seeks clarification on what the standard is for orderly government conduct, how the Government intends to demonstrate Defendant's intent to the impede the orderly conduct of government business, whose ingress or egress he impeded, and which of his actions impeded ingress or egress in a restricted building or grounds.  *See* Mot. for Bill of Particulars at 3.

Although Defendant has access to robust discovery as well as to the Statement of Facts, the Court agrees that Defendant is owed additional detail on which of his actions obstructed or impeded ingress or egress in a restricted building or grounds.  The indictment does not provide any detail about which specific act or acts constitute obstructing or impeding ingress or egress. And as stated in the Statement of Facts attached to the initial complaint, Defendant was located both outside and inside different parts of the Capitol—including on the East Front, in the hallway outside the Speaker of the House's offices, in Statuary Hall, and inside the Senate Carriage Doors entrance—at different times on January 6.  The First Superseding Indictment and

Statement of Facts lack any detail on what act or acts in any of these locations constituted obstructing or impeding ingress or egress in a restricted building or ground.  That lack of detail will make it difficult or impossible for Pope to determine prior to the trial which act or acts constitutes the charged offense.  And Defendant's guilt "may well depend on what the charged 'act' is," *Mostofsky*, 2021 WL 3168501, at *3, because Defendant may be able to rebut or muster a defense for some of his actions but not others.  If "[Defendant] cannot adequately 'prepare a defense' without this information, the Government must reveal what 'act' Defendant took that allegedly falls under" 18 U.S.C. § 1752(a)(3).  *Id.* (citation omitted); *Warnagiris*, 2023 WL 6926491, at *13 (explaining that purpose of a bill of particulars is "to allow the defendants to adequately prepare for and avoid surprise at trial").  Once Defendant has that information, he can use it in conjunction with the discovery provided by the Government to determine whether he obstructed the ingress or egress of any specific individual.

On the other hand, the Government need not provide additional information on what the standard is for orderly government conduct because that is a legal question.  *Mostofsky*, 2021 WL 3168501, at *3.  Nor must the Government answer how it intends to prove Defendant's intent.  As explained previously, the Government is under no obligation to reveal its legal theories and strategy.  Accordingly, the Court will grant in part and deny in part Defendant's motion with respect to Count 5.

### f)   *Counts 7 & 8*

Counts 7 and 8 charge Defendant with impeding passage through the Capitol Ground or Building in violation of 40 U.S.C. § 5104(e)(2)(E) and parading, demonstrating, or picketing in violation of 40 U.S.C. § 5104(e)(2)(G), respectively.  *See* First Superseding Indictment at 4. Defendant seeks additional details on what the standard of "knowing" entails, what passages

through the Capitol Buildings or Grounds he is alleged to have impeded or obstructed, what individual's passage he obstructed and impeded and where that individual was coming from and going, what actions of his caused an impediment, what actions of his are alleged to have been "parading, demonstrating and picketing," and what the threshold for "parading, demonstrating, and picketing" is. *See* Mot. for Bill of Particulars at 3–4.

Defendant's questions about the standard for the "knowing" mens rea and the threshold for "parading, demonstrating, and picketing" are legal questions and thus beyond the scope of a bill of particulars. *See Mostofsky*, 2021 WL 3168501, at *3. But some of Defendant's other questions relate to the specific acts he is alleged to have committed and are therefore the type of clarification questions that a bill of particulars can be used to provide answers on.

Although Count 7 charges Defendant with obstructing and impeding passages through and within the Capitol Grounds or Building, the First Superseding Indictment does not specify which passages he impeded or obstructed. As explained above, Defendant is alleged to have traversed a relatively large area of the Capitol Building and Grounds on January 6. And it is plausible that Count 7 refers to any number of passages in the Capitol Building or Grounds. Without knowing where the obstruction or impediment is alleged to have occurred, Defendant will be hard pressed to prepare his defense. Accordingly, the Court determines that such information "is necessary to allow [] [D]efendant[] to adequately prepare for and avoid surprise at trial." *Warnagiris*, 2023 WL 6926491, at *13. After he is provided with that information, Pope will be able to answer his other factual questions respecting Count 7.

Similarly, while Count 8 charges Defendant with parading, demonstrating, and picketing in any Capitol Building, the indictment does not provide any detail about which of Defendant's actions constituted parading, demonstrating, and picketing. Because Defendant's conduct in the

Capitol Building spanned multiple areas during a relatively lengthy period of time, without an explanation as to what actions constituted the charged offense, Defendant will not be able to adequately prepare for trial.  Accordingly, the Court agrees that it is necessary to the adequate preparation of Pope's defense that the Government provide additional details on which of his actions constitute the charged offense.  Accordingly, the Court grants in part and denies in part Pope's motion with respect to Counts 7 and 8.

*  *  *

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion for Discovery or Dismissal Due to the Government's Selective Prosecution (ECF No. 178) is **DENIED.**  It is **FURTHER ORDERED** that Defendant's Motion for a Bill of Particulars (ECF No. 227) is **GRANTED IN PART** and **DENIED IN PART.**  To that end, it is hereby **ORDERED** that the Government shall provide Defendant William Pope additional details about (1) which of his actions are alleged to have impeded ingress or egress to or from any restricted building or grounds as alleged in Count 5, (2) which of his actions are alleged to have obstructed and impeded passages through and within the Grounds or any of the Capitol Buildings as alleged in Count 7, and (3) which of his actions are alleged to have constituted "parading, demonstrating and picketing" in any of the Capitol Buildings as alleged in Count 8.

**SO ORDERED**.

Dated:  May 1, 2024                                         RUDOLPH CONTRERAS
                                                                      United States District Judge