# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

## MOTION TO CLARIFY AND RECONSIDER CROSSMOTION 130

In Order No. 239, the Court partially granted a government crossmotion (ECF No. 130) to modify the protective order. The Court's ruling makes my conditions for possessing January 6 discovery more restrictive than any other January 6 defendant, including my own brother. The requirement to return all sensitive materials at the conclusion of proceedings creates a judicial law that is unequally applied to January 6 defendants, in that I alone can violate it and be punished for it. I believe this is unwarranted since I have not shared a single file subject to the protective order with anyone who is not also subject to the protective order.[1] My standby counsel also now needs clarification whether the current protective order still allows me to possess 'sensitive' files needed for trial. This order also has significant secondary consequences that the Court may not have considered, such as sensitive materials being irreversibly intertwined with my personal case notes, work product, and communications with the government and standby counsel. The order is also not clear if the requirement to return materials extends to my own phone and account data that the government has designated as sensitive and highly sensitive. It is

---

[1] In fact I am aware of January 6 defense attorneys who have filed highly sensitive FBI 302s as public exhibits, and other defendants who have leaked undercover police videos (that I sought to release through the process outline in the protective order), yet the Court has not added restrictions on these individuals similar to what I now have.

also not clear if the order applies to files that have become public that the government continues to designate as sensitive, and what arbitration process will be available if there is a dispute over the designation of a file after proceedings conclude. It is also not clear what is considered the conclusion of proceedings, so I am not sure if files need to be returned immediately after trial, or if can they be retained through the appellate process if one is needed.

To be clear, it is not my intention to warehouse government discovery unrelated to my case. I do not know the exact number of sensitive files I now possess, but believe it to be less than 500 hundred files, and many of those are from my case-specific discovery. I am not aware of a single 'highly sensitive' file that I possess that does not come from my own data, other than those that have already been publicly released in other court proceedings.[2] There are more than 8 million files in the global discovery that I DO NOT possess, so, the number of files that would be subject to the Court's order is tiny compared to the total January 6 discovery.

I am also not aware of any files in my possession that are in any significant way affecting national security. When the government is most concerned about national security or personal information, they typically use the 'highly sensitive' designation, and I am already prohibited from possessing highly sensitive files. And when the government really wants to hide Brady information, they heavily redact it[3] or do not produce it all. Essentially, this order creates significant complications for me, with no meaningful enhancement to the protections already placed on the January 6 discovery.

---

[2] My standby counsel has not given me direct access to any 'sensitive' files that she did not think was reasonably related to my case. In fact, I still have not been able to review the vast majority of discovery because the government's systems suck and my Pro Se access restrictions make it very difficult for me to review materials.

[3] For instance, the Tomasula text messages with the Proud Boys are 90 all-black pages of redactions, and the highly sensitive Guandolo 302 (that was publicly released by a defense attorney) is mostly redacted.

For instance, the Court should know that it is common for me to email the government a screenshot from a sensitive CCTV camera, and request that an officer be identified. These emails are intertwined with sensitive materials, and if I am required to give them up, I will lose personal and appellate records. There are also similar emails between myself and my standby counsel where sensitive information is in the body of the email. If I am required to turn those over to the government, it would breach my attorney-client privilege. The mere process of sorting through every email and file would also be a huge task.

Sensitive materials are also intertwined with my case notes and work product. For instance, the government produces global discovery letters and indexes that I often highlight and add notes to. I also cross-reference these files to other case notes. In some instances, the case notes that I have created on a document exceed the information that was provided by the government. Even though the government has published some of these global letters on the public docket,[4] the AUSAs tell me that I am required to treat them as sensitive materials, even those these items are not evidence. If I am required to return these files, I will lose a lot of my case notes and work product. There are also times when I referenced certain global letters or other discovery files in my court filings. Without the ability to continue possessing these items, the context of my filings will be lost. This has huge implications for the appellate process and the ability to retry my case if needed. I am highly wary of entrusting these items to an attorney, as I have tried to request early case files from my first appointed counsel, Mr. Eaton, without receiving a response, and my second court appointed counsel, Mr. English, has passed away. The only remaining records I have from those early months are what I maintained myself.

---

[4] For instance, the government filed a global discovery letter for January 6 discovery in the case of Mark Squatrito on the public docket for the D.C. Superior Court.

I therefore motion the Honorable Court to reconsider the order requiring me to return all sensitive files at the conclusion of proceedings, as this places an undue burden on me that no other January 6 defendant has.

Alternatively, I ask the Court to grant the following exceptions to the order:

- Exemption for emails, text messages, and any other communications that would deprive me of case records or breach my attorney-client privilege.
- Exemption for all case notes and work product, and incorporated files, including global production letters and discovery indexes that are used to cross-reference notes.
- Exemption for files needed to provide context for my court filings, and all files that will be needed for an appellate record, or that might be needed to prepare for retrial.
- Exemption for case-specific discovery, including all data belonging to me.
- Exemption for any other files that pertain to my defense that are unrelated to national security issues or PPI.
- Exemption for files that became public through court proceedings.
- Exemption for files that have been publicly released by Congress.
- Exemption for files obtained by means other than discovery.

These exemptions would not apply to any highly sensitive files except my own personal data, any screenshots that were previously allowed to be exchanged in communications with counsel or the government, or any files that were already public.

Should the Court not rescind the order entirely, but grant these exceptions, I would also ask the Court to clarify that the proceedings extend through the full appellate process, and to allow my standby counsel to mediate the deletion of any such files. Lastly, I would ask the Court

to clarify whether my standby counsel is still allowed to give me direct access to 'sensitive' files as had previously been done in accordance with the protective order.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on May 3, 2024.
/s/
William Alexander Pope, Pro Se