# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

### REPLY TO THE GOVERNMENT'S OPPOSITION (NO. 257) TO THE COURT'S ORDER TO GRANT PRESS PORTAL ACCESS

In ECF No. 239 at 21, the Court directed the government to provide me access to the press portal, and the Court was right in assessing that there is no reason why I "should have fewer rights than the press." However, the government has opposed the Court's order, and wishes me to access these exhibits through Relativity via my standby counsel instead (ECF No. 257). The government's proposal circumvents the intent of the Court's order, since my valid complaint has always been that I do not have direct access to Relativity, which has greatly inhibited my defense preparations.

I will emphasize the Court's point: there is absolutely no reason I should be denied access to the press portal. Under Section 11(a) of the protective order (ECF No 26), materials in the press portal that have become part of the public court record are excluded from the order, and under Section 11(c), I am allowed to obtain these materials by means other than discovery.

However, the government insists that the press portal is not governed by the protective order, but Standing Order 21-28, which requires an application for relief from the Court. This

standing order makes clear that it is within the power of any District Court Judge to grant access to the press portal, so the government seems to be nitpicking. However, to please the government, I am submitting Exhibit 1, which is an application for relief. Since I am a journalist, I should have the same access to the portal that other members of the press have.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on May 7, 2024.
/s/
William Alexander Pope, Pro Se