UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-128 (RC) |
| | : | |
| WILLIAM POPE, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR EARLY DISCLOSURE OF MATERIALS AND
CROSS MOTION FOR DISCLOSURE OF WITNESS LISTS

The United States of America hereby responds to the defendant's motion for early disclosure of *Brady*, *Giglio*, Jencks Act and Rule 404 material (ECF 249) and submits this motion for the disclosure of witness lists by both parties in connection with the Joint Pretrial Statement, *see* ECF 240 at 1-2.

I. Motion for Early Disclosure

In his motion, the defendant requests an accelerated deadline for the pre-trial disclosure of *Brady*, *Giglio*, Jenks Act, and Rule 404 material on June 28, 2024, slightly more than three weeks before trial is scheduled to commence. The government has been making discovery productions to the defendant, including *Brady* and *Giglio* materials, since shortly after his arrest in February 2021 and will continue to fulfill its obligations.

In this case, a trial has already been conducted regarding the defendant's brother and co- defendant, Michael Pope, involving similar conduct and the same locations as the defendant's trial is expected to. The government expects that several of the witnesses who testified at Michael Pope's trial will also testify at the defendant's trial. Michael Pope's trial occurred four months ago and transcripts of the witnesses' testimony (and the rest of the trial) are publicly available Thus, the government submits that the disclosure of Jencks Act and *Giglio* material two weeks in

advance of trial (to the extent that such materials have not already been shared) is more than sufficient for the defendant to be able to examine the materials and prepare to use them at trial. However, as a courtesy to the defendant, the government will make available the materials that were provided to Michael Pope's counsel in advance of each witness's testimony at Michael Pope's trial on an accelerated basis.

## II.     Cross Motion for Disclosure of Witness Lists

The government moves for the Court to amend its Pretrial Order (ECF 240) to include a requirement that both parties provide a list of non-expert witnesses they intend to call at trial. Although Rule 16 does not mandate such a disclosure, the government submits that, in this case, such a requirement would "provide for the just determination of [this] criminal proceeding, . . . secure simplicity in procedure and fairness in administration, and . . . eliminate unjustifiable expense and delay."   Fed. R. Crim. P. 2.   Here, the defendant has submitted a document setting forth approximately 200 law enforcement officers whom he believes are potential "material witnesses" in his case.   ECF 262.   To date, the government has identified thirteen of them.[1]   The defendant has also repeatedly sought discovery regarding various individuals on the Capitol grounds, despite his failure to demonstrate that he interacted with these individuals or that these individuals would have had a perspective similar to his own.   *See, e.g.,* ECF 139, 212, 252.   Thus, the government anticipates that defendant may seek to call witnesses whose testimony, in whole or in part, it would seek to exclude on the ground that it is irrelevant, confusing, or misleading, would cause undue delay, or would be a waste of time.   *See* Fed. R. Evid. 401, 403.   Given the potential number of witnesses whose testimony would need to be considered, the government

---

[1] Many of the images of police officers that the defendant has requested the government identify are pixelated, blurry, or depict only the back or top of officers' heads.  *See* ECF 262-1.

submits that a discussion in advance of trial, for example, at the pretrial conference on July 12, 2024, would be more efficient than addressing each witness immediately before he or she is called. Further, a ruling in advance of trial regarding the permissible contours of each witness's testimony would better enable the defendant to prepare for and present his defense. The government therefore requests that the Court order the parties to include their witness lists in the Joint Pretrial Statement to be submitted to the Court on June 28, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Benet J Kearney*
Benet J. Kearney
NY Bar No. 4774048
Kelly Elizabeth Moran
NY Bar No. 5776471
Matthew Beckwith
DC Bar No: 90014452
Assistant United States Attorneys
601 D Street NW
Washington, DC 20530
Benet.Kearney@usdoj.gov
Kelly.Moran@usdoj.gov
Matthew.Beckwith@usdoj.gov
(212) 637 2260 / (202) 740 4690 / (202) 252 7109