UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

# MOTION TO CHANGE VENUE

I move for a change of venue to the Northern District of West Virginia. Under the Fifth and Sixth Amendments, I have a right to a fair trial and an impartial jury, and pursuant to Federal Rule of Criminal Procedure 21(a), and 28 U.S. Code § 1404, I have a right to seek a new venue.

I make this motion knowing that similar motions have been denied for every January 6 defendant that has filed one thus far. The District Court has relied on *United States v. Haldeman*, 559 F. 2d 31 (D.C. Cir. 1976) as justification for denying these motions. The essence of that circuit ruling was that voir dire should be attempted prior to granting a change of venue. However, this year the D.C. Circuit is again considering the issue of venue in an appeal brought by defendant Thomas Webster (22-3064). Judge Tom Hogan also recently assessed that jury bias has become an increasing problem in January 6 cases.[1] Liberal attorney Marc Elias recently surmised in a tweet that D.C. was a tough jury pool for January 6 defendant Donald Trump (Figure 1). Currently there is more than a 99% conviction rate in January 6 jury trials. Perhaps the greatest vote of no confidence in the voir dire process is the fact that hundreds of defendants

---

[1] Judge Tom Hogan speaking at Georgetown Law: https://twitter.com/julie_kelly2/status/1778140160514838695

have filed to move their trial out of district because they do not believe they can get a fair trial in Washington. Many others take bad plea deals because they believe the jury pool is hopeless. Some feel forced to give up their constitutional right to a trial by jury, thinking it better to put the verdict into the hands of a single judge who can be held accountable for all decisions they make, rather than with twelve D.C. residents who cannot be held accountable.

I do not wish to give up my right to a trial by jury, but I also do not believe I can get a fair jury in Washington D.C.

I look at this from an academic perspective. If I were doing a political science survey, and I could only sample from residents of D.C., I would not be getting a balanced cross-section of America. My survey pool would consist of 92.1% of Biden voters, and 5.4% of Trump voters if all remained equal from the 2020 election. And an enormous percentage of my survey pool would be federal employees or contractors. Even if I tried to 'cure' my sample by asking individuals if they could be fair and put aside their biases, the results of any survey done would still be affected by subconscious bias or by any respondents who were not honest about their bias. The results would skew more to the left, and more negative towards January 6 defendants than the country as a whole. Since D.C. has a more monolithic perspective towards January 6 defendants than almost anywhere else in the country, you cannot make a credible academic sample, let alone realistically expect to select a fair jury even with extensive voir dire.

Google trends and social media analytics show that the District of Columbia consumes more information about January 6, and talks more about January 6, than any other part of the country.[2] Kansans search for 'January 6' only 26% as much as D.C. residents do. Residents of West Virginia search for 'January 6' only 23% as much as D.C. residents.

---

[2] See Google trends for 'January 6': https://trends.google.com/trends/explore?date=2021-01-06%202024-05-12&geo=US&q=january%206&hl=en

With the Northern District of West Virginia within a short drive of Washington, D.C., a change in venue to West Virginia would greatly increase the likelihood of a fair trial, while adding only minimal travel time for witnesses.



*Figure 1: Google trends data shows that District of Columbia residents have consumed more than twice as much information about January 6, than any other part of the country.*



*Figure 2: In a now deleted tweet, liberal attorney Marc Elias surmised that the Washington D.C. jury pool is not favorable to January 6 defendants. Those who voted for Trump in a recent primary represent less than 1/1000th of the D.C. population.*

**The Limitations of Voir Dire**

As the Court will recall, I motioned in ECF No. 92 to postpone our April 3, 2022, hearing because I was summoned for jury duty in Shawnee County District Court, which created a conflict in dates. I noted in my filing that, "If selected for jury service, I believe the experience could enhance my understanding of court processes and prove to be a useful perspective as I continue to defend myself against the government's accusations."

I was drawn to participate in voir dire for the murder case of Jeffrey James Exon, who was accused of locking his children in their rooms for several days at a time without food. The case had not before then come to my attention because Exon's daughter Aurora died on January 5, 2021, and in the aftermath of January 6, I was just beginning my legal battle.

During voir dire, attorneys for the defense and prosecution made it clear that the trial would involve the death of a child and that Mr. Exon was facing murder and child endangerment charges. An incredible number of prospective jurors opted out because the case involved a child's death, and they did not believe they could fairly consider the facts of the case.

I, however, resolved to be fair because given my experience as a January 6 defendant, I have come to greatly value the importance of a fair process. I mentally prepared myself to, if selected, only judge the facts and to give fair consideration to the arguments made by both the prosecution and the defense. And though the defendant was accused of alarming crimes, I respected Mr. Exon's right to the presumption of innocence, which he was entitled to.

Ultimately, I made it through the initial voir dire, but was struck by either the defense or the prosecution. All of us who had made it that far had told the Court that we would be fair and unbiased. However, after the final jury panel was announced, a lady sitting near me who had

been selected to the jury (and who had previously commented that she hoped she would be selected), remarked to those of us nearby (including another selected juror) that going into the trial, before even hearing the facts of the case, she believed Exon was guilty and that it would be difficult for her to find him not guilty.

It was not pretrial publicity that caused her bias, but the nature of the case. And it was not a commitment to fairness that led to her selection, but a dishonest desire to experience the power to decide the fate of an accused man. This shocked me, and I was dismayed that my own prospects for getting a fair jury were likely worse than Mr. Exons.

A few days later, on April 11, 2023, the jury convicted Jeffrey James Exon on all charges after only two hours and twenty minutes of deliberation.[3] It was a decision that was almost as immediate and thoughtless as those in many January 6 cases. Perhaps Mr. Exon deserved this verdict, but voir dire failed to eliminate at least one juror who believed him guilty before the facts were presented in court. This tainted juror deprived Mr. Exon of his Sixth Amendment right to an impartial jury, and his Fifth Amendment right to a fair trial. I believe this is also happening in January 6 cases despite the best efforts of the Court to screen juror bias through voir dire.

The limitations of voir dire are human bias and honesty. While voir dire may eliminate those who are most honest about their predispositions towards the accused, voir dire is blind to those who keep their biases secret because they are ashamed to disclose them, or they are simply dishonest, or they are hiding their biases from the Court because they seek the 'thrill' of serving on a jury (as I surmise was the case with the juror I observed in Shawnee County District Court).

---

[3] See: https://news.yahoo.com/jury-convicts-topekan-prosecutor-said-135737013.html

In Mr. Exon's trial, the very nature of the allegations biased the jury against him, and despite several panels of prospective jurors and extensive voir dire, at least one biased juror made it through to decide Mr. Exon's fate, and that juror potentially influenced others.

In the January 6 cases, the cumulative publicity and the political nature of D.C. and these trials has created a bias that is almost impossible for a defendant to overcome. The fact that hundreds of January 6 defendants have filed change of venue motions conveys to the Court the overwhelming perception is that no defendant can get a fair trial in Washington. Among the change of venue motions I have reviewed, it strikes me that even the D.C. Public Defender, and local D.C. attorneys do not believe a D.C. jury will be fair to their clients.

**A Partial List of Change of Venue Motions Filed in January 6 Case**

To convey the staggering and cumulative vote of no confidence that January 6 defendants and their attorneys have conveyed to the D.C. Court regarding the Court's ability to select a fair jury from the D.C. jury pool, I am including a partial list of change of venue motions filed thus far. There are hundreds more, but I have only had time to review these.

- U.S. v. Douglas Jensen, 21-cr-00006, Document 64
- U.S. v. Joshua Priott, 21-cr-00023-TJK, Document 53
- U.S. v. Robert Gieswein, 21-cr-00024-EGS, Document 64
- U.S. v. Christopher Michael Alberts, 21-cr-00026, Document 86
- U.S. v. Guy Wesley Reffitt, 21-cr-00032-DLF, Document 37
- U.S. v. Jack Wade Whitton, 21-cr-00035, RC, Document 200
- U.S. v. Timothy Louis Hale-Cusanelli, 21-cr-00037-TNM, Document 66
- U.S. v. Richard Barnett, 21-cr-00038-CRC, Document 81
- U.S. v. David Judd, 21-cr-00040-TNM, Documents 257 and 265

- U.S. v. Federico Guillermo Klein, 21-cr-00040-TNM, Document 309
- U.S. v. Patrick McCaughey, 21-cr-00040-TNM, Document 260
- U.S. v. Tristan Chandler Stevens, 21-cr-00040-TNM, Document 262
- U.S. v. Mongomery, Knowlton, and Wilson, 21-cr-00046-RDM, Document 153
- U.S. v. Jenny Louise Cudd, et. al., 21-cr-00068-TNM, Document 27
- U.S. v. Melody Steele Smith, 21-00077-RDM, Document 34
- U.S. v. John Sullivan, 21-cr-00078-RCL, Document 84
- U.S. v. John Strand, 21-cr-00085-CRC, Document 79
- U.S. v. Isaac Sturgeon, 21-cr-00091-RCL, Document 82
- U.S. v. William McCall Calhoun, 21-cr-00116-DLF, Document 99
- U.S. v. Alex Kirk Harkrider, 21-cr-00117-TFH, Documents 92 and 163
- U.S. v. Ryan Nichols, 21-cr-00117-TFH, Documents 135 and 157
- U.S. v. Vitali Gossjankowski, 21-cr-00123-PLF, Document 71
- U.S. v. Joshua Matthew Black, 21-cr-00127-ABJ, Document 65
- U.S. v. Gabriel Garcia, 21-cr-00129-ABJ, Documents 65 and 71
- U.S. v. Larry Brock, 21-cr-140-JDB, Document 47
- U.S. v. Kyle Fitzsimons, 21-cr-00158-RC, Document 47
- U.S. v. Nordean, 21-cr-00175-TJK, Docs 349, 351, 384, 406, 426, 518, 582, and 583
- U.S. v. Daniel Egtvedt, 21-cr-00177-CRC, Document 63
- U.S. v. Peter J. Schwartz, 21-cr-00178-APM, Document 118
- U.S. v. Jeffrey Brown, 21-cr-178-APM, Document 123
- U.S. v. James Allen Mels, 21-cr-00184-BAH, Document 42
- U.S. v. David Allen Blair, 21-cr-00186-CRC, Document 42

- U.S. v. Deborah and Salvador Sandoval, 21-cr-00195-TFH, Documents 45 and 46
- U.S. v. Alexander Sheppard, 21-cr-00203-JDB, Document 38
- U.S. v. Matthew Bledsoe, 21-cr-00204-BAH, Document 190
- U.S. v. Thomas Webster, 21-cr-00208-APM, Document 49
- U.S. v. Jared Adams, 21-cr-00212-ABJ, Document 49
- U.S. v. George Pierre Tanios, 21-cr-00222-TFH, Document 56
- U.S. v. Matthew Mark Wood, 21-cr-00223-APM, Document 31
- U.S. v. Joseph W. Fischer, 21-cr-00234-CJN, Document 55
- U.S. v. Anthony Griffith, 21-cr-00244-CKK, Document 90
- U.S. v. Shane Jenkins, 21-cr-00245-APM, Document 47
- U.S. v. Russell Dean Alford, 21-cr-00263-TSC, Document 40
- U.S. v. Jeffrey McKellop, 21-cr-00268-CJN, Document 53
- U.S. v. Clifford Mackrell, 21-cr-00276-CKK, Document 53
- U.S. v. Ethan Seitz, 21-cr-00279-DLF, Document 44
- U.S. v. Deborah Lee, 21-cr-00303-ABJ, Document 71
- U.S. v. Sara Carpenter, 21-cr-00305-JEB, Document 58
- U.S. v. Luke Russell Coffee, 21-cr-00327-RC, Document 62
- U.S. v. Thomas B. Adams, 21-cr-00354-APM, Document 38
- U.S. v. Mark & Jalise Middleton, 21-cr-00367-RDM, Documents 70 and 71
- U.S. v. Logan Grover, 21-cr-00374-APM, Document 40
- U.S. v. Anthony Williams, 21-cr-00377-BAH, Document 40
- U.S. v. Eric Douglas Clark, 21-mj-ZMF, Document 49
- U.S. v. Stewart Parks, 21-cr-00411-APM, Document 70

- U.S. v. Eric Bochene, 21-cr-00418-RDM, Document 24
- U.S. v. Joshua Christopher Doolin, et al., 21-cr-00447-CJN, Document 110
- U.S. v. Sean McHugh, 21-cr-00453-JDB, Document 55
- U.S. v. Noah Bacon, 21-cr-00488-CRC, Document 50
- U.S. v. Anthony Antonio, 21-cr-00497-ABJ, Document 43
- U.S. v. Isaac Yoder, 21-cr-00505-RCL, Document 43
- U.S. v. Landon Bryce Mitchell, 21-cr-00508-BAH, Document 49
- U.S. v. Luke Wessley Bender, 21-cr-00508-BAH, Document 64
- U.S. v. Antony Vo, 21-cr-00509-TSC, Document 28
- U.S. v. Karol and Agnieszka Chwiesiuk, 21-cr-00536-ACR, Document 60
- U.S. v. Paul Johnson, 21-cr-00537-JMC, Document 203
- U.S. v. Kenneth Thomas, 21-cr-00552-DLF, Document 46
- U.S. v. Victoria White, 21-cr-00563-JDB, Document 58
- U.S. v. Lesperance et. al., 21-cr-00575-JDB, Document 46
- U.S. v. Thomas Harlen Smith, 21-cr-00599-RBW, Document 67
- U.S. v. Riley June Williams, 21-cr-00618-ABJ, Document 38
- U.S. v. Erik Herrera, 21-cr-00619-BAH, Document 36
- U.S. v. Kirstyn Niemela, 21-cr-00623-CRC, Document 65
- U.S. v. Derek Cooper Gunby, 21-cr-00626-PLF, Document 36
- U.S. v. Michael Oliveras, 21-cr-738-BAH, Document 52
- U.S. v. Darrell Neely, 21-cr-00642-JDB, Document 28
- U.S. v. Robert Wayne Dennis, 21-cr-00679-JEB, Document 26
- U.S. v. David Charles Thine, 21-cr-00687-RC, Document 42

- U.S. v. Phillip Sean Grillo, 21-cr-00690-RCL, Document 45

- U.S. v. Christian Matthew Manley, 21-cr-00691-TSC, Document 27

- U.S. v. Leo Kelly, 21-cr-00708-RCL, Document 48

- U.S. v. Cynthia Ballenger and Christopher Price, 21-cr-719-JEB, Document 56

- U.S. v. Danean Kimberly MacAndrew, 21-cr-00730-CKK, Document 30

- U.S. v. Michael Oliveras, 21-00738-BAH, Document 36

- U.S. v. Brent John Holdridge, 21-cr-00729-RBW, Document 38

- U.S. v. Meggs, et al., 22-cr-00015-APM, Documents 93, 193, 194, 273, 339, 362, 654

- U.S. v. Jolene Eicher, 22-cr-00038-CKK, Document 31

- U.S. v. Vincent Gillespie, 22-cr-00060-BAH, Document 30

- U.S. v. Jake Maxwell, 22-cr-00099-RJL, Document 48

- U.S. v. Jacob L. Zerkle, 22-cr-00100-RBW, Document 26

- U.S. v. Barry Bennet Ramey, 22-cr-00184-DLF, Document 33

- U.S. v. Yvonne St. Cyr, 22-cr-00185-JDB, Document 50

- U.S. v. Ralph Joseph Celentano, 22-cr-00186-TJK, Document 20

- U.S. v. Timothy Williams, 22-cr-00265-RC, Document 46

**Summary of Motion for Venue Change**

I hereby move the Honorable Court to grant a change of venue to the Northern District of West Virginia. In addition to the arguments made above, I move to also adopt the arguments from the change of venue motion filed by defendants Patrick Montgomery, Brady Knowlton, and Gary Wilson in 21-cr-00046-RDM, Document 153. Should these combined arguments not result in a change of venue, I move the Court to grant expanded voir dire, including permission for me to directly question prospective jurors who might judge me.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope

Pro Se Officer of the Court

Topeka, Kansas

Certificate of Service

I certify a copy of this was filed electronically for all parties of record on May 12, 2024.

/s/

William Alexander Pope, Pro Se