# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIAM ALEXANDER POPE,<br><br>                    Defendant. | Case No.: 1:21-cr-00128-RC |

## MOTION FOR DISCOVERY OF RECORDS RELATED TO THE DESTRUCTION OF BODY CAMERA RECORDINGS FROM MY ARREST AND MOTION TO SUPPRESS

I the defendant, William Pope, who am representing myself in this matter, pursuant to the due process guaranteed in the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and *Brady v. Maryland*, 373 U.S. 83 (1963), and LCrR 5.1, move for the suppression of illegally seized property, and further move the Court to order all agencies involved in my case, including Kansas law enforcement agencies who participated in my arrest, to ascertain the entire circumstance by which the bodycam recordings from my arrest were not preserved as evidence, and to permit me to inspect and copy all related records.

**Statement of Facts Pertaining to the Missing Bodycam Recordings**

- On February 12, 2021, a federal task force led by Kansas JTTF officers, Topeka Police Department Officers, and possibly other law enforcement agencies, arrested me at my home in Topeka, Kansas, and forced me to give my cell phone to them unlocked, in violation of the warrant. I also do not recall them mirandizing me during the arrest.

- On October 11, 2023, I requested copies of the bodycam recordings from my arrest from AUSA Kelly Moran. The government never responded to that request.

- On March 22, 2024, I filed a Notice of Discovery Request (ECF No. 226), requesting copies of the bodycam recordings from my arrest. The government has not responded to that request letter.

- On April 14, 2024, I filed a motion to continue the trial (ECF No. 237) due to several outstanding requests, which included the government not producing the bodycam recordings from my arrest.

- On April 29, 2024, the government opposed my motion to continue and claimed they did not have any "FBI body-worn camera footage," but made no mention of recordings from the Topeka Police Department (ECF No. 250).

- On May 6, 2024, I replied to the government's opposition explaining that the bodycam recordings would show that the warrant was improperly served and that Topeka Police Department policy guaranteed that my arrest would be recorded and all footage from my arrest preserved.

- On May 10, 2024, the government emailed me an FBI 302 date May 3, 2024, that was made by case agent Clay Chase. In that document, Agent Chase claimed that he contacted the Topeka Police Department on May 2, 2024, and found that no recordings from my arrest had been retained.

**Requested Discovery**

1. The names of all agencies that participated in my arrest.
2. The identities of all agents and officers who were on scene for my arrest.
3. A list of all officers who were wearing body cameras during my arrest.

4. A list of all officers who made body camera recordings during my arrest.

5. A list of all officers who failed to follow TPD bodycam policy during my arrest.

6. All chain of custody documentation related to recordings from my arrest.

7. Any audio or video recordings from my arrest that can be retrieved or salvaged.

8. The TPD bodycam policy that was in effect on the date of my arrest.

9. The TPD bodycam policy that was in effect on the date the recordings were deleted.

10. A description of how the recordings for my arrest were classified for preservation.

11. The exact date that the recordings for my arrest were deleted.

12. Information on whether the recordings were deleted on a retention schedule or by request.

13. All information and dates related to any parties who requested the recordings be deleted, including whether the DOJ or FBI requested the recordings be deleted.

14. All information related to any justification given for deleting the recordings.

15. Why the recordings were not preserved in accordance with the Rules of Evidence, TPD policy, and the Kansas Public Records Act.

16. All DOJ, FBI, and JTTF communications pertaining to recordings from my arrest.

17. All TPD communications pertaining to bodycam recordings from my arrest.

18. All information regarding whether recordings were retained by other agencies or Axon.

19. Sworn statements from all arresting officers, records retention authorities, case agents, and prosecutors pertaining to why this evidence was not retained and produced.

**Relevance to My Case**

The bodycam recordings from my arrest would have recorded all details pertaining to the constitutionality of my arrest and the seizure or my property. The arresting officers in my case violated the conditions of the warrant by forcing me to give them my phone unlocked, when they

were required to tell me that turning over my phone with the device unlocked was voluntary. The officers who did this were also the officers who had previously interviewed me, and who had prepared much of the early discovery in my case. Therefore, these recordings contained information needed for motions to suppress and motions in limine, and for impeachment.

Since there is no comparable evidence that could replace the impeachment and suppression value of these bodycam recordings, the Court should compel the collection of all materials related to the destruction of this evidence, and whether the evidence was destroyed intentionally or in gross negligence and disregard for my discovery request. The circumstances surrounding the failure to preserve this evidence are relevant since they will pertain to whether this case should be dismissed, and whether my phone data should be suppressed and whether the testimony of TFOs involved in my arrest and discovery they created should be excluded.

I therefore move the Court to compel this requested information to be produced, and to suppress the contents of my illegally seized phone. I further move the Court to suppress the testimony of the JTTF Task Force Officers who seized my phone and interviewed me, since the loss of these bodycam recordings has denied me crucial impeachment material. I further move the Court to immediately order the contents of my phone to be removed from Global Discovery.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service

I certify a copy of this was filed electronically for all parties of record on May 13, 2024.

/s/

William Alexander Pope, Pro Se