# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

## MOTION TO DISMISS COUNTS THREE, FOUR, AND SIX

In ECF No. 46, the government indicted me with 18 U.S.C. Section 1752(A)(1) and (2), and Section 5104€(2)(D). I move to dismiss all of them.

I do not believe the grounds were statutorily restricted by the U.S. Secret Service, and I certainly had no intent to impede or disrupt orderly conduct. As I pointed out in ECF No. 212, not even a former FBI Liaison to Capitol Police or his clapping FBI colleague believed the grounds were restricted. In addition to this, the government is selectively enforcing this statute against those present on January 6. Previously in my life, I have been at events where the President was speaking, and I walked past bike racks, and nobody cared. For instance, at the 50th anniversary commemoration of the Brown v. Board of Education ruling, a U.S. Secret Service Agent stood and watched as I walked past bike racks to take better pictures, and he was perfectly fine with it. I was even standing right next to staff for President Bush, and just like on January 6, I was completely harmless. Furthermore, I had never seen the U.S. Capitol grounds restricted to visitors. On all previous visits to D.C., I was able to walk right up to the front of the building.

In addition to this, a suit brought by the ACLU against the State of Kansas was fresh in my mind. In July 2020, the State of Kansas settled with the ACLU, and agreed to recognize the

First Amendment right to protest inside the Capitol. See *Cole v. Goossen*, 5:19-CV-4028-HLT-ADM, District of Kansas.[1] Because of that Kansas case and a similar case brought by the ACLU in October of 2020 in my birth state of Iowa (*Johnson v. Bayens*, 20-cv-00306-RGE-CFB, Southern District of Iowa),[2] I was under the impression that it was illegal for the government to prohibit protests and other First Amendment activity in Capitols.

More than two years of my life was also spent as a tour guide in the Kansas State Capitol, and I can recall many occasions where protestors were much louder than on January 6. There was one protest for disability funding back in 2009, where thousands of people showed up from across the state, and the yelling and pounding on doors and marble was so loud and constant throughout the day that I left work with a headache. But even though I found those protestors to be annoying, I believed them to be within their rights. And those experiences working in the Kansas State Capitol made January 6 seem within the range of normal protest, since I was not aware of the significant violence that had occurred on the west front until later that night.

For these reasons, I move to dismiss counts three and four. I further move to also adopt the arguments made by defendant Darrell Neely, 21-cr-00642, in Document 30.

---

[1] A summary of the settlement between the State of Kansas and the ACLU: https://www.aclukansas.org/en/press-releases/aclu-kansas-resolves-statehouse-banner-case-secures-policy-changes

[2] The Iowa ACLU case involved BLM protestors who had been banned from the Iowa State Capitol: https://www.aclu.org/press-releases/aclu-iowa-files-lawsuit-behalf-protesters-banned-capitol

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope

Pro Se Officer of the Court

Topeka, Kansas

Certificate of Service

I certify a copy of this was filed electronically for all parties of record on May 13, 2024.

/s/

William Alexander Pope, Pro Se