# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

### REPLY TO THE GOVERNMENT'S RESPONSE (NO. 286) TO MY MOTION TO CLARIFY AND RECONSIDER

In ECF No. 253, I moved the Court to clarify and reconsider Order No. 239, which partially granted a government crossmotion, ECF No. 130. The clarification was sought because my standby counsel is now uncertain what discovery I am allowed to possess pre-trial, and what records may be kept if an appeal is needed. Further, I requested reconsideration because there are several secondary consequences to the Court's order that were likely not considered by the Court. The government falsely claimed in ECF No. 286 that these arguments were not new.

The government also falsely claimed in ECF No. 286 at 2, that I shared a file subject to the protective order. That is impossible, since I never even possessed the file in question. That was also prior to the Court clarifying the acceptable use of direct quotations, and the government cannot point to a single complaint they have against me since then.

The government also failed to identify a single file in my possession that has any relevance to national security. The only 'highly sensitive' files they have given me to possess directly, come from my own data, which belongs to me, and the Court has allowed every other January 6 defendant to continue possessing 'sensitive' files related to their case, after trial.

The bottom line is, that if this order stands unaltered, I will have the most restrictive protective order of any January 6 defendant, and I will not be able to preserve crucial case notes, communications, and work product for appeal or retrial if needed. It is impossible to transfer some of these things to my standby counsel in usable form since she does not use the same software or organizational system. And if my standby counsel passes away, God forbid, as my previous appointed counsel Mr. English has, all access to my case files might be lost.

There is no reason that I should not get the same equal treatment as my brother or hundreds of other January 6 defendants when it come to retaining case records after trial.

Lastly, the government offers to allow me discovery access through a local standby counsel. If the government is able to identify an attorney in Topeka who is willing to provide access, I will consider it. As the Court will recall, when I previously tried to find a local standby counsel, there were no Topeka attorneys who were interested. The only attorney who expressed interest was in another town, had limited availability, and the travel and time cost to me would have been extensive. That process took several months, and we now have only two months until trial. If the Court or government can quickly identify a local standby in Topeka, I will consider it.

In the meantime, I respectfully, request the Court to clarify and reconsider its ruling on ECF No. 130. Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

## Certificate of Service

I certify a copy of this was filed electronically for all parties of record on May 18, 2024.

/s/
William Alexander Pope, Pro Se