# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIAM ALEXANDER POPE,<br><br>    Defendant. | Case No.: 1:21-cr-00128-RC |

## REPLY TO GOVERNMENT OPPOSITION AND CROSSMOTION NO. 264

In ECF No. 249, I motioned the Court to set a deadline for early disclosure of Brady, Giglio, Jencks and other materials, which was made in line with standard deadlines set in other January 6 cases. Part of the reason I made this motion is because there are still several unresolved discovery issues, and it has been a continuous struggle with the government to obtain basic discovery.

Nowhere in their opposition did the government swear that their production obligations for me are identical to their obligations to my brother. Indeed, my discovery requests have been uniquely mine, and are likely very different from those made by any other January 6 defendant. Furthermore, the government did not cite a single January 6 case where an early deadline for Brady, Jencks, etc., has been denied by the Court.

I would also point out that since I am a Pro Se defendant, I am not accustomed to the pre-trial process, so it takes me more time to study and understand legal information than it does for most attorneys. Because of this, early disclosure is justified so that I will be more prepared to defend myself. Making a last-minute discovery dump on a Pro Se defendant is not justice!

**The Government's Crossmotion**

In addition to taking the unusual step of opposing early disclosure of materials they are obligated to produce; the government also took the highly unusual step of crossmotioning for early disclosure of witness lists. In their crossmotion, the government has not cited a single case, let alone January 6 case, where early disclosure of witness lists has been mandated. This is just another attempt by the government to ask the Court to weight the scales of justice against me. There should not be special rules preventing me from defending myself!

I would note that in other January 6 cases the government's knowledge of witnesses has resulted in witness intimidation. For instance, in the Proud Boys trial, MPD Lt. Shane Lamond was going to be called as a defense witness but was arrested by the government to prevent him from giving testimony. This government witness intimidation deprived not only those defendants of favorable testimony but deprived me of crucial information that was relevant to my own case.

I have also already expressed concern about disclosing my private student information and unnecessarily calling professors from my university in ECF No. 256 at 8. It's possible that we will not have a ruling in *Fischer v. United States, No. 23-5572,* until the very end of June. For this and other reasons, the trial date should be reset to a later date, but I certainly should not have to reveal my private information or these potential witnesses to the government early.

It's also clear from interview summaries produced by the government in my brother's case that the prosecutors were meeting with Capitol Police officers immediately before my brother's trial to coach or influence the officer's testimony. My goal is to call officers who have not been coached by the government to repeat the government's preferred narrative. This will be impossible if the government is allowed to have a list of officer witnesses in advance.

Furthermore, while I did provide a list of photos with approximately 200 numbered officers, part of the reason I did so was to identify which officers match the interview summaries the government has produced to me. Otherwise, there are instances where I would not know whose testimony I am defending against. Additionally, I want to identify officers who can testify without government coaching. This would be impossible if I only provided the government with a list of ten or twenty officers. While all 200 officers are relevant to the facts of my case, I will certainly not burden the Court or the jury with that much testimony. I will probably limit my witnesses to fewer officers than the government calls, unless I see a need for calling more.

However, calling any officers at all is currently impossible, since the government has only been identifying witnesses they already plan to use in trial. On page two of their crossmotion, the government stated, "to date, the government has identified thirteen of them." The government did send me an email with thirteen names at approximately the same time they filed this to PACER. However, when I emailed the government back asking if they had shown the list of officer photos to their investigative partner, the U.S. Capitol Police, the government refused to say. I estimate that at least 70% of these officers could be easily identified if Capitol Police reviews the list.

The government's delay in producing these identities prevents me from summoning witnesses, making it more impossible for me to be ready for a trial in July. Consider that the government has proposed a June 28, 2024, deadline to produce witness lists. That's just over five weeks from now. The Court should realize that I cannot even make a witness list until these possible witnesses are identified to me. Furthermore, the government has proposed to the Court a deadline of two weeks before trial (July 8) for them to produce Jencks and Giglio material. Since there may be Jencks or Giglio materials that would influence which witnesses I need to call, I

should not be required to finalize a witness list before these materials are produced, let alone before trial. The government's opposition to early production, and their crossmotion for early witness lists both prevent me from having a fair process, free from government coercion.

The Court should ask why these government attorneys are so afraid of me, a Pro Se defendant? In fact, why does the government need several prosecutors to take on a single Pro Se? Is the government too weak to beat me with equal numbers under normal rules?

The Court should see through the government's façade and deny all government attempts to create even more unfair conditions, and should grant my motion for standard, early disclosure of Brady, Jencks, Giglio, and other obligated productions.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on May 20, 2024.
/s/
William Alexander Pope, Pro Se