UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-128 (RC) |
| | : | |
| WILLIAM POPE, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' RESPONSE IN OPPOSITION
TO DEFENDANT WILLIAM POPE'S MOTIONS TO DISMISS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Response in Opposition to Defendant William Pope's ("the defendant") Motions to Dismiss Count One (ECF No. 268), Count Two (ECF No. 271), Counts Three and Four (ECF No. 278), and Count Eight (ECF No. 280).[1] The defendant raises a variety of arguments through each of these motions, but the defendant's contentions lack merit. None meet the requisite legal standard for a Motion to Dismiss and the Court should deny the Motions pertaining to Counts One through Four, Six, and Eight.

**BACKGROUND**

The defendant currently faces a six-charge First Superseding Indictment, (ECF No. 46). Defendant is facing the following charges at trial, which is scheduled to begin on January 16, 2024: Count 1 (Civil Disorder), 18 U.S.C § 231(a)(3); Count 2 (Obstruction of an Official Proceeding and Aiding and Abetting), 18 U.S.C. § 1512(c)(2) and (2); Count 3 (Entering and Remaining in a Restricted Building or Grounds), 18 U.S.C. § 1752(a)(1); Count 4 (Disorderly or Disruptive Conduct in in a Restricted Building or Grounds), 18 U.S.C. § 1752(a)(2); Count 5 (Disorderly

---

[1] ECF No. 280 is titled "Motion to Dismiss Counts Five, Seven, and Eight," but the United States previously moved to dismiss Counts Five and Seven in ECF No. 270. The government will therefore not oppose the defendant's Motion to Dismiss as it relates to Counts Five and Seven.

1

Conduct in a Capitol Building), 40 U.S.C. § 5104(e)(2)(D); and Count 6 (Parading, Demonstrating, or Picketing in a Capitol Building), 40 U.S.C. 5104(e)(2)(G).

## ARGUMENT

### I. Legal Standard

An indictment is sufficient under the Constitution and Rule 7 of the Federal Rules of Criminal Procedure if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling v. United States*, 418 U.S. 87, 117 (1974), which may be accomplished, as it is here, by "echo[ing] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). An indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976).

Rule 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added). It follows that Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the Government "has made a *full* proffer of evidence" or the parties have agreed to a "stipulated record," *United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (emphasis added)—neither of which has occurred here.

Indeed, "[i]f contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.). Criminal

2

cases have no mechanism equivalent to the civil rule for summary judgment. *See e.g.*, *United States v. Bailey*, 444 U.S. 394, 413, n.9 (1980) ("[M]otions for summary judgment are creatures of civil, not criminal trials"); *Yakou*, 428 F.3d at 246-47 ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context"); *United States v. Oseguera Gonzalez*, No. 20-CR-40 (BAH), 2020 WL 6342948 at *5 (D.D.C. Oct. 29, 2020) (collecting cases explaining that there is no summary judgment procedure in criminal cases or one that permits pretrial determination of the sufficiency of the evidence). Whether an indictment fails to state an offense because an essential element is absent calls for a legal determination.

When ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and more specifically, the language used to charge the crimes. *See e.g.*, *United States v. Bingert*, 605 F. Supp. 3d 111, 118 (D.D.C. 2022) (a motion to dismiss challenges the adequacy of an indictment on its face and the relevant inquiry is whether its allegations permit a jury to find that the crimes charged were committed); *United States v. McHugh*, 583 F. Supp. 3d 1, 26-28 (D.D.C. 2022) (a motion to dismiss involves the Court's determination of the legal sufficiency of the indictment, not the sufficiency of the evidence); *United States v. Puma*, No. 21-CR-454 (PLF), 2022 WL 823079 at *4 (D.D.C. Mar. 19, 2022) ("In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the <u>face</u> of the indictment and, more specifically, the <u>language used</u> to charge the crimes") (quoting *United States v. Sunia*, 643 F.Supp. 2d 51, 60 (D.D.C. 2009)).

## II. The Defendant's Motion to Dismiss Count One Lacks Merit and Should be Denied.

William Pope raises a series of arguments challenging the validity of both his indictment under Count One and the constitutionality of 18 U.S.C. § 231(a)(3). These arguments have been raised before multiple judges and denied each time. The Court should deny them again here.

### a. The Indictment Properly Alleges a Violation of 18 U.S.C. § 231(a)(3).

Pope misunderstands the purpose of an indictment and the low bar it must clear to satisfy the Federal Rules of Criminal Procedure and the Constitution. This Court has already considered the validity of a motion to dismiss 18 U.S.C. § 231(a)(3) from the defendant's brother, Michael Pope. *United States v. Michael Pope* 21-cr-128 (RC), January 11, 2024 Minute Order denying Motion to Dismiss Count One. That indictment was nearly identical to the defendant's indictment as the two brothers remained together for the entire day at the Capitol. To paraphrase the reasoning of the Court's denial of William Pope's Motion for a Bill of Particulars, the government's arguments in Michael Pope's trial laid out all of the arguments required. ECF No. 251 at 8 ("The Government's arguments and evidence in Michael Pope's trial laid out for Defendant William Pope all of the particulars he could need about the charge against him") The Court should once again adopt the reasoning it relied on in denying the Motion to Dismiss Count One from Michael Pope.

### b. 18 U.S.C. § 231(a)(3) Is Not Unconstitutionally Vague

William Pope is not the first to argue that § 231(a)(3), the civil disorder statute, is either unconstitutionally vague or overbroad.[2] D.C. District Court judges have previously rejected challenges to 18 U.S.C. § 231(a)(3) alleging that it was unconstitutionally vague. *See United States*

---

[2] To the extent that the Defendant's motion simply challenges the sufficiency of the evidence of his conduct, dismissing the § 231(a)(3) charge in the Indictment is not the proper remedy, and the United States should have the opportunity to present its evidence to the factfinder.

4

*v. Gillespie*, 22-cr-60 (BAH), ECF 42 at 3 ("Section 231(a)(3) provides people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits and does not encourage arbitrary and discriminatory enforcement." (quoting *Hill v. Colorado*, 530 U.S. 703, 732 (2000)) (cleaned up). At least five other judges in this district—Chief Judge Boasberg, Judge Cooper, Judge Kelly, Judge Bates, and Judge Nichols—have rejected similar challenges to Section 231. *See United States v. Mostofsky*, 21-cr-138 (JEB), ECF 88 (rejecting overbreadth challenges); *United States v. Barnett*, 21-cr-38 (CRC), ECF 138 (rejecting vagueness and overbreadth challenges); *United States v. Nordean*, 21-cr-175 (TJK), ECF 263 at 31-41 (rejecting vagueness and overbreadth challenges); *McHugh,* 21-cr-453 (JDB), ECF 51 at 28-37 (rejecting vagueness and overbreadth challenges); *United States v. Fischer*, 21-cr-234 (CJN), ECF 64 at 3-7 (rejecting vagueness and overbreadth challenges).[3]

Vagueness and overbreadth are not judged according to whether a litigant might identify a hypothetical case on the edge where application of a law might be questionable, yet the Defendant expounds a series of hypotheticals that he believes could undermine the law. In truth, a defendant must demonstrate either that the statute fails to provide sufficient notice of what conduct constitutes a violation or that the statute could be unconstitutionally applied in a significant segment of cases. *See Fischer*, 2022 WL 782413, at *3–4. The Defendant fails to meet these high bars, and this Court should deny his motion to dismiss this count.

The Defendant argues that, within the context of a violation of 18 U.S.C. § 231(a)(3), free speech could be prosecuted and that there is a vagueness issue with the statute. ECF No. 268. But

---

[3] Several courts outside this circuit have also recently rejected similar challenges to § 231. *See United States v. Phomma*, No. 20-465, 2021 WL 4199961, at *5 (D. Or. Sept. 15, 2021); *United States v. Rupert*, No. 20-cr-104 (NEB/TNL), 2021 WL 1341632, at *16–*20 (D. Minn. Jan. 6, 2021) (Report & Recommendation), *adopted*, 2021 WL 942101 (D. Minn. Mar. 12, 2021); *United States v. Pugh*, No. 1:20-cr-73-TFM, slip op. (S.D. Ala. May 13, 2021); *United States v. Wood*, No. 20-cr-56 MN, 2021 WL 3048448 (D. Del. July 20, 2021); and *United States v. Howard*, No. 21-cr-28-pp, 2021 WL 3856290 (E.D. Wis. Aug. 30, 2021).

federal legislation enjoys a presumption of constitutionality that may only be overturned "upon a plain showing that Congress has exceeded its constitutional bounds." *United States v. Morrison,* 529 U.S. 598, 607 (2000). Ultimately, the Defendant cannot overcome this presumption because § 231(a)(3) is not unconstitutionally vague. Despite accusations to the contrary, the law does not carry the potential for misunderstanding or make the statute "so standardless that it invites arbitrary enforcement[,]" *Johnson v. United States*, 576 U.S. 591, 595 (2015); *see also Nordean*, 21-cr-175, ECF 263 at 35-36 (observing that "there are specific fact-based ways to determine whether a 'defendant's conduct interferes with or impedes others,' or if a law enforcement officer is performing his official duties 'incident to and during' a civil disorder[]"). Like a similar challenge rejected by Judge Bates, the defendant's motion "misunderstand[s]" vagueness: "There is a crucial difference between reasonable people differing over the *meaning* of a word and reasonable people differing over its *application* to a given situation—the latter is perfectly normal, while the former is indicative of constitutional difficulty." *McHugh*, 21-cr-453, ECF 51 at 33 (emphasis in original) (citing *Williams*, 553 U.S. at 306)

      Contrary to Defendant's arguments, the statute's terms are quite different from statutory terms that courts have found to be vague, like statutes that turn on subjective judgments of whether a defendant's conduct was "annoying" or "indecent," or those that depend on the victim's state of mind. *See Nordean,* 21-cr-175, ECF 263 at 35; *see also Williams*, 553 U.S. at 306. "An ordinary person would have an intuitive understanding of what is proscribed by a ban on obstructing, impeding, or interfering with law enforcement." *McHugh,* 21-cr-453, ECF 51 at 33. In addition, Section 231(a)(3) is not unique. Many state and federal statutes likewise criminalize "obstructing," "impeding," or "interfering with" the government's efforts to enforce the law and maintain public order, and they have been upheld. *See*, *e.g.*, 26 U.S.C. § 7212(a) (prohibiting obstructing or

impeding the administration of the tax laws); 18 U.S.C. § 2237 (making it unlawful to "oppose, prevent, impede, intimidate or interfere with" a maritime investigation); *United States v. Brice,* 926 F.2d 925, 930–31 (9th Cir. 1991) (rejecting overbreadth and vagueness challenges to 41 C.F.R. § 101-20.305, regulation prohibiting impeding or disrupting government duties); *see also* Cal. Penal Code § 148 (prohibiting resisting, delaying, or obstructing any peace officer or emergency medical technician); *State v. Illig-Renn,* 341 Or. 228 (2006) (rejecting constitutional attacks leveled against O.R.S. 162.247(1)(b), which prohibits interference with a police officer); *State v. Steen,* 164 Wash. App. 789, 808 (2011) (rejecting as-applied constitutional challenge to RCW 9A.76.020(1), which criminalizes obstructing police officers).

The Defendant's vagueness argument also fails because his conduct falls plainly within the ambit of Section 231(a)(3). The Court must consider vagueness "as applied to the particular facts at issue, for a [defendant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applies to the conduct of others." *Nordean,* 21-cr-174, ECF 263 at 36 (citing *Holder*, 561 U.S. at 18–19); *see generally Wood*, 2021 WL 3048448, at *9 ("Defendant does not have standing to bring a facial vagueness challenge" to § 231(a)(3) because he failed to "demonstrate that [the statute] is vague as applied to his conduct"). The conduct at issue here squarely satisfies § 231(a)(3). The January 6, 2021 attack on the United States Capitol by a mob of thousands, some of whom—including the Defendant—assaulted law enforcement officers, was clearly a "civil disorder." [4] The government's evidence will show that the Defendant was not a bystander, but that he played an active part in the rioting, including having an American flag

---

[4] The violence that occurred in the course of the January 6, 2021 civil disorder is apparent. *See, e.g.*, *United States v. Fitzsimons*, No. 21-cr-158 (RC); *United States v. Robertson*, No. 21-cr-34 (CRC); *United States v. McCaughey, et al.*, No. 21-cr-40 (TNM); *United States v. Palmer*, No. 21-cr-328 (TSC); *United States v. Thompson*, No. 21-cr-461 (RCL); *United States v. Languerand*, No. 21-cr-353.

jammed in the doorway keeping the door from being closed and parading through the Capitol. To this end, the statute prohibiting such conduct sufficiently "provide[s] people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits." *Hill*, 530 U.S. at 732. Despite the Defendant's complaints, "the terms [he] attacks do not carry the potential for misunderstanding[.]" *United States v. Fischer*, Case No. 21-CR-234 (CJN), 2022 WL 782413, at *3 (D.D.C. Mar. 15, 2022).

### c. Congress's Power Under the Commerce Clause is Not an Issue

Pope's attack on the commerce predicate is misdirected and meritless because Congress's power under the Commerce Clause is not at issue in this case. In addition to its limited power to regulate foreign and interstate commerce under U.S. Const. Article I, Section 8, Clause 3, Congress has plenary power under U.S. Const. Article I, Section 8, Clause 17, to legislate regarding the District of Columbia. Congress expressly exercised its Clause 17 power in 18 U.S.C. 231(a)(3), which prohibits, *inter alia*, obstructing police officers performing their official duties during a civil disorder which has "any effect whatsoever" on commerce "within the District of Columbia." *See* 18 U.S.C. § 232(C). In his motion to dismiss, Pope does not address Congress's Clause 17 power, or even its power to regulate interstate commerce under Clause 3, a power that, unlike Clause 17, is bounded by the power of every state to regulate wholly intrastate commerce.

Pope merely argues that *his* actions did not affect interstate commerce. This misses the critical point: The statute fits comfortably within Congress's power under Article I, Section 8, Clause 17. It states:

> The Congress shall have Power . . . To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States….

U.S. Const. Art. I, § 8, Cl. 17.

Congress's power under Clause 17 "is plenary." *Palmore v. United States*, 411 U.S. 397 (1973). "Not only may statutes of Congress of otherwise nationwide application be applied to the District of Columbia, but Congress may also exercise all the police and regulatory powers which a state legislature or municipal government would have in legislating for state or local purposes." *Id*. "Congress 'may exercise within the District all legislative powers that the legislature of a state might exercise within the State … so long as it does not contravene any provision of the constitution of the United States.'" *Id*. (quoting *Capital Traction Co. v. Hof*, 174 U.S. 1, 5 (1899)). "Congress may legislate within the District for every proper purpose of government," and "[w]ithin the District of Columbia, there is no division of legislative powers such as exists between the federal and state governments." *Neild v. D.C.*, 110 F.2d 246, 249 (D.C. Cir. 1940) (citing *Kendall v. United States ex rel. Stokes*, 37 U.S. 524 (1838); *Atlantic Cleaners & Dyers, Inc. v. United States*, 286 U.S. 427 1932); and *O'Donoghue v. United States*, 289 U.S. 516 (1933)). "[W]hen it legislates for the District, Congress … exercise[s] complete legislative control as contrasted with the limited power of a state legislature, on the one hand, and as contrasted with the limited sovereignty which Congress exercises within the boundaries of the states, on the other. *Nield* 110 F.2d at 250-51. *See also Hyde v. S. Ry. Co.*, 31 App. D.C. 466, 469 (D.C. Cir. 1908) ("The legislative power of Congress over the District of Columbia and the Territories [is] plenary, and [is] not depending upon the interstate-commerce clause").

By enacting § 231(a)(3), Congress relied on its Clause 17 power with respect to the District of Columbia. That statute prohibits "any act" that "obstruct[s], impede[s], or interfere[s] with any … law enforcement officer … engaged in [his]official duties incident to and during the commission of a civil disorder which *in any way or degree* obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce." 18 U.S.C.

§ 231(a)(3)(emphasis added). "Commerce," as used in § 231(a)(3), "means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) *wholly within the District of Columbia*." 18 U.S.C. 18 U.S.C.A. § 232(2) (emphasis added).

Here, Pope's indictment charges that he "obstructed and attempted to obstruct a law enforcement officer … incident to a civil disorder" that "adversely affected" "in any way or degree" "commerce," meaning, *inter alia*, commerce "wholly within the District of Columbia." Regardless of whether Congress had authority under the Commerce Clause to regulate such conduct in jurisdictions other than the District of Columbia, it did not and could not exceed its "plenary authority" to exercise "police power" within the District of Columbia unless that exercise violated some other provision of the Constitution.

### III. The Defendant's Motion to Dismiss Count Two Is Conclusory, Lacks Merit, and Should be Denied.

#### a. The Supreme Court's Grant of Certiorari *United States v. Fischer* Should Not Be Considered in Evaluating the Defendant's Motion to Dismiss

On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The Supreme Court heard oral arguments on the case on April 16, 2024. In *Fischer*, the matter at issue is the appropriate interpretation of 18 U.S.C. § 1512(c)(2), a statute criminalizing obstruction of an official proceeding. The mere fact that the Supreme Court has heard oral arguments in *Fischer* does not indicate that the opinions that have overwhelmingly determined that the arguments raised by the defense relating to 18 U.S.C. § 1512(c)(2) were wrongly decided. *See*, *e.g*., *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by *Heath* has any merit, only that it is an important question.").

### b. Count Two Adequately Alleges Criminal Conduct Within the Meaning of the Statute

The indictment adequately identifies specific criminal conduct under 18 U.S.C. § 1512(c)(2) & (2). Count Two of the defendant's indictment charges him with corruptly obstructing, influencing, or impeding an "official proceeding,"–*i.e.*, Congress's certification of the Electoral College vote on January 6, 2021–in violation of 18 U.S.C. § 1512(c)(2). Count Two states:

On or about January 6, 2021, within the District of Columbia and elsewhere, **WILLIAM POPE…** attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

(**Obstruction of an Official Proceeding**, in violation of Title 18, United States Code, Sections 1512(c)(2) and (2))

(ECF No. 46).

In 2002, Congress enacted Section 1512(c)'s prohibition on "[t]ampering with a record or otherwise impeding an official proceeding" as part of the Sarbanes-Oxley Act, Pub. L. No. 107-204, 116 Stat. 745, 807. Section 1512(c)'s prohibition applies to:

[w]hoever corruptly –

> (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>
> (2) *otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so*.

18 U.S.C. § 1512(c) (emphasis added). Section 1515(a)(1), in turn, defines the phrase "official proceeding" to include "a proceeding before the Congress." 18 U.S.C. § 1515(a)(1)(B). By the statute's plain terms, then, a person violates Section 1512(c)(2) when, acting with the requisite

11

*mens rea*, he engages in conduct that obstructs a specific congressional proceeding, including Congress's certification of the Electoral College vote.

The defendant's motion must be denied, as it is foreclosed by binding precedent. In *Fischer*, the D.C. Circuit addressed a pretrial ruling that Section 1512(c)(2) "'requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.'" *United States v. Fischer*, 64 F.4th 329, 334. The D.C. Circuit held that Section 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at 335. The court concluded that, "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336 (concluding that this "broad interpretation of the statute—encompassing all forms of obstructive acts—is unambiguous and natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure") (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)).  This portion of the opinion was authored by Judge Pan and joined by Judge Walker, and thus constitutes *Fischer*'s current binding holding. *Fischer* thus confirms that the indictment in this case is sufficient notwithstanding the fact that it does not specify that any obstructive acts related to a document, record, or other object. *See Fischer*, 64 F.4th at 332; *Id.* at 338 (noting that every district judge other than the judge presiding *Fischer* itself had concluded the same, often with "thorough and persuasive reasoning"); *see also Puma*, 596 F. Supp. 3d at 106-08 ("In sum, Section 1512(c)(2) gives defendants fair warning in plain language that a crime will occur in a different ('otherwise') manner compared to § 1512(c)(1) if the defendant 'obstructs, influences, or impedes any official proceeding' without regard to whether the action relates to documents or records.") (Citing *United*

*States v. Caldwell*, 581 F. Supp. 3d 1, 21 (D.D.C. 2021)). The defendant provides no reason to disturb that sound conclusion, and his motion to dismiss must be denied.

### c. Defendant's Arguments Are Conclusory

The defendant fails to identify any facial issues with the indictment. In fact, he does not refer to the indictment. Instead, he cites, or rather, "adopts" arguments made in *Fischer* 21-cr-00234 at ECF No. 54, failing to note that the court rejected those arguments. He then provides the conclusory conclusion, "I had absolutely no intent to obstruct any official proceeding." *See Id* at ECF No. 60; William Pope's Motion to Dismiss, ECF No. 271 at 1. This Court previously denied a far more fulsome Motion to Dismiss Count Two from the Defendant's brother. *See United States v. Michael Pope* 21-cr-128 (RC), January 11, 2024 Minute Order denying Motion to Dismiss Count Two. For all the forgoing reasons, it must do the same here.

## IV. Defendant's Motions to Dismiss the Four Misdemeanors Lack Legal Support

### I. The Court Should Deny Defendant's Motion to Dismiss Counts Three and Four, Alleging Violations of 18 U.S.C. § 1752.

Counts Three and Four of the Information charge violations of 18 U.S.C § 1752, which prohibits the unlawful entry into and disruptive or disorderly conduct in a "restricted buildings or grounds." A "restricted building or grounds" is a "posted, cordoned off, or otherwise restricted area … where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B).

The defendant makes no substantive legal arguments for dismissal of Counts Three and Four in his filings. They rely, almost in total, on his speculated beliefs about the restricted perimeter of the Capitol on January 6, 2021 and his unverified, anecdotal experiences near secured areas in the past. The closest he comes to raising a valid legal argument is when, in the last sentence of his motion, he "moves to adopt the arguments made in [*United States v. Neely*, 21-cr-00642,

13

ECF No. 30]" ECF No. 278 at 2. However, he fails to acknowledge that Judge Boasberg denied Neely's Motion to Dismiss. *See Id.*, ECF No. 69, Memorandum Opinion at 1-9. This Court, relying on the same rationale, should in turn reject Pope's Motion to Dismiss Counts Three and Four.

Outside of his reliance on denied motions from other January 6 defendants, Pope provides no other rationale to support his dismissal. As this Court has told the Defendant before, "the Government is not required to conduct an investigation on Defendant's behalf or explain its legal theories." ECF No. 251 at 11. The Court has no choice but to deny his motion.

## V. The Court Should Deny Defendant's Motion to Dismiss Counts Six and Eight, Alleging Violations of 40 U.S.C. § 5104.

Pope motioned this court for dismissal of Count Six, charging violation of 40 U.S.C. § 5104(E)(2)(D), in ECF No. 278 and for dismissal of Count Eight, charging violation of 40 U.S.C. § 5104(E)(2)(G), in ECF No. 280. Neither motion meets the standard for dismissal laid out in Section I of this Response.

First, Pope's Motion to Dismiss Count Six was included in the same Motion to Dismiss that addressed Count Three and Four. As the previous section indicated, that motion failed to meet the legal standard for dismissal regarding violations of 18 U.S.C. § 1752. But at least it addressed the statute in question. Aside from the motion title and Model Order, ECF No. 278 fails to address 40 U.S.C. § 5104(E)(2)(D) at all. Even the defendant's "adoption" of the denied Motion to Dismiss in *United States v. Neely*, 21-cr-00642, ECF No. 30, would not apply because that Motion did not address any charges of 40 U.S.C. § 5104(E)(2)(D). Because the Defendant failed to address the charge at all, the Motion to Dismiss must be denied.

Second, William Pope's Motion to Dismiss Count Eight, ECF No. 280, must also be denied. Like ECF No. 278, the Motion lacks legal grounding. It cites to no law to support its contention that Count Eight be dismissed. Instead, Pope claims that Count Eight had to be

14

dismissed because the government had not yet provided him with the Bill of Particulars for Count Eight that the Court had required in ECF No. 251. The day after the Defendant filed ECF No. 280, only two weeks after the Court's order, the government provided the Defendant with the Bill of Particulars. He is now on sufficient notice as to which of his "actions constituted parading, demonstrating, and picketing." ECF No. 251 at 13. As the Defendant now has the Bill of Particulars in question, the issue he raised in his Motion to Dismiss, while never valid, is rendered moot. The Defendant is now fully able to prepare for trial and the Court should deny the Motion.

## CONCLUSION

Based on the foregoing, the government respectfully requests that the Court deny all Motions to Dismiss from William Pope.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:

Matthew Beckwith
DC Bar No: 90014452
Benet J. Kearney
NY Bar No. 4774048
Kelly Elizabeth Moran
NY Bar No. 5776471
Assistant United States Attorneys
601 D Street NW
Washington, DC 20530
Benet.Kearney@usdoj.gov
Kelly.Moran@usdoj.gov
Matthew.Beckwith@usdoj.gov
(212) 637 2260
(202)740 4690
(202) 252 7109