**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 21-cr-128 (RC) |
| : | |
| **WILLIAM POPE,** : | |
| : | |
| **Defendant.** : | |

**UNITED STATES' RESPONSE TO WILLIAM POPE'S**
**MOTION FOR LODGING AND TRAVEL EXPENSES**

On May 13, 2024, defendant William Pope moved for the Court "to cover all expenses for travel, lodging and food during all mandatory Court appearances in the District of Columbia." *See* ECF No. 269. Pope indicated that the cost of a plane ticket from his home in Kansas and the cost of a hotel for the duration of the trial are beyond his means. His motion failed to cite to any controlling authority. The government provides the relevant statutory authority below. As the Court will see, it must either deny William Pope's Motion or order him to file an affidavit which establishes that he lacks the means to pay for his transportation from Kansas to Washington, D.C. for the trial. The Court must also require that William Pope explain why the government funding of his travel in these circumstances is in the "interests of justice," 18 U.S.C. § 4285, and why the government should pay for his travel to Washington, D.C. now, when he was able to pay his own way on January 6.

However, there is no provision under which Pope may move for the government to pay for either his lodging or subsistence during trial, nor his transportation and subsistence post-trial back to Kansas. As such, the Court must deny those aspects of the defendant's motion.

**ANALYSIS**

While Pope did not cite to it, 18 U.S.C. § 4285 is the federal provision providing that the U.S. Marshal pay for his noncustodial transportation for trial. Title 18, United States Code, Section 4285 provides:

> Any judge or magistrate judge of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

18 U.S.C. § 4285. Thus, under § 4285, the district court or a magistrate judge "may, when the interest of justice would be served thereby," order the U.S. Marshal to provide a defendant with funds for the noncustodial transportation and subsistence while traveling for court proceedings. *Id.* Expenses for subsistence under § 4285 are limited to the costs of traveling "to" a defendant's destination. *Id.*

To order travel and subsistence expenses, the district court or magistrate judge must first be "satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own." *Id.*; *see* also *United States v. Forest*, 597 F. Supp. 2d 163, 165-166 (D. Me. 2009) (noting that § 4285 "places the onus" on a defendant to demonstrate defendant "is so destitute" that defendant is financially unable to provide funds necessary for transportation to court and that defendant must overcome "a heavy burden" to establish an inability to pay).

A court may also deny a § 4285 motion on interest-of-justice grounds. Recently, in *United States v. Rossman*, another January 6 case, Chief Judge Howell denied a misdemeanor defendant's motion under § 4285 for travel expenses to attend his sentencing. Minute Order, *United States v. Rossman,* No. 22-cr-280 (BAH) (D.D.C. Oct. 14, 2022). She reasoned:

> Regarding defendant's travel expenses, pursuant to 18 U.S.C. § 4285, funding may be dispensed when the defendant is "financially unable" to travel for his appearance on his own and "when the interests of justice would be served thereby." Defendant was able to travel to Washington, D.C. to engage in the very offense conduct that is the subject of these proceedings. The interests of justice would not be served by the U.S. Government paying for defendant to make that same trip now that he is to be sentenced for that offense conduct. *Id.*

## ARGUMENT

The Court must either deny Pope's Motion or order him to file a declaration or affidavit to establish that he lacks the means to pay for his transportation and subsistence to travel from Kansas to Washington, D.C. for the trial. Pope's declaration must establish that he is "financially unable" to pay the anticipated travel costs, plus the costs of one or two meals along the way. Pope should also explain why the government funding of his travel in these circumstances is in the "interests of justice," 18 U.S.C. § 4285, and why the government should pay for his travel to Washington, D.C. now, when he was able to pay his own way on January 6. However, even if Pope establishes that he is unable to pay for his noncustodial transportation and subsistence while traveling to Washington, D.C. for trial, he is not entitled to lodging or subsistence during trial or noncustodial transportation and subsistence post-trial while traveling from Washington, D.C. back to Kansas.

Like Pope, other defendants have previously requested that courts go beyond the plain text of § 4285 and order the U.S. Marshal Service to pay not just the expenses of traveling to a trial, but expenses incurred during trial, as well as the return trip to a defendant's residence. Courts have rejected this approach. For example, in *United States v. James*, 762 F. Supp. 1, 2 (D.D.C.1991), a

court in this district denied a Massachusetts defendant's ex parte motion under § 4285 for transportation and subsistence expenses from Washington, D.C. to Massachusetts because "while the statute authorizes payment to travel to the court, once at the site of the court, the statute does not authorize payment of subsistence during the course of the trial or hearing." *Id.*; see also *United States v. Sandoval*, 812 F. Supp. 1156, 1157 (D. Kan. 1993)("[W]hile the court may require the Marshal to provide money for subsistence during transit, this statute does not authorize the court to enter an order requiring the Marshal to provide money for subsistence upon reaching [the place of trial.]"); *United States v. Nave*, 733 F. Supp. 1002 (D. Md. 1990) (denying motion under § 4285 to authorize government funds for lodging during trial because § 4285 "does not authorize such payments, but only provides for payment of travel and subsistence to the place of trial."); *United States v. Centeno*, No. 09-cr-3120–L, 2009 WL 3334144, at *1 (S.D. Cal. Oct. 15, 2009) (granting motion to provide transportation and subsistence funds only to the extent as it relates to one-way travel to court because § 4285 "only allows payment of one-way travel to a court appearance, and not for costs of return travel[,]" and that § 4285 "does not authorize payment for subsistence or lodging during trial.").

Additionally, Pope has failed to establish he is unable to pay for transportation to court for trial or that granting the motion is in the interest of justice. First, he failed to provide the Court with an adequate basis to conduct an "appropriate inquiry" under § 4285 into his ability to pay. In *Forest*, a defendant filed a motion under § 4285 for $48.00 in funds to pay for travel and reimbursement to attend an upcoming Rule 11 proceeding. *Forest*, 597 F. Supp. 2d at 164. Forest also supported her motion with documentation including a receipt that detailed Forest's social security benefits and her "usual expenses." *Id.* at 166.

In similar instances, when defendants failed to include details of their current financial information, courts in this district have required the defendant to file "current, sworn Financial Affidavit[s] (utilizing the CJA 23 for) and...provide information describing the means of transportation" that the defendant used to travel to and from Washington, D.C. on January 6, 2021. *See United States v. Adams*, 1:21-cr-00212-ABJ, Minute Order, November 21, 2022; *See also United States v. Bacon*, 21-cr-488 (CRC), ECF No. 54; *See also United States v. Rodriguez*, No. 21-cr-483-DLF, Nov. 7, 2022 Minute Order ("If defendant sought payment of those costs, Judge Friedrich ruled, he must submit a '(1) sworn affidavit describing his current financial circumstances, including his monthly income and expenses, his current savings and assets, and confirming the cost of same-day bus and subway transportation, and (2) attach[] documentary support for each of the attestations in his declaration.'")

## CONCLUSION

Pope has not provided the Court with documentation supporting his assertion that he is unable to pay for his travel from Kansas to Washington, D.C. This is necessary in order for the Court to fulfill its obligation to conduct an appropriate inquiry into Pope's ability to pay. On this basis alone, the Court could deny the motion. His motion also impermissibly requests costs beyond those authorized by § 4285.  Finally, Pope has failed to explain why it is in the interests of justice that the Court grant his motion. For all these reasons, the Court must either deny Pope's motion.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    DC Bar No. 481052

By:    */s/ Matthew Beckwith*
    Matthew Beckwith
    DC Bar No: 90014452

Benet J. Kearney
NY Bar No. 4774048
Kelly Elizabeth Moran
NY Bar No. 5776471
Assistant United States Attorneys
601 D Street NW
Washington, DC 20530
Benet.Kearney@usdoj.gov
Kelly.Moran@usdoj.gov
Matthew.Beckwith@usdoj.gov
(212) 637 2260
(202) 740 4690
(202) 252 7109