# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

## REPLY TO GOVERNMENT OPPOSITION TO CHANGE OF VENUE

In ECF No. 302, the government filed opposition to my motion to change the venue from D.C. to the Northern District of West Virginia (ECF No. 266). The government's opposition was filed on May 28, 2024, after the Court's hard deadline for responses to pretrial motions, and thus, my motion should be treated by the Court as conceded by the government according to Local Rule 47(b). The government's disregard for the Court's Order No. 240, is not exempted by Fed. R. Crim. P. 45, as that rule only allows extensions for a period stated in days (such as 7 days or 14 days), not for Court ordered hard deadlines. In this case the Court ordered that responses were "due on or before May 27, 2024." The government's late response is thus invalid and should be treated as a concession of my motion to change venue.

Furthermore, the government's disregard of the Court's deadline has deprived me of a day which I could have used to draft replies, thus negatively impacting my defense. This further justifies the Court treating the government's late response as a concession to my motion.

When the government eventually did file a late reply, they presented the same worn-out and unconvincing arguments that they've used in other cases to oppose venue change. The fact

remains that the government opposes January 6 defendants changing venue from D.C., while at the same time the government files their own change of venue motions in other cases in an attempt to take advantage of the highly biased D.C. jury pool (See Case No. 3:24-cv-00033-BAS-DDL, Document 12, Southern District of California).

The government's late response is also factually inaccurate. The government's prosecutors continue to repeat the same lies, including lying that I pushed into the Capitol. This dishonesty is unbecoming of federal prosecutors, and quite frankly in most of America they would not be considered trustworthy enough to be put on the cash register at a McDonalds.

This case should be dismissed since the government failed to respond to motions for dismissal on time, but on this matter the government also conceded change of venue by disrespecting the Court's pretrial filing schedule.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on June 3, 2024.
/s/
William Alexander Pope, Pro Se