# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

## REPLY TO GOVERNMENT OPPOSITION TO DISMISS COUNTS

The government completely blew off the Court's ordered filing deadline for responses to pretrial motions, so the Court should treat all of my motions to dismiss counts as conceded by the government under Local Rule 47(b). The government eventually did file late opposition in ECF No. 297 on May 28, 2024, but that late response is not exempted by Fed. R. Crim. P. 45, since that rule only governs periods of time stated in days (such as 7 days), not hard deadlines such as the "due on or before May 27, 2024" deadline set by the Court in Order No. 240. The government's late response is thus not a valid opposition but a concession, and this case should be immediately dismissed by the Court with prejudice.

However, in addition to filing late, and thus conceding my motions, the government also offered weak arguments in their tardy response that should be dismissed by the Court on merit. For instance, regarding my motion to dismiss Count Eight, the government claims that my motion should be treated as moot since they provided particulars after the pretrial motions filing deadline. But my arguments for dismissal were sound, since the government denied me of my Sixth Amendment rights to be informed about Count Eight and to confront it prior to the pretrial

motions deadline. Furthermore, as I pointed out in ECF No. 285, the particulars provided by the government were not sufficient to meet the Court's order and that the government had essentially criminalized holding an American flag in the United States Capitol.

The government also offers weak arguments against dismissal of Count Two, since the verdict in the Fischer case will be reached prior to my trial date unless, God forbid, some disaster should hit Washington D.C. between now and then. Even though the prosecutors on my case may not be willing to accept the inevitable, the future is coming soon, and the Supreme Court will toss out the government's improper application of 18 U.S.C. § 1512(c)(2) in the January 6 cases. As such, my motion should be treated by the Court as prescient (similar to how one might view information arriving from a time-traveling DeLorean) and Count Two should be dismissed.

As for Count One, sadly the government continues to ask the Court to retain the overly vague and racially motivated 18 U.S.C. § 231(a)(3) Civil Disorder statute in my indictment. The government's opposition failed to articulate a nexus between me and three persons who were engaged in violent acts. Furthermore, the government falsely alleges (as seems to be standard practice for the factually challenged AUSA Matthew Beckwith[1]) in ECF No. 297 at 7, that "a mob of thousands, some of whom – including the defendant – assaulted law enforcement officers." At no point did I assault anyone, and the Court knows this from seeing the exhibits presented by the government in my brother's trial. AUSA Jason Crawford even acknowledged that I was "entirely peaceful" at the Capitol. Had I assaulted officers, the Court knows very well that the government despises me enough that they would have indicted me on an assault charge.

---

[1] Mr. Beckwith's falsifications are so extreme that the Court should consider whether he lacks the moral character and mental competency needed to retain admission to the D.C. Bar. Beckwith's continued lies and overall failing performance in this case are an embarrassment even by Columbia Law School standards! Mr. Beckwith is not a competent attorney, but rather a political operative specifically employed for this political prosecution.

In addition to their lies on the facts of my case, the government's opposition failed to articulate a nexus between my actions and interstate commerce, and failed to show that the hypothetical cases I presented would not be swept up into the overly broad and vague 18 U.S.C. § 231. The government also failed to show that adequate notice was provided to me, the defendant, that a civil disorder had been declared.

The government admits in ECF No. 297 at 6, that reasonable people differing over the application of a statute is "indicative of constitutional difficulty." Since the government did not say that they differ with the racist Senator Long's preferred application of the statute against Dr. Martin Luther King, the Court must either assume that the U.S. Attorney's office is either full of racists, or that the government does differ with Senator Long's racist application of the Civil Disorder statute, and that such disagreement strongly indicates constitutional difficulty.

The government claims in ECF No. 297 at 6, that 18 U.S.C. § 231(a)(3) does not hinge on subjective judgements, however the entire statute is written in a way that makes it wholly subjective. The statute requires no nexus to the 3+ violent persons or to commerce, so any person could be subjectively wrapped up in the application of this overly vague law. Furthermore, as I pointed out in ECF No. 268 at 1, the Civil Disorder statute lacks the 'forcible interference' component that is included in 18 U.S.C. § 111. This lack of 'forceful interference' creates a vagueness that the government might use to charge any peaceful First Amendment activity as a non-forcible interference with law enforcement (as they have done to me). For these reasons and those stated in my motion, Count One should be tossed in the dumpster and set on fire.

As for the other Counts, the government's arguments are weak, and the prosecutors who made them have now lied to the Court so many times they have no remaining credibility. Furthermore, all of these arguments were submitted late in direct disregard for the Court's

pretrial response deadline, so they should be treated as conceded by the government and all of these Counts should be dismissed with prejudice. Lastly, this case should be ended to save the government from further embarrassment and so that we can all enjoy some time off in July.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on June 3, 2024.
/s/
William Alexander Pope, Pro Se