# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

## MOTION FOR SANCTIONS

    For the entirety of this case the government's prosecutors have conducted themselves in an entirely unprofessional manner which has included making false statements in case filings and failing to respond to defense emails. More recently the government's misconduct has eclipsed a threshold that can no longer be ignored by the Court and warrants sanctions. In ECF No. 303 at 2, the government admitted that their failure to respond to defense communications resulted in the destruction of evidence – the bodycam recordings from my arrest – which has violated my civil rights. Additionally, in ECF No. 297 at 7, the government falsely alleged that "a mob of thousands, some of whom – including the defendant – assaulted law enforcement officers." At no point did I assault any officers, and the government has not charged me with assault or produced any evidence to support this false and defamatory claim. Making this blatantly false accusation of assault is unbecoming of federal prosecutors and is an abuse of process that warrants the most severe sanctions from the Court. Lastly, the government continues to refuse to respond to email inquiries, including attempts by the defense to arrange the evidentiary tour of the Capitol that was ordered by the Court. This ongoing unprofessionalism has already resulted in the destruction of evidence, and the only way to correct the government's continued misconduct in this case is for the Court to hold the government accountable with harsh sanctions.

**Justification for Sanctions**

Local Rule LCrR 57.26(a) governs the professional conduct of attorneys in the D.C. District Court, and states that: "Violations of the Rules of Professional Conduct (as adopted by the District of Columbia Court of Appeals. . .) by attorneys subject to these Rules shall be grounds for discipline."

Rule 8.4 of the D.C. Rules for Professional Conduct makes it "professional misconduct for a lawyer to": (a) violate the rules of professional conduct; (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation; and (d) engage in conduct that seriously interferes with the administration of justice. The prosecutors in my case have violated sections (a) and (c) by falsely accusing me of assaulting law enforcement officers, and they have violated rules (a) and (d) through their misconduct that has resulted in spoliation of evidence. Sanctions are also allowed under LCrR 5.1(g) due to the government's failure to preserve evidence.

Furthermore, The American Bar Association (ABA) has issued Rule 3.8, which sets Model Rules of Professional Conduct Governing Federal Prosecutors. ABA Rule 3.8(a) states that prosecutors in a criminal case "shall (a) refrain from prosecuting a charge that the prosecutor knows is not supported by probably cause." The government has violated this rule by falsely accusing me of assaulting law enforcement when there is no evidence or probable cause. The government's prosecutors have also violated ABA Rule 3.4, which says that lawyers "shall not (a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value," and "shall not (d) in pretrial procedure. . . fail to make a reasonable diligent effort to comply with a legally proper discovery request by an opposing party." These ABA violations resulted in the spoliation of evidence.

**Government Spoliation of Evidence**

At our March 3, 2023, status hearing I raised to the Court the issue of the Government refusing to respond to defense emails. The Court then directed "Ms. Moran, I need you to communicate with Mr. William Pope. . . I need you to deal with him professionally as you would with counsel" (Transcript from March 3, 2023, at page 13).

However, despite the Court's direction, the government continued to intentionally ignore defense emails after that hearing. I have provided extensive documentation of this bad faith government unprofessionalism to the Court, including a partial description of emails the government failed to respond to in ECF No. 237 beginning at page 11 and running through page 15. One such email the government refused to respond to was the October 11, 2023 email where I requested the bodycam recordings from my arrest.

The government now claims that all video recordings from my arrest have been lost due to the government's failure to preserve this evidence prior to its deletion on February 19, 2024 (See ECF No. 303 at 3). Had the government respected my right to request discovery and complied with the Court's directive to respond to emails, including my October 11, 2023 email, this spoliation of evidence would never have happened.

The government's track record of ignoring defense emails is not just an incompetent oversight. The government has intentionally refused to confer with the defense when discovery requests are made. Had this been an unintended oversight, the government would not have admitted to discussing the request for bodycams with the FBI case agent following my October 11, 2023, email (See ECF No. 303 at 2). In this instance, the government consciously discussed the request among themselves, and then intentionally refused to communicate back to the

defense. Thus, this is not merely a misunderstanding between the prosecutors and the FBI as claimed by the government in ECF No. 303 at 7, but a bad faith refusal by the government to confer back with the defense to seek clarification. The government did not even give a courtesy acknowledgement of the request or convey they had tried but failed.

For these reasons, sanctions for spoliation of evidence are warranted.

**Government Abuse of Process**

On May 28, 2024, the government filed ECF No. 297, and therein accused me of assaulting law enforcement officers. Let me be clear to the Court, I have never assaulted a law enforcement officer, the government has presented no such evidence of me assaulting an officer, and the government has not returned an indictment against me with any assault charges. This filing was prepared by prosecutors Matthew Beckwith, Kelly Moran, and Benet Kearney on behalf of United States Attorney Matthew Graves. The government making intentional false accusations of crimes is a blatant abuse of process that warrants severe sanctions from the Court.

**Government Unprofessionalism**

The examples of government unprofessionalism are too numerous to list, but what stands out above all is the government's intentional refusal to respond to my attempts to confer on pretrial issues. The most egregious example of this is the government's failure to respond to my October 11, 2023, email which has now resulted in the government failing to preserve crucial evidence. This bad faith refusal to communicate is in direct disobedience to the Court's March 3, 2023, directive. More recently, I emailed all three prosecutors assigned to this case in an attempt to arrange the evidentiary tour of the Capitol that was ordered by the Court. The government has not yet responded. Sanctions for unprofessionalism are justified.

**Sanctions Sought by the Defense**

The government misconduct in this case is severe and alarming. The unprofessionalism of these prosecutors has resulted in the destruction of evidence which has deprived me of my constitutional rights. Furthermore, the government has falsified the facts of this case in court filings. These lies are unbecoming of federal prosecutors and include the government's egregious false claim that I assaulted police officers. America will not have a serious justice system if the Court allows the government to become ungrounded from the truth. Due to the severity of the government's misconduct and unprofessionalism, I am seeking the following sanctions:

1. Suspension of all prosecutors assigned to this case from practicing law
2. Dismissal of this case with prejudice

The government's extreme misconduct warrants harsh penalties to deter similar illicit behavior by government prosecutors in the future. I do not make this motion lightly, but my rights have been violated, and these sanctions are justified. I therefore so move.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on June 4, 2024.
/s/
William Alexander Pope, Pro Se