UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

# NOTICE TO THE COURT REGARDING PRETRIAL ISSUES AND THE WALKTHROUGH TOUR OF THE CAPITOL

On May 29, 2024, I emailed the government attempting to arrange details of the Capitol Walkthrough that was ordered by the Court on April 25, 2024. The government finally responded to that email on June 6, 2024, and conveyed that they had no intention to provide me with a walkthrough tour in July. I responded back to the government asking if they intended to disobey a lawful order of the Court. The government has not yet responded to that email.

However, today the government filed ECF No. 321, telling the Court that they will not be able to accommodate the Court's ordered walkthrough. The government also added that they do not want to be out of compliance with the Court's order. This is also the first time the government has raised the issue of the Congress being in session during the week of July 8-12, 2024, as a reason why a walkthrough tour cannot be provided as ordered. The government also acknowledged that they have arranged special visits to the Capitol for January 6 defense counsel.

I would remind the Court that I first notified the government and Court of my intention to take a walkthrough tour of the Capitol in order to prepare for trial on May 3, 2023, in ECF No. 105 at 2. I then motioned for a tour on March 22, 2024. At no point in the last 3+ years has the

government sent me notice of when defense walkthrough tours were scheduled. I had to find out through other means. It seems the government was not volunteering that information to me because they did not want me to examine the evidence in this case, which is my right.

As the Court noted in the April 25, 2024, order, this walkthrough tour is needed to prepare for trial, and "the government must permit the defendant to inspect…buildings or places…if the item is within the government's possession, custody, or control and…the item is material to preparing the defense [or] the government intends to use the item in its case in chief." Fed. R. Crim P. 16(a)(1)(E). The Court also found that the government has provided evidentiary tours to other defense teams, which is an acknowledgement that such tours are material and crucial to any January 6 defense. The Court also found that I am entitled to those same rights.

I am not willing to relinquish those rights to inspect evidence to prepare my defense.

However, I have already offered the government two alternatives to a walkthrough tour of the Capitol during the week of July 8-12, 2024. In ECF No. 245 at 2, I noted that I would be willing to take a scheduled walkthrough tour at a later date if the trial date is continued to accommodate a later tour. In ECF No. 237 at 18, I also proposed forgoing a Capitol walkthrough if the government is willing to stipulate certain facts. Those stipulations would need to include:

1. That I was pushed into the Capitol against my wishes.
2. That an officer bumped my flag into the door, and I was not aware it was there.
3. That I was entirely peaceful for the entire time I was at the Capitol.
4. That I had no nexus to three or more violent persons.
5. That a restricted area was not officially designated by Secret Service beforehand.

If the government cannot provide a tour as ordered during the week of July 8-12, 2024, and if the government is not willing to make these reasonable stipulations, then this case cannot go to trial without depriving me of my right to inspect the evidence and incorporate it into my defense. As such, the Court should either continue the trial date as I moved in ECF No. 237, or dismiss this case with prejudice. There are still many other outstanding issues that need to be resolved before trial, including the government's destruction of evidence.

Additionally, the Court's Order No. 311, which requires Pretrial Services to prepare preliminary guidelines, indicates that those guidelines will not be available by June 28, 2024, when the pretrial statement is due. Because that report will not be ready on time, I will not be able to knowingly consider or agree to any stipulations proposed by the government. For this reason, I would again ask the Court to continue the trial date so that the preliminary report can be available to me as I consider proposed stipulations and consider various defense options. I am finding it impossible to prepare my defense without having clarity on these many issues.

Now that the government has conceded that it will be impossible for them to accommodate my right to inspect evidence (as ordered by the Court), a continuation of the trial date seems to be a reasonable solution that is in the best interest of all parties.

Respectfully submitted to the Court,

By: William Pope
/s/
William Pope
Pro Se Officer of the Court
Topeka, Kansas

<u>Certificate of Service</u>
I certify that a copy of this was filed electronically for all parties of record on June 11, 2024.

/s/
William Alexander Pope, Pro Se