# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIAM ALEXANDER POPE,<br><br>Defendant. | Case No.: 1:21-cr-00128-RC |

## MOTION IN LIMINE

Pursuant to Fed. R. Evid. 401., 402., and 403., I move the Court in limine to preclude the following irrelevant, prejudicial, and/or inadmissible evidence:

- The Court should preclude the government from using the following inflammatory words, phrases, and references due the language being irrelevant to my charges, factually incorrect, and highly prejudicial:
    - Insurrection/Insurrectionists.
    - Sedition/Seditionists.
    - Terrorism/Terrorists.
    - Mob, riot, rioters, treason, traitors, conspiracy, conspirators, etc.
    - Attack/Attacked.
    - Threat to Democracy.
    - Obstruction of an Official Proceeding (Pending Fischer v. United States).
    - The false claim that I wedged or jammed a flagpole into a door.
    - References to Proud Boys, Oath Keepers, Three Percenters, militias, or any other organization which I have no connection to.

- - Any reports or insinuation that police died at the Capitol on January 6.
  - Any other inflammatory of controversial language.
- The Court should preclude the following media:
  - Photos, video, or audio recordings of any place and moment where I was not physically present unless such video is related to the actions of key witnesses in my case.
  - Photos, video, or audio recordings of, or made by, any federal agents, employees, task force officers, confidential human sources, or any other human assets who were working on behalf of any federal agency or contractor, and who were moving barricades, engaging in violence, destroying property, entering the Capitol as part of the crowd, occupying an alleged restricted space, or influencing crowd behavior, unless the government first identifies and provides me discovery on all such individuals depicted in the video, and/or who recorded the video.
- The Court should preclude all statements made by my brother or any other defendant, protestor, journalist, or government official to which I was not a party.
- The Court should preclude any materials seized from my phone related to the illegally executed warrant (unless I otherwise stipulate their admissibility).
- The Court should preclude all discovery compiled by the Task Force Officers who illegally executed the warrant (including their interview notes), since the bodycam recordings from my arrest have not been preserved by the government, which has deprived me of materials that would have been used to impeach these TFOs.

- The Court should preclude any attempts by the government to falsely imply that I engaged in or attempted violence or property destruction.
- The Court should preclude all communications made between my brother and I pertaining to concerns for our safety in Washington D.C.
    - Such concerns were due to the City of Washington not adequately protecting visitors during the November 14 and December 12 rallies. We did not attend those events, but the videos we saw of violent attacks on visitors left us concerned about our safety.
    - Although we discussed defensive options, we ultimately consulted local regulations and did not bring body armor or any prohibited items to Washington. Personal defense is not a crime, and discussions regarding personal defense are not evidence of a crime, so introducing evidence of such discussions would be irrelevant to the case and confuse the jury.
    - Other journalists, such as those from the Washington Post and LA Times, did wear body armor on Capitol grounds and into the Capitol on January 6, so this lawful practice seems to be accepted in Washington D.C.
    - My brother and I remained entirely peaceful on January 6 and stuck to our plan to leave Washington before it got dark to avoid being attacked.
- The Court should preclude any materials which were designated 'highly sensitive' that I have not had direct and continuous access to, or any evidence designated as 'sensitive' that I did not have the opportunity to review due to not having full access to the discovery databases, unless otherwise stipulated to by me.

- The Court should preclude any map purporting to show a restricted area around that Capitol that was not created and officially approved by U.S. Secret Service prior to the events of January 6, 2021.

- The Court should preclude the government from using my First Amendment activity before, on, or after, January 6, as evidence of criminal conduct.

- The Court should preclude any attempts by the government to imply that holding or waving an American Flag in the United States Capitol is criminal conduct.

- The Court should preclude any government use of 'Raindrop Theory,' or any allegation that the 'crowd was the weapon,' or that I am individually responsible for the behavior of the crowd or other individuals, unless the government first identifies and produces discovery on all uncover government agents, assets, and informants who were in the crowd at the Capitol, and I am also allowed by the Court to bring a Raindrop Theory defense.

- The Court should preclude the government from mentioning politics, political speech, or political figures since trials should not be political prosecutions.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

```
```
Certificate of Service

Certificate of Service

I certify a copy of this was filed electronically for all parties of record on June 17, 2024.

/s/

William Alexander Pope, Pro Se