UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 21-128 (RC) |
| | : | |
| WILLIAM POPE, | : | Re Document No.:   243 |
| | : | |
| Defendant. | : | |

**ORDER**

**Regarding Government's Motion to Clarify, ECF No. 243**

The Government moves for clarification of the Court's April 25, 2024, Minute Order granting Defendant William Pope's motion for permission to travel to Washington, D.C. for the purpose of taking a Capitol walkthrough tour in preparation for trial. *See* Gov't's Mot. Clarify at 1, ECF No. 243. The Government states that there are no Capitol walkthrough tours scheduled prior to Defendant's trial. *Id.* The Government has also filed a supplemental brief explaining that Capitol "walkthroughs are scheduled after extensive coordination with various stakeholders at the Capitol and must be approved by both houses of Congress," that walkthrough tours cannot take place "while either chamber is in session," and that no walkthrough tours are scheduled for June or July 2024—prior to Defendant's trial. Gov't's Supp. Mot. Clarify at 1, ECF No. 321. The Government contends that if Defendant wishes to tour the Capitol, he can do so by scheduling a tour through his Representative or Senator or by taking a public tour through the Capitol Visitor Center. *See* Gov't's Mot. Clarify at 1.

In response, Defendant argues that a public tour or a tour scheduled through his Representative or Senators would be insufficient to prepare for trial because public tours do not go to all locations in the Capitol that are relevant to Defendant's case. *See* Def.'s Opp'n Gov't's Mot. Clarify at 1, ECF No. 245. Defendant has previously argued that he requires an opportunity

to examine certain locations in the Capitol to rebut the Government's case-in-chief and prepare his defense. *See* Mot. Travel Capitol Walkthrough at 1, ECF No. 231. For instance, Defendant would like to examine the location where the Government contends Defendant blocked the Senate Carriage Doors using a flagpole. *See id.* at 2. And he desires to examine blind spots at the Capitol that he argues will allow him to show holes in the Government's timeline of his conduct. *See id.*

Under Federal Rule of Criminal Procedure 16(a)(1)(E), "[u]pon a defendant's request, the government must permit the defendant to inspect . . . buildings or places . . . if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; [or] (ii) the government intends to use the item in its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(E). Evidence is "material" under Rule 16 "as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Slough*, 22 F. Supp. 3d 1, 4 (D.D.C. 2014) (internal quotation marks omitted) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)). "Courts maintain 'considerable discretion' under Federal Rule of Criminal Procedure 16(d) 'to regulate discovery'." *See United States v. McCaughey*, 534 F. Supp. 3d 132, 141 (D.D.C. 2021). And upon a showing of good cause, courts may "deny, restrict, or defer discovery . . . or grant other appropriate relief." Fed. R. Crim. P. 16(d).

As the Court expressed in its April 25, 2024, Minute Order, "[t]he fact that the government has seen fit to give tours of the Capitol to defense counsel in January 6 cases seems to be an acknowledgment that inspections of the U.S. Capitol Building and grounds are material to all January 6 defendants' defenses." *See* Min. Order (April 25, 2024). Inspecting the area

where the Government alleges Pope's unlawful conduct took place appears likely to help Defendant prepare his defense by allowing him to examine the physical characteristics of the site, corroborate his testimony, and rebut the Government's proffered testimony. And there appears to be no argument that the Capitol is a "building[] or place[]" and falls under the ambit of Federal Rule of Criminal Procedure 16. *See* Fed. R. Crim. P. 16(a)(1)(E).

There is some question with respect to whether the Capitol Building is "within the government's possession, custody, or control," *see, e.g.*, *United States v. Libby*, 429 F. Supp. 2d 1, 7 (D.D.C. 2006) ("[I]t is settled that the government generally need not produce documents that are in the possession, custody, or control of a separate branch of government such as Congress."), but the fact that the Government has arranged Capitol walkthrough tours for January 6 defendants in the past—and the fact that the Government acknowledges it arranged a "private Capitol walkthrough tour" for Defendant's standby counsel in connection with a different case—demonstrates the Government has at least some "control" over the inspection of the Capitol Building. Because William Pope, as a *pro se* defendant, is entitled to the same rights as other January 6 defendants, he has a right to inspect the Capitol Building and Grounds. The Court understands that a Capitol walkthrough tour may be difficult for the Government to arrange, but the Court expects the Government to make diligent efforts to facilitate one. Accordingly, the Court hereby **ORDERS** the Government to make its best efforts to arrange, with help from its partners and stakeholders in Congress, a Capitol walkthrough tour for Defendant William Pope in the two weeks prior to Defendant's trial.

**SO ORDERED**.

Dated: June 26, 2024                                                                                  RUDOLPH CONTRERAS
                                                                                                                    United States District Judge