# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.: 1:21-cr-00128-RC** |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

## MEMORANDUM TO THE COURT ON SENTENCING GUIDELINES

On May 13, 2024, I filed ECF No. 277, moving the Court to direct Pretrial Services to create a preliminary report of sentencing guidelines so that I could more knowingly consider any pre-trial stipulations proposed by the government. On June 4, 2024, the Court issued Order No. 311, granting that motion and directing Pretrial Services to prepare that report by June 19. Accordingly, Pretrial Services filed that report with the Court yesterday.

This report notes that even if found guilty of all charges after trial, my total offense level would be at only 16 points, which would suggest a sentencing range of 21 to 27 months. This is alarming since the government tried forcing me to plea to a range that was twice as long.

Nearly three years ago, on August 27, 2021, the government sent a proposed pretrial resolution agreement to my then appointed counsel, Terry Eaton (See Exhibit 1). That proposal would have required me to plead guilty to U.S.C. 1512(c)(2), with a range of 41 to 51 months. The government's offer included acceptance of 11 points of enhancements to the base level and required me to sign a falsified statement of facts.

However, the government's proposed pretrial offer also noted that I would be eligible for 3 points of reduction based on acceptance and timely notice. If I understand this correctly, I

could have pled to all charges three years ago without accepting the government's proposed pretrial agreement, and that 3 point reduction would have still applied to the base level that was calculated yesterday by Pretrial Services. This would have reduced the base level from 16 to 13 points with a sentencing range of 12 to 18 months. Essentially, me pleading to eight counts would have resulted in less than a third of the recommended sentencing range that the government insisted I receive for pleading to one charge – Obstruction of an Official Proceeding – which the Supreme Court has now destroyed in their ruling on Fischer v. United States.

    Due to the Fischer ruling, the government is now dropping U.S.C. 1512(c)(2) in other January 6 cases, and I fully expect the government to drop it in my case as well. The facts of my case cannot be construed to fit within the Supreme Court's accepted use of the statute, and as I have noted all along, I am not guilty of this charge, and I had no intention to obstruct anything. Once U.S.C. 1512(c)(2) drops from my case, the base level for my remaining counts (according to Pretrial Services) will be 11 points with a sentencing range of 8 to 14 months. However, if I were to plead outright to all remaining counts and earn the 3 points of reduction, my base level would be 8 points with a range of 0 to 6 months. Even at the upper end of this range, this is less than an eighth of the upper range the government tried forcing me to plea to three years ago.

    The government has entirely disregarded judicial economy and disrespected the Court's calendar by pushing the novel use of bogus charges and insisting that January 6 defendants accept extreme pretrial resolution agreements that are far beyond the actual sentencing guidelines. But the government made a huge mistake by trying to force me to plead to the bogus obstruction charge because that left me with only the alternative of vigorously fighting my case. My fight for freedom has exposed everything from undercover police inciting the crowd to FBI agents cheering as people ran up the steps to the Capitol. But beyond that, my fight has forced

the government's discovery unit to produce exculpatory materials they had withheld, has resulted in the government compiling hundreds of pages of internal investigations, has required the government to respond to numerous motions in other cases, has created many inconveniences and appealable issues in other trials, and has shifted the public narrative about January 6. The government has foolishly endured all this to achieve a sentencing range of 0 to 6 months. But even this range would be excessive because I was, as the government admitted, entirely peaceful.

The best path forward is for the government to drop all charges against my brother and I. Otherwise, I intend to keep fighting until I win.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on June 20, 2024.
/s/
William Alexander Pope, Pro Se