UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 21-128 (RC) |
| | : | |
| WILLIAM POPE, | : | Re Document No.:   314, 316 |
| | : | |
| Defendant. | : | |

# ORDER

### REGARDING GOVERNMENT'S MOTIONS TO STRIKE

The Government moves to strike "irrelevant, personal attacks at a member of the prosecution team" within Defendant William Pope's reply in support of his Motion to Dismiss the Indictment Based on Selective Prosecution, as well as additional personal attacks made in Pope's response to the Government's motion to strike. *See* Mot. Strike at 1, ECF No. 314; Rely Supp. Mot. Strike at 1–2, ECF No. 316.  In its motion, the Government highlights a series of paragraphs in which Pope references an Assistant United States Attorney ("AUSA") by name and accuses that AUSA of engaging in a politically motivated prosecution. *Id.* For instance, Pope claims that the AUSA in question is a "political operative," who has "a strong motivation to crush independent journalists," and that "Marxist oppression of free expression has infiltrated our own government." *See* Def.'s Reply Supp. Mot. Dismiss ("Def.'s Reply"), ECF No. 308 at 2–3.  In support, Pope references unattributed materials the AUSA wrote for an elected official and political candidate years prior to the AUSA's employment by the Department of Justice and the events of January 6, 2021.  *See* Ex. 1, Def.'s Reply. ECF No. 308-1.

In his opposition to the Government's motion to strike, Pope doubles down, arguing that the AUSA in question fits the Government's "philosophy of weaponized justice and prosecution of ideological dissent." Def.'s Opp'n Mot. Strike, ECF No. 315 at 1.  In response, the

Government moves to strike "the same unfounded, irrelevant, and personal attacks" contained within Pope's response. *See* Gov't's Reply Mot. Strike at 1, ECF No. 316.

Although the Federal Rules of Criminal Procedure do not explicitly authorize the Court to strike filings or sections of filings—other than surplusage in an indictment or information, *see* Fed. R. Crim. P. 7(d)—the Court has "inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." *Doe #1 v. Am. Fed'n of Gov't Emps.*, No. CV 20-1558 (JDB), 2023 WL 3019876, at *2 (D.D.C. Apr. 20, 2023); *see Zhao v. Li*, No. CV 20-3138 (TJK), 2022 WL 6727338, at *3 (D.D.C. Oct. 11, 2022) ("The Court has the inherent authority to prevent abuses of the judicial process, which includes the power to strike filings."); *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (explaining that courts have "an obligation to protect and preserve the sound and orderly administration of justice" (quotation marks and citation omitted)). Motions to strike are generally disfavored as an extreme and burdensome remedy, and courts have "liberal discretion" when determining whether to grant them. *See Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003) (internal quotations omitted). When considering a motion to strike, courts "draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike." *Nwachukwu v. Karl*, 216 F.R.D. 176, 178 (D.D.C. 2003).

But motions to strike may be granted "if the portions sought to be stricken are prejudicial or scandalous." *Id.* And "[c]ourts in this district have stricken pleadings where the accusations are indefensible, harassing, or detract from the dignity of the Court." *Fay v. Perles*, 59 F. Supp. 3d 128, 134 (D.D.C. 2014). In a similar context, courts in this district have found a *pro se* litigant's filings to constitute harassment where the filings aimed to harass "a particular adversary" and used an abusive or "vexatious tone." *Hall v. McAleenan*, No. 18-cv-461 (JEB),

2019 WL 2569914, at *4 (D.D.C. June 21, 2019) (discussing harassment in context of pre-filing injunction).  "To determine whether a plaintiff's actions are harassing, moreover, the court . . . consider[s] the effect of the filings on the parties and the court" and "look[s] for evidence that defendants feel harassed."  *Id.* (quotation marks and citation omitted).

Here, Pope's filings make unfounded accusations of impropriety and attribute improper motives to the Government's attorney without good cause for so doing.  This "disparaging language" used in Defendant's filing is evidence of harassment.  *See id.*  And these accusations are without basis because there is no evidence that the prosecutors in this case are engaged in a politically motivated prosecution.  Moreover, the unattributed writings of the named AUSA do not mention Defendant Pope and far precede the events of January 6th, 2021, nor was the AUSA in question involved in the charging decision in this case.  It is evident that Pope's "repeated" claims about the prosecutor's motivations are "clearly intend to badger" the Government.  *Id.* at *4.  Furthermore, Pope's allegations singling out a specific AUSA for actions that attorney allegedly took before the events of Defendant's case and before that attorney was hired by the Department of Justice appear intended to intimidate and harass that attorney.  *Id.* at *4 (considering whether *pro se* plaintiff aimed to "harass a particular adversary" (quotation marks and citation omitted)).  Accordingly, the Court finds that Pope's accusations are harassing and prejudicial because they repeatedly and unnecessarily impugn the moral character and motivations of the AUSA by "cast[ing] a derogatory light on a dedicated government attorney" *Pigford*, 215 F.R.D. at 4 (internal citations omitted).

However, rather than striking the sections that the Government moves to strike, the Court will place those documents under seal and **ORDERS** the parties to submit redacted versions for public filing.  *See Urban*, 768 F.2d at 1500 (explaining that courts in this circuit respond to

3

improper *pro se* litigant filings by fashioning remedies that prevent improper filing without unduly impairing litigants' rights to access the court). Redacting the improper language in Defendant's filing is more appropriate here than striking because the Court has already ruled on the underlying motion that the harassing language relates to and redaction will serve sufficiently to remove that language from the Court's public docket. Accordingly, because the accusations of politically motivated prosecution in Pope's filings are unsupported by facts or evidence, constitute a form of personal harassment, and are unnecessary, and irrelevant it is hereby

**ORDERED** that the parties shall redact the following information and file the redacted versions on the docket:

- the allegations contained in the second paragraph of page 2 and the three full paragraphs on page 3 of Defendant's Reply (ECF No. 308);

- Exhibit 1 of Defendant's Reply (ECF No. 308-1);

- the last two sentences of the first paragraph on page 1 of Defendant's opposition brief to the Government's motion to strike (ECF No. 315); and

- the last two sentences of the paragraph that spans pages 1 and 2 of Defendant's opposition brief to the Government's motion to strike (ECF No. 315).

And it is **FURTHER ORDERED** that the Clerk shall place under **SEAL** Defendant William Pope's reply in support of his Motion to Dismiss the Indictment Based on Selective Prosecution (ECF No. 308) and Defendant William Pope's opposition brief to the Government's motion to strike (ECF No. 315).

**SO ORDERED**.

Dated: July 26, 2024                                        RUDOLPH CONTRERAS
                                                             United States District Judge