# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

## SECOND MOTION TO COMPEL DISCOVERY ON THE MAN WHO PUSHED ME INTO THE CAPITOL: NICHOLAS HOFER

On May 13, 2024, I filed a Motion to Compel Discovery "On the Man Who Pushed Me Into the Capitol" (ECF No. 272). That motion detailed the conduct of the man, as well as my attempts to seek information about him from the government. On June 18, 2024, the Court denied that motion in Order No. 326 at 36, because the government had "represented to the Court that it is aware of Pope's request for this information but says that it has 'no discoverable information' at this point.'" The Court accepted the government's representation as factual, however, the Court wisely reminded the government of their Brady obligation "to obtain that information if it is within possession of an agent working on behalf of the government," and to produce it to me within a reasonable amount of time. Recently, I have discovered that the government filed ECF No. 304 ex parte on May 29, 2024. Since I was unaware of this secret government response, I was deprived of the opportunity to reply. It has now become apparent that the government possessed information on this man that had been produced in discovery 22 months before the government represented to the Court that the government had no discoverable information. Since the Court denied my motion based on the government's false representation, I am filing this second motion to compel discovery on the man who pushed me into the Capitol.

**Factual Background**

Shortly after I began representing myself, I was finally able to view CCTV from the Senate Carriage Doors, and I visually identified the man who pushed me into the Capitol. Soon after that, on August 12, 2022, I emailed AUSA Jason Crawford telling him that I would need "all information the government has on the bearded man shown in photos." I also conveyed to Crawford that the man was known by the hashtags #FrodoTheFash and #Insider0348. AUSA Crawford responded on August 25, 2022, "I have conferred with colleagues and the FBI and to my knowledge the individual pictured below has not yet been identified." In the two years since, I have repeatedly asked the government for information on this man, but I have been stonewalled by the government. These attempts to obtain information are documented in ECF No 272 at 2.

Two years later, the government now admits that Mr. Crawford's response to me wasn't accurate, and that the government's delays in providing the man's identity were not necessary. This is because the government possessed the identity of the man at the time I first requested it.

On Wednesday, August 28, 2024, the government issued a press release that Nicholas Scott Ingram Hofer self-surrendered[1] to the FBI in the Southern District of Indiana. That same day, the government filed ECF No. 349 in my case, noticing the Court that two related ex parte filings – ECF Nos. 304 and 338 – could be unsealed.[2]

---

[1] In contrast to Hofer's self-surrender, the government lied to me that I would be allowed to self-surrender if charges were filed, then sent numerous armed agents and officers to arrest me at my house. This is strange since Hofer assaulted multiple officers while I was entirely peaceful on January 6. The government also failed to preserve the bodycam recordings of my arrest despite me requesting copies months before the videos were destroyed.

[2] Judge Contreras ordered ECF Nos. 304 and 338 to be unsealed on August 28, 2024, however, the filings were not added to the docket. After contacting the Clerk, I finally got access to these documents on September 3, 2024.

In ECF No. 304, which the government filed ex parte on May 29, 2024, the government claimed they had "no discoverable information" to provide me; while also admitting they would have such information "in a matter of weeks" and would "at that time" inform me and the Court. To put this in context, on May 29, my trial was less than two months away. Waiting weeks to produce that information would have meant that the government would have either dumped it on me right before trial or produced it during or after trial. This would have left me no time to digest the information and consider my legal options. As we now know, the government did not arrest Hofer until more than a month after my original trial date. Had the Supreme Court's ruling in Fischer v. United States not been issued when it was, my trial date may not have been continued, and the identity of Hofer would not have been produced to me on time (if at all).

However, even though the Court denied my motion based upon the government's false representation to the Court that the government did not possess discoverable information about the man who pushed me into the Capitol, the Court did strongly remind the "government of its *Brady* obligation to obtain that information if it is within possession of an agent working on behalf of the Government" (Order No. 326 at 36). The Court also affirmed that if the government possesses the identity of the individual who pushed me into the Capitol "the government must turn over that information within a reasonable time after it comes across such material." Had the Court not written the order in this way, I believe it is very possible that the government would not have produced Hofer's identity, or arrested Hofer.

This is because in ECF No. 338, which was filed on July 19, 2024, the government stated ex parte that it had "identified an individual who may be '#FrodoTheFash.'"

The government's "may be" was actually an omission of facts, because the government failed to notice the Court in that secret filing that they had already surveilled Hofer three weeks

earlier. In fact, the FBI agent who attested to Hofer's Statement of Facts under penalty of perjury, "identified" Hofer on June 26, 2024, as being "the same individual" as #FrodoTheFash.

However, in ECF No. 338, the government argued ex parte that the identity of the man who pushed me into the Capitol was immaterial to my defense and not discoverable. That was a strange and false argument for the government to make, because there is zero question that Hofer was a material witness to events at the Senate Carriage Doors, and I have every right to subpoena his testimony. And if Hofer was working for the government or another entity on January 6, it would not only be a matter of him pushing me into the Capitol, because it would also open the door to other defenses. So, to push back on the government's argument, the identity of Hofer and the context of why he was at the Capitol is definitely material to my defense.

Even now, though Hofer has been charged, the circumstances of his arrest have raised more questions. The Statement of Facts for Hofer notes that the government received two tips on Hofer in April and May 2021. These tips were sent directly to the FBI and would have been reviewed by FBI staff. The Relativity index shows that these tips were then added to the Global Discovery on July 22, 2022, by the DOJ discovery unit.[3] This was three weeks before I asked AUSA Crawford for all information on #FrodoTheFash, and about a month before Crawford told me that the FBI did not possess the identity of the individual who pushed me into the Capitol.

Strangely, while Hofer's Statement of Facts includes three photos that were supposedly sent in with the tips, the government did not include those photographs with the tips that were uploaded to Relativity. This means that even if I had been given full access to search the millions of files in Relativity, I would not have been able to visually match the tips on Hofer to the

---

[3] This discoverable information on Hofer was uploaded to the Global Discovery 22 months before the government told the Court in ECF No. 304 that it had no discoverable information to provide me or the Court!

January 6 footage because the government removed key visual information from the tips before they were added to global discovery. I also find it strange that the FBI ignored these tips for three and a half years even though one of the tips pointed out that Hofer refers to himself as a "HomegrownTerrorist." The FBI ignoring tips on a 'terrorist' gets stranger when considering that Hofer was one of the most violent persons at the Capitol, assaulted police in multiple locations, and seems to have been on top of Roseanne Boyland when she died in the tunnel.

Perhaps the strangest thing is that internet searches for Nicholas Hofer show that he was almost a ghost prior to his arrest last week. The only significant piece of information I could find online was a photo[4] of a Pfc. Nicholas Hofer taken on January 8, 2011, in Afghanistan. Though ten years younger and beardless, the facial features and hair of Pfc. Nicholas Hofer seem to match, and he wore the same model of 901 tan chest rig that Nicholas Hofer wore on January 6.



Figure 1: A photo from January 8, 2011, shows a Pfc. Nicholas Hofer (left) in Kandahar, Afghanistan.

---

[4] The photo of Pfc. Hofer can be accessed here: https://www.alamy.com/stock-photo-pfc-nicholas-hofer-infantryman-and-spc-jarree-palmer-military-police-129501599.html?imageid=E361DD5B-ED36-485F-A678-5D30223B5F61&p=370272&pn=15&searchId=e2abebd4fb7b2ddf938e1a50d27528a2&searchtype=0

Hofer's military background is significant, because on January 25, 2023, I asked AUSA Kelly Moran for an update on whether the FBI had identified #FrodoTheFash and sent her a clear facial image of the man we now know to be Hofer. In that email I surmised from my review of video that, "It seems he may have military experience, so your powerful facial recognition software may be able to match it to the government's database of employee ID photos."

Not only did I point out where the discoverable information might be found in the government's possession, but I also pointed out a method by which the government could find it – and I was right! But the government didn't try to obtain the information I was seeking. Or if they did, they did not voluntarily produce it. Instead, the government resisted taking action on Hofer until I filed a motion to compel, and until the Court reminded the government of *Brady*.

**The Government Has Not Provided Sufficient Discovery on Hofer**

As the government noted in ECF No. 349, they have provided me a copy of the DOJ press release on Hofer's arrest, as well as the Hofer's Statement of Facts. However, while those documents include some information that has been useful for developing this second motion to compel discovery, they also omit a significant amount of information that would be material to my defense, including whether Hofer was working for the government on January 6. Other than those two documents, the government has only provided a PDF summarizing some of the video that the then unnamed Hofer appeared in. However, when AUSA Kearney sent me that document on June 27, 2024, I asked whether the government had been able to identify him. AUSA Kearney never responded. That was the day after the government had surveilled Hofer at his workplace and confirmed that he was the same person as depicted in January 6 footage. That was also prior to my trial date being continued. Had the government produced Hofer's name and other information two months ago, this second request for discovery might already be resolved.

**It is Likely that Hofer Worked for the Government or a Government Contractor**

The DOJ press release for Hofer lists Carbon, Indiana as the town he lives in, which is in Clay County, Indiana. However, Hofer's Statement of Facts lists his employment as being in Martin County, Indiana. This is quite the commute for Hofer, because even the closest town in Martin County, IN, would be at least an hour and twenty minute drive from where Hofer lives.

It's important to consider that Martin County only has a population of 9,812, and much of the county is farmland, so employment options for Hofer would be limited. However, about a third of Martin County belongs to the Department of Defense, and about 6,500 people are employed at the Naval Surface Warfare Center Crane Division. These make up the vast majority of jobs in Martin County, IN, meaning it's the most likely place Hofer was employed.

In fact, the base at Crane calls itself "one of Indiana's largest high-tech employers."[5] So, NSWC Crane isn't just the most significant employer in Martin County, it's also one of the top employers in the entire State of Indiana. Coincidentally, the closest town in Martin County to Nicholas Hofer is Crane, IN, which is the gateway to the naval base.

NSWC Crane encompasses everything from growing the white oak trees that are used to refit the USS Constitution, to top secret research developing high energy lasers canons and hypersonic missiles, to cyberwarfare, to Navy NCIS (which has been one of the government's investigative partners for January 6 cases). NSWC Crane also hosts many other government agencies and contractors. Crane is also works for Special Operations Command and supports elite commandos for expeditionary and irregular warfare. The Court should note that it was

---

[5] See NSWC Crane 2021 Year in Review at 11:
https://www.navsea.navy.mil/Portals/103/Documents/NSWC_Crane/Annual%20Review/YR%20REVIEW%202021%20final%20med%20res%20interactive%208.8.22..pdf

reported that units from the Special Operations Command were seconded to the FBI on January 6.[6] This connection to would be significant if Nicholas Hofer was working for JSOC.

While the government did not list Hofer's employer in his Statement of Facts, the fact that Hofer has served in the military makes it more likely that he may be working for the government or a government contractor at NSWC-Crane. It would be a shorter commute for Hofer to drive to the more populated areas like Indianapolis or Terre Haute for work, but clearly there's some unique job in Martin County makes the drive worth it for Hofer, and by far the most likely place of employment for Hofer in Martin County is NSWC Crane – a base where salaries average $106,800 per year.[7] Coincidentally, NSWC Crane also customizes chest rigs (like the one worn by Hofer on January 6) to be used by special operations teams. See Figure below.



*Figure 2: Employees at NSWC Crane develop new equipment and technologies for Special Operators. Their 2021 Year in Review highlighted adaptations that staff at Crane had made to a chest rig similar to the one worn by Nicholas Hofer on January 6.*

---

[6] See: https://www.newsweek.com/exclusive-secret-commandos-shoot-kill-authority-were-capitol-1661330

[7] DOD Fact Sheet on NSWC Crane's Economic Impact: https://www.navsea.navy.mil/Portals/103/Documents/NSWC_Crane/Home%20Page/Economic%20Impact/NSWC%20Crane%20Slick%20Sheet%20-%2025Jan24.pdf?ver=MvdbLLOO7lzcD3p0x__zAQ%3d%3d

**It Is Likely that Nicholas Hofer Had a Federal Security Clearance**

For Nicholas Hofer to have served in Afghanistan, he would have needed to obtain a government security clearance because the military does not consider combat troops that are unable to obtain a security clearance to be 'deployable' to war zones. And if Hofer worked on the Navy base in Crane, IN, it's even more likely that he still had a federal security clearance on the date of his arrest, and on January 6, 2021.

A review of federal civilian job listings at Crane shows that all current openings require applicants to maintain a security clearance. Likewise, an internet search for contractor jobs at Crane shows that even contract employees on base must have a federal security clearance.

Additionally, NSWC Crane specifically targets hiring veterans with military security clearances.[8] If Hofer is no longer in the military, his veteran status would make him a prime candidate for a federal civilian job at Crane. Hofer would also be a likely candidate for jobs with federal contractors who can only hire individuals who maintain a security clearance. Since NSWC Crane has a workforce of about 4,000 federal civilian and military employees, and about 2,500 federal contractors (See: Footnote 10), I believe it's likely that Hofer was either a direct or contracted employee of the federal government on January 6.

**I Have a Right to Discover if Hofer Was Working for the Government**

I pointed out in ECF No. 272, that "since the government continues to withhold information, I cannot rule out the possibility that [Hofer] was a government agent, contractor, or informant." Even though the government has now arrested Hofer, that does not rule out the

---

[8] NSWC Crane's Hiring Page for Veterans: https://www.navsea.navy.mil/Home/Warfare-Centers/NSWC-Crane/Careers/Hiring/Veterans/

possibility that Hofer held a security clearance or was working on behalf of the government on January 6. The fact that Hofer deployed with the military to a war zone and very likely has worked on the military base in Crane, IN, makes it even more plausible that Hofer was a government employee or contractor and held a security clearance on January 6.

As the Court noted in Order No. 326 at 8, "To the extent that discovery exists showing that Pope himself interacted with an undercover agent who induced him to violate the law, Pope can obtain that in discovery." The Court also ruled in Order No. 239 at 13, that the denial of my motion was "subject to reconsideration if Pope can demonstrate that the discovery he requests depicts his interactions with an individual he believes to be an undercover officer and he can articulate how that individual influenced his conduct."

Here it is easy to articulate how Hofer influenced me on January 6: He pushed me into the Capitol and then pushed me again as I was trying to exit the Capitol seconds later, which knocked off my hat, caused police to change tactics from allowing people to exit, and caused me to back against the door frame in attempt to stay out of the way of police. This is clearly evidenced by CCTV footage. Had this series of events which were caused by Hofer never happened, I would have never gone into the Capitol, and I would never have been in the position where officers bumped my flagpole into the door. Hofer's actions have caused me to spend almost four years of my life defending myself against the government's allegations in court.

So, because Hofer played a causal role in me facing these federal charges, and because Hofer likely held a security clearance and worked for the federal government either directly or through a federal contractor or partner on January 6, I have a right to discover whether Hofer was tasked with working on behalf of the federal government (including the DOD or any other

agency) on January 6, 2021. The prosecutors in this case either already possess that information, or can easily obtain that information from federal agencies, and they have an obligation to do so.

For instance, the government has already surveilled Hofer at his undisclosed place of employment. If Hofer worked on NSWC Crane, the government knows it, and knows what his job was, and knows whether he possessed a security clearance. If Hofer held a security clearance, Hofer would have undergone a thorough federal background investigation. This means the government would possess information on who Hofer worked for on January 6, 2021. If Hofer worked for the federal government or a government contractor on January 6, the government either possesses or can easily obtain information on whether Hofer was at the Capitol on behalf of the government or a federal contractor or partner. The FBI, HSI, NCIS, and all other investigative agencies, can also send out a request to their agents to determine if Hofer has ever been used by the government as a CHS.

If Hofer was working on behalf of any government agency, contractor, or federal partner in any capacity when he pushed me into the Capitol, that is all discoverable information.

Up until this point, the government has repeatedly presented lies of omission to both me and the Court regarding their knowledge of Hofer. The Court can no longer accept the government's representations about Hofer to be complete and factual, so the Court should compel the government to identify, obtain, and produce all information regarding Hofer's working relationships with government agencies in discovery. As the Court noted in Order No. 326 at 36, the government has a "Brady obligation to obtain that information if it is within possession of an agent working on behalf of the Government."

I would note to the Court that the man I now know to be Hofer would be a crucial witness to events at the Senate Carriage Door, however, the government has now arrested Hofer, which may prevent me from compelling him from testifying in my trial. But just because the government arrests an individual, it does not mean the individual has not worked for the government or that his contextual information is not exculpatory to me as a defendant.

An example of this is Steve Robeson, who was a paid informant in the FBI's Wolverine Watchmen entrapment scheme. After Robeson helped the FBI entrap members of the Wolverine Watchmen, the government charged Robeson with federal crimes, which prevented him from being compelled by the defense to testify in the Wolverine Watchmen case. The FBI arresting Robeson did not nullify the materiality of Robeson's participation to the entrapment. Those facts were still raised by the defense, and ultimately, members of the group were found by juries to be not guilty because the FBI created and planned the scheme, which constituted entrapment.

If Hofer was working on behalf of any government agency in any capacity on January 6, that information is material to my case regardless of Hofer's charged status, because those facts would potentially open up additional defenses, including entrapment.

I therefore move the Court to compel the government to produce all information about Nicholas Hofer – the man who pushed me into the Capitol – that is possessed by any agency or agent of the government, or by any federal contractors or partners. Such information would include whether Nicholas Hofer possessed a security clearance on January 6, 2021, and any agencies or entities he was working for at the time, and whether Hofer has ever been enlisted as a Confidential Human Source by any federal agency. Furthermore, I am seeking all information on whether the government intentionally removed Hofer's photographs from the tips produced in discovery, and whether any other agency or entity has requested that Hofer not be identified or

arrested by the DOJ, and whether the government otherwise attempted to conceal the identity of Nicholas Hofer or deprive me of discovery materials that would aid in my defense.

**Summary of Motion**

If Nicholas Hofer has had a security clearance and has been working on a military base that conducts top secret research and operations, most Americans would wonder why the federal government allowed him to continue in that work for the last three and a half years while Hofer was referring to himself as a 'HomegrownTerroist.' This seems bizarre when considering that during that time the government has prioritized arresting hundreds of entirely peaceful January 6 protestors on misdemeanor charges. Hofer was perhaps the most violent individual at the Capitol and played a pivotal role in multiple key locations. As a defendant who was pushed into the Capitol by Hofer, I have a right to raise questions about Hofer, including whether Hofer was working on behalf of any government agency, because that information would be material to my defense, and should have been produced to me three years ago.

Since the government has instead worked to hide information about Hofer, it falls on the Court to compel the government to produce this information as soon as possible. I respectfully move the Court to do so as soon as possible so that I can make preparations for trial.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service

I certify a copy of this was filed electronically for all parties of record on September 6, 2024.

/s/

William Alexander Pope, Pro Se