# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

## RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE

**Overview**

On June 18, 2024, the government filed ECF No. 324, which was a motion in limine. After the trial date was continued, the Court reset the response deadline for motions in limine to September 6, 2024. This is my response to ECF No. 324.

**RE: Section A. – Sensitive Security Information**

There should not be an absolute limitation on questions regarding information the government deems to be sensitive because some such information include facts that are relevant to this case and must be proved by the government. For instance, it is not my goal to pry into Secret Service policies, but there is a need to question whether the grounds were restricted according to statute. I also foresee a need to ask questions regarding the movement of Secret Service protectees as it relates to the decision of Capitol Police to hold us in the Senate Carriage Hallway and then release us further into the building towards the Senate Wing Doors. Whether Secret Service policy and case facts can be completely separated on some of these matters, I do not know. But I oppose an absolute restriction because there may be a situation where I might

need to confront a witness on matters that relates to the allegations against me, or anything that might prove my innocence.

As far as the location of CCTV cameras go, I have never possessed the highly sensitive map that was produced in discovery (even though it was leaked on social media several months ago), and I do not intend to introduce it as evidence in trial. This is because I already know the location of every camera even without that map.[1] By this point, many of the Capitol CCTV cameras also have been released by Congress, and anyone on the internet can figure out where they are, so it is pointless to limit discussion of location.

Nevertheless, I do not intend to make the location of cameras a major point in my case. However, I may need to question witnesses about the differences in camera angles and perspectives to probe what facts are visible, and what facts are not visible at certain moments.

If the government believes some national security matters outweigh my right to probe allegations that have been brought in this case, then the government should weigh that and dismiss any charges that have been brought against me that might require such probing. It would be ridiculous for the government to deprive me of Sixth Amendment rights just so they can allege misdemeanors, because the government's denial of my constitutional rights would be a far more serious crime. Therefor, the Court should deny Section A of the government's motion.

**RE: Section B. – First Amendment Defenses**

The government seeks to preclude me from using a First Amendment defense both as it pertains to my Freedom of Speech and my Freedom of the Press. However, to preclude a First

---

[1] After this case is resolved, I would even be happy to offer Capitol Police suggestions on how they might improve their CCTV coverage (if such input is desired). If they are smart, they have probably improved their system already.

Amendment defense would be to preclude the facts pertaining to why I came to Washington and why I walked to the Capitol. My entire purpose for being in Washington was to exercise First Amendment rights, and I exercised those rights for the duration of my time in Washington. That conduct is inseparable from the facts of my case, and evidence of my First Amendment activities should not be limited in Court. For instance, I was writing articles for my news website in the days leading up to January 6, and I took pictures to use in articles while I was in Washington, including at the Capitol. As the government has noted in ECF No. 352 at 6, which is their response to my motion in limine, "it is not possible to divorce the charges against the defendant from the context in which they occurred." The context is that I was exercising the First Amendment rights of Press and Speech, and I should be allowed to make a First Amendment defense. It's ridiculous that the government wishes to use my speech and publications as evidence, yet completely preclude the First Amendment context in which they were made. Therefore, the Court should deny Section B of the government's motion.

**RE: Section C – Law Enforcement Actions**

The prosecutors in my case seem to be embracing the role of hypocrites. I filed a motion in limine to preclude the government from using any evidence depicting events on January 6 where I wasn't physically present, or any statements made by my brother or others to which I was not directly aware, yet in ECF No. 352 at 7, the government has objected to that.

At the same time, the government wants to preclude me from using any evidence of law enforcement actions including undercover operations and inducing behavior where I wasn't physically present. My motion in limine would preclude both, but it would be unfair to preclude the actions of law enforcement that took place where I wasn't present and not also limit the actions of protestors who did things I wasn't aware of. If we are going to make this trial about

the macro events of January 6, anything should be available to me as a defense. After all, why should I be prohibited from showing video of the clapping FBI agent (who actually was present on the east side of the Capitol when I was there), if the government is allowed to show video of fights in the tunnel that took place hours after I was gone? The government should not be allowed to have their cake and eat it too. If the macro events of protestors are to be allowed into evidence, then all macro events of government agents should be fair game too.

Furthermore, the question of entrapment has not yet been resolved. As I noted this morning in ECF No. 351 at 10, the Court has repeated multiple times that I can raise an entrapment defense if I can show that the actions of a government operative affected me in any way. Since that motion, ECF No. 351 raises the high likelihood that the man who pushed me into the Capitol worked for the federal government, and since that motion is still pending, an entrapment defense should not be precluded. And the Court should continue to be open to the possibility that new information will come to light.

For these reasons, Section C of the government's motion in limine should be denied.

**RE: Section D – Jury Nullification**

At no point have I filed anything about jury nullification, yet the government seems to be making an issue out of an entirely legal option available to jurors. Throughout American history, juries have had the right to find defendants not guilty. Prior to the Civil War, this right of jury nullification was often used by juries in northern states to rectify the evils of the Fugitive Slave Act in federal courts; and it should continue to be available to juries as a means for citizens serving on the jury to correct the failures of legislation or the abuses of government prosecutors.

It continues to be my belief that I cannot get a fair trial in Washington, D.C., and this Court has denied my Motion for Change of Venue. This belief that the District Court has become a Star Chamber is shared by the Federal Public Defender, numerous other defense attorneys, and every January 6 defendant that I have spoken to. The impossibility of a fair trial will become even more so if the Court prohibits jurors from finding a defendant not guilty.

As such, Section D of the government's motion in limine should be denied.

**RE: Section E – Good Character**

The government has moved to prohibit me from introducing evidence of my good character, while at the same time the government wishes to throw insinuations at the jury that I have a bad character. This is ridiculous and should be denied outright. Evidence of my good character explains many of my actions on January 6, including my attempt to help the officer at the door, my attempt to exit the building, and my calm demeanor and obedience to police commands in the hallway. I should be allowed to present evidence of the positive mental state and philosophies that I carried with me in Washington. Prohibiting such favorable evidence would be unjust. Therefore, Section E of the government's motion should be denied.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

<u>Certificate of Service</u>
I certify a copy of this was filed electronically for all parties of record on September 6, 2024.
/s/
William Alexander Pope, Pro Se