# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

WILLIAM ALEXANDER POPE,

Defendant.

**Case No.: 1:21-cr-00128-RC**

## REPLY TO THE GOVERNMENT'S RESPONSE TO MY MOTION IN LIMINE

On June 17, 2024, I filed a motion in limine (ECF No. 323) by the Court's established pretrial deadline. In that motion, I sought to preclude any materials, language, or arguments that are immaterial to the facts of this case. For instance, I sought to preclude video depicting events where I was not present, and statements made that I was not a party to. I also sought to preclude references by the government to the events of January 6 as insurrection or sedition (since I am not charged with either insurrection or sedition), or to perpetuate other false and inflammatory language, including the government's continued lie alleging that I wedged a flagpole in the door.

I made that motion in limine because this case should be only about the facts. Good prosecutors shouldn't need to include made up nonsense or use hyperbolic language; they shouldn't need to show video from the tunnel depicting events that transpired long after I left the Capitol grounds; and they shouldn't need to construe my legitimate concerns for safety into a fake narrative to try and deceive a jury.

The government responded to my motion in limine in ECF No. 352, essentially arguing that this case should be a circus in front of the jury. If the Court allows my trial to be a circus, I will treat it as a circus. But justice should be about facts and truth. All else should be excluded.

I do not consider Washinton to be a fair venue, but I have tried to respect the process (even though the Supreme Court has found these cases to excessive), and I hope the Court will at least allow fair rules for this trial. If I am not allowed to use a raindrop theory defense, the government should not be allowed to use a raindrop theory prosecution. If I am not allowed to show the clapping FBI agents, then the government should not be allowed to show violence against the police where I was not present (such as video of paid FBI informant Michael Alen Jones who was embedded in the Proud Boys and was punching officers at the west front).

But if the Court wishes to allow the government to show footage to the jury of violence against the police that I was not present for, then the same rules should apply to both parties, and I should be allowed to present evidence of broader government misconduct.

The Court should, however, deny all footage of violence that I did not personally witness, because it would confuse the jury as to Count 1, Civil Disorder. The government should not be allowed to bring this charge, unless they can demonstrate that I personally witnessed three persons assembled together, committing assault. If the government cannot prove this, then Count 1 should be dismissed. No American should face this felony charge when they were entirely peaceful and unaware that a Civil Disorder had been declared and that three persons were violent. It is not fair to be punished for the actions of others.

The Court should also prohibit the government from arguing that carrying an American Flag is unlawful conduct. This would be a historically bad precedent to set, because holding or waving an American Flag should never be considered criminal behavior.

As for the other points I made in my motion in limine, I stand by them. I found the government arguments in response to be unconvincing and not in the interests of justice. If the Court wishes to allow the government to make hyperbolic arguments and turn this trial into a circus, I am more than happy to let history remember the government as a posse of clowns.

But to preserve the reputation of justice in America, my motion should be granted in full.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on September 13, 2024.
/s/
William Alexander Pope, Pro Se