# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

## RESPONSE TO THE GOVERNMENT'S NOTICE TO THE COURT NO. 357

On September 17, 2024, the government filed a Notice to the Court (ECF No. 357), claiming that the government had not identified "any photographs or videos" that were taken by FBI informant James Ehren Knowles when he entered the Capitol. However, FBI informant James Ehren Knowles testified under oath in *United States v. Nordean, et al*, 21-cr-000175-TJK, that the FBI had flashed a copy of his phone shortly after January 6. My review of CCTV Camera 0102 by the Senate Wing Doors found that Knowles phone screen does show a recording app open, and I assessed that Knowles was holding the camera as if he was filming. In addition to this, AUSA Mulroe in the case of Nordean, also assessed that Knowles was filming as he entered that Capitol, and Knowles affirmed to AUSA Mulroe under oath that he was recording video. The question most pertinent to this Court's order (ECF No. 326 at 36) is not then whether Knowles was filming (Knowles admitted under oath that he was) but whether the government has met their obligation to obtain the recordings made by their FBI informant, James Ehren Knowles. Since Knowles swore under oath that the FBI flashed a copy of his phone, the government has media Knowles recorded on January 6, and also has the ability to determine whether any media was copied or deleted from Knowles' phone before the FBI flashed it.

**Background of Discovery Request**

On February 28, 2024, I emailed the government, requesting they send me all media recorded by FBI informant James Ehren Knowles, who appeared on CCTV Camera 0102 entering the Capitol at 2:25 p.m. on January 6, which is a time and location the government has deemed to be relevant to my case. The government never responded to that request, so on April 14, 2024, I filed ECF No. 237 at 14, citing the government's failure to produce video recorded by Knowles, as one reason to continue my July trial date. In ECF No. 256 at 6, I again noted that the government had not yet provided discovery on Knowles, which was delaying my trial preparations, and causing me to spend my time writing additional motion to compel.

Nearly seven months after my initial request, the government continues to obstruct the production of these materials despite the Court ordering them to do so.

On May 13, 2024, I moved for miscellaneous discovery, seeking the Court to compel production of all information on James Ehren Knowles that is possessed by the government, "including media he recorded on January 6" (See: ECF No. 274 at 2). The Court granted that motion on June 18, 2024 (Order No. 326 at 38), but three months later the government still has not produced any materials related to FBI informant James Ehren Knowles.

On September 9, 2024, I noticed the Court in ECF No. 354, that the government's delay in this matter was preventing me from preparing for trial, and that if the materials were not produced by September 18, 2024, I would need to motion to continue the trial date.

On September 17, 2024, the government filed a notice to the Court claiming that they were unable to identify "any photographs or videos that were taken by the individual identified

by the defendant while that individual was entering the Capitol building via the Senate Wing Door or that depict the defendant or Michael Pope."

The Court has previously acknowledged that, "'Normally,' courts 'accept the government's representations" on whether they possess certain materials (see: Order No. 326 at 36). However, since the government has already misrepresented to the Court what they possessed and knew about Nicholas Hofer (the subject of another pending discovery request in this case – see: ECF No. 351), the Court should no longer give the government the benefit of the doubt in this case when considering the government's representations.

**Evidence that FBI Informant James Knowles Was Filming as He Entered the Capitol**

Knowles testified on Day 56 of the trial of *United States v. Nordean, et al*, 21-cr-00175-TJK, Document 952, beginning at 18 (See: Exhibit 1), that he recorded photos and videos, and that he provided those to the FBI when they flashed his phone. On Page 42 of that same transcript, AUSA Mulroe asked FBI informant James Ehren Knowles if Exhibit 113 showed him filming a video as he entered the Capitol. Knowles testified that he was filming when he entered the Capitol. [The Court has ordered this exact video that Knowles was filming to be provided to me by the government (See: Order No. 326 at 38)]. However, AUSA Mulroe questioned Knowles whether he had provided that video to the FBI. Knowles testified, "I don't recall having done so." This answer opens up multiple possibilities. Knowles admitted that the video exists, but doesn't recall whether he gave a copy of it to the FBI, even though he testified that the FBI copied his entire phone. It's possible that Knowles gave the FBI the video, but does not recall.

It's also possible that Knowles retained his own copy, but did not provide it to the FBI. A third possibility is that FBI informant James Knowles deleted evidence that is material to my case.

```
 4              (Whereupon, segments of Government's Exhibit No.
 5      113 were published in open court.)
 6      BY MR. MULROE:
 7      Q.   Do you see yourself filming a video again here?
 8      A.   Yes.
 9      Q.   Is it possible that is one of the videos that you
10      deleted from your phone?
11              MR. SMITH:   Objection.   Misstates the testimony.
12              THE COURT:   Overruled.
13              MR. MULROE:   Let's pause it.
14      BY MR. MULROE:
15      Q.   I'll ask you this question, sir:   You didn't give that
16      video to the FBI, did you?
17      A.   I don't recall having done so.
```

Figure 1: Transcript Page 42 from Day 56 of U.S. v. Nordean, where FBI Informant James Ehren Knowles admitted that he was recording a video when he entered the Capitol through the Senate Wing Doors on January 6, 2021.



Figure 2: A screenshot of Government Exhibit 113x in U.S. v. Nordean, showing Knowles filming as he entered the Capitol.

I do know that at least some of the video recorded by Knowles does still exist. A clip that Knowles recorded near the Capitol Visitor Center surfaced after it became a public defense exhibit in the Nordean trial. I have been able to sync this clip to CCTV footage to show that Knowles was holding his phone in the exact same way as when he was filming as he entered the Capitol. This synchronized footage is included as Exhibit 2,[1] and further evidences that Knowles was filming, and that his video does still exist. But so far, this is the only clip I have.



*Figure 3: CCTV 7164 shows Knowles near the Capitol Visitor Center holding his phone to record video in the exact same way he held his phone while entering the Capitol through the Senate Wing Doors. Since the clip that Knowles recorded by the Visitor Center became a public exhibit in a January 6 trial, I am able to sync it to the CCTV to provide more context of the scene.*

If the video of Knowles' entrance into the Capitol exists and is possessed by either the government or their FBI informant (James Ehren Knowles), then the government has an obligation to obtain the video and provide it to me according to the Court's order. However, if the video was destroyed by an FBI informant or some other government employee, or if Knowles

---

[1] Exhibit 2 is made from publicly available footage and can be accessed here:
https://rumble.com/v5fq2eb-exhibit-fbi-informant-james-ehren-knowles-synced-to-cctv-7164.html

destroyed or hid the video at the instruction of a government employee prior to his phone being flash copied, spoliation issues will arise since that recording contained video and audio that is relevant to the case brought by the government against my brother and me. In fact, Knowles's video is especially significant because it recorded the scene near the Senate Wing Doors just seconds before my brother and I decided to walk down the hallway, following behind Knowles.

To date, no charges have been filed against Knowles for him entering the Capitol wearing body armor and carrying flexicuffs or for Knowles chasing police into the Capitol Visitor Center. The government has also not charged Knowles with destruction of evidence, so the government seemingly does not believe the video evidence Knowles recorded of his entrance into the Capitol was destroyed. Since no evidence tampering charges have been filed against Knowles, the Court should conclude that the video of Knowles entrance still exists and should be produced.

The government also did not raise an issue about the possible destruction of this video in their September 17, 2024, notice to the Court (ECF No. 357), nor did the government contest Knowles sworn testimony that he was recording a video when he entered the Capitol. Since the government failed to raise these issues in ECF No. 357, we must presume that the government believes that all videos recorded by Knowles on January 6 still exist. When considering these many factors, the government's notice to the Court (ECF No. 357) amounts to yet another government omission of the facts and another obstruction by the government in this official proceeding that is causing me to file additional briefs and delay my preparations for trial.

I have been told by my standby counsel that the government does have the ability to find media on the FBI's flashed copy of Knowles phone, and also to determine whether any media was transferred off the phone prior to it being flashed, or to determine whether any media was deleted. Since the government has these abilities, and since the government has not proffered

whether they attempted to retrieve this media from Knowles' phone, I am asking for the Court to enforce its order, and if needed, to conduct an evidentiary hearing to resolve this matter.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on September 20, 2024.
/s/
William Alexander Pope, Pro Se