# **PROPOSED VOIR DIRE**

### I.      Joint Proposal

The parties jointly propose the following questions:

### *General Questions*

1. Do you live or work at or near the U.S. Capitol Building?

2. Do you or someone you know have a direct or indirect connection to the events that occurred at the U.S. Capitol on January 6, 2021?

3. Have you followed the news about the events that took place at the U.S. Capitol on January 6, 2021? If yes, approximately how many times have you seen videos, in whole or in part, and from what source (e.g. website, news channel, or social media platforms)?

4. Do you know or are you acquainted with the defendant in this case, William Pope?

5. Have you seen or heard anything in the news or elsewhere about William Pope?

6. Have you ever watched video of this defendant's actions on January 6, 2021, on the news or on the Internet? If yes, approximately how many times have you seen videos of the defendant, in whole or in part, on TV or on the internet?

7. Have you seen or heard anything in the news or elsewhere about specific individuals who were present at the U.S. Capitol on January 6, 2021?

8. Do you have such strong personal feelings or opinions about the events that took place at the U.S. Capitol on January 6, 2021, such that you would be unable to follow my instructions on the law and be a fair and impartial juror in this case?

9. Do you have any strong personal feelings or opinions about the outcome of the 2020 presidential election, such that it would impact your ability to be fair and impartial in this case?

10. Do you have any strong personal feelings or opinions about the outcome of the 2024 presidential election, such that it would impact your ability to be fair and impartial in this case?

11. The United States is represented in this case by Assistant United States Attorneys Benet Kearney and Matthew Beckwith and are being assisted by paralegal Thomas Jennings and FBI Special Agent Clay Chase, all of whom work at the U.S. Department of Justice. Could you each PLEASE STAND. Do you know or have you had any contact with these individuals?

12. Mr. Pope is representing himself in this case; sitting with him at counsel table is Nicole Cubbage, who is an attorney.  (Please have them stand and introduce themselves.)  Do you know Ms. Cubbage?

13. (Introduce courtroom personnel.)  Do you know or are you acquainted with any of these individuals or with me?

14. As I just mentioned, Mr. Pope has decided to represent himself in this case, which is his constitutional right. Mr. Pope is expected to follow the same rules as if he were an attorney and, as I will instruct you, the government's burden to prove every element of the crimes charged beyond a reasonable doubt does not change whatsoever based on the defendant's choice to waive his right to counsel. The burden of proof, as in all criminal cases, is proof beyond a reasonable doubt, and this burden rests on the government and never shifts to the defendant.  While it is a strict and heavy burden, it is not an impossible burden.  The

government, for example, is not required to prove guilt beyond all doubt. Would anyone hold the government to a higher burden than beyond a reasonable doubt?

15. In addition, you may not draw any inference, favorable or unfavorable, to the defendant or the Government due to the defendant's self-representation. Would you have difficulty following these instructions if you are chosen as a juror? Would anything about the fact that the defendant is representing himself make it difficult for you to be a juror?

16. All defendants have constitutional right not to testify, and if Mr. Pope decides not to testify, I will instruct you that you cannot hold his silence against him in any way. Would you have any difficulty following that instruction?

17. Jurors are the sole judges of the facts, but they must follow the principles of law as I instruct. The jury may not choose to follow some rules of law and ignore others, and even if the jury disagrees with or dislikes a rule of law, or does not understand the reasons for some of the rules, it is the jury's duty to follow those rules. Will you have any difficulty following my legal instructions, whatever they may be?

18. If you are selected as a juror in this case, I will continue to instruct you to avoid all media coverage relating to this case, including radio, television, podcasts, social media, and other Internet sources. That is, you will be forbidden from reading any newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case. You will also be forbidden from Googling this case, blogging, Tweeting, reading, or posting comments about this case on social media sites or anywhere else on the Internet. Do you have any reservations or concerns about your ability or your willingness to follow this instruction?

19. During the course of the trial, you may hear testimony from or about a number of people. The attorneys will now identify for you the names of people who may testify or about whom you may hear testimony. Listen carefully and, if you recognize or know any of the people named, please mark your paper beside the number. The Government's counsel may go first, and then the Defendant may list any additional names.

20. Please look around you. Do you know or recognize any other member of the prospective jury panel?

21. The lawyers have predicted that the presentation of evidence in this trial should last about two weeks, but it could be shorter or longer. The jury will sit Monday through Friday, generally from 10:00 a.m. to 5:30 p.m., although the starting and ending times may vary. The length of jury deliberations following the presentation of evidence at trial will be determined by the jury itself. Do you have an urgent or extremely important matter to attend to this week and next, such that you could be faced with a hardship if selected to serve on the jury in this case?

22. Do you have any vision, language, or hearing problems, or any other physical or medical problems, that might interfere with your ability to hear or understand what the witnesses say in this case, to view videos and photographs, or to give your full attention to this case?

23. Do you have any moral, religious, or ethical beliefs that prevent you from sitting in judgment of another person?

24. Have you, any member of your family or close friend ever studied law or been employed by a lawyer or a law firm, worked in a courthouse, as a paralegal or legal secretary, or performed legal investigative work?

25. Have you, any member of your family or close friend ever been employed by any local, state, or federal law enforcement agency or a private security company? Law enforcement agencies include for example, the Metropolitan Police Department, the U.S. Capitol Police, the U.S. Secret Service, or the Federal Bureau of Investigation (FBI).

26. Have you, any member of your immediate family, or close personal friend ever been employed at the United States Capitol in any capacity?

27. Have you, any member of your family or close friend had any experiences with any law enforcement agency or the government that might cause you to favor or disfavor the government or law enforcement?

28. Have you ever filed a complaint against the government, a police officer or anyone in law enforcement?

29. Have you, any member of your family or close friend ever been the subject of a criminal investigation, been accused of criminal conduct, been arrested or convicted of a crime, been a victim of a crime, been a witness to a crime, testified in court or before a grand jury as a witness to a crime, or been required to appear in court for any reason?

30. Do you have any opinions about prosecutors or defense attorneys that might affect your ability to serve fairly and impartially in this trial?

31. In this case, law enforcement officers will be witnesses. Would you tend to believe or not believe the testimony of a law enforcement officer simply because he or she is a law enforcement officer? In other words, would you tend to give more or lesser weight to the testimony of a law enforcement officer than to the testimony of other witnesses?

32. If you ever served before as a juror at a civil or criminal trial, or on a grand jury, was there anything about your service that might affect your ability to serve fairly and impartially as a juror at this trial?

33. The prosecution has the burden of proof. This means that the jury cannot return a guilty verdict against a defendant unless the prosecution has proven beyond a reasonable doubt that the defendant is guilty of the crimes charged. Would you have any difficulty accepting and applying this legal instruction?

34. The defendant in this case, just as every defendant in a criminal trial, is presumed innocent and, therefore, has no obligation to testify or present any evidence in the case. Would you have any difficulty accepting and applying this legal instruction?

35. To reach a verdict on a particular charge, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors, but you must also follow your own conscience and be personally satisfied with any verdict. Would you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

36. This case involves evidence recovered during the execution of court-approved search warrants. Do you have such strong feelings about the execution of court-approved search warrants that would make it difficult for you to be fair and judge this case on the evidence presented in court?

37. Do you know of any reason, or has anything occurred to you during this questioning, that might in any way prevent you from following my instructions on the law and being completely fair and impartial as a juror in this case?

38. Have you been following the investigation of events on and surrounding January 6, 2021, at the United States Capitol in the news media or on the internet?

39. No matter what you have heard or seen about events at the U.S. Capitol on January 6, 2021, and no matter what opinions you may have formed, can you put all of that aside and decide this case only on the evidence you receive in court, follow the law, and decide the case in a fair and impartial manner?

40. My final question is a catchall question. Are there any other reasons that I have not asked about, that might make it difficult for you to sit fairly, impartially, and attentively as a juror in this case?

## II.    Additional Questions

In addition, the defendant proposes the following additional questions. The government's responses are noted below.

| # | Proposed Question | Government Response |
|---|---|---|
| 1 | Do you believe every protestor who entered the Capitol on January 6 is guilty of a crime? | The information sought by these questions is more appropriately covered by Question 8. |
| 2 | In America, a defendant is entitled to a jury of their peers. Do have any prejudices or negative feelings that would prevent you from considering yourself to be a peer of January 6 defendants? | |
| 3 | Do you have a negative emotional reaction to seeing videos of January 6? | The government does not object to a more balanced version of this question (for example, "do you have any strong reactions to seeing videos of January 6?") as a follow up to Questions 3 and/or 6. |
| 4 | Do you have negative opinions about supporters of President Trump? | The government does not object to a more balanced version of this question, for example, "Do you have any strong opinions about any political candidate that might affect your ability to |

| | | serve fairly and impartially as a juror at this trial?" |
|---|---|---|
| 5 | Are you unable to distinguish the actions of a single individual from the behavior of other individuals in the crowd? | The government proposes the following alternative as a follow up to Questions 3 and/or 7:<br><br>"Are you able to set aside what you may have seen or heard about the actions of individuals other than this defendant on January 6, 2021?" |
| 6 | Were you personally affected by the events of January 6? | The government does not object to this question, but believes it is covered by Question 2. |
| 7 | Have you been called for jury duty or service on a grand jury in any other January 6 case? | The information sought by this question is more appropriately covered by Question 32. |
| 8 | Have you or a family member ever been employed by an agency that was operating on and around Capitol grounds on January 6, such as the United States Capitol Police, the FBI, the CIA, ATF, the Metropolitan Police Department, or any other agency? | Question 25 covers this topic and is more appropriately phrased than the defendant's proposal. |
| 9 | Have you ever been a federal informant or a worked as an intelligence contractor for a federal agency? | The government does not object to asking potential jurors if they have ever been employed by a federal agency or contractors, and if anything about that employment would prevent them from being a fair and impartial juror. |
| 10 | Are you or a friend or family member employed by any agency or organization that you believe might be negatively affected by a second Trump administration? | |
| 11 | In the past, Mr. Pope has worked for the National Park Service at the Grand Canyon National Park, Yellowstone National Park, Glacier National Park, Cape Lookout National Seashore, Lyndon B. Johnson National Historic Site, Nicodemus National Historic Site, and the Horace Albright Training Center. Mr. Pope has also worked for the NPS on loan to Brown v. Board of Educational National Historic Site and has worked for park partners at Lake Mead National Recreation Area, Walnut Canyon National Monument, Great Basin National Park, and | This question inappropriately attempts to apprise potential jurors of information about the defendant of the type that is addressed in the Government's Motions in Limine. *See* ECF No. 324 at 20-21.<br><br>The government does not object to jurors being asked whether they have any knowledge of, |

|    |    |    |
|----|----|----|
|    | Cumberland Gap National Historical Park. Are you in any way prejudiced against National Park Service employees, or the National Park Service's land and resource management policies at these or any other parks? | connection to, or views of the National Parks Service that would prevent them from serving as fair and impartial jurors. |
| 12 | Do you have the ability to be skeptical of information that the government and government employees present to you as being factual? | Questions 30 and 31 more appropriately cover this topic. |
| 13 | The First Amendment to our Constitution affirms that all Americans have the right to freedom of speech and the press and to petition the government (including Congress) for a redress of grievances, and that Congress is not allowed to make any laws restricting those rights. Do you have any problem with the defendant exercising those rights on January 6? | These questions inappropriately attempt to litigate the defendant's case and should not be asked for the reasons set forth in the Government's Motions in Limine. ECF No. 324 at 10-12, 15-18. |
| 14 | During this trial, you will be presented with video recorded by members of the media who went on Capitol grounds but have not been charged. Do you believe that First Amendment Freedom of the Press should be treated differently than First Amendment Freedom of Speech? Do you have any prejudice against independent media? |    |
| 15 | Did you attend the speech delivered by Vice President Kamala Harris at the Ellipse on October 29, 2024, where the Vice President delivered remarks about January 6? | The government's proposal in response to Proposed Question 4 ("Do you have any strong opinions about any political candidate that might affect your ability to serve fairly and impartially as a juror at this trial?") more appropriately addresses whether potential jurors can put aside their political preferences. |
| 16 | During this case, evidence will be presented that the defendant worked as an independent journalist, and in the past has worked for the National Park Service at African American historic sites. Do you have anything against independent journalists, the National Park Service, or African American history that would prevent you from fairly considering the facts of this case? | This question inappropriately attempts apprise potential jurors of information about the defendant of the type that is addressed in the Government's Motions in Limine. *See* ECF No. 324 at 20-21. |

| | | |
|---|---|---|
| | | The government does not object to jurors being asked whether they have any knowledge of, connection to, or views of the National Parks Service and/or independent journalists that would prevent them from serving as fair and impartial jurors. |
| 17 | This case will involve the felony charge of Civil Disorder, which was specifically legislated by a segregationist senator from Louisiana to target Martin Luther King Jr. and the Civil Rights Movement. In the past, juries have found defendants not guilty of violating racially motivated laws like the Fugitive Slave Act because they believed those laws to be morally wrong. Do you believe juries have the right to find a defendant not guilty when they are charged with racially motivated federal statutes like Civil Disorder? | This question attempts to plant the seed of jury nullification, which is inconsistent with the jury's duty to return a verdict based solely on the law and the facts of the case. The government objects to it for the reasons set forth in ECF No. 324 at 15-16. *See also* Question 17. |
| 18 | Mr. Pope is representing himself in this case and has the Constitutional right to conduct his defense in his own way. However, since Mr. Pope is not an attorney and is not an expert on court procedure, it is possible that he might make small procedural mistakes during the trial. Will you be unable to overlook any such mistakes and consider only the facts of this case when determining the defendants innocence? | Questions 14 and 15 more appropriately cover this topic. |
| 19 | Will Mr. Pope's decision to represent himself prejudice you in any way against Mr. Pope during trial? Do you view a defendant's decision to represent themselves negatively in any way? | |
| 20 | Are you in any way prejudiced by or inconvenienced by the aftermath of the recent election, or by the government's preparations for January 6, 2025, and the upcoming inauguration? | The government does not object to this question as a follow up to Question 1. |