# UNITED STATES PROPOSED JURY INSTRUCTIONS

The parties propose the following jury instructions. Unless otherwise noted, the parties have no objection to the pattern instructions from the Criminal Jury Instructions for the District of Columbia (Fifth Edition, 2022 Release) (the "Redbook"). Any areas of disagreement between the parties are noted below. The parties agree on text in normal black ink. Text that the government would like included and the defendant opposes is written in red. Text that the defendant would like included and the government opposes is written in blue.

The defendant wishes to strike and eliminate all footnotes below. The government is including them for the court's knowledge and does not wish to give them to the jury.

The parties respectfully request leave of Court to supplement, amend, or modify these proposed jury instructions as necessary to conform to the evidence and argument at trial.

## COUNT ONE

## 18 U.S.C. § 231 – OBSTRUCTING OFFICERS DURING A CIVIL DISORDER[1]

18 U.S.C. § 231(a)(3)

Count One of the Superseding Indictment charges the defendant with obstructing law enforcement officers during a civil disorder, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

Definitions

The term "civil disorder" means any public disturbance involving acts of violence by

---

[1] *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 21-22), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 15-16), *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 17), and *United States v. DaSilva*, 21-cr-564 (CJN) (ECF No. 76 at 2-3); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 22); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26); *see also United States v. Grider*, 651 F. Supp. 3d 1, 13 (D.D.C. 2022) ("[T]he Court need not find that the defendant's actions *in fact* obstructed law officer officers. Rather, the Court need only find that the defendant committed or attempted to commit an act with the *specific intent* to obstruct law enforcement officers.").

groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property. The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.[2]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[3]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The Legislative Branch is not a federal Department. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as the United Sates Capitol Police.[4]

---

[2] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 21).

[3] *See* 18 U.S.C. § 232(3).

[4] *See, e.g.*, *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.' Webster's Third New International Dictionary 1172 (1971)."). For January 6 cases using this instruction, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26), *United States v. Christensen*, 21-

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, allowing access to visitors, providing an opportunity for First Amendment activity, and enforcing federal law and D.C. law in those areas.[5]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[6] To find the defendant guilty of Civil Disorder, you must find that the defendant knew that some part of his conduct was interfering with an officer and that it is beyond

---

cr-455 (RCL) (ECF No. 72 at 9), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 29-30).

[5] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 19); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 30). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

[6] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7) (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9) (same).

a reasonable doubt that he was intentionally doing so; that he knew that at least other three persons in close proximity to the defendant were engaged in violence; that he knew that a civil disorder had been officially declared, and knew that his actions would disrupt interstate commercial activity or a federally protected function. If the defendant was not aware of any of these elements, you must find the defendant not guilty.

## **COUNT THREE**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS**[7]

18 U.S.C. § 1752(a)(1)

Count Three of the Superseding Indictment charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

> Second, the defendant did so knowingly.[8]

<u>Definitions</u>

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count One.

To find that the defendant knowingly entered or remained in a restricted grounds, you must find that there was Secret Service signage alerting the defendant that a Secret Service protectee was

---

[7] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

[8] *United States v. Griffin*, No. 22-3042 (D.C. Cir. 2024).

present and that the grounds were restricted by the Secret Service, and that the defendant saw the signage alerting him to the provisions of 18 U.S.C. § 1752(a)(1), and that he then proceeded to enter anyway. If the defendant did not know the area was restricted under 18 U.S.C. § 1752(a)(1), you must find him not guilty. If you find that the defendant entered or remained in a restricted area with a good faith belief that he was entering with lawful authority (for instance to exercise First Amendment protected rights), then you must find him not guilty of this officese. Thus, you cannot find a defendant guilty of this count unless you are convinced beyond a reasonable doubt that he or she did not have a good faith belief of his lawful authority to enter and remain in an building or grounds that the government alleges was restricted.

**COUNT FOUR**

## DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS

18 U.S.C. § 1752(a)(2)

Count Four of the Superseding Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Definitions

"Disorderly conduct" is conduct that, when viewed in the circumstances in which it takes place, is likely to endanger public safety or create a public disturbance.[9] Even passive, quiet, and nonviolent conduct can be "disorderly," if the conduct is likely to cause a public disturbance.[10]

---

[9] *United States v. Alford*, 89 F.4th 943, 950 (D.C. Cir. 2024); *see also United States v. Martin*, 21-cr-562 (RC) (ECF No. 87 at 39); *United States v. Woehl*, 24-cr-83 (DLF) (ECF No. 44 at 3); *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

[10] *United States v. Alford*, 89 F.4th 943, 950 (D.C. Cir. 2024) ("[I]it is … clear from caselaw that even passive, quiet and nonviolent conduct can be disorderly. The Supreme Court has recognized that a breach of the peace can occur 'by passive conduct likely to cause a public disturbance[.]'" (citing *Garner v. Louisiana*, 368 U.S. 157, 174 (1961))); *see also United States v.*

"Disruptive conduct" is conduct that, when viewed in the circumstances in which it takes place, tends to interfere with or inhibit usual proceedings.[11] This includes conduct that causes disorder or turmoil, or that stops or prevents the normal continuance of an activity. Whether particular conduct is "disruptive" depends on the context and surrounding circumstances and includes conduct that is plainly out of place for the time or setting where it occurs.[12] Disruptive conduct does not entail loud expressions such as chanting USA, clapping, knocking on doors, making jokes, waving an American flag, engaging in journalistic activity, or any other First Amendment protected activity that commonly takes place in Capitol buildings. Furthermore, it is expected that a journalist would make an effort to be in a position to observe newsworthy events, especially in Capitol buildings. You cannot find the defendant guilty of this charge unless you find beyond a reasonable doubt that his conduct clearly falls outside of the range of normal behavior or First Amendment protective activity.

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count Three.

### COUNT SIX

### DISORDERLY CONDUCT IN A CAPITOL BUILDING

40 U.S.C. § 5104(e)(2)(D)

Count Six of the Superseding Indictment charges the defendant with charges the

---

*Martin*, 21-cr-562 (RC) (ECF No. 87 at 39); *United States v. Woehl*, 24-cr-83 (DLF) (ECF No. 44 at 3).

[11] *United States v. Alford*, 89 F.4th 943, 951 (D.C. Cir. 2024); *see also United States v. Martin*, 21-cr-562 (RC) (ECF No. 87 at 40); *United States v. Woehl*, 24-cr-83 (DLF) (ECF No. 44 at 4).

[12] *United States v. Alford*, 89 F.4th 943, 950-51 (D.C. Cir. 2024) (noting that "disrupt" means "to throw into disorder or turmoil" and that "disruptive actions are those that are inappropriate or plainly out of place for the time or setting"); *see also United States v. Martin*, 21-cr-562 (RC) (ECF No. 87 at 40); *United States v. Woehl*, 24-cr-83 (DLF) (ECF No. 44 at 4).

defendant with disorderly and disruptive conduct in a Capitol Building, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.
>
> Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.
>
> Third, the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The term "House of Congress" means the United States Senate or the United States House of Representatives.

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instruction for Count Four. For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[13]

The term "knowingly" has the same meaning described in the instructions for Count One.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. While the government must show that a defendant knew that

---

[13] *See United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 17).

the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.[14] However, if you find beyond a reasonable doubt that the defendant did not attempt to make loud expressions while directly outside of a chamber or to go into a chamber of either House of Congress to disrupt a session, then you must find the defendant not guilty of this count. You must also find the defendant not guilty of this count if you find that he made loud or disruptive noises but that the Congress was not in session at the time.

---

[14] As the Supreme Court has explained, "willfully" is "a word of many meanings whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998) (internal quotation marks omitted). "As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a bad purpose. In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Id.* at 191-92 (internal quotation marks omitted).

## COUNT EIGHT

## PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING[15]

40 U.S.C. § 5104(e)(2)(G)

Count Eight of the Superseding Indictment charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

> Second, the defendant acted willfully and knowingly.

Definitions

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to gathering with others, or individually drawing attention to oneself, to express support for or disapproval of an identified action or viewpoint.[16] The term "demonstrate" may also refer to conduct that would disrupt the orderly business of Congress.[17]

The term "Capitol Buildings" has the same meaning described in the instructions for

---

[15] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 42); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 29); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 11); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 19).

[16] *United States v. Nassif*, No. 23-3069, 2024 WL 1515004, at *8 (D.C. Cir. Apr. 9, 2024); *see also id*. at *9 ("Under any plausible definition of the term, Nassif was "demonstrating" when he joined a group of hundreds of people, many carrying signs, banners, or flags, who shouted or chanted as they descended on and entered into the Capitol seeking to halt the certification of the 2020 election.").

[17] See *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

Count Six.

The terms "knowingly" and "willfully" have the same meaning described in the instructions for Counts One and Six. You must find the defendant not guilty of this count if you find that the defendant only engaged in behavior that normally takes place in a Capitol building, such as chanting USA or waving and American flag, that would not constitute parading, demonstrating, or picketing.

For all of these charges, the defendant is presumed not guilty unless the government has proven otherwise beyond a reasonable doubt.

Respectfully submitted,

| For the United States: | For the Defendant: |
|---|---|
| MATTHEW M. GRAVES<br>United States Attorney<br>D.C. Bar No. 481052 | |
| */s/ Matthew Beckwith*<br>Matthew Beckwith<br>DC Bar No: 90014452<br>Benet J. Kearney<br>NY Bar No. 4774048<br>Assistant United States Attorneys<br>601 D Street NW<br>Washington, DC 20530<br>Matthew.Beckwith@usdoj.gov<br>Benet.Kearney@usdoj.gov<br>(212) 637 2260 / (202) 252 7109 | XXX |