- 100
- 101 – Defense objects to authenticity.
- 102 – Defense objects to relevance because I was never there and no time.
- 103 – Defense objects to relevance because I was never there.
- 104 – Defense objects to relevance because there is no information about when or where this sign was.
- 106
- 107
- 108
- 109
- 110
- 111
- 112
- 113 – Defense objects to relevance because the third floor of the Capitol has nothing to do with this case.
- 200 – Defense objects to relevance because this amendment has nothing to do with the elements of any of my charges.
- 201 – Defense objects to relevance because this statute has nothing to do with the elements of any of my charges.
- 201B - Defense objects to relevance because this statute has nothing to do with the elements of any of my charges.
- 201C - Defense objects to relevance because this statute has nothing to do with the elements of any of my charges.
- 201D - Defense objects to relevance because this statute has nothing to do with the elements of any of my charges.
- 203 – Defense objects to relevance because this exhibit includes video from inside the House and Senate chamber where I was never present or have awareness of, and since much of the video depicts events that transpired before or after I was at the Capitol. For instance, video of officers pointing guns out the House chamber door is both irrelevant and prejudicial since I had already left the Capitol.
- 204 – Defense objects to relevance since I never went in the Senate chamber.
- 205 – Defense objects to relevance since I never went in the Senate chamber and since this exhibit is a duplicate of 204.
- 206 – Defense objects to relevance since I never went in the House chamber. Defense objects to completeness since the provided exhibit does not match what the government has on their exhibit list.
- 207 – Defense objects to relevance since this Congressional Record describes events that I never witnessed and that are unrelated to the elements of any of my charges.
- 208 – Defense objects to relevance and on the basis of prejudice because there is no evidence that "stink bombs" were used at the Capitol.
- 300 – Defense objects to relevance because I had no awareness of this email on January 6.
- 301 – Defense objects to relevance because I had no awareness of this document on J6.

- 400 – Defense objects to the relevance and prejudicial nature of this exhibit because almost all of the video depicts places and times where I was not present.
- 401 – Defense objects to the relevance of this exhibit because I was never at this location, and since I had no way to know the Vice President was there.
- 403 – The defense objects to completeness since this exhibit was not provided by the government for review.
- 404 – The defense objects to completeness since this exhibit was not provided by the government for review.
- 405 - The defense objects to completeness since this exhibit was not provided by the government for review.
- 406 - The defense objects to completeness since this exhibit was not provided by the government for review.
- 407
- 408 - The defense objects to completeness since this exhibit was not provided by the government for review.
- 409 - The defense objects to completeness since this exhibit was not provided by the government for review.
- 410 - The defense objects to completeness since this exhibit was not provided by the government for review.
- 411
- 412 – The defense objects to the completeness of this exhibit since the video is garbled at key moments that obscure important exculpatory information. Furthermore, this section of video has been produced in other cases and the garbled portions are not always identical. The defense request that the government do everything possible to obtain a copy of this video without distortion or garbling.
- 413
- 414
- 415 - The defense objects to completeness since this exhibit was not provided by the government for review.
- 416 - The defense objects to completeness since this exhibit was not provided by the government for review.
- 417
- 418
- 419
- 420
- 421
- 422 - The defense objects to completeness since this exhibit was not provided by the government for review.
- 423 - The defense objects to completeness since this exhibit was not provided by the government for review.
- 424 - The defense objects to completeness since this exhibit was not provided by the government for review.
- 425

- 426
- 500 – The defense objects to the completeness of this exhibit since the government has not produced it in its original form, and since the government has never produced data from the Facebook page it came from, which was a page identifying me as a journalist and the published of Free State Kansas. This complete contextual information is essential for demonstrating that this video was broadcast as an act of journalism.
- 501
- 502 – The defense objects to the completeness of this exhibit since important sections of the video are cropped out that would reveal exculpatory information. However, the government has asked the defense to use the version of this video provided by the defense, so this point may become moot.
- 503
- 505A
- 505B
- 506
- 507
- 508
- 509
- 510
- 511
- 512
- 513
- 514
- 600 – The defense objects to the relevancy of including my entire Facebook return since most of the information has nothing to do with this case. The defense also objects to the completeness of many portions of this document since important contextual information such as images and emojis have not survived from the original form. The defense requests that the government remove the entire Facebook return from its exhibit list and instead include only portions of the return that the government intends to use in its case in chief so that those portions can be considered by the defense for relevance and completeness.
- 600a – The defense objects to completeness since this exhibit was not provided by the government for review, and for the reasons given to 600.
- 600b - The defense objects to completeness since this exhibit was not provided by the government for review, and for the reasons given to 600.
- 600c - The defense objects to completeness since this exhibit was not provided by the government for review, and for the reasons given to 600.
- 601
- 700 – The exhibit provided to the defense by the government for review is a duplicate of government exhibit 600, and the defense objects for the same reasons. However, the exhibit 700 on the government's exhibit list is actually listed as the full image of my cellphone rather than my full Facebook. The defense objects for relevance to my full cell phone image being included on the government's exhibit list or introduced in trial since 99.9% of my phone is irrelevant to this case. I also object to the relevance of my full cell phone being

included due to the fact that I used my cell phone to communicate with my students at Kansas State University on issues such as grades, student health, and student family and personal issues affecting their studies, and such information is subject to the Federal Educational Records and Privacy Act (FERPA). In addition to this, my own records as a Ph.D. student are on my phone, which are also subject to FERPA restrictions. FERPA information cannot lawfully be disseminated without the consent of each individual student, so it would be improper and unlawful for my entire phone to be included as an exhibit. I also still maintain my objection to the admissibility of my phone due to how the warrant was executed and due to the government failing to preserve the bodycam recordings from my arrest.

- 700A – I object only to the admissibility of this exhibit due to how the warrant was served.
- 700B - I object only to the admissibility of this exhibit due to how the warrant was served.
- 700C
- 700D
- 700E
- 701 – The defense objects to completeness since this exhibit was not provided by the government for review.
- 800
- 801 – Defense objects to the relevance of this exhibit since Safeway did not make the decision to close their locations until long after I had left Capitol grounds and D.C.
- 802 – The defense objects to the relevance and completeness of all of this exhibit because the defense has not been provided with the underlying data needed to conduct an advanced statistical analysis of the claimed results.