# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

## SECOND MOTION TO CONTINUE TRIAL DATE

On November 5, 2024, the American People elected Donald Trump to be President of the United States of America. In delivering both an electoral victory and popular vote majority, the American people gave President Trump a mandate to carry out the agenda he campaigned on, which includes ending the January 6 prosecutions and pardoning those who exercised First Amendment rights at the Capitol. In contrast, Vice President Harris, campaigned on continuing the January 6 prosecutions, and her platform was rejected by the American people. This outcome and new mandate from the people justifies my trial being continued into the next administration.

American courts in written opinions have long pointed to the Declaration of Independence as a foundational document in our legal system. One such foundational principle is that government's derive their just powers from the consent of the governed. The United States Supreme Court in *Perez v. Brownell*, 356 U.S. 64 (1958), noted of this that the government "maintains itself in a continuing relationship" with the people. Accordingly, this Court, whose powers are derived from the people, should be cognizant of that relationship and of the Court's public perception, and recognize that the people's vote signals a judicial mandate for change.

While the current administration insists on continuing to pursue these charges against me, this Court has broad discretion in all things, especially on matters of judicial economy. Should my scheduled trial date on December 2, 2024, remain in place, this Court will spend long hours deciding disagreements over motions in limine, motions to compel, the admissibility of exhibits, voir dire, jury instructions, and will then spend at least two weeks selecting jurors and hearing testimony during trial. Regardless of what the jury decides, the end result will be that judicial economy will have been wasted because there will never be a sentencing, and I will be free.

Furthermore, the next administration has expressed a strong desire to investigate the involvement of federal agencies that were at the Capitol on January 6. As this Court knows very well, many of my motions have involved this very subject. I believe it is likely that exculpatory information that this administration has withheld from me will become available after my trial. If emerging information would have supported my 'Raindrop Theory' defense (ECF No. 252), or if it pertains to one of my many other discovery requests, I will have a strong argument to have my trial overturned by appeal. Of course, a new trial would also drain judicial resources. The Court could mitigate this risk by continuing my trial date until after the new administration takes office to see what additional exculpatory information emerges.

The Court is also aware of strong the possibility that a jury in my case might decide facts differently than the Court has decided them in its bench verdict for my brother. Any significant differentiation will likely give my brother additional avenues for appeal and bolster my brother's arguments for a retrial. Those processes will also drain judicial resources, which further justifies this trial being continued into the next administration.

I believe it's also likely that some witnesses in my trial may perjure themselves. While I do not wish to damage any of their careers, I have a constitutional right to confront accusations

brought against me, and I will vigorously question witnesses that are not being truthful. However, if trial is continued, I believe it's possible that this case can be resolved without trial, which would mitigate the legal risk to any witnesses. This again justifies a continuance.

Furthermore, I am sensitive to the fact that more than 90% of D.C. residents voted for Vice President Harris, and that they may find it especially difficult to look past those results to serve as fair jurors in my case. The current mood in D.C. will make the voir dire process even more difficult. I continue to believe that a fair jury trial is not possible for January 6 defendants in Washington. However, if there should be a jury trial in my case, it should happen after emotions have had time to cool. This further justifies this case being continued into 2025. Ultimately, my jury was the entire American public, and they voted for a mandate to set me free.

Lastly, a continuance is justified because it is detrimental to national unity for these trials to continue after the American people have signaled their desire for them to cease. While the current administration seems intent on pursuing these cases up until the Inauguration of President Trump, such a course of action is not wise or beneficial. As I look at this from a thousand foot perspective, I find it important to renew my warning from ECF No. 329, that, "wielding extreme government force can lead to a dangerous cycle of escalating retribution as control of the government continues changing hands." I also renew my call from the same filing for the government to "begin bestowing mercy on the hundreds of January 6 defendants whose lives are being crushed." That warning and plea was included in a filing where I withdrew my motion for sanctions against the government as a way to extend an olive branch for peace and reconciliation. However, my attempt at an olive branch was rejected by the government, and the prosecution team seems foolishly intent on vindictiveness to this final hour. It would be wise to instead view this as a final opportunity to make peace and to take two weeks off in December.

For these many reasons, I respectfully ask the Court to continue my trial date for at least three months. The government opposes a continuance. Should the Court not grant this motion immediately, I would ask the Court to order the normal response times to be sped up so that this matter can be resolved within the next week. A speedy resolution to this motion might save the Court and both parties time and resources that might otherwise be spent preparing for trial and allow the parties to plan for enjoying an extended Thanksgiving break.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on November 8, 2024.
/s/
William Alexander Pope, Pro Se