# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIAM ALEXANDER POPE,<br><br>Defendant. | Case No.: 1:21-cr-00128-RC |

## SECOND MOTION FOR SANCTIONS AGAINST THE GOVERNMENT AND NOTICE OF REINSTATEMENT OF MY FIRST MOTION FOR SANCTIONS

Your Honor, I did not anticipate that I would still be moving the Court on this, the fourth anniversary of my wrongful arrest. Yet the government attorneys on my case are still terrible (to put it nicely), so regretfully, you will have to endure me and 1:21-cr-00128 a bit longer.

On June 4, 2024, I filed a motion for sanctions against the government (ECF No. 312) due to the ongoing unprofessional conduct and dishonesty exercised by the Assistant U.S. Attorneys assigned to this case. However, I withdrew that motion in ECF No. 329 on June 26, 2024, in an attempt to extend an olive branch and allow the government an opportunity to de-escalate their abhorrent conduct. I am now notifying the Court that I am retracting that withdrawal and reinstating my original motion (ECF No. 312) for sanctions. In addition to that withdrawal, I am also filing this second motion for sanctions due to the government attorneys continuing to engage in indefensible and malicious conduct.

**Government Abuse of Process and Fifth and Sixth Amendment Civil Rights Violations**

The Fifth Amendment prohibits the government from holding me to answer for an "infamous crime, unless on a presentment or indictment of a Grand Jury." In this case, there was

an indictment, but on January 21, 2025, the government moved in ECF No. 388 to dismiss the entire indictment against me with prejudice. That same day, Judge Contreras signed Order No. 389, for the indictment to be dismissed with prejudice, essentially commanding that these false allegations never be brought against me again. Under the Fifth Amendment principle of Double Jeopardy, I cannot be subject to legal allegations that have already been adjudicated.

Despite this Constitutional provision, AUSA Jennifer Leigh Blackwell filed ECF No. 392 on February 11, 2025, falsely alleging that I was somehow a "part of a mob of rioters who breached the restricted area." And even though CCTV footage clearly shows that I was pushed into the Capitol building (see: ECF No. 147 at 8, ECF No. 272, ECF No. 351, and ECF No. 361) AUSA Blackwell also falsely alleged that I disobeyed officer commands, and "worked . . . across the threshold" into the Capitol and impeded officers.

These allegations are false and were already retracted by the government in ECF No. 388, so by raising them again, Blackwell is violating my *Fifth Amendment* right to not be held to answer for unindicted allegations, and my *Fifth Amendment* Double Jeopardy rights. Additionally, by making false allegations that I now have no opportunity to confront in trial, Blackwell is violating my *Sixth Amendment* confrontation rights.

Furthermore, under the *Fifth Amendment*, I have a due process right to the presumption of innocence. In *Coffin v. United States*, 158 U.S. 432 (1895), the Supreme Court affirmed this presumption to innocence by citing Lord Gillies

> *. . . the presumption in favor of innocence is not to be reargued by mere suspicion. I am sorry to see in this information that the public prosecutor treats this too lightly. He seems to think that the law entertains no such presumption of innocence. I cannot listen to this. I*

> *conceive that this presumption is to be found in every code of law which has reason and religion and humanity for a foundation. It is a maxim which ought to be inscribed in indelible characters in the heart of every judge and juryman . . .*

As the Supreme Court ruled in Nelson v. Colorado, "absent conviction of a crime, one is presumed innocent," and the government, "may not presume a person, adjudged guilty of no crime, nonetheless guilty." I would point out to the Court that I have never been convicted of a crime, and the government moved to dismiss the false allegations against me on three separate occasions. I also was not pardoned of any offenses, because I never committed an offense. Only the final paragraph of President Trump's January 20, 2025, executive order applied to me – an order not to pardon me, but to dismiss with prejudice the allegations the government had made.

By continuing to make these accusations against me on behalf of the government, AUSA Blackwell is not only disobeying a direct order from the President of the United States, she is also violating my civil rights and abusing process in this Court. Jennifer Blackwell's insubordination, Constitutional abuse, and violation of her oath must be sanctioned severely!

**Government Invasion of Privileged Case Notes**

On April 2, 2024, I moved in ECF No. 231 for permission to travel to D.C. to take a walkthrough tour of the Capitol in preparation for trial (just as defense attorneys in other cases had done), and on April 25, 2024, the Court granted approval for that tour. After much resistance and delay, the government finally provided the court-ordered Capitol tour on the morning of October 20, 2024. However, as I noted on the record at our October 23, 2024, status hearing, during that Capitol tour the government had two federal prosecutors and three FBI agents shadowing me, in addition to several representatives from the United States Capitol Police

Department. On several occasions I spotted these agents recording media of both me and my standby counsel. This included attempts by the agents to record our device screens and attempts to read my notes as I was writing them. One agent in particular, Clarke Burns, repeatedly swooped over my shoulder any time I began writing, trying to spy on my legal notes.

Not only did these government actions constitute improper search and seizure under the *Fourth Amendment*, but the Supreme Court ruled in *Upjohn Co. v. United States*, 449 U.S. 383 (1981), that such notes and memoranda fall under the work product doctrine. By illegally attempting to obtain them, the government sought to decipher my mental processes and strategy as I prepared for trial. Some might contend that I am not an attorney and do not have the same privileges, but I will point out that the privilege of my legal notes falls under my Sixth Amendment rights. As the Supreme Court ruled in *Faretta v. California*, 422 U.S. 819 (1975):

> *The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. It is the accused, not counsel, who must be "informed of the nature and cause of the accusation," who must be "confronted with the witnesses against him," and who must be accorded "compulsory process for obtaining witnesses in his favor." Although not stated in the Amendment in so many words, the right to self-representation -- to make one's own defense personally -- is thus necessarily implied by the structure of the Amendment. The right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails.*

Fortunately, my defense did not fail. I fought the government in Court for four years and ultimately won my case by representing myself. However, even though I elected to exercise my

Sixth Amendment right to self-representation, the Court required that a standby counsel be provided in case I should become incapacitated or later opt for representation. Since the Court required this, the possibility existed that I would have to turn over all my notes, work product, and exhibits to the Court's standby counsel. This necessitated an attorney-client relationship and privileged communication between me and Mrs. Cubbage. So, even though I consider the notes I recorded during the Capitol tour to be privileged under my Sixth Amendment right to self-representation, these notes were also privileged communications falling under an existing attorney-client relationship. This being the case, it was just as inappropriate for the government to attempt to read my notes as it would be for a prosecutor or FBI agent to access an opposing counsel's private defense materials while they are out of the Courtroom on break.

Had this case not been dismissed, I would have moved for the Court to dismiss this case due to the government's egregious invasive conduct during the Capitol tour. But since the false allegations were dismissed, I took no such action. However, since the government's putrid conduct has now afforded me yet another opportunity to seek sanctions, I am moving for sanctions on this matter as well. I therefore move that all those who spied on me during my October 20, 2025, court-ordered Capitol tour be sanctioned severely by this Court.

**Renewed Motions for Sanctions**

As I noted in ECF No. 312, the government engaged in additional egregious and illegal behavior throughout the course of this case. This included destroying evidence and falsely alleging that I assaulted officers. Even though the government later admitted that their assault allegations were false (ECF No. 327 at 5), such conduct should be severely sanctioned. I therefore renew my entire original motion for sanctions for the reasons stated in ECF No. 312.

While I had initially withdrawn this motion in ECF No. 329, "in an attempt to demonstrate the wisdom of mercy," it is now clear that those involved learned no lesson from my mercy, and did not show mercy in return. Therefore, there needs to be consequences for their conduct to deter radical government extremism in the future, and to restore credibility to our justice system.

**Justification for Sanctions**

Local Rule LCrR 57.26(a) governs the professional conduct of attorneys in the D.C. District Court, and states that: "Violations of the Rules of Professional Conduct (as adopted by the District of Columbia Court of Appeals. . .) by attorneys subject to these Rules shall be grounds for discipline."

Rule 8.4 of the D.C. Rules for Professional Conduct makes it "professional misconduct for a lawyer to": (a) violate the rules of professional conduct; (b) commit a criminal act that reflects adversely on the lawyers honesty, trustworthiness, or fitness as a lawyer in other respects; (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation; and (d) engage in conduct that seriously interferes with the administration of justice.

AUSA Jennifer Blackwell has violated sections (a), (b), (c), and (d) by bringing false accusations against me after this case was dismissed by the Court with prejudice. As noted in this filing, these false accusations infringed on my civil rights that are acknowledged under the Fifth and Sixth Amendments, including my due process right to the presumption of innocence, my right to not be held to answer an accusation without an indictment, my Double Jeopardy rights, and my right to confront accusations. Such deprivations of rights under the color of law constitute a criminal violation of 18 U.S. Code § 242, and should be grounds for prosecution, disbarment, termination from government employment, and severe sanctions.

Furthermore, The American Bar Association (ABA) has issued Rule 3.8, which sets Model Rules of Professional Conduct Governing Federal Prosecutors. ABA Rule 3.8(f) states that prosecutors in a criminal case shall:

> *. . . except for statements that are necessary to inform the public of the nature and extent of the prosecutor's action and that serve a legitimate law enforcement purpose, refrain from making extrajudicial comments that have a substantial likelihood of heightening public condemnation of the accused. . .*

At this stage in the case, there is no judicial purpose for the government to raise false allegations that the government has already retracted with prejudice. AUSA Blackwell's defamatory filing is designed to heighten unwarranted public condemnation of me, despite my innocence. This unethical conduct should draw condemnation from every member of the Bar. In addition to this, AUSA Blackwell has violated *45 CFR Appendix A,* which warrants disciplinary action of a government employee. For instance, Under Appendix A, Part 3, Blackwell has demonstrated deliberate insubordination by bringing up false allegations that President Trump directly ordered be dismissed with prejudice.

Likewise, the government's invasion of my privileged legal notes during my Capitol tour was egregious behavior that violated my rights and constituted an illegal search of my person. Such actions shatter the expectations of professional conduct that are to be held on every member of the prosecution team. There were AUSAs in the Capitol who personally observed this behavior by FBI agents yet did nothing to stop it. Beyond that, those AUSAs sent a letter to the Court on October 22, 2024, complaining about me calling out the government's unethical behavior on X. The Court wisely brushed off that letter as the unhinged ranting of a rabid

prosecutor during our October 23, 2024, status hearing, but the Court should also sanction the government for this midconduct. If these civil rights are not protected, they will be lost.

**Sanctions Sought by the Defense**

The government's misconduct and violations of civil rights in this case are egregious and alarming and rise to the level of being criminal. America will not have a respected justice system if the Court allows the government to desecrate our Constitutional rights in such a manner. Due to the severity of the government's misconduct, I am seeking the following sanctions:

1. Suspension of all prosecutors assigned to this case from practicing law
2. Financial sanctions against AUSA Jennifer Leigh Blackwell of at least $100,000
3. A full retraction and withdrawal of ECF No. 392 by the government
4. A written apology for this misconduct from the United States of America

Furthermore, if the government does not fully withdraw ECF No. 392 and apologize for violating my civil rights, I intend to seek sanctions more broadly against the entire D.C. U.S. Attorneys Office. I do not make this motion lightly, but my rights have been severely violated, and these sanctions are justified. I therefore so move.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

# HAPPY ARRESTIVERSARY!



## YOU TYRANTS MESSED WITH THE WRONG MAN

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on February 12, 2025.
/s/
William Alexander Pope, Pro Se