<div align="center">

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

</div>

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

## MOTION TO RECONSIDER ORDER NO. 399 GRANTING THE GOVERNMENT'S MOTION FOR RETURN OF SENSITIVE MATERIALS

In Order No. 399, the Court granted the government's Motion for Return of Sensitive Materials (ECF N0. 392). Since there have been new developments of law and fact that have arisen after the government made that motion, and since no other former January 6 defendant has been placed under the same protective order conditions which the Court has placed me under, I hereby respectfully move for the Court to reconsider and reverse the order to return.

Effectually, the government's motion means the government is seeking to claw back videos recorded by undercovers at the Capitol on January 6, rather than releasing them to the American people. This is a shocking coverup and should be universally condemned. Americans deserve to know the truth of what happened, but this DOJ seems motivated to hide the truth.

Obviously, releasing that truth is not in my power since I am bound by the protective order. But I am also concerned because the Court's Order No. 399 will destroy my case notes, which are irreversibly intertwined with these and other files. This means that I will retain only partial documentation of the most significant endeavor of my life (so far), which was thoroughly beating and embarrassing the corrupt Biden administration in federal court.

**The Government's Motion Violated an Executive Order**

In an executive order on Ending the Weaponization of the Federal Government, dated January 20, 2025[1], President Trump noted that:

> *The American people have witnessed the previous administration engage in a systematic campaign against its perceived political opponents, weaponizing the legal force of numerous Federal law enforcement agencies and the Intelligence Community against those perceived political opponents in the form of investigations, prosecutions, civil enforcement actions, and other related actions. These actions appear oriented more toward inflicting political pain than toward pursuing actual justice or legitimate governmental objectives.*

This presidential order notes that among those who were wrongfully targeted were "more than 1,500 individuals associated with January 6" which the "Department of Justice has ruthlessly prosecuted." As I can personally attest, the order's synopsis is entirely true.

Among the ruthless actions taken by the previous administration was a cross-motion filed against me (ECF No. 130) which sought to make the conditions of my protective order more strict that any other January 6 defendant. Specifically, this ruthless, weaponized cross-motion, sought for the Court to order me to return all documents labeled as 'sensitive' after a verdict was reached in my case. No other defendant was given this condition in their protective order, so the government was essentially seeking to target me individually in a way that would require me to destroy my case notes which are irreversibly intertwined with these files.

---

[1] President Trump's executive order on Ending the Weaponization of the Federal Government can be found here: https://www.whitehouse.gov/presidential-actions/2025/01/ending-the-weaponization-of-the-federal-government/

Following the dismissal of my case with prejudice, a DOJ holdover from the previous administration's weaponization against January 6 defendants (AUSA Jennifer Blackwell) filed a new cross-motion to claw back these materials (ECF No. 392). This is the cross-motion the Court granted in Order No. 399, which I am now moving for reconsideration.

Rather than comply with President Trump's executive order on Ending the Weaponization of Government (which specifically cites January 6 defendants as victims of government weaponization), the government's cross-motion in ECF No. 392 doubled down on the ruthless weaponization from the previous administration (ECF No. 130) that President Trump's executive order expressly prohibited.

I would note that Section 2 of President Trump's order on Ending the Weaponization of the Federal Government, establishes the current policy of the United States, which is, "to identify and take appropriate action to correct past misconduct by the Federal Government related to the weaponization of law enforcement and the weaponization of the Intelligence Community."

The government should do the right thing and acknowledge that their cross-motion No. 392, violated an executive order and United States policy, and the government should correct this misstep by rescinding their attempt to claw back these files which is a blatant continuation of the weaponization of the previous administration against January 6 defendants.

Furthermore, this Court should acknowledge that Order No. 399 is also in violation of a lawful executive order, and that to not withdraw this order is to interfere with and obstruct our chief law enforcement officer (The President of the United States) in the execution of his Constitutional duties, and in doing so, to aid and abet the obstruction of justice.

**The Government's Motion Also Violates the Intent of a More Recent Executive Order**

On May 9, 2025, nearly three months after the DOJ filed ECF No. 392, President Trump issued an executive order on Fighting Overcriminalization in Federal Regulations, making it the policy of the United States that "criminal enforcement of criminal regulatory offenses is disfavored."[2] President Trump also noted that, the status quo of overcriminalization, "can lend itself to abuse and weaponization." While this Court's Order No. 399 is not an Executive Branch regulation, it was made by representatives of the DOJ who moved for the Court to over-regulate and criminalize my possession of discovery. No other former January 6 defendant has these same conditions as the Court has now put on me. Thus, this order is a regulation that only one person in America can be found criminally contempt of – it is targeted and vindictive! The government's movement to claw back these materials represents the very overcriminalization and weaponization that President Trump's May 9th executive order seeks to eliminate. Therefore, the government should retract their motion to claw back materials, and this Court should reconsider Order No. 399, and justly reverse course.

**It is Unjust for this Court to Single Out One January 6 Defendant for a Contempt Trap**

While the D.C. District Court has allowed numerous other January 6 defendants who were in contempt of court to escape without repercussions, this Court seeks to set a contempt trap for me should I somehow overlook returning even a single 'sensitive' file.

The greatest examples of this are the absconders. There is no greater contempt of court than for a defendant to refuse to obey a Court's warrant to surrender. Yet after President Trump

---

[2] President Trump's executive order on Fighting Overcriminalization in Federal Regulations can be found here: https://www.whitehouse.gov/presidential-actions/2025/05/fighting-overcriminalization-in-federal-regulations/


ordered for cases to be either pardoned or dismissed, no D.C. judge held an absconder accountable for contempt of court. Examples of this can be found in the cases of *United States v. Evan Neumann* (1:21-cr-00727), and United States v. Vargas Geller, 1:23-mj-00099, (D.D.C.). Neither of these defendants who refused to surrender for arrest were held in contempt, even though their contempt is a completely separate matter from their actions on January 6.

In United States v. Rodriguez, et al, 1:21-cr-00246, (D.D.C.), Judge Amy Berman Jackson dismissed absconder Paul Belosic's charges without prejudice (even though the government asked for dismissal with prejudice). Yet despite her apparent anger at Mr. Belosic Judge Amy Berman Jackson did not hold him in contempt for absconding.

And you, Judge Contreras, personally dismissed the charges against long-time absconder Adam Villarreal (1:23-cr-00035), and declined to hold him in contempt.[3]

To be clear, I am not advocating for contempt charges to be brought. My takeaway from the D.C. District Court declining to hold absconders in contempt is that either President Trump's executive order to dismiss the January 6 cases negates any contempt that resulted in these cases, or that you, Judge Contreras, have declined to hold others in contempt because you are vindictively seeking an opportunity to hold me in contempt. [I would hope this is not so].

---

[3] And while I do not argue with the Court's assessment in ECF No. 400 at 10, that Agent Clay Chase and AUSA Kelly Moran are incompetent, I must point out that the Court was overly generous to attribute the deletion of the bodycams from my arrest to their incompetence since AUSA Moran made the conscience decision to not respond to my initial email requesting the bodycams, and in doing so, she made the conscience decision to disregard the Court's order for her to respond to my emails. This Court has gone to great lengths to defend the AUSAs from sanctions (even when they are in contempt) while at the same time this Court has set contempt traps for me.

If President Trump's order on pardons and dismissals negates any contempt that results from January 6 cases, then this discussion is moot and Order No. 399 has no teeth since it would be impossible for me to be in contempt in my own January 6 case.

But if vindictiveness is the reason, then it is a terrible precedent for the Court to establish, since it punishes those like me who did the hard work to fight their case within the rules of the legal system, while those who flaunted the rules and refused to surrender are rewarded. All future defendants in D.C. will know that flight is better than fight. You are only screwed if you defend your constitutional rights and annoy the government and Court with your successes!

I have respectfully obeyed this Court's protective order and not leaked a single sensitive file. There is no reason for the Court to treat me worse than absconders and to order for my case notes (which I labored four years to assemble) be destroyed. If this Court's order is not reversed, these same files will still be possessed by numerous other former defendants under the conditions of their protective orders. This disparity of conditions is not equal justice under the law, so I respectfully insist that the Court reconsider and reverse its unjust position on this matter.

**The Court's Order No. 399 is Overly Reliant on a Faulty Assumption**

In the Court's memorandum (ECF No. 400 at 6) explaining Order No. 399, the Court noted that the government redesignated highly sensitive files as sensitive and allowed me to possess them. While it is true that the government did designate some files that had been highly sensitive as sensitive very late in the case, this is a faulty assumption if the Court is using it to justify that every sensitive file be clawed back. First, there were only a handful of CCTV files that had designations changed. Second, most, if not all, of those files have now become public either through Congressional release or as exhibits in my brother's case.

I had only asked for copies of the original files since they were higher resolution than some of the previously released government exhibits; and since some of the exhibits that government had used in my brother's trial were garbled at key moments, which obscured key exculpatory facts; and since some of the government exhibits were clipped short, which omitted important exculpatory context to the scene.

So, to be clear, the fact that the government changed the designation on (I believe) fewer than ten files, should not be the factual basis on which this Court to order the return of all files. Therefore, I move for this Court to reconsider this order.

**The Protective Order Never Restricted Government Employees from Possessing Materials**

In Order No. 26, this Court enacted a Protective Order governing discovery between the parties. I, as a defendant, was one party, and the United States of America was another, and I had no choice but to sign the order under coercion or be deprived of all access to discovery.

As one party to the protective order, I was prevented from possessing highly sensitive materials (and later, following the Court granting government cross-motions Nos. 130 and 292, I became the only January 6 defendant who had restrictions on the possession of materials that were only labeled 'sensitive'), the other party, the United States of America (and the government's employees), had no such restrictions.

However, since the dismissal of this case, and four months after the government cross-motioned in ECF No. 292 to claw back discovery, I became a federal employee, and I am currently working for the United States Department of the Interior.[4] This changing factual

---

[4] The Court will be well pleased to learn that I have once again passed a federal background investigation (where I honestly answered that I have never attempted to overthrow the United States government), and I am again

condition may affect the status of the parties. While I am filing this motion in my personal capacity and not in any way on behalf of the federal government, it is now unclear to me whether my employment status now shifts my burden under the protective order to being a party of the United States of America (or perhaps to being some sort of duel-party). Since the protective order made no distinction as to which federal agencies or federal employees were allowed to possess January 6 discovery, it would be improper of me to assume that I should relinquish possession of such discovery if there exists any possibility that the Secretary of Interior might want me to retain access on behalf of the United States. Absent direction otherwise, I am uncertain whether I remain bound by Order No. 399. And if there were to be a disagreement on this between the Departments of Interior and Justice as to who represents the United States of America, that might have to be resolved by the White House.

    Again, I do not claim to file on these matters for the United States, I only stress that I am personally unclear as to the status of the parties, and that this lack of clarity is sufficient reason for me to wait for clarity before acting. It is also reason for the Court to reconsider Order No. 399. Beyond my confusion over parties, I don't see how the DOJ can continue arguing that I am the only former January 6 defendant who should be barred from retaining sensitive files in their case notes, after the FBI has thoroughly vetted my background for employment with the NPS and deemed me trustworthy to access sensitive government files and systems. The government's motion is completely incongruous with the trust that the government has placed in me.

---

serving the American public in the National Park Service. This background exoneration illustrates how I have been an upstanding citizen all along, and how this Court should have dismissed this ridiculous witch hunt four years ago!

**The Files I Possess are no Longer Sensitive Under the Protective Order**

On April 9, 2025, Chief Judge Boasberg in *United States v. ZINK*, 1:21-cr-00191, (D.D.C.), issued an order granting the defendant's motion to lift the protective order. Later that same day, the government noted their intent to file a motion for reconsideration, and Judge Boasberg stayed his previous order pending further filings and orders of the Court. That matter has never been resolved.

Since Boasberg's judicial intervention transpired after my response in this matter (ECF No. 395) was made, I was unable to reference the developments in the Zink case in my response. Thus, reconsideration of this Court's Order No. 399 is justified.

In my protective order (ECF No. 26), paragraph 11(a) stipulates that the protective order "does not apply to materials that are, or later become, part of the public court record, including materials that have been received in evidence in this or other public trials or hearings." Since Judge Boasberg made all materials that were subject to the protective order public in another case, he has triggered the paragraph 11(a) condition and removed any sensitivity designations from files that I possessed at the time. This is true regardless of whether Judge Boasberg stayed his ruling and reimplemented the protective order in the case of Zink, since even with the stay, paragraph 11(a) in my protective order (and in Zink's reinstated protective order) was already triggered. Judge Boasberg does not have the power to put the genie back in the bottle by redesignating files as sensitive which are now, by court order (ECF No. 26), public.

Therefore, this Court should reconsider Order No. 399 in light of Judge Boasberg's judicial actions which triggered clause 11(a) and conclude that the matter of clawing back files is now moot since nothing I possess is now designated as sensitive per ECF No. 26.

**Summarization of Pleadings**

As detailed herein, there are several points of law and fact that should cause this Court to reconsider Order No. 399 to return sensitive materials. These include issues that have arisen after the previous pleadings were made on this matter. Furthermore, it is inappropriate for the government to make motions that disobey executive orders, so ECF No. 392 should be retracted by the DOJ. There is also no defensible reason for the DOJ to continue to single me out vindictively and to weaponize process against me in the same way that was done by the previous administration. Furthermore, the DOJ cannot credibly argue that I am a threat to sensitive files since the federal government has already investigated my background, found me to be trustworthy, hired me, and given me access to sensitive government files and systems. This Court should consider these arguments and see that enforcing a more strict protective order on me than has been placed on any other January 6 defendant is unjust and should be reversed.

    Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Distinguished Pro Se Emeritus
Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on August 3, 2025.
/s/
William Alexander Pope, Pro Se