### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | **Criminal No. 21-cr-00128 (RC)** |
| **v.** | **:** | |
| | **:** | |
| **WILLIAM POPE,** | **:** | |
| **Defendant.** | **:** | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER ORDER NO. 399 GRANTING THE GOVERNMENT'S MOTION FOR RETURN OF <u>SENSITIVE MATERIALS</u>

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to William Pope's *pro se* "Motion to Reconsider Order No. 399 Granting the Government's Motion for Return of Sensitive Materials." ECF No. 401 (hereinafter "Motion to Reconsider"). Essentially for the third time, Pope asks the Court to reconsider an order first issued by the Court over a year ago. The Court's order modifying the protective order[1] in this case required Pope to "return all sensitive materials in his possession to the Government at the conclusion of his proceedings." ECF No. 239, Order ("April 2024 Order") at 9. In July 2025, the Court reaffirmed that order and granted the government's motion for the return of these materials. ECF No. 400, Order ("July 2025 Order") at 8. Nothing has changed since the Court granted the government's motion for the return of these materials in July 2025, and indeed since the Court denied Pope's initial request to reconsider the April 2024 Order in June 2024, *see* ECF No. 326, Order ("June 2024 Order"), except that the case against Pope was dismissed with prejudice *before* trial. Pope has shown no new and previously unavailable facts, an intervening change in the law, or a clear error of law in the Court's April 2024 Order or

---

[1] ECF No. 26, ("Protective Order Governing Discovery")

1

the July 2025 Order. Furthermore, Pope is no longer a criminal defendant and has no rights or lawful interests in the possession of sensitive materials that the government provided to him pursuant to discovery in a criminal case that has since ended. Therefore, the Court should summarily deny Pope's Motion to Reconsider.

## RELEVANT BACKGROUND

The factual and procedural history of the case were previously stated in this Court's July 2025 Order and the government's February 2025 "Response to Defendant's Motion for Production [] and Cross-Motion for Return of Sensitive Materials," ECF No. 392. We recount only the procedural history relevant to the Court's order at issue. When Pope began proceeding *pro se* in June of 2022, the government asked the Court to conduct an inquiry consistent with *Faretta v. California*, 422 U.S. 806 (1975) and to, among other things, "correct [Pope's] faulty assumption that proceeding *pro se* will enable him to gain direct access [to] defense discovery databases or otherwise evade the requirements of the protective order entered in this case." ECF No. 60, ("Request for *Faretta* Inquiry") at 1.  In that motion, the government noted the discovery that had been provided to Pope, including disclosures documented in discovery letters filed in May and August 2021, ECF Nos. 24-1 & 33-1. *Id.* at 3-4. These disclosures include grand jury materials, records containing personally identifiable information of third parties, and other materials designated as Sensitive or Highly Sensitive under the protective order. *See* ECF Nos. 24-1 & 33-1.

Once *pro se*, in October 2022, Pope filed a motion to modify the protective order and for unsupervised access to all discovery. *See* ECF No. 67. The Court denied Pope's motion in April 2023 and pointed out that Pope had full access to possess all Sensitive materials and to view all Highly Sensitive material under supervision by standby counsel. ECF No. 103, Order ("April 2023

Order") at 8. By August 2023, Pope had been given custody of all discovery specific to his case, and "the government ha[d] fielded an extraordinarily high volume of discovery requests from [Pope,]" including downloading "large quantities of data from global discovery and serv[ing] that information directly on [Pope]. ECF No. 130 ("Government's Opposition to Defendant's [] Motion to Compel and Cross-Motion for Modification of Protective Order") at 6-7. After Pope filed a motion to compel the government to provide him with a hard drive containing all sensitive global discovery, alarmed by his "relentless pursuit of personal custody of such a wide swath of materials," the government moved to modify the protective order. *Id*. at 2. The government explained that "[Pope] is not an officer of the Court, and his motivations for possessing the materials *en masse* are suspect given their general lack of relevance to his specific case and his proclivity for public attention," and that the Court "has similarly voiced concerns regarding [Pope's] desire to share criminal discovery from his and other January 6th cases with the media." *Id*. at 8-9.[2] Thus, the government asked the Court to modify the protective order and require Pope to return all discovery material at the end of the case. *Id*. at 14.

In April 2024, the court granted the government's motion to modify the protective order and required Pope to "return all sensitive materials in his possession to the Government at the conclusion of his proceedings." ECF No. 239, Order ("April 2024 Order") at 9. In May 2024, Pope asked the court to reconsider the order. ECF No. 253. The Court denied his request in June 2024 and repeated that "Pope may possess any materials designated as sensitive that are specifically

---

[2] *See also Id*. at 10 (Noting "[Pope's] proclivity for releasing materials through whatever loopholes exist, his desire to try his case in the press, his relentless pursuit of custody of materials that have no apparent relevance to a valid defense, and the potential danger to third parties that could result from a broad release of such materials[.]"). Also, in ECF No. 139, Pope filed on the public docket information from a report designated as highly sensitive and the government had to file an emergency motion to remove the filing from the public docket. *See* ECF No. 140.

relevant to his case," but that he is "required to return all sensitive materials in his possession to the Government at the conclusion of his proceedings." ECF No. 326, Order ("June 2024 Order") at 10. Sensitive materials include materials provided to Pope by the government. *Id*. at 11. After the case against Pope was dismissed with prejudice in January 2025, Pope notified the Court that he intends to keep the sensitive materials that the government produced to him while his case was pending. ECF No. 391. The government moved for the return of these materials consistent with the terms of the protective order. ECF No. 392. On July 28, 2025, this Court granted the government's motion and ordered Pope to comply with the Court's prior orders and "return all sensitive materials produced to him throughout this case." ECF No. 400, Order ("July 2025 Order") at 7-8. Pope has now yet again asked the Court to reconsider. ECF No. 401. We now respond.

## **DISCUSSION**

Courts in this District entertain motions for reconsideration in criminal cases using the standards of review applicable in motions for reconsideration in civil cases.[3] *United States v. Hassanshahi*, 145 F. Supp. 3d 75 (D.C.C. 2015) (RC) (collecting cases). Accordingly, a motion for reconsideration may not be used to relitigate a claim. *United States v. Fuller*, 761 F. Supp. 3d 125 (D.D.C. 2025) (CKK); *See also Perez-Zamorano v. United States*, 2015 WL 13744235 *1 (S.D. Ca. Oct. 6, 2015) ("motion for reconsideration 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior' in the litigation") (quoting

---

[3] Given the posture of the case – dismissal with prejudice, which is "'a complete adjudication of the matter' and 'a final judgment on the merits,' barring any further prosecution or related proceedings of a defendant for their conduct at issue," ECF No. 400 at 4 – we note separately that Pope's motion is civil in nature. *See United States v. Morales*, 807 F.3d 717 (5th Cir. 2015) (Explaining that a defendant's post-conviction motion to modify a protective order long after his case has been final, and his appeal of the denial of that motion, does not deal with his liberty interest and is civil in nature.)

*Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). "[R]econsideration is only appropriate when 'the moving party shows new facts or clear errors of law which compel the court to change its prior position.'" *Carter v. Wash. Metro. Area Transit Auth.*, 503 F.3d 143, 145 n.2 (D.C. Cir. 2007) (quoting *Nat'l Ctr. for Mfg. Scis. v. Dep't of Def.*, 199 F.3d 507, 511 (D.C. Cir. 2000)). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). The standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also United States v. Blumenberg*, 506 F. App'x 53, 54 (2d Cir. 2012) (applying Shrader standard in criminal case). Reconsideration of an order is meant to be an extraordinary remedy and to be employed sparingly. *Gougler v. Sirius Prods., Inc.*, 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005).

As the Court found over a year ago in its June 2024 Order, "Pope has not demonstrated any intervening change in law, the discovery of previously unavailable facts, or a clear error of law in the Court's April [2024] Order." ECF No. 326 at 10. Here too, Pope presents no previously unavailable facts, new development in the law, or a clear error of law in the Court's July 2025 Order. As part of the Court's inherent powers over the criminal case, the Court has authority to order Pope to return discovery materials even after the conclusion of criminal proceedings. *See United States v. Solomon*, 828 Fed. Appx. 86 (3d Cir. 2020) (District Court's orders requiring the defendant to return discovery materials and declining to reconsider that ruling affirmed. "The orders at issue [] concern grand jury transcripts, cooperating witness statements, and other

confidential materials that the Government produced to Solomon before his trial [] and that Solomon agreed to return.")

Pope complains that the Court's order "will destroy [his] case notes, which are irreversibly intertwined" with the materials ordered returned. ECF No. 401 at 1. We don't know what that means and Pope has not explained in his instant motion to reconsider.[4] To the extent that Pope means he has placed notes and other work product on these materials, unfortunately, Pope will have to remove them or otherwise return the materials to the Court for appropriate disposition. Pope has been on notice that he will have to return these materials and may not retain them since April and June of 2024. Pope is no longer a criminal defendant. The case against him was dismissed with prejudice. There was no trial and there can be no appeal. Pope has no lawful interests in retaining the sensitive materials disclosed to him in discovery in the criminal case and

---

[4] In ECF No. 253 at 3, Pope's first motion to reconsider filed on May 3, 2024, Pope does say "For instance, the Court should know that it is common for me to email the government a screenshot from a sensitive CCTV camera, and request that an officer be identified. These emails are intertwined with sensitive materials, and if I am required to give them up, I will lose personal and appellate records. There are also similar emails between myself and my standby counsel where sensitive information is in the body of the email. If I am required to turn those over to the government, it would breach my attorney-client privilege. The mere process of sorting through every email and file would also be a huge task. Sensitive materials are also intertwined with my case notes and work product. For instance, the government produces global discovery letters and indexes that I often highlight and add notes to. I also cross-reference these files to other case notes. In some instances, the case notes that I have created on a document exceed the information that was provided by the government. Even though the government has published some of these global letters on the public docket."

Of course, the government is not asking for, and does not want, Pope's case notes, work product or privileged materials. And discovery letters and indexes are not themselves the actual discovery materials produced to Pope to the extent that he has written on them. However, any reproduction of sensitive materials listed in ECF Nos. 24-1 and 33-1 and any other sensitive materials that the government has given to Pope that Pope has "irreversibly" commingled with his own work will have to be returned to the Court for appropriate disposition or destroyed. We note that paragraph 4(c) of the protective order states, in part, that "copies and reproductions, and any notes or records made in relation to the contents of the sensitive and highly sensitive materials, are to be treated in the same manner as the original materials."

the government's position as to their return has not changed. We ask that Pope not retain the materials consistent with the Court's prior Orders.

## CONCLUSION

For the reasons stated herein, The Court should summarily deny Pope's Motion to Reconsider.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

KACIE M. WESTON
Assistant United States Attorney
Chief, Special Proceedings Division

By:    /s/Michael Toogun
MICHAEL TOOGUN
Assistant United States Attorney
Special Proceedings Division
Illinois Bar No. 6310341
601 D Street NW
Washington, D.C. 20530
(202) 252-7060
michael.toogun@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I caused service of the foregoing to be made through the Court's Electronic Case Filing system on September 10, 2025.

/s/Michael Toogun
Michael Toogun
Assistant United States Attorney

# <u>ATTACHMENT</u>
ECF No. 24-1 & ECF No. 33-1