# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

## REPLY TO THE GOVERNMENT'S OPPOSITION TO THE RECONSIDERATION OF ORDER NO. 399

In ECF No. 407, the government responded as ordered by the Court to my Motion to Reconsider, ECF No. 401(albeit twice conceding my motion after missing deadlines). However, when the government have finally filed something, they failed to respond to a single argument from my motion for reconsideration, and are falsely claiming that I did not raise new points of fact or law that affect the Court's order. For instance, the DOJ has completely avoided addressing the fact that this attempted clawback of files violates President Trump's executive order on Ending the Weaponization of the Federal Government, which specifically mentions January 6 defendants as victims of the DOJ's weaponization (ECF No. 401 at 2). AUSA Toogun has also failed to address the fact that the DOJ's continued hostile litigation of this matter violates the intent of President Trump's executive order on the Overcriminalization of Federal Regulations (ECF No. 401 at 4). Furthermore, in addition to new executive orders and new facts raised in my motion, Mr. Toogun failed to address recent legal development in the Ryan Zink case, where Chief Judge Boasberg ordered the removal of the protective order, which triggered paragraph 11(a) of my own protective order (ECF No. 26), and which removed all restrictions from the discovery files I currently possess. Therefore, the Court should grant my motion.

**By Rule of this Court the Government has Conceded my Motion Three Times**

As noted in ECF Nos. 402 and 406, the government failed to respond to my motion for reconsideration both by the fourteen-day deadline, and by the Court's subsequent ordered deadline of August 29, 2025. By District rule, this failure to oppose my motion on time may be considered by the Court as a concession of the motion under LCrR 47(b). Chief Judge Boasberg set the precedent in protective order disputes, by issuing an April 9, 2025, order in *United States v. ZINK*, 1:21-cr-00191, (D.D.C.), that when the government does not respond on time, the defendant's motion is treated as conceded by the government and is granted by the Court.

The government has not explained why they should not be held to the same rules in my case as Chief Judge Boasberg applied in the Zink case. In ECF No. 404, the government offered the excuse that they were not aware of the motion and needed more time. This lack of awareness was entirely the fault of the government. And when the Court did not grant them more time by the ordered August 29 deadline, the government again declined to respond. ECF No. 404 demonstrates that Mr. Toogun had the mens rea that he was required by District rules to respond by August 29, yet he deliberately disregarded the Court's order.

Nevertheless, this Court, after the first and second deadlines had passed without opposition, granted the government's motion for an extension of time and ordered that a response be made by a third filing deadline of September 11, 2025. Yet while the Court granted the government's motion for an extension (though opposed), the matter of my cross-motion (ECF No. 405) to treat ECF No. 401 as being conceded in accordance with LCrR 47(b), remains pending. Here again, the government has not responded to that cross-motion or addressed their violation of local rules within the required fourteen days.

So, the government has also conceded ECF No. 405, which was a motion for the Court to enforce LCrR 47(b) to treat ECF No. 401 as being conceded by the government. The local rules for the D.C. District Court on this are clear, but they are meaningless if this Court will not enforce them, or if the Court favorably exempts one party (the government) from complying. This Court should enforce the rules of the District and grant my motion for reconsideration.

**I Have Never Released Any Sensitive Files**

In Mr. Toogun's twice-late opposition (ECF No. 407), he failed to directly address any of the arguments from my Motion (ECF No. 401), but he did try to paint me as being dangerous to these files, which is complete nonsense. For instance, Mr. Toogun claims the government was alarmed that I tried to obtain a hard drive from the government of all the discovery I was entitled to review. I will remind the Court, that it was the government that promised the Court in ECF No. 104, that the government would "serve on the defendant a physical copy of those items contained in Global Discovery that are marked 'Sensitive,' and those items which have no security designations.", and I was only frustrated because the government's refusal to honor that promise was preventing me from preparing my defense. My reasons for trying to obtain that hard drive to defend myself were entirely righteous, and those reasons were ultimately justified by the government retracting their false allegations and moving to dismiss this case.

Ultimately, I never received full access to those files, which greatly hampered my self-representation. The fact remains that I have never shared a sensitive file with anyone who has not signed the protective order. Meanwhile, there have been defense attorneys in these cases who have filed sensitive materials (such as the Guandolo 302) as exhibits directly to the public docket, and nothing happens to them. There have also been defendants (who have not complied with the protective order as I have), who have published sensitive materials directly to social

media. AUSA Toogun has failed to address why the government has only moved against me to claw back files, while not taking the same action with hundreds of other defendants and defense teams. This is again a failure to respond to the arguments in my motion, ECF No. 401 at 10.

**The Government Wrongly Claims the I Possess Grand Jury Transcripts**

AUSA Toogun claimed in ECF No. 407 at 2, that the government provided me with Grand Jury materials. While these items were provided to my standby counsel, I have never possessed them myself, so it is impossible for me to return them. Furthermore, the Court's orders never prohibited my former standby counsel from possessing highly sensitive materials.

**The Government's Exhibit's Do Not Reflect the Current Sensitivity of Certain Files**

In ECF No. 407, Mr. Toogun provided two exhibits containing discovery letters. Many of those items listed as being sensitive or highly sensitive are no longer subject to the protective order (ECF No. 26) because they have already become public either through Congressional release, case proceedings, or from leaks in other cases. For instance, my arrest warrant is listed as sensitive in Exhibit 407-2, but the government filed it as a public exhibit, ECF No. 298-1. Additionally, Congress has publicly released the Capitol CCTV. Some of the files in the government's exhibits have also become public in my brother's case or in other cases. And some sensitive files have already been leaked by other individuals, such as another defendant posting the undercover police videos to Telegram, and a defendant who did not sign the protective order posting Capitol CCTV maps to Twitter. ECF No. 26 at 5, paragraph 11, clearly states that any files that "are, or later become part of the public court record," and any, "materials that the defense obtains my means other than discovery," are no longer subject to the protective order. Accordingly, the government cannot compel me to return files (that were designated as sensitive

in a 2021 discovery letter) that have long since become public. For the Court's original order to have teeth, the government would need to provide a list of all discovery files that have not already been excluded by paragraph 11 of the protective order. However, since Judge Boasberg triggered paragraph 11 by lifting the protective order in the Zink case (which made all files public), there is no list for the government to make. All 8+ million discovery files are now excluded from the protective order, and I only possess a microscopic fraction of them.

**Summary of Reply**

The government has failed to respond to a single argument I made in ECF No. 401, despite new points of fact and law being raised. Furthermore, the government's response has come late, and only upon order of the Court. As such, ECF No. 401 should be treated as conceded by the government in accordance with the precedent set by Chief Judge Boasberg in the Ryan Zink case. The government has also failed to respond to my cross-motion (ECF No 405), where I moved the Court to enforce the local rules, LCrR 47(b), and treat ECF No. 401 as being conceded by the government. The government's late compelled opposition amounts to zero substantive response and incorrect claims which I have rebutted in this reply. I remain the only defendant the government has targeted for a return of materials, despite being the defendant who has most carefully complied with the protective order. Therefore, reconsideration of Order No. 399 is justified, and a reversal of the order should be granted.

    Respectfully submitted to the Court,

                                          By: William Pope

                                          /s/

                                          William Pope
                                          Distinguished Pro Se Emeritus
                                          Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on September 13, 2025.
/s/
William Alexander Pope, Pro Se
