# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

**v.**

**WILLIAM ALEXANDER POPE,**

Defendant.

**Case No.: 1:21-cr-00128-RC**

## NOTICE ON MPD BODY CAMERA RECORDINGS

I am writing to notify the Court that certain January 6 discovery files have become public due to an order from the D.C. Superior Court which found in *Judicial Watch v. District of Columbia*, No. 2024-CAB-003453, that the D.C. Metropolitan Police Department (MPD) was subject to a FOIA (Freedom of Information Act) request for January 6 bodycam recordings. In its April 30, 2026, order the Superior Court noted that "FOIA is designed to 'pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny,'" *Washington Post Co. v. Minority Business Opportunity Commission*, 560 A.2d 517, 521 (D.C. 1989). Following that order, Judicial Watch published the MPD body camera recordings online.

Under the protective order in my own case the government explicitly noted in Footnote 1 that "body worn cameras . . . [would not be designated] as Sensitive or Highly Sensitive," with some exceptions. Ultimately, a significant number of bodycam recordings, including some from MPD were designated in discovery as being sensitive and highly sensitive. That said, Paragraph 11 of the protective order provides that discovery materials that "later become public [or are] part of the public court record," are automatically excluded from the conditions of the protective order. Since the MPD bodycam recordings were found to be subject to a FOIA request and have

now been made public by order of the Superior Court, I am notifying the District Court that possession of these files is no longer subject to the conditions of my protective order.

This notice would be unnecessary in every other January 6 cases, but in my case, the Court issued an atypical order granting a government motion to require me to return sensitive discovery. That matter is still under appeal in Case No. 25-3102, before the D.C. Circuit Court.

With this notice, I am including Exhibits 1[1], 2[2], 3[3], and 4[4] (which are the government's discovery indexes of MPD body worn camera recordings [5]), as a way to provide the District Court with an itemized list of what the Superior Court has allowed to become public, and which is now exempt from the protective order. These indexes list more than 2,700 MPD body camera recordings which were designated as non-sensitive, sensitive, and highly sensitive.[6]

Submitted respectfully to the Court,

By: William Pope
/s/
William Pope
Pro Se Officer of the Court

---

[1] Exhibit 1  can be accessed at: https://www.dropbox.com/scl/fi/5nxi38sv4f12r47huiwsb/FPD_MPD-BWC-001-Log.xlsx?rlkey=8ftx34xh1zix3za8ajnqq4ena&st=c1mp97yl&dl=0

[2] Exhibit 2 can be accessed at: https://www.dropbox.com/scl/fi/yngphrc7oh84ndv2i2o83/FPD_MPD-BWC-002-log.xlsx?rlkey=eymcru2k5mw031ppqc27kxlcu&st=669pnnfu&dl=0

[3] Exhibit 3 can be accessed at: https://www.dropbox.com/scl/fi/8ry4m3kz2siegmud8zib7/FPD_MPD-BWC-003-HIGHLY-SENSITIVE-log.xlsx?rlkey=ubtw180hzh0sd1mahov3jsnq4&st=a002sz5q&dl=0

[4] Exhibit 4 can be accessed at: https://www.dropbox.com/scl/fi/k7opej6ypt5sxlj0buyh6/FPD_MPD-BWC-004-log.xlsx?rlkey=rnd9xd671mqfwgvk24ap7stvh&st=wi0h7w8s&dl=0

[5] In ECF No. 407, the government acknowledged in Footnote 4 that "discovery letters and indexes are not themselves the actual discovery," and are thus not subject to the protective order or required to be returned.

[6] Additionally, I would refer the Court back to my motion, ECF No. 147, where I demonstrated from other video that the government had withheld some body cam recordings of admitted antifa member Leslie Grimes on January 6 (who was arrested for possessing a firearm). Any such January 6 MPD bodycam recordings which were not previously produced in the January 6 discovery, would now be subject to the Superior Court's FOIA ruling.

<u>Certificate of Service</u>
I certify that a copy of this was filed electronically for
all parties of record on July 10, 2026.
/s/
William Alexander Pope, Pro Se